## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RED SONJA LLC, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 1:06-cv-00270 (SLR) |
| PARADOX ENTERTAINMENT INC. | : | |
| | : | |
| Defendant/Counter-Plaintiff. | : | |

## DEFENDANT PARADOX ENTERTAINMENT INC.'S
## ANSWER, COUNTERCLAIMS AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by and through its attorneys, Blank Rome LLP, answers the averments in Plaintiff's Complaint alleging unfair competition, trademark infringement and trademark dilution ("Complaint"), and raises the following counterclaims and affirmative defenses:

## INTRODUCTION

Defendant denies the factual allegations made in the over four page "Introduction" to the Complaint.

## JURISDICTION AND VENUE

1.　　The Complaint is a document that speaks for itself, and any characterization thereof in Paragraph 1 is therefore denied.

2.　　Denied as a conclusion of law to which no response is required.

3.      Denied as containing conclusions of law to which no response is required. Defendant admits that it is a Delaware corporation. By way of further answer, to the extent there are additional factual allegations in Paragraph 3, they are denied.

4.      Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

5.      Admitted.

6.      Defendant admits that Dark Horse Comics, Inc. is a licensee of Conan Properties International LLC, which is a wholly owned subsidiary of Defendant. By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 6, and therefore they are denied.

## ORIGIN OF THE RED SONJA CHARACTER

7.      Defendant admits that Robert E. Howard ("Howard") wrote a story entitled "Shadow of the Vulture," which was published in the January 1934 issue of *Magic Carpet* magazine and contained a character called Red Sonya, and that Howard died in 1936. By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 7, and therefore they are denied.

8.      Defendant admits that a character in Howard's "Shadow of the Vulture" is Red Sonya. By way of further answer, "Shadow of the Vulture" is a story that speaks for itself, and any characterization thereof in Paragraph 8 is therefore denied.

9.      Defendant admits that Howard created a character called Conan. By way of further answer, Exhibit A is a document that speaks for itself, and any characterization thereof in Paragraph 9 is therefore denied. To the extent there are additional factual allegations in Paragraph 9, they are denied.

2

125338.00601/11542517v.3

10.     Exhibit A is a document that speaks for itself, and any characterization thereof or alleged foundations for Roy Thomas' intentions or actions as alleged in Paragraph 10 are therefore denied.

11.     Exhibit A is a document that speaks for itself, and any characterization thereof or alleged foundations for Roy Thomas' intentions or actions as alleged in Paragraph 11 are therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 11, and therefore they are denied.

12.     Exhibit A is a document that speaks for itself, and any characterization thereof or alleged foundations for Roy Thomas' intentions or actions as alleged in Paragraph 12 are therefore denied. By way of further answer, Exhibit B to the Complaint is a document that speaks for itself and any characterization thereof is therefore denied. Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 12, and therefore they are denied.

13.     Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 13, and therefore they are denied.

14.     Exhibit C is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant admits that a character in Howard's "Shadow of the Vulture" is Red Sonya. By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 14, and therefore they are denied.

15.     Exhibits D, E and F consist of documents that speak for themselves, and any characterization thereof is therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 15, and therefore they are denied.

3

## DEVELOPMENT OF RED SONJA FROM 1973 TO THE PRESENT

16.    Exhibits D, E and F consist of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 16, and therefore they are denied.

17.    Exhibits D and F consist of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 17, and therefore they are denied.

18.    Exhibit D consists of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 18, and therefore they are denied.

19.    Exhibit G is a document that speaks for itself, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 19, and therefore they are denied.

20.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

21.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

22.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

125338.00601/11542517v.3

23.     Exhibit F consists of documents that speak for themselves, and any characterization thereof is therefore denied.  Defendant specifically denies that "Dynamite Entertainment" is a licensee of Plaintiff, as Dynamite Entertainment is not a legal entity, and upon information and belief the entity referred to in Paragraph 23 is Dynamic Forces, Inc. d/b/a Dynamic Entertainment.  By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 23, and therefore they are denied.

24.     Exhibit H is a document that speaks for itself, and any characterization thereof is therefore denied.  Defendant specifically denies that the document attached as Exhibit H is a final comic book cover as sold in commerce, as it appears to be a mock up internal draft.  By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 24, and therefore they are denied.

25.     Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

26.     Defendant specifically denies the allegations in Paragraph 26.

27.     Exhibit I is a document that speaks for itself, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 27, and therefore they are denied.

28.     Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

29.     Exhibit J consists of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 29, and therefore they are denied.

5

30.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

31.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

32.    Exhibit D consists of documents that speak for themselves, and any characterizations thereof is therefore denied.  By way of further answer Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 32, and therefore they are denied.

## CHAIN OF TITLE TO RED SONJA/RED SONYA

33.    Denied.  Defendant admits only that Howard wrote a story entitled "Shadow of the Vulture," which was published in the January 1934 issue of *Magic Carpet* magazine and which contains Robert E. Howard's Red Sonya character.

34.    Exhibit K consists of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 34, and therefore they are denied.

35.    Exhibits L and M consist of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 35, and therefore they are denied.

36.    Exhibit N is a document that speaks for itself, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 36, and therefore they are denied.

37.    Exhibit N and O consist of documents that speak for themselves, and any characterization thereof is therefore denied.  Defendant specifically denies that Registration No. 1, 161,847 is a registered trademark, as this registration was cancelled in 1988.  By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 37, and therefore they are denied.

38.    Exhibit P is a document that speaks for itself, and any characterization thereof if therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 38, and therefore they are denied.

39.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

## TRADEMARK REGISTRATIONS FOR RED SONJA

40.    The trademark registrations attached as Exhibits Q and R to the Complaint are documents that speak for themselves, and any characterization thereof is therefore denied.

## PARADOX'S PURCHASE OF HOWARD'S CHARACTERS

41.    Denied.  By way of further answer, the CONAN character and mark is owned by Conan Properties International LLC.  Defendant specifically denies that Robert E. Howard's Red Sonya character is virtually unknown.  By way of further answer, the Variety.com article attached as Exhibit S to the Complaint is a document that speaks for itself, and any characterization thereof is therefore denied.  Defendant further denies that articles, such as the Variety.com article attached as Exhibit S, speak on behalf of Defendant, constitute Defendant's actions, or accurately contain any representations that may or may not have been made by Defendant.  To the extent there are additional factual allegations in Paragraph 41, they are denied.

## CONFUSION IN THE MARKETPLACE

42.    Defendant specifically denies this allegation.

43.    Denied.  Exhibit T consists of documents that speak for themselves, and any characterization thereof is therefore denied.  Defendant specifically denies that Exhibit T demonstrates confusion in the marketplace.  Defendant further denies that the Hollywood Reporter reference at Exhibit T speaks on behalf of Defendant, constitutes Defendant's actions, or accurately contains any representations that may or may not have been made by Defendant.  By way of further answer, Defendant admits that Robert E. Howard's RED SONYA is associated with carrying swords.  To the extent there are additional factual allegations in Paragraph 43, they are denied.

44.    Denied.  Exhibit U is a document that speaks for itself, and any characterization thereof is therefore denied.  Defendant specifically denies that Exhibit U demonstrates confusion in the marketplace.  By way of further answer, Defendant further denies that the ComicBookMovie.com reference at Exhibit U speaks on behalf of Defendant, constitutes Defendant's actions, or accurately contains any representations that may or may not have been made by Defendant.  To the extent there are additional factual allegations in Paragraph 44, they are denied.

