## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RED SONJA LLC,                                )
                                     )
        Plaintiff,                   )
                                       )
     v.                                        )       C.A. No. 06-270 SLR
                                       )
PARADOX ENTERTAINMENT, INC.,  )
                                       )
        Defendant.                   )

## STIPULATED PROTECTIVE ORDER

The parties hereto (Plaintiff, or Defendant, or both) have acknowledged that, during the course of the above proceedings, certain matters may be produced which are or may constitute a trade secret, confidential research, development, legal or otherwise confidential commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The parties are desirous of protecting such confidential information from inappropriate disclosure, and have therefore stipulated that this protective order may be entered by the Court and that it shall govern all confidential information produced in these proceedings. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     Definition of Confidential Information

"Confidential Information" as used herein means any type or classification of information which is designated as confidential by the supplying party, whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this proceeding.

2.    Designation of Confidential Information

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, and each answer to request for admission or portion thereof, which is in good faith deemed by a party to disclose confidential information of that party, shall be so identified and marked "CONFIDENTIAL" by that party.  In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the deposition.  Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as "Attorneys' Eyes Only" and may be used in accordance with such designation under this Protective Order.

3.    Treatment of Confidential Information and Persons Entitled to Access

Until and unless the Court rules that any information, document or thing designated as Confidential is not confidential information, or may be disclosed beyond the limits permitted by this Order, access, copying and dissemination of such information, documents and things shall be limited to the following persons:

A.    Outside attorneys working on this proceeding and staff and supporting personnel of such attorneys who are working directly on this proceeding under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this proceeding.

B.    Non-employee experts for, or consultants to, a party (hereafter "outside experts"), who are not known to be, or to be employed by, a competitor of any other party, and whose advice and consultation are being or will be used by the party in connection with this proceeding, and their agents, stenographic and clerical

employees whose duties and responsibilities require access to Confidential

Material; provided, however, that before such access is given, the party wishing to

disclose the information shall provide to the producing party the expert's name,

business address, name of present employer, curriculum vitae and verification that

such "outside expert" has agreed in writing in the form attached hereto as Exhibit

A[1] to be bound by the terms of this Protective Order. Access may then be given

not earlier than five (5) business days following service of the above information

to the producing party, during which time counsel of record for the producing

party may provide notice of an objection. Should there be an objection, no such

information may be disclosed to the outside expert unless and until the Court,

upon motion by the receiving party, shall order such disclosure.

C.     In addition to individuals identified in 3A, employees of the parties whose advice

and consultations are being or will be used by a party hereto in connection with

this proceeding and to whom it is necessary that the materials be disclosed;

provided, however, that before such access is given, the "employee" has agreed in

writing in the form attached hereto as Exhibit A to be bound by the terms of this

Protective Order.

D.     Reporters, stenographers, clerks, law clerks, and other Court

personnel.

---

[1] A copy of any "Exhibit A" agreement or undertaking executed in connection with this case shall be promptly forwarded to opposing counsel.

4.     Materials Designated as "Attorneys Eyes Only"

In the event that either party deems in good faith certain information, documents or things extraordinarily sensitive and, therefore, inappropriate for treatment merely as CONFIDENTIAL discovery material, such items may be designated and marked "ATTORNEYS' EYES ONLY" in addition to the CONFIDENTIAL designation set forth in paragraphs 1, 2 and 3 above.  Materials so designated may be disclosed only to persons as described in Paragraphs 3(A), 3(B) and 3(D). The parties agree that financial information, trade secrets, research and development information, customer lists and customer contracts may constitute such materials.

5.     Restrictions on Use and Dissemination of Designated Information

All information produced by a party in the course of this proceeding and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Protective Order shall be used by the receiving party solely for the purpose of this proceeding.  All documents so designated will be maintained in a manner that limits access to those persons entitled under the Protective Order to examine the documents and materials.  Any person receiving information designated pursuant to the provisions of this Protective Order shall be advised of this Protective Order.

6.     Certain Information Not Subject to Scope of Order

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information.

7.    Exceptions by Court Order or by Agreement by Parties

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to the other party and the opportunity to be heard, orders such disclosure.

8.    Inadvertent or Unintentional Disclosure

The inadvertent or unintentional disclosure by the supplying party of confidential information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Should the supplying party discover such disclosure, upon receipt of written notification and identification of inadvertent disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the receiving party shall, at the disclosing party's sole option, either mark the materials with the appropriate designation or return them to the producing party for further disposition.  Should the receiving party discover an inadvertent or unintentional disclosure to a third party, the receiving party will notify the supplying party of the disclosure and identify the third party recipient, inform the third party recipient of all provisions of the Protective Order and have them sign the agreement attached hereto as Exhibit A.

9.    Challenges to Designations

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that either party to this proceeding disagrees at any point with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting

party may seek appropriate relief from the Court, and the party asserting confidentiality shall

have the burden of proving same. The parties may, by written stipulation, provide for exceptions

to this Order.

    10.    <u>Filing of Briefs or Declarations Containing Confidential Information</u>

In the event that a party wishes to use any information designated under this Protective

Order in any affidavit, brief, memorandum of law, or other paper filed with the Court in this

proceeding, the portion of the paper containing the designated information shall be filed under

seal and maintained under seal by the Court while the non-confidential portion of the paper shall

not be filed under seal.