45.    Denied.  Exhibit V consists of a document that speaks for itself, and any characterization thereof is therefore denied.  Defendant specifically denies that Exhibit V demonstrates confusion in the marketplace.  Indeed, the ICV2.com article entitled, "Paradox Picks Up Kull & Co." demonstrates a lack of any confusion in the market place.  By way of further answer, Defendant admits that there are many distinctions between Plaintiff's and

8

Defendant's characters.  To the extent there are additional factual allegations in Paragraph 45, they are denied.

46.    Denied.  Exhibit W consists of a document that speaks for itself, and any characterization thereof is therefore denied.  Defendant specifically denies that Exhibit W demonstrates confusion in the marketplace.  Indeed, the Newsarama.com article entitled "Paradox Acquires Remainder of REH Properties" demonstrates a lack of any confusion in the market place.

47.    Denied.  Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.  By way of further answer, to the extent there are postings responding to the article attached as Exhibit W to the Complaint, such postings speak for themselves, and any characterization thereof is therefore denied.

## DEFENDANT'S INFRINGING USE OF PLAINTIFF'S MARK, DELIBERATE ATTEMPTS TO SOW CONFUSION IN THE MARKETPLACE AND MISUSE OF REGISTRATION SYMBOL FOR THE UNREGISTERED RED SONYA (WITH A "Y')

48.    Denied.  Defendant specifically denies that there is confusion in the marketplace, or that it has encouraged confusion.  Exhibit T consists of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant specifically denies that the Hollywood Reporter paragraph, entitled "Writings of 'Conan' Arthur at Paradox" and attached at Exhibit T to the Complaint demonstrates confusion in the marketplace, or that the posting of such article on Defendant's website constitutes actively encouraging confusion in the marketplace.

49.    Denied.  Exhibit X is a document that speaks for itself, and any characterization thereof is therefore denied.  Defendant specifically denies that it has acted in concert with Dark Horse, or that it has encouraged confusion in the marketplace.  Defendant specifically denies that

there is confusion in the marketplace. By way of further answer, to the extent there are additional factual allegations in Paragraph 49, they are denied.

50.    Denied. Exhibit X is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant specifically denies that it has acted in concert with Dark Horse, or that it has encouraged confusion in the marketplace. Defendant specifically denies that there is confusion in the marketplace. By way of further answer, to the extent there are additional factual allegations in Paragraph 50, they are denied.

51.    Denied. Defendant specifically denies the allegations contained in this Paragraph. Exhibit Y is a document that speaks for itself, and any characterization thereof is therefore denied. Paragraph 51 contains conclusions of law to which no response is required. Defendant specifically denies that it has: intentionally infringed Plaintiff's alleged trademark; encouraged confusion in the marketplace or that there is confusion in the marketplace; attempted to transpose "Red Sonya" with "Red Sonja," or is trying to misappropriate Roy Thomas' Red Sonja. By way of further answer, to the extent there are additional factual allegations in Paragraph 51, they are denied.

52.    Denied. Defendant specifically denies the allegations contained in this Paragraph. By way of further answer, Paragraph 52 contains conclusions of law to which no response is required.

53.    Denied. Exhibit Z is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant further denies that articles, press releases and other documents, such as the document attached as Exhibit Z constitute Defendant's actions, or accurately contain any representations that may or may not have been made by Defendant itself. Paragraph 53 also contains conclusions of law to which no response is required. Defendant

10

specifically denies misrepresenting Robert E. Howard's RED SONYA, or that it has impersonated Roy Thomas' RED SONJA. By way of further answer, to the extent that an employee of Defendant included a registration symbol after Robert E. Howard's "RED SONYA" in any materials, Defendant denies that such placement was anything other than an inadvertent clerical error. Plaintiff's alleged licensee, Dynamic Forces, Inc., includes a registration symbol ® after the DYNAMIC FORCES (and design) logo on its website <www.dynamicforces.com> and Dynamic Forces does not hold a registration for this mark.

## DEFENDANT'S ACTUAL KNOWLEDGE OF
## RED SONJA LLC'S TITLE IN RED SONJA

54.    Admitted in part, denied in part. Defendant admits only that Dark Horse publishes and sells CONAN comic books and other CONAN products. Defendant is without information as to the truth or falsity of allegations regarding communications between Plaintiff and third parties, and the same are therefore denied. To the extent there are additional factual allegations in Paragraph 54, they are denied.

55.    Denied. Defendant is without information as to the truth or falsity of allegations regarding communications between Plaintiff and third parties, and the same are therefore denied. To the extent there are additional factual allegations in Paragraph 55, they are denied.

## DEFENDANT'S EFFORTS TO REGISTER THE WORD "HYBORIA" AS A
## TRADEMARK AND SERVICE MARK WITH FULL
## KNOWLEDGE OF PLAINTIFF'S RIGHT TO
## USE THE WORD, WHICH IS EQUALLY ASSOCIATED WITH RED SONJA

56.    Admitted in part, denied in part. Exhibit AA consists of documents that speak for themselves, and any characterization thereof is therefore denied. Defendant admits that Conan Properties International LLC has applied to register the mark HYBORIA. By way of further answer, Defendant is without information as to the truth or falsity of allegations regarding types

11

of goods and services in which Roy Thomas' Red Sonja could possibly appear, and therefore they are denied.

57.    Denied.  Defendant denies that Roy Thomas' Red Sonja is routinely identified as a character of the Age of Hyboria.  Defendant is without information as to the truth or falsity of allegations regarding the scope of products, if any, in which Roy Thomas' Red Sonja currently appears, and allegations regarding the same are therefore denied.  Defendant denies that Plaintiff holds rights in the mark HYBORIA.  By way of further answer, Defendant specifically denies that the trademark RED SONJA is used on all the goods listed in Paragraph 57.  To the extent there are additional factual allegations in Paragraph 57, they are denied.

58.    Defendant specifically denies the allegations in Paragraph 58.

59.    Defendant specifically denies the allegations in Paragraph 59.

60.    Admitted in part, denied in part.  Defendant admits only that Conan Properties International LLC has filed trademark applications to register the mark HYBORIA.  The remaining factual allegations in Paragraph 60 are denied.

61.    Paragraph 61 contains conclusions of law to which no response is required.  To the extent there are factual allegations in Paragraph 61, they are denied.

62.    Defendant specifically denies the allegations in Paragraph 62.

63.    Denied.  Defendant specifically denies, that the word "Hyboria" is an integral aspect of Roy Thomas' Red Sonja character owned by Plaintiff, or that Plaintiff holds rights in the mark HYBORIA.

## DEFENDANT'S EFFORTS TO INTERFERE WITH RED SONJA LLC'S CONTRACTS AND FUTURE CONTRACTS WITH THIRD PARTIES

64.    Denied.

65.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

66.    Admitted in part, denied in part. Defendant admits that Warner Brothers holds an option to make a motion picture including Defendant's CONAN character. Defendant admits that it has met with Nu Image. By way of further answer, Defendant denies the remaining allegations in Paragraph 66.

67.    Denied. Defendant is without information as to the truth or falsity of allegations regarding business relations between Plaintiff and Nu Image, and the same are therefore denied. By way of further answer, Defendant denies the remaining allegations in Paragraph 67.