    11.    <u>Modification of Protective Order</u>

A party may seek the written permission of the other party or further order of the Court,

after notice to the other party and opportunity to be heard, with respect to modification of this

Protective Order.

    12.    <u>Return or Destruction of Confidential Information</u>

Within thirty (30) days after the final conclusion of this proceeding, including all appeals,

all originals and reproductions of any documents produced and designated under this Protective

Order by a party shall be returned to the producing party, except to the extent that there may have

been entered thereon any information which constitutes the receiving party's work product in

which event such documents shall be destroyed by the receiving party. Nothing in this Order

shall prevent counsel from retaining a complete set of pleadings, but not discovery, after final

conclusion of this proceeding.

    13.    <u>Delivery</u>

Nothing in this Order shall prohibit the transmission or communication of

125338.00601/11575398v.1

Confidential Information between or among qualified recipients by hand delivery; or face-to-face conference; or in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or by telephone, telegram, facsimile, or other electronic transmissions system; provided that, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused.

14.    Continuing Effect

Insofar as the provisions of this Protective Order entered in this proceeding restrict the communication and use of the documents produced thereunder, this Order shall continue to be binding after the conclusion of this proceeding except that a party may seek the written permission of the other party or further order of the Court, after notice to the other party and opportunity to be heard, with respect to dissolution or modification of this Protective Order.

15.    Discovery Objections, Claim of Privilege

It is not the intention of this Protective Order to deal with any discovery objections to produce, answer or respond on the grounds of attorney-client privilege or work product or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

16.    Examination of Witnesses Regarding Confidential Information

Notwithstanding any of the provisions of this Order, any witness subject to a noticed deposition in this proceeding and his counsel of record may be shown, and questioned, concerning any document of which he is alleged or claims to be the author or a recipient or of which he is alleged to have knowledge.  Nothing in this Order shall preclude Court officials or any certified reporter retained to transcribe depositions in this proceeding from access to designated materials during Court proceedings or depositions in this proceeding.

17.     <u>Treatment of Confidential Information Produced by Third Parties</u>

If, in the course of this action, discovery is sought from third parties which would require such parties to disclose and/or produce CONFIDENTIAL or ATTORNEYS' EYES ONLY information, such third parties may gain the protections of this Protective Order by simply agreeing in writing to produce documents pursuant to this Order and to be bound by it. No further order of the Court shall be necessary to extend the protections of this Order to third parties.

**IT IS SO ORDERED.**

**DATED this_____day of _____, 2006.**

_____

, **J**

**STIPULATED TO:**

**By Plaintiff:**

Signed: _____

Name: _____

Title: _____

Dated: _____

**By Counsel for Plaintiff:**

_____

Richard K. Herrmann, Esquire **(Del. Bar No. 405)**
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
Wilmington, DE 19801-1621
Dated: August ____, 2006

**By Defendant:**

Signed: _____

Name: Peter Sederowsky

Title: Chairman and CEO

Dated: August **25**, 2006

**By Counsel for Defendant:**

By: _____

Thomas P. Preston, Esquire (Del. Bar #2548)

Blank Rome LLP

1201 Market Street, Suite 800

Wilmington, DE 19801

Dated: August ___, 2006

Of Counsel:

Earl M. Forte [forte@blankrome.com]

Timothy D. Pecsenye [pecsenye@blankrome.com]

Emily J. Barnhart [barnhart@blankrome.com]

Blank Rome LLP

One Logan Square

Philadelphia, PA 19103

125338.00601/11575398v.1

**By Defendant:**

Signed: _____
Name:  Peter Sederowsky
Title:  Chairman and CEO
Dated:  August _____, 2006

**By Counsel for Defendant:**

By: _____
Thomas P. Preston, Esquire (Del. Bar #2548)
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Dated: August _17_, 2006

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103

125338.00601/11575398v.1

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on this 1st day of September, 2006, I caused a

copy of the **STIPULATED PROTECTIVE ORDER** to be served upon the following counsel

of record by electronic mail through Lexis/Nexis File and Serve:


Richard K. Herrmann, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
Wilmington, DE 19801-1621



*/s/ Thomas P. Preston*
_____
Thomas P. Preston
I.D. No. 2548

125338.00601/40162423v.1

**EXHIBIT A**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RED SONJA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-270 SLR |
| | ) | |
| PARADOX ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**UNDERTAKING**

I, _____, hereby acknowledge that I am to receive information designated under a Stipulated Protective Order in the above-captioned matter. I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of a Stipulated Protective Order dated _____ ___, 2006 in the above-captioned matter and that I have been given a copy of, have read, and understand said Stipulated Protective Order and agree to be bound by the terms thereof. I acknowledge that any Confidential Information will be used by me only in connection with the above-captioned proceeding, and I understand that any copy I make of any documentary material designated under the Protective Order containing information or any notes or other records that I make regarding such information shall be returned to the custody of the attorneys of record who provided me with such information after use by me in connection with the captioned matter.

I further agree and do hereby submit myself to the jurisdiction of the Court in all matters concerning enforcement or violation of the Stipulated Protective Order. For this purpose, I may be served and do hereby accept service by registered mail, return receipt requested, at the following address:

DATED this _____ day of _____, 2006.

    BY:      _____
    NAME:    _____
    ADDRESS: _____
             _____