68.    Denied.

## COUNT I

69.    Defendant incorporates its responses to Paragraphs 1 through 68 as if set forth in full herein.

70.    Denied as a conclusion of law to which no response is required. To the extent there are factual allegations contained in Paragraph 70, they are denied.

71.    Defendant admits that Conan Properties International LLC has applied to register the mark HYBORIA. The remaining factual allegations contained in Paragraph 71 are denied.

72.    Denied.

73.    Denied as a conclusion of law to which no response is required.

74.    Denied as a conclusion of law to which no response is required. To the extent there are factual allegations in Paragraph 74, they are denied.

13

75.     Denied. By way of further answer, Defendant specifically denies that Plaintiff has or is using the trademark RED SONJA on all the goods listed in Paragraph 75.

76.     Denied.

77.     Denied as a conclusion of law to which no response is required.

78.     Denied.

79.     Denied.

## COUNT II

80.     Defendant incorporates its responses to paragraphs 1 through 79 as if set forth in full herein.

81.     Denied. Defendant specifically denies that Plaintiff is and has used the trademark RED SONJA on all the goods listed in Paragraph 81, and that Plaintiff has made continuous use of the trademark RED SONJA. Defendant is without information as to the truth or falsity of the remaining allegations in Paragraph 81, and therefore they are denied. By way of further answer, Paragraph 81 also contains conclusions of law to which no response is required.

82.     Denied as a conclusion of law to which no response is required. To the extent there are factual allegations in Paragraph 82, they are denied.

83.     Paragraph 83 contains conclusions of law to which no response is required. By way of further answer, Defendant specifically denies that Plaintiff is and has used the trademark RED SONJA on all the goods listed in Paragraph 83 and that Plaintiff has used Roy Thomas' RED SONJA continuously. To the extent there are additional factual allegations in Paragraph 83, they are denied.

84.     Denied.

85.     Denied.

14

86.    Denied.

87.    Denied.

## COUNT III

88.    Defendant incorporates its responses to paragraphs 1 through 87 as if set forth in full herein.

89.    Defendant specifically denies that Plaintiff has or is using the trademark RED SONJA in connection with all the goods listed in Paragraph 89, and that Plaintiff has used the trademark RED SONJA continuously since 1973. To the extent there are additional factual allegations in Paragraph 89, they are denied.

90.    Defendant specifically denies that Plaintiff's trademark RED SONJA and trademark registration for RED SONJA are in good standing. By way of further answer, Paragraph 90 contains conclusions of law to which no response is required. Defendant is without information as to the truth or falsity of the additional factual allegations in Paragraph 90, and the same are therefore denied.

91.    Exhibits S, T, U, V, W, and Y consist of documents that speak for themselves, and any characterization thereof is therefore denied. By way of further answer, Paradox denies that these Exhibits constitute representations of Defendant.

92.    Denied. By way of further answer, Exhibit T consists of documents that speak for themselves and any characterization thereof is therefore denied.

93.    Denied. Exhibit X consists of a document that speaks for itself, and any characterization thereof is therefore denied. Defendant is without information as to the truth or falsity of allegations relating to third party Dark Horse, and the same are therefore denied. By

15

way of further answer, Defendant specifically denies complicity with Dark Horse or that it has infringed any trademark owned by Plaintiff.

94.    Denied as a conclusion of law to which no response is required.  By way of further answer, to the extent Paragraph 94 contains factual allegations, they are denied.

95.    Denied as a conclusion of law to which no response is required.  By way of further answer, to the extent Paragraph 95 contains factual allegations, they are denied.

96.    Denied as a conclusion of law to which no response is required.  By way of further answer, to the extent Paragraph 96 contains factual allegations, they are denied.

97.    Denied as a conclusion of law to which no response is required.  By way of further answer, to the extent Paragraph 97 contains factual allegations, they are denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

## COUNT IV

102.    Defendant incorporates its responses to paragraphs 1 through 101 as if set forth in full herein.

103.    Defendant specifically denies Plaintiff has and is using the trademark RED SONJA in connection with all the goods listed in Paragraph 103, and that Plaintiff has promoted, marketed and sold all the products listed in Paragraph 103 in connection with the mark RED SONJA.  Defendant specifically denies that Plaintiff has used Roy Thomas' RED SONJA as a mark or character continuously since 1973.  By way of further answer, to the extent there are additional factual allegations contained in Paragraph 103, they are denied.

16

125338.00601/11542517v.3

104.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.  By way of further answer, Paragraph 104 contains conclusions of law to which no response is required.

105.    Denied.  To the extent there are factual allegations contained in Paragraph 105, they are denied.

106.    Denied.  To the extent there are factual allegations contained in Paragraph 106, they are denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

WHEREFORE, Defendant Paradox Entertainment Inc. respectfully requests that the Court enter an order dismissing all claims against it in this action, and award to Defendant costs, attorneys' fees, and such other and further relief as this Court deems just.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by laches.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under the doctrines of waiver, estoppel and/or acquiescence.

17

125338.00601/11542517v.3

## FOURTH AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's conduct is privileged and justified as legitimate, lawful competition.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's conduct was not the cause in fact or the proximate cause of any of the damages alleged by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands or Plaintiff's misuse of trademark.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state an adequate basis for injunctive relief.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under the Doctrine of Fair Use.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under the Doctrine of Non-Confusing Nominative Use.

125338.00601/11542517v.3

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries are due solely, or in part, to a third party over which Defendant had no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has abandoned its trademark rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Plaintiff has committed fraud on the Trademark Office.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for dilution must fail because the trademark RED SONJA is not a famous mark and because Plaintiff has not alleged that the trademark RED SONJA is a famous mark.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because information in articles, press releases and other documents not published by Defendant may not be attributed to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unfair competition must fail because Plaintiff holds no trademark rights in "HYBORIA."

125338.00601/11542517v.3

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred because it is brought in the improper venue.

## FIRST COUNTERCLAIM AGAINST PLAINTIFF FOR
## FRAUD ON THE U.S. PATENT AND TRADEMARK OFFICE

111.    Defendant repeats and re-alleges the responses in Paragraphs 1-110 as if set forth in full herein.

112.    In its Complaint, Plaintiff asserts rights to only two U.S. federal trademark registrations: Registration No. 1,161,847 and Registration No. 1,397,608, both for the mark RED SONJA.

113.    Registration No. 1,161,847 for the trademark RED SONJA for "printed sticker decals" was cancelled under Section 8, and is no longer in force and effect, as of February 2, 1988. See Exhibit 1 attached hereto, the U.S. Patent and Trademark Office ("PTO") TARR record relating to Registration No. 1,161,847.

114.    Upon information and belief, Arthur Lieberman, Esquire ("Lieberman") is Of Counsel at Ganfer & Shore, LLP, the same law firm that is acting as counsel for Plaintiff.

115.    Upon information and belief, Lieberman was president of Red Sonja Corporation.

116.    Upon information and belief, Red Sonja LLC is the successor-in-interest to Red Sonja Corp.; in 2002, Red Sonja Corp. merged into Red Sonja LLC. See Complaint ¶¶ 4, 39.

117.    Upon information and belief, in 2002, Red Sonja Corp. transferred all right, title and interest in Roy Thomas' RED SONJA mark and character to Red Sonja LLC. See Complaint ¶ 39.

118.    Upon information and belief, as of 2002, Red Sonja Corp. no longer exists.

119.    Upon information and belief, as president of Red Sonja Corp. and legal counsel with respect to the RED SONJA trademark, Lieberman has knowledge that Red Sonja Corp. is

20

no longer in existence and that Red Sonja Corp. transferred rights to Roy Thomas' RED SONJA mark and character to Red Sonja LLC in 2002.

120.    Upon information and belief, Lieberman is an officer of Red Sonja LLC.

121.    Upon information and belief, Lieberman holds an ownership interest in Red Sonja LLC.

122.    Upon information and belief, Luke Lieberman is the son of Arthur Lieberman, and works as a writer for Dynamic Forces, Inc. d/b/a Dynamite Entertainment (hereinafter, "Dynamic Forces").

123.    Upon information and belief, Luke Lieberman is a vice president of Red Sonja LLC.

124.    A trademark Registration No. 1,397,608 for the trademark RED SONJA for "publications, namely comic books, magazines and novels" issued to Red Sonja Corp. on June 17, 1986 ("Registration No. 1,397,608"). See Complaint ¶ 40 and Exhibit R.

125.    Lieberman is the Attorney of Record for Registration No. 1,397,608. See Exhibit 2 attached hereto, the PTO TARR record relating to Registration No. 1,397,608.

126.    In January 2006, Lieberman filed a Declaration of Use and an Application for Renewal for Registration No. 1,397,608 (hereinafter "Application for Renewal"). See Exhibit 3 attached hereto, a copy of the Application for Renewal.

127.    Between the date of registration and the filing of the January 2006 Application for Renewal, no assignment was recorded with respect to the 2002 change in ownership of Registration No. 1,397,608 from Red Sonja Corp. to Red Sonja LLC.

128.    Lieberman filed the Application for Renewal on behalf of "Red Sonja Corp." See Exhibit 3.

21

129.    Lierberman's representation in the January 2006 Application for Renewal that the trademark RED SONJA was owned by Red Sonja Corp. is false.

130.    Lieberman filed the Application for Renewal knowing the representation regarding ownership of the trademark RED SONJA and Registration No. 1,397,608 to be false when made.

131.    In addition to acting as Attorney of Record, Lieberman also signed the Declaration in support of the Application for Renewal, and declared he is an officer of Registrant who is properly authorized to execute the Declaration. See Exhibit 3.

132.    Lieberman's representation in the January 2006 Application for Renewal that Lieberman is the president of Red Sonja Corp. is false, as Red Sonja Corp. merged into Red Sonja LLC in 2002.

133.    Lieberman filed the Application for Renewal knowing Red Sonja Corp. no longer exists.

134.    The Application for Renewal also includes a representation that in January 2006 the owner of the trademark RED SONJA and Registration No. 1,397,608 was using the trademark RED SONJA in commerce on the goods listed in Registration No. 1,397,608, "publications, namely comic books, magazines and novels."

135.    Upon information and belief, in January 2006, when the Application for Renewal was filed, the owner of the RED SONJA mark was not using the trademark RED SONJA in commerce on magazines.

136.    Upon information and belief, the trademark RED SONJA has never been used in commerce on magazines.

22

137.    Lieberman filed the January 2006 Application for Renewal knowing the trademark RED SONJA is not being used on magazines.

138.    Upon information and belief, in January 2006, when the Application for Renewal was filed, the owner of the RED SONJA mark was not using the trademark RED SONJA in commerce on novels.

139.    Lieberman filed the January 2006 Application for Renewal knowing the trademark RED SONJA is not being used on novels.

140.    Upon information and belief, the only use ever made of the trademark RED SONJA on novels was on six novels published between 1981 and 1983, more than twenty (20) years prior to the filing of the Application for Renewal.  See Complaint ¶ 29 and Exhibit J.

141.    Upon information and belief, the trademark RED SONJA was not being used in commerce on novels at the time the application associated with Registration No. 1,397,608 was filed in 1985, nor when the registration issued in 1986, nor when the Section 8 and 15 affidavits were filed in 1992.

142.    The specimen of use Lieberman filed in support of the Application for Renewal (see Exhibit 3 hereto, at page 3) is the cover from a comic book published by Marvel Comics Group that was released and sold on January 1, 1977.  Compare Complaint ¶ 19 and Exhibit G with Exhibit 3 hereto, at page 3.

143.    Upon information and belief, Marvel Comics Group is not an entity that was in any way related to Red Sonja Corp. or Red Sonja LLC in 1977 when the comic book released.

144.    Lieberman represented that the specimen submitted with the January 2006 Application for Renewal is a specimen currently used in commerce.

23

145.     Lieberman represented that the specimen attached to the January 2006 Declaration of Use and Application for Renewal was a current specimen, even though the submitted specimen dates to 1977.

146.     Lieberman represented that the specimen attached to the January 2006 Application for Renewal demonstrates use in commerce by the owner of the mark, when the specimen demonstrates use in 1977 by Marvel Comics Group, an entity unrelated to Red Sonja Corp. or Red Sonja LLC.

147.     The representations made by Lieberman with respect to the submitted specimen are false.

148.     Lieberman made these false statements with respect to the submitted specimen knowing them to be false.

149.     Given his ownership interest in Red Sonja Corp., Red Sonja LLC, his officer positions, his representations as legal counsel to former and current owners of Roy Thomas' RED SONJA mark and character, Lieberman did know, or at a minimum should have known, that the statements contained in the Application for Renewal are false.

150.     Given Luke Lieberman's role as an officer of Red Sonja LLC, his involvement with Roy Thomas' RED SONJA mark and character through Dynamic Forces, and his relationship with Lieberman, Lieberman did know, or at a minimum should have known, that the statements contained in the Application for Renewal are false.

151.     Lieberman declared all statements in the Application of Renewal to be true and of his own knowledge.  See Exhibit 3.

152.     All pivotal statements in support of the Application for Renewal for Registration No. 1,397,608 are false.

24

153.    The false statements made by Lieberman were knowingly made, and were made with the intent to commit fraud on the PTO in order to induce the PTO to renew Registration No. 1,397,608.

154.    The PTO has been intentionally defrauded that the trademark RED SONJA is being used on all the goods listed in Registration No. 1,397,608, namely comic books, magazines and novels.

155.    Since this registration was obtained and maintained fraudulently, it should be cancelled.

WHEREFORE, Paradox Entertainment Inc. respectfully requests that the Court enter judgment in its favor and against Red Sonja LLC on Paradox's Counterclaim and order that the Registration No. 1,397,608 be cancelled.  Paradox additionally requests that Red Sonja LLC be ordered to pay Paradox its attorneys' fees and costs in connection with this action, and award such other and further relief as the Court deems just.

## SECOND COUNTERCLAIM AGAINST
## PLAINTIFF FOR UNFAIR COMPETITION

156.    Defendant repeats and re-alleges the responses in Paragraphs 1-155 as if set forth in full herein.

157.    The character and trademark CONAN, which is owned by Defendant's wholly owned subsidiary Conan Properties International LLC, is a famous and highly regarded character and mark in many genres, including comic books, movies, and related products.

158.    Robert E. Howard created the CONAN character, and Robert E. Howard is highly regarded as a legend in the comic book and fantasy genres.

25

159.    Upon information and belief, Lieberman and Luke Lieberman are owners in and officers of Red Sonja LLC, which owns Roy Thomas' RED SONJA character.

160.    Upon information and belief, Roy Thomas' RED SONJA character, which is owned by Plaintiff, is exploited and marketed by Dynamic Forces, a comic book publisher and seller of related products.

161.    Upon information and belief, Dynamic Forces is affiliated with Red Sonja LLC, Lieberman and Luke Lieberman through ownership, joint officers, license agreements, other agreements, as related entities, or through joint ventures.

162.    Upon information and belief, Luke Lieberman works for Dynamic Forces as an editor and co-author of comic books featuring Roy Thomas' RED SONJA character.  Upon information and belief, Luke Lieberman holds an officer position with Dynamic Forces.  Upon information and belief, Luke Lieberman is an owner of Dynamic Forces.

163.    Upon information and belief, as of 2005, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, introduced and are actively marketing a comic book series featuring Roy Thomas' RED SONJA character and the character THULSA DOOM.

164.    Lieberman licenses the use of the THULSA DOOM character and mark directly from Kull Productions, Inc.

165.    Upon information and belief, prior to the 2005 publication featuring Roy Thomas' RED SONJA and the character THULSA DOOM, no publications or projects have been released since 1999 featuring Roy Thomas' RED SONJA.

166.    Upon information and belief, from the late-1970s to 1999 only sporadic publications featuring Roy Thomas' RED SONJA character have been published.

125338.00601/11542517v.3

167.    Upon information and belief, during the 1980s through 1999 in the few instances Roy Thomas' RED SONJA character has appeared in the marketplace, such appearance was predominantly as a guest character in other comic book series publications.

168.    Upon information and belief, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, are in the process of developing, writing and marketing a second comic book series with Roy Thomas' RED SONJA character and the character THULSA DOOM, which is due to be released later this year.

169.    Upon information and belief, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, are in the process of creating and marketing a feature film based upon Roy Thomas' RED SONJA character.  In conjunction with this project, Plaintiff and its affiliates plan to market and sell ancillary products.

170.    Upon information and belief, around April 2006, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, entered into an agreement with DC Comics to allow Roy Thomas' RED SONJA character to be included in a four-part comic book series with the character CLAW to be published by DC Comics.  Several parts of the series featuring Roy Thomas' RED SONJA and CLAW have already issued.  See Exhibit 4 attached hereto, Pages from DC Comics' website related to the series featuring Roy Thomas' RED SONJA and CLAW.

171.    Upon information and belief, Plaintiff and its affiliates are aware of the ownership of the CONAN character and Robert E. Howard's other characters.

172.    Plaintiff, through its principal, Lieberman, has acknowledged that legitimate competition exists between Plaintiff and Defendant , particularly with respect to the characters owned by the parties.  Plaintiff, through Lieberman, made ongoing offers that Defendant should

27

purchase an interest in Roy Thomas' RED SONJA character from Plaintiff so that the competition between the parties would disappear. See Exhibit 5 attached hereto, Excerpt from July 12, 2005 E-mail to Peter Sederowsky of Paradox from Lieberman.

173.    Plaintiff, in conjunction with its affiliates, seek to generate as much hype, publicity, and discussion of Roy Thomas' RED SONJA character as possible.

174.    The more publicity and discussion surrounding Plaintiff's and Defendant's characters, the more interest will be generated regarding the projects and film featuring Roy Thomas' RED SONJA character that is owned by Plaintiff.  Such publicity and discussion will result in financial gain to Plaintiff and its affiliates.

175.    In order to facilitate their own financial gain, Plaintiff and its affiliates are engaging in unfair competition.

176.    Plaintiff and its affiliates purposely and systematically set out to exploit the reputation and good will associated with the famous marks and characters owned by Defendant for their own financial gain.

177.    As part of this scheme, Plaintiff and its affiliates filed the instant, meritless law suit against Paradox.

178.    Upon information and belief, Plaintiff is defaming Defendant through publicity campaigns, telephone calls, dissemination of its Complaint, and by releasing false information.

179.    Upon information and belief, Plaintiff is intentionally attempting to manufacture evidence in support of its claims of likelihood of confusion and unfair competition.

180.    Upon information and belief, Plaintiff is intentionally creating news articles and commentary regarding Plaintiff and its products and services that would not otherwise exist, all at the expense of Defendant.

28

181.    Plaintiff and its affiliates are fostering, encouraging and intentionally allowing misinformation and misuse of the parties' characters and marks to occur in order to create confusion and tarnish Defendant's business reputation.

182.    Plaintiff is using and referencing Robert E. Howard's name and characters in order to improperly benefit from association with those characters, which are owned by Defendant.

183.    Paradox has been harmed by Plaintiff's actions constituting unfair competition.

184.    Paradox has sustained injury as a result of Plaintiff's continuing acts of unfair competition, including the accumulation of attorneys' fees and costs spent defending this action, as well as damages to its business reputation.

185.    The actions described above in paragraphs 156-184 constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)(1)(B).

WHEREFORE, Paradox Entertainment Inc. respectfully requests that the Court enter judgment in its favor and against Red Sonja LLC on Paradox's Counterclaim, enjoin Plaintiff from the activities described herein, and order Red Sonja LLC to pay Paradox damages, including payment of all attorneys' fees and costs in connection with this action, compensation for loss of reputation, punitive damages, and that it award to Paradox such other and further relief as this Court deems just.

## THIRD COUNTERCLAIM AGAINST
## PLAINTIFF FOR ABUSE OF PROCESS

186.    Defendant repeats and re-alleges the responses in Paragraphs 1-185 as if set forth in full herein.

187.    On April 25, 2006, Plaintiff filed this Complaint against Paradox.

188.    Prior to filing its Complaint, and currently, Paradox and Plaintiff, through its owner, officer and attorney, Lieberman, have and are engaged in several business transactions.

125338.00601/11542517v.3

189.   Plaintiff, through its owner, officer and attorney, Lieberman, is a licensee of Kull Productions, Inc., which is a wholly owned subsidiary of Defendant, and licenses use of the mark and character THULSA DOOM from Defendant.

190.   Lieberman has also historically acted as counsel and owner of intellectual property interests related to the Robert E. Howard estate.  Lieberman has negotiated and drafted many of the legal agreements transferring rights from the estate to parties that have acquired various rights, including but not limited to the rights to the character CONAN and KHULAN GATH.

191.   Plaintiff, through Lieberman, has acknowledged that legitimate competition exists between Plaintiff and Defendant, particularly with respect to Roy Thomas' RED SONJA character owned by Plaintiff.  Prior to filing Plaintiff's Complaint, Lieberman made ongoing offers that Paradox purchase the Roy Thomas Red Sonja character, or an interest therein, from Plaintiff in order that competition between the parties would go away.  See Exhibit 5.

192.   Despite the parties' existing and prior relationships and Plaintiff's acknowledgement of legitimate competition between the parties, Plaintiff did not call, write or otherwise contact Paradox regarding the claims in this Complaint prior to filing the instant suit.

193.   Plaintiff, through its owner, Lieberman, was fully aware that the rights to Robert E. Howard's RED SONYA character have been lawfully and legitimately acquired by Defendant.

194.   Plaintiff, like consumers of comic and fantasy genre products, has acknowledged the origins of both Robert E. Howard's RED SONYA character, which is owned by Defendant, and Roy Thomas' RED SONJA character, which is owned by Plaintiff, and is fully aware of the distinctions between the two.

195.   Plaintiff has knowledge that Paradox has not made any sales of goods bearing the marks "RED SONYA" or "RED SONJA."

30

196.    Plaintiff has knowledge that Paradox has not used "RED SONJA" or "RED SONYA" as a trademark on goods in commerce.

197.    Plaintiff filed a willful trademark infringement suit against Paradox seeking over $5,000,000 in monetary damages, knowing that its claims are baseless.

198.    Plaintiff's allegation that Paradox has interfered with Plaintiff's contracts is baseless.

199.    Plaintiff's allegations that the filing of a trademark application to register the mark HYBORIA constitutes unfair competition is baseless and wholly without merit.

200.    Plaintiff has alleged claims for unfair competition against Defendant even though Plaintiff has acknowledged that the parties are engaged in lawful, legitimate competition.

201.    Plaintiff's claims alleging unfair competition against Defendant are meritless, and constitute unlawful retaliation because Defendant chose not to purchase an interest in or the entire rights to Roy Thomas' RED SONJA character from Plaintiff.

202.    Plaintiff has alleged claims based on a trademark registration that is cancelled.

203.    Plaintiff has alleged claims based on a trademark registration that was obtained and has been maintained fraudulently.

204.    Plaintiff has alleged claims for dilution based on a trademark, RED SONJA, that is not famous. Nor has Plaintiff even alleged that the trademark RED SONJA is a famous mark.

205.    Upon information and belief, Plaintiff's lawsuit was filed and is being maintained against Paradox for a purpose for which the legal process was not designed. Plaintiff filed this lawsuit against Paradox in an attempt to: harass Paradox, obtain payment from Paradox, and as a means to generate free publicity to promote Roy Thomas' RED SONJA character that is owned by Plaintiff.

31

206.    Plaintiff maintains this law suit as a means to improperly draw off the substantial good will and name recognition of Paradox, Robert E. Howard, and the famous marks and characters owned by Defendant.

207.    Plaintiff maintains this action against Paradox to benefit from the potential financial gain derived from the anticipated increase in media coverage and publicity generated for Roy Thomas' RED SONJA character in the comic book community by the mere filing of this lawsuit.

208.    Plaintiff maintains this law suit in order to tarnish the good will and reputation of Paradox and its famous marks and characters.

209.    Paradox has been harmed by Plaintiff's actions.

210.    Paradox has sustained injury as a result of Plaintiff's actions, including the accumulation of attorneys' fees and costs spent defending this action, as well as damages to its business reputation and to the good will of Paradox, its marks and characters.

211.    Plaintiff's actions set forth in Paragraphs 186 though 210 were and are deliberate, malicious, and in violation of Federal Rule of Civil Procedure 11, thus entitling Paradox to an award of attorneys fees and punitive damages.

WHEREFORE, Paradox Entertainment Inc. respectfully requests that the Court enter judgment in its favor and against Red Sonja LLC on Paradox's Counterclaim and order Red Sonja LLC to pay Paradox damages, including payment of all attorneys' fees and costs in connection with this action, compensation for loss of reputation, punitive damages, and that it award to Paradox such other and further relief as the Court deems just.

WHEREFORE, Defendant respectfully requests that:

125338.00601/11542517v.3

A.     The Complaint be dismissed, and that Defendant be awarded attorneys' fees and costs;

B.     Judgment be entered in Paradox Entertainment Inc.'s favor and against Red Sonja LLC on the Counterclaims for Fraud on the U.S. Patent & Trademark Office, Unfair Competition and Abuse of Process; and specifically that this Court enjoin Red Sonja LLC from engaging in illegal and uncompetitive actions against Paradox and issue and order that U.S. Trademark Registration No. 1,397,608 be cancelled and awarding Paradox punitive damages and all its attorneys fees and costs spent in this action;

C.     Such other relief as the Court deems just and proper.


                                        BLANK ROME LLP

                                        By: _____
                                            Thomas P. Preston, Esquire (Del. Bar #2548)
                                            1201 Market Street, Suite 800
                                            Wilmington, DE 19801
                                            Telephone: (302) 425-6400
                                            Facsimile: (302) 425-6464
                                            preston-t@blankrome.com

                                        *Attorneys for Defendant/Counter-Plaintiff*
                                        *Paradox Entertainment Inc.*

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

May 30, 2006


33

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on this 30th day of May, 2006, I caused a copy

of **DEFENDANT PARADOX ENTERTAINMENT INC.'S ANSWER, COUNTERCLAIM**

**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to be served upon the

following counsel of record by electronic mail through Lexis/Nexis File and Serve:

        Richard K. Herrmann, Esquire
        Morris, James, Hitchens & Williams LLP
        222 Delaware Avenue
        Wilmington, DE 19801-1621

                         Thomas P. Preston
                         I.D. No. 2548

**EXHIBIT 1**

**Thank you for your request. Here are the latest results from the TARR web server.**

This page was generated by the TARR system on 2006-05-15 22:51:32 ET

**Serial Number:** 73207191 Assignment Information

**Registration Number:** 1161847 Assignment Information

**Mark (words only):** RED SONJA

**Standard Character claim:** No

**Current Status:** Registration canceled under Section 8.

**Date of Status:** 1988-02-02

**Filing Date:** 1979-03-13

**Transformed into a National Application:** No

**Registration Date:** 1981-07-21

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 001 -File Destroyed

**Date In Location:** 1994-04-23

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. Kuykendall; Alla Ray

**Address:**
Kuykendall; Alla Ray
**Legal Entity Type:** Individual
**Country of Citizenship:** United States

---

## GOODS AND/OR SERVICES

---

**International Class:** 016
**Class Status:** Section 8 - Cancelled
Printed Sticker Decals
**Basis:** 1(a)
**First Use Date:** 1976-08-19
**First Use in Commerce Date:** 1976-08-19

---

## ADDITIONAL INFORMATION

---

(NOT AVAILABLE)

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

## PROSECUTION HISTORY

1988-02-02 - Canceled Section 8 (6-year)

1981-07-21 - Registered - Principal Register

1981-04-28 - Published for opposition

## CORRESPONDENCE INFORMATION

**Correspondent**
Arthur M. Lieberman (Attorney of record)

Arthur M. Lieberman
60 E. 42nd St.
New York NY 10017

USPTO Assignments on the Web                                                             Page 1 of :



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 2**

**Serial #:** 73207191     **Filing Dt:** 03/13/1979     **Reg #:** 1161847     **Reg. Dt:** 07/21/1981

**Registrant:** Kuykendall; Alla Ray

**Mark:** RED SONJA

**Assignment: 1**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 0439/0611 | **Received:** | **Recorded:** 04/29/1983 | **Pages:** 1 |

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignors:** MORRIS,ALLA RAY          **Exec Dt:** 12/20/1982
                                        **Entity Type:** UNKNOWN
                                        **Citizenship:** NONE

        KUYKENDALL, ALLA RAY            **Exec Dt:** 00/00/0000
                                        **Entity Type:** UNKNOWN
                                        **Citizenship:** NONE

**Assignee:** RED SONJA CORP.           **Entity Type:** CORPORATION
        18 EAST 41ST ST.                **Citizenship:** NEW YORK
        NEW YORK, NEW YORK

**Correspondent:** LIEBERMAN, RUDOLPH & NOWAK
        18 EAST 41ST ST.
        NEW YORK, NY 10017

**Assignment: 2**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 0502/0113 | **Received:** | **Recorded:** 08/02/1985 | **Pages:** 1 |

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignors:** MORRIS ALLA RAY           **Exec Dt:** 07/24/1985
                                         **Entity Type:** UNKNOWN
                                         **Citizenship:** NONE

        KUYKENDALL, ALLA RAY             **Exec Dt:** 00/00/0000
                                         **Entity Type:** UNKNOWN
                                         **Citizenship:** NONE

**Assignee:** RED SONJA CORP.            **Entity Type:** CORPORATION
        18 E. 41ST ST.                   **Citizenship:** DELAWARE
        NEW YORK, NEW YORK 10017

**Correspondent:** LIEBERMAN, RUDOLPH & NOWAK
        18 EAST 41ST STREET
        NEW YORK, NY 10017

Search Results as of: 05/15/2006 10:55 PM

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 571-272-3350

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

**EXHIBIT 2**

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on 2006-05-15 22:56:25 ET**

**Serial Number:** 73547315

**Registration Number:** 1397608

**Mark (words only):** RED SONJA

**Standard Character claim:** No

**Current Status:** Section 8 and 15 affidavits have been accepted and acknowledged.

**Date of Status:** 1992-06-30

**Filing Date:** 1985-07-11

**Transformed into a National Application:** No

**Registration Date:** 1986-06-17

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 830 -Post Registration

**Date In Location:** 2006-03-10

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. RED SONJA CORP.

**Address:**
RED SONJA CORP.
8 EAST 41ST STREET
NEW YORK, NY 10017
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

## GOODS AND/OR SERVICES

**International Class:** 016
**Class Status:** Active
PUBLICATIONS, NAMELY COMIC BOOKS, MAGAZINES, AND NOVELS
**Basis:** 1(a)
**First Use Date:** 1976-10-00

First Use in Commerce Date: 1976-10-00

---

## ADDITIONAL INFORMATION

---

Prior Registration Number(s):
1161847

---

## MADRID PROTOCOL INFORMATION

---

USPTO Reference Number: A0003650
International Registration Number: 0879382
International Registration Date: 2006-01-23
Original Filing Date with USPTO: 2006-01-23
International Registration Status: Application For IR Registered By IB
Date of International Registration Status: 2006-04-20
International Registration Renewal Date: 2016-01-23
Irregularity Reply by Date: (DATE NOT AVAILABLE)

Madrid History:
04-20-2006 - 16:36:31 - Application For IR Registered By IB
01-24-2006 - 15:00:23 - IR Certified And Sent To IB
01-24-2006 - 08:05:22 - Manually Certified
01-23-2006 - 21:51:48 - New Application For IR Received

---

## PROSECUTION HISTORY

---

2006-01-31 - PAPER RECEIVED

1992-06-30 - Section 8 (6-year) accepted & Section 15 acknowledged

1992-06-01 - Response received for Post Registration action

1991-12-23 - Post Registration action mailed Section 8 & 15

1991-08-13 - Section 8 (6-year) filed

1986-06-17 - Registered - Principal Register

1986-03-25 - Published for opposition

1986-02-24 - Notice of publication

1986-01-28 - Approved for Pub - Principal Register (Initial exam)

1986-01-21 - Communication received from applicant

1985-12-13 - Non-final action mailed

1985-11-18 - Communication received from applicant

1985-09-13 - Non-final action mailed

1985-09-10 - Case file assigned to examining attorney

---

## CORRESPONDENCE INFORMATION

---

**Correspondent**
ARTHUR M. LIEBERMAN (Attorney of record)

ARTHUR M. LIEBERMAN
LIEBERMAN, RUDOLPH & NOWAK
292 MADISON AVE.
NEW YORK, NEW YORK 10017

---

**EXHIBIT 3**

EQ405551213US

IN THE UNITED STATES PATENT & TRADEMARK OFFICE

REGISTRANT:            Red Sonja Corporation

TRADEMARK:             RED SONJA

REGISTRATION NO.:      1397608

REGISTRATION DATE:     June 17, 1986


Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451

## COMBINED DECLARATION OF USE IN COMMERCE/ APPLICATION FOR RENEWAL OF MARK UNDER §§ 8 AND 9

Red Sonja Corporation is the owner of U.S. Registration No. 1397608, and is

using the mark in commerce on or in connection with the goods identified in the

registration, namely publications, namely comic books, magazines and novels, in

International Class 16, as evidenced by the attached specimen showing the mark as

currently used in commerce.

Registrant requests that said registration be renewed for the goods identified

above in accordance with the provisions of Section 9 of the Act of July 5, 1946.

USPTO form PTO-2038 authorizing a credit charge in the amount of $500.00 is

also submitted herewith for the renewal fee.

## POWER OF ATTORNEY

Registrant hereby appoints Arthur M. Lieberman, Esq., whose address is c/o

Ganfer and Shore, 360 Lexington Avenue, New York, New York 10017, whose

telephone number is (212) 922-9250 and whose facsimile number is (212) 922-9335, to

01-31-2006
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #34

transact all business in the Patent and Trademark Office in connection herewith, and to receive the Notice of Acceptance.

Arthur M. Lieberman, Esq., whose address is c/o Ganfer and Shore, 360 Lexington Avenue, New York, New York 10017, is hereby designated Registrant's representative upon whom notice or process in proceedings affecting the mark may be served.

## DECLARATION

The Undersigned, being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he is an officer of Registrant and is properly authorized to execute this document on behalf of Registrant; and all statements made of his own knowledge are true and that all statements made on information and belief are believed to be true.

RED SONJA CORPORATION

Dated: 1/27       , 2006

_____
Arthur M. Lieberman, President



**EXHIBIT 4**

 

**BE A HERO** Buy Christopher Reeve Foundation Superman™ Tags

Search DC COMICS | red sonja | GO ▶ 

| DC COMICS | VERTIGO | WILDSTORM | CMX MANGA | DC DIRECT | MAD | DC KIDS | WARNER BROS. |

ASK THE EDITORS   COMICS   GRAPHIC NOVELS   NEWS   SECRET FILES   DOWNLOADS   MESSAGE BOARDS

# SEARCH

**4 Results for "red sonja"**

» RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #1 (OF 4) **Comic** Written by John Layman; Art by Andy Smith; Cover by Alex Ross; Variant; Cover by Jim Lee
» RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #2 (OF 4) **Comic** Written by John Layman; Art by Andy Smith; Covers by Jim Lee and Gabrielle Del'Otto
» RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #3 (OF 4) **Comic** Written by John Layman; Art by Andy Smith; Covers by Jim Lee and Lee Bermejo
» RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #4 (OF 4) **Comic** Written by John Layman; Art by Andy Smith; Covers by Smith and Jim Lee and Gabrielle Dell'Otto

red sonja | GO ▶

**Where to buy:**   888-COMIC-BOOK   AMAZON   BARNES & NOBLE   BORDERS   SUBSCRIBE

New to Comics?   About DC Comics   Contact Us   Submissions   Jobs   Privacy Policy   Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.



**BE A HERO** Buy Christopher Reeve Foundation Superman™ Tags
TM & © DC Comics.

 | DC COMICS | VERTIGO | WILDSTORM | CMX MANGA | DC DIRECT | MAD | DC KIDS | WARNER BROS.

BE A HERO  Buy Christopher Reeve Foundation Superman™ Tags

Search
WILDSTORM

search »    GO ►

ASK THE EDITORS    COMICS    GRAPHIC NOVELS    NEWS    SECRET FILES    DOWNLOADS    MESSAGE BOARDS

>COMICS: MARCH '06

SELECT A MONTH ▼

## RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #1 (OF 4)



» View Larger Image

**Written by John Layman; Art by Andy Smith; Cover by Alex Ross; Variant; Cover by Jim Lee**

Fan-favorite Red Sonja meets a blast from DC's past: Claw the Unconquered — in a 4-issue miniseries written by John Layman (THUNDERCATS: ENEMY'S PRIDE) with; Art by Andy Smith (*Weapon X, Silver Surfer*) and covers by Jim Lee (BATMAN, SUPERMAN) and Alex Ross (JUSTICE)! Red Sonja, crimson-haired she-devil with a sword, and Claw, the cursed warrior, are thrown together as unlikely allies against a despotic evil sorcerer who was once a friend to Red Sonja but is now her sworn enemy — and may hold the key to unlocking the terrible curse he must endure! Copublished with Dynamite Entertainment.

» Download Desktop Pattern here!

**Wildstorm  |  32pg.  |  Color  |  $2.99 US**

On Sale March 15, 2006

» DC COMICS THIS MONTH
» VERTIGO THIS MONTH
» WILDSTORM THIS MONTH

**BROWSE MARCH**

 

< PREV                        NEXT >

March - #1              April - #2              May - #3              June - #4

            

Where to buy:    888-COMIC-BOOK    AMAZON    BARNES & NOBLE    BORDERS    SUBSCRIBE

New to Comics?    About DC Comics    Contact Us    Submissions    Subscriptions    Jobs    Privacy Policy    Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.

BE A HERO    Buy Christopher Reeve Foundation Superman™ Tags    TM & © DC Comics.

  

| DC COMICS | VERTIGO | WILDSTORM | CMX MANGA | DC DIRECT | MAD | DC KIDS | WARNER BROS. |

BE A
**HERO**
Buy Christopher Reeve
Foundation Superman™ Tags
TM & © DC Comics

Search
WILDSTORM
search »  **GO**▶

ASK THE EDITORS    COMICS    GRAPHIC NOVELS    NEWS    SECRET FILES    DOWNLOADS    MESSAGE BOARDS

>COMICS: APRIL '06

SELECT A MONTH ▦

### RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #2 (OF 4)



**Written by John Layman; Art by Andy Smith;
Covers by Jim Lee and Gabrielle Del'Otto**

Get ready for more fantasy action as the red-hot
miniseries continues with an issue featuring covers by
Jim Lee and Gabrielle Del'Otto! Red Sonja and Claw, two
legendary warriors of a long-ago era, take refuge in a
town just outside the walls of an enemy's castle.
Betrayed, the two come under siege from the minions of
an evil sorcerer from Red Sonja's past, who may also
have clues to Claw's unbearable curse and how to end it!
Retailers please note: This issue will ship with two covers
by Gabrielle Del'Otto and Jim Lee. Please see the order
form for details. Co-published wih Dynamite
Entertainment.

**Wildstorm | 32pg. | Color | $2.99 US**

On Sale April 19, 2006

» View Larger Image

» DC COMICS THIS MONTH
» VERTIGO THIS MONTH
» WILDSTORM THIS MONTH

**BROWSE APRIL**

 

< PREV        NEXT >

**March - #1**      **April - #2**      **May - #3**      **June - #4**

   

Where to buy:    888-COMIC-BOOK    AMAZON    BARNES & NOBLE    BORDERS    SUBSCRIBE

New to Comics?    About DC Comics    Contact Us    Submissions    Subscriptions    Jobs    Privacy Policy    Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.



Wildstorm



Search
WILDSTORM

search »    GO ►

ASK THE EDITORS    COMICS    GRAPHIC NOVELS    NEWS    SECRET FILES    DOWNLOADS    MESSAGE BOARDS

## >COMICS: MAY '06

SELECT A MONTH ▼

### RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #3 (OF 4)



**Written by John Layman; Art by Andy Smith;
Covers by Jim Lee and Lee Bermejo**

For the legendary barbarian warrior Red Sonja, there's
just one thing worse than her recent defeat by the
minions of a malevolent sorcerer, and that's her current
predicament.

She's locked away in the lowest level of the wizard's
dungeon, kept company only by hungry rats and old
bones. And her last hope for rescue lies with the
increasingly erratic swordsman known as Claw, whose
cursed arm is driving him ever closer to madness!

**Wildstorm | 32pg. | Color | $2.99 US**

On Sale May 17, 2006

» View Larger Image

» DC COMICS THIS MONTH
» VERTIGO THIS MONTH
» WILDSTORM THIS MONTH

**BROWSE MAY**



< PREV                    NEXT >

**March - #1**      **April - #2**      **May - #3**      **June - #4**

         

Where to buy:    888-COMIC-BOOK    AMAZON    BARNES & NOBLE    BORDERS    SUBSCRIBE

New to Comics?    About DC Comics    Contact Us    Submissions    Subscriptions    Jobs    Privacy Policy    Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.





| DC COMICS | VERTIGO | WILDSTORM | CMX MANGA | DC DIRECT | MAD | DC KIDS | WARNER BROS. |



**BE A HERO**

Buy Christopher Reeve Foundation Superman™ Tags
*TM & © DC Comics*

Search WILDSTORM

search »      GO ►

ASK THE EDITORS      COMICS      GRAPHIC NOVELS      NEWS      SECRET FILES      DOWNLOADS      MESSAGE BOARDS

## >COMICS: JUNE '06

SELECT A MONTH »

### RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #4 (OF 4)



**Written by John Layman; Art by Andy Smith; Covers by Smith and Jim Lee and Gabrielle Dell'Otto**

The partnership of Red Sonja with the doomed barbarian known as Claw comes to an explosive, bloody end as Claw finally succumbs to the dark urges that have been slowly consuming him! Once a force for good, Claw has embraced evil — and the only person who can stop him is the She-Devil with a Sword: Red Sonja. The unforgettable climax to the crossover of the season is right here, and it's not for the squeamish! This final issue leads directly into CLAW THE UNCONQUERED #1, also shipping this month!

Co-published with Dynamite Entertainment.

**Wildstorm | 32pg. | Color | $2.99 US**

On Sale June 14, 2006

» View Larger Image

» DC COMICS THIS MONTH

» VERTIGO THIS MONTH

» WILDSTORM THIS MONTH

**BROWSE JUNE**



< PREV          NEXT >



**March - #1**



**April - #2**



**May - #3**



**June - #4**

Where to buy:      888-COMIC-BOOK      AMAZON      BARNES & NOBLE      BORDERS      SUBSCRIBE

New to Comics?      About DC Comics      Contact Us      Submissions      Subscriptions      Jobs      Privacy Policy      Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.

**BE A HERO**

Buy Christopher Reeve Foundation Superman™ Tags
*TM & © DC Comics.*

# EXHIBIT 5

**REDACTED**

**From:** Lieberman, Arthur [mailto:LiebermanA@dsmo.com]
**Sent:** den 12 juli 2005 09:40
**To:** peter.sederowsky@paradox-entertainment.com
**Subject:** RE: § 3.1

**REDACTED**

On the other hand Ive spoken to you about Red Sonya you should have hand in it, the competition aspects of it cwould then disappear.   By the by I spend even less of my time on it, but Luke does appear to be doing a good job.    Any way lets talk by phone or person.    Dude