# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RED SONJA LLC,

          Plaintiff/Counter-Defendant,

v.

PARADOX ENTERTAINMENT INC.

          Defendant/Counter-Plaintiff.

Civil Action No.:
1:06-cv-00270 (SLR)

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT

Thomas P. Preston, Esquire (Del. Bar #2548)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 302) 425-6464
Preston-t@blankrome.com

Earl M. Forte, Esquire
Timothy D. Pecsenye, Esquire
Emily J. Barnhart, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 832-5616
Forte@blankrome.com
Pecsenye@blankrome.com
Barnhart@blankrome.com

Dated: September 18, 2006

*Attorneys for Defendant/Counter-Plaintiff
Paradox Entertainment Inc.*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDING.............................................1

III.  SUMMARY OF ARGUMENT ...........................................................................2

IV.   CONCISE STATEMENT OF THE RELEVANT FACTS .................................3

V.    ARGUMENT.......................................................................................................6

      A.   Plaintiff's Motion To Amend To "Conform Evidence" Pursuant To Rule 15(b) Is Procedurally Improper ...................................................................................6

      B.   Plaintiff Fails to Meet Its Burden to Amend Pursuant to Rule 15(a)......................8

           1.   Plaintiff's Motion To Amend Is Based Upon Bad Faith And A Dilatory Motive.................................................................................................10

           2.   Defendant Will Be Unduly Prejudiced If Plaintiff's Motion Is Granted....12

VI.   CONCLUSION..................................................................................................16

125338.00601/11584802v.1

## TABLE OF AUTHORITIES

### FEDERAL CASES

Barkauski v. Indian River School District, 961 F. Supp. 519 (D. Del. 1996) ...............3, 13

Berger v. Edgewater Steel Co., 911 F.2d 911 (3d Cir. 1990)............................................13

Cornell and Co. v. Occupational Safety and Health Review Commission, 573
    F.2d 820 (3d Cir. 1978)...................................................................................3, 8, 12, 13

Cureton v. National Collegiate Athletic Association, 252 F.3d 267 (3d Cir. 2001)......8, 12

DRR, L.L.C. v. Sears, Roebuck and Co., 171 F.R.D. 162 (D. Del. 1997) ...................3, 7, 8

DiPeppe v. Local 632, Civ. A. No. 93-490, 1999 U.S. Dist. LEXIS 21800 (D.N.J.
    Mar. 31, 1999)..........................................................................................................3, 10

EEOC v. Hay Associates, 545 F. Supp. 1064 (E.D. Pa. 1982).............................................7

Foman v. Davis, 371 U.S. 178 (1962) ................................................................................8

Freiberg v. Sentry Insurance Co., Civ. A. No. 88-3104, 1989 WL 101329 (E.D.
    Pa. Sep't 1, 1989) ...................................................................................................3, 10

Furman Lumber, Inc. v. The Mountbatten Surety Co., Civ. A. 96-7906, 1997 WL
    397496 (E.D. Pa. July 9, 1997)....................................................................................13

J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610 (3d Cir. 1987) ..............3, 10, 12

Johnson v. Trueblood, 629 F.2d 287 (3d Cir. 1980).........................................................2, 7

Koken v. GPC Int'l, Inc., Civ. 05-223, -- F. Supp.2d --, 2006 WL. 2130703 (D.
    Del. July 31, 2006)........................................................................................................8

Krantz v. Prudential Investments Fund Mngt. LLC, 305 F.3d 140 (3d Cir. 2002) .....10, 11

Lyon v. Goldstein, Civ. A. No. 04-3458, 2006 WL 2352595 (D.N.J. Aug. 15,
    2006) ...................................................................................................................3, 10, 13

Prime Insurance Syndicate v. United Risk Mngt. Services, Civ. A. No. 03-1050,
    2006 WL 2085388 (D.N.J. July 25, 2006)...............................................................3, 13

USX Corp. v. Barnhart, 395 F.3d 161 (3d Cir. 2004).......................................................13

Vosgerichian v. Commodore International Ltd., 1998 WL 966026 (D.N.J. Nov. 6,
    1998) ............................................................................................................................7

125338.00601/11584802v.1

Wilson v. Department of Correction of Delaware, *Civ. A. 99-614*, 2001 WL
    845652 (D. Del. July 24, 2001)..................................................................2, 7

Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321 (1971).......................8

### FEDERAL RULES

Federal Rules of Civil Procedure 15(a) ....................................................1, 3, 6, 8

Federal Rule of Civil Procedure 15(b)....................................................1, 2, 3, 6

iii

## I.    **INTRODUCTION**

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by its undersigned

counsel, submits this Memorandum of Law in Opposition to Plaintiff's Motion for Leave to

Amend Its Complaint to add Conan Properties International LLC ("CPILLC") as a defendant.

Plaintiff bases its Motion upon Federal Rules of Civil Procedure 15(b) and 15(a). Plaintiff's

Motion to conform the pleadings to the evidence pursuant to Rule 15(b) must be denied because

it is procedurally inappropriate. Plaintiff's Motion pursuant to Rule 15(a) must be denied

because Plaintiff: (i) provides no new evidence or other support justifying that Plaintiff has any

causes of action against CPILLC; (ii) filed the Motion in bad faith and with dilatory motive; (iii)

unduly delayed in filing the Motion; and (iv) because Defendant will be prejudiced should the

Motion be granted.

Plaintiff's motion is nothing more than a transparent attempt to harass Paradox through

subjecting it to additional discovery and attempting to obtain confidential and proprietary

information from a competitor to which it is not entitled. Plaintiff's attempt to implead CPILLC

is nothing more than an egregious fishing expedition into the affairs of a company Plaintiff and

its principal no longer control -- the manifestation of seller's remorse. Given that Plaintiff's

Complaint only relates to the trademark RED SONJA, the attempt to drag the company owning

the Conan the Barbarian franchise into this litigation is meritless and is made in bad faith.

## II.    **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff filed its Complaint on April 25, 2006. Docket Entry ("D.E.") #1. The

Complaint alleges trademark infringement and dilution of the mark RED SONJA and unfair

competition. See generally D.E. #1. Defendant filed its Answer, Counterclaims and Affirmative

Defenses on May 30, 2006. D.E. #7. Defendant alleges counterclaims for fraud on the U.S.

Patent and Trademark Office related to Plaintiff's trademark filings and registrations for RED

1

SONJA, unfair competition as a result of Plaintiff's actions against Defendant, and for abuse of process in filing and continuing to maintain a frivolous lawsuit against Defendant. See generally D.E. #7.

The action is currently nearing the conclusion of discovery. Defendant has completed providing discovery to Plaintiff. On July 28, 2006, Defendant responded to two sets of interrogatories propounded by Plaintiff. On August 2, 2006, Defendant responded to Plaintiff's request for documents. Defendant has made two productions of documents to Plaintiff. Additionally, Defendant's two witnesses, Fredrik Malmberg and Peter Sederowsky, have both been deposed by Plaintiff in Philadelphia.

Defendant propounded discovery requests and interrogatories on Plaintiff on August 24, 2006, based upon the claims raised in the Complaint, but has not yet received responses from Plaintiff. Defendant has also propounded subpoenas for documents and deposition testimony on four third-party entities.

Plaintiff filed the instant Motion on September 1, 2006. D.E. #30. Fact discovery is scheduled to close on October 1, 2006. This Motion will not likely be heard before discovery is closed.

## III.    SUMMARY OF ARGUMENT

1.    Plaintiff's Motion to Amend based upon Federal Rule of Civil Procedure 15(b) to "conform the pleadings to the evidence" must be denied because it is procedurally improper. This action is only nearing the close of the discovery phase; no issues in the case have been tried. A party may only amend based on Rule 15(b) where unpled issues in the case have already been expressly or implicitly tried. See Rule 15(b); Johnson v. Trueblood, 629 F.2d 287, 294 (3d Cir. 1980); Wilson v. Department of Correction of Delaware, Civ. A. 99-614, 2001 WL 845652, *3

2

(D. Del. July 24, 2001) (unreported); <u>DRR, L.L.C. v. Sears, Roebuck and Co.</u>, 171 F.R.D. 162, 164-65 (D. Del. 1997).

2.    Plaintiff's Motion to Amend based upon Federal Rule of Civil Procedure 15(a) must be denied because Plaintiff's Motion is based upon bad faith and a dilatory motives, including, *inter alia*, undue delay in filing despite knowledge of the proposed new defendant, failing to explain why the proposed additional defendant was not included at the inception of the litigation, undue delay in waiting to the close of discovery to file its Motion, and filing a Motion to Amend where no evidence exists to raise any cause of action against the proposed new defendant. <u>See</u> Rule 15(a); <u>J.E. Mamiye & Sons, Inc. v. Fidelity Bank</u>, 813 F.2d 610, 614 (3d Cir. 1987); <u>Lyon v. Goldstein</u>, Civ. A. No. 04-3458, 2006 WL 2352595, *4 (D.N.J. Aug. 15, 2006) (slip. opin.); <u>DiPeppe v. Local 632</u>, Civ. A. No. 93-490, 1999 U.S. Dist. LEXIS 21800, *12-17 (D.N.J. Mar. 31, 1999); <u>Freiberg v. Sentry Ins. Co.</u>, Civ. A. No. 88-3104, 1989 WL 101329, *2 (E.D. Pa. Sep't 1, 1989).

3.    Plaintiff's Motion to Amend must be denied because Defendant will be unduly prejudiced if the Motion is granted. Defendant would bear undue hardship and burden if the amendment is permitted, justifying denial of the Motion. <u>See</u> <u>Cornell and Co. v. Occupational Safety and Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978); <u>Barkauski v. Indian River School Dist.</u>, 961 F. Supp. 519, 528 (D. Del. 1996); <u>Prime Ins. Syndicate v. United Risk Mngt. Servs.</u>, Civ. A. No. 03-1050, 2006 WL 2085388, *5 (D.N.J. July 25, 2006).

## IV.    CONCISE STATEMENT OF THE RELEVANT FACTS

Plaintiff's owner and principal, Arthur Lieberman, Esquire, has represented as legal counsel various persons with ownership interests in the estate of Robert E. Howard. Ex. A, Declaration of Peter Sederowsky at ¶ 3 (hereinafter "Sederowsky Decl."). Mr. Howard's estate included the intellectual property created by Mr. Howard, such as the character Red Sonya, the

character and mark Conan the Barbarian, and a myriad of other characters and marks (the "Howard Intellectual Property"). Sederowsky Decl. at ¶ 3. Mr. Lieberman's legal representation spanned at least several decades. Id. at ¶ 4. Mr. Lieberman was responsible for all marketing and licensing of much of the Howard Intellectual Property over a number of years prior to Paradox acquiring those assets. Id. Mr. Lieberman received compensation for his marketing efforts and over time obtained substantial ownership interests in much of the Howard Intellectual Property. Id. at ¶ 5. In connection with his representation of and ownership interest in the Howard Intellectual Property, Mr. Lieberman was involved in the formation and legal affairs of Conan Sales Company LLC -- the predecessor to the proposed additional defendant company (CPILLC). Id. at ¶¶ 2, 6. Conan Sales Company LLC held the intellectual property associated with the Conan the Barbarian franchise, among other things. Id. at ¶ 6. Mr. Lieberman was one of the owners of Conan Sales Company LLC. Id. at ¶ 7.

Mr. Lieberman negotiated the sale of Conan Sales Company LLC (the owner of the Conan the Barbarian character and mark) to Paradox. Id. at ¶ 8. Mr. Lieberman is intimately familiar with the history of the Howard Intellectual Property, and the ownership of the Howard Intellectual Property. Id. at ¶ 9. Mr. Lieberman is also intimately aware of CPILLC and its assets, particularly given that Mr. Lieberman only recently participated in the sale of the company and its property to Defendant. Id. at ¶ 9. As part of the sale of the Conan character and mark to Defendant, Mr. Lieberman receives royalty payments from CPILLC. Id. at ¶ 11.

After the sale of the majority of the Howard Intellectual Property, Mr. Lieberman retained and obtained several licenses from Defendant and its wholly owned entities regarding use of some of the Howard Intellectual Property. Id. at ¶ 12.

4

Mr. Sederowsky and Frederik Malmberg both hold officer positions at Defendant. Id. at ¶¶ 1-2. Mr. Sederowsky is Paradox's President, CEO, and Chairman of the Board, and Mr. Malmberg is Paradox's Secretary and Head of Licensing and Creative Affairs. Id. at ¶¶ 1-2. Mr. Sederowsky and Mr. Malmberg are also co-managers of CPILLC. Id. at ¶ 2. Both Defendant and CPILLC transact business in the same offices in Beverly Hills, California. Id. at ¶ 13. Within the corporate structure of the Paradox entities, Defendant Paradox acts as a management and marketing agent for the other companies in the Paradox family, and manages and markets the assets of the related entities pursuant to a management agreement. Id. at ¶ 14. Neither Paradox, nor any of its related entities, have made any use in commerce of the character and mark RED SONYA. Id. at ¶ 15. Neither Paradox, nor any of its related entities, have any future intentions to use in commerce the character and mark RED SONYA. Id. at ¶ 15.

Paradox has expended significant resources defending Plaintiff's action. Id. at ¶ 16. In addition to assisting with gathering and preparing interrogatory answers, Paradox has also reviewed all of its files for documents responsive to Plaintiff's document requests. Id. Paradox expended considerable employee time and other resources, financial and otherwise, responding to Plaintiff's discovery requests. Id. Paradox has also expended significant resources (both in time and money) so that its witnesses could be deposed by Plaintiff. Id. at ¶ 17. In connection with their depositions, which took place on different dates, Mr. Malmberg and Mr. Sederowsky each flew from California to Pennsylvania, stayed for several days in Philadelphia so that their depositions could be taken by Plaintiff, and then flew back to California. Id. Even though Plaintiff is aware, as it alleged in its moving papers, that Mr. Sederowsky and Mr. Malmberg have knowledge related to CPILLC, and even though Plaintiff had every opportunity to ask questions of Mr. Sederowsky and Mr. Malmberg related to CPILLC during their depositions,

5

Plaintiff now seeks to ask additional questions and take more discovery. Id. at ¶18. During theirs depositions, Mr. Sederowsky and Mr. Malmberg informed Plaintiff's counsel that neither Paradox nor its related entities were using the RED SONYA mark and character, or intended to use RED SONYA. Id.

## V.    ARGUMENT

Plaintiff seeks leave to amend its Complaint to add an additional defendant pursuant to Federal Rules of Civil Procedure 15(a) and 15(b). Plaintiff's Brief, at p. 2. Plaintiff's Motion, based upon Rule 15(a), must be denied because it is made based upon bad faith and a dilatory motive. Further, Plaintiff's Motion must be denied because Defendant will be prejudiced by Plaintiff's requested amendment. Plaintiff's Motion, based upon Rule 15(b), must also be denied because the proposed amendment to allegedly "conform the pleadings to the evidence" based upon Rule 15(b) is wholly inapplicable given the procedural stance of this proceeding. Plaintiff has not and cannot meet its burden to amend its Complaint, therefore, its Motion should be denied.

### A.    Plaintiff's Motion To Amend To "Conform Evidence" Pursuant To Rule 15(b) Is Procedurally Improper

Plaintiff bases its Motion for Leave to Amend Its Complaint upon Federal Rule of Civil Procedure 15(b). Plaintiff's motion papers and argument that its Motion should be granted in order to "conform pleadings to the evidence" under Rule 15(b) demonstrate Plaintiff's dilatory motive in filing the instant Motion, or, at best, its utter lack of diligence by failing to even cursorily research the applicable law. This action is nearing the end of discovery, and has not reached trial. It is without question that Rule 15(b) has no application whatsoever to the procedural stance of this action. Throughout its memorandum of law, Plaintiff misapplies the

law and makes an improper request of the Court. As such, Plaintiff's Motion appropriately should be denied.

Rule 15(b) "permits the court to amend the pleadings to conform to the evidence of the trial." Johnson v. Trueblood, 629 F.2d 287, 294 (3d Cir. 1980) (emphasis added) (denying plaintiff's motion to amend made on the forty-third day of the trial). The purpose of Rule 15(b) is to "authorize amendments to conform the pleadings to issues or evidence that appear for the first time at trial." EEOC v. Hay Assocs., 545 F. Supp. 1064, 1070 (E.D. Pa. 1982). "Rule 15(b) only contemplates amendments made during or after a trial, as a result of issues raised during the course of the trial, which are not covered in the original pleadings." Wilson v. Department of Correction of Delaware, Civ. A. 99-614, 2001 WL 845652, *3 (D. Del. July 24, 2001) (emphasis added) (denying Plaintiff's motion to amend "[b]ecause no trial occurred in this case," and holding that under such circumstances, a Court cannot permit a plaintiff to amend his complaint under Rule 15(b)) (unreported). "'Rule 15(b) . . . is limited to situations where the issue has been tried. [Where] no trial has occurred, [plaintiff] can find no solace in Rule 15(b).'" Id. (quoting Vosgerichian v. Commodore Int'l Ltd., 1998 WL 966026, *3 (D.N.J. Nov. 6, 1998) (denying motion to amend based upon Rule 15(b) where no trial had begun) (unreported)); see also DRR, L.L.C. v. Sears, Roebuck and Co., 171 F.R.D. 162, 164-65 (D. Del. 1997) (denying plaintiff's motion to amend, and stating "[t]ypically, a litigant seeks to amend under Rule 15(b) after successfully arguing at trial some legal or factual matter that was not officially pled")).

While Defendant has produced discovery responsive to all Plaintiff's discovery demands, and has already produced its witnesses to be deposed, this action certainly has not reached the trial phase, nor have summary judgment papers been filed. Nothing in this action has been tried

7

either expressly or implicitly. Consequently, Plaintiff can find no solace in seeking to amend its Complaint through Rule 15(b), and Plaintiff's Motion must be denied.[1]

**B.**   **Plaintiff Fails to Meet Its Burden to Amend Pursuant to Rule 15(a)**

Plaintiff's Motion to Amend pursuant to Rule 15(a) is unpersuasive, and should be denied in accordance with applicable law. The Supreme Court has made clear that leave to amend a pleading under Federal Rule 15(a) is left to the discretion of the district court and is not automatic. See Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330 (1971); Foman v. Davis, 371 U.S. 178, 182 (1962); Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001); Cornell and Co. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978); Koken v. GPC Int'l, Inc., Civ. 05-223, -- F. Supp.2d --, 2006 WL 2130703, *2 (D. Del. July 31, 2006) (slip. opin.). Rather, denial of such leave is wholly appropriate when certain factors are present. Specifically, undue delay, bad faith, dilatory motive, and prejudice to the non-moving party are all grounds that will justify denial of leave to amend a complaint. Foman, 371 U.S. at 182; Cureton, 252 F.2d at 273; Koken, 2006 WL 2130703, *2; DRR, L.L.C., 171 F.R.D. at 166. Such factors are clearly present here, where:

- Plaintiff applied for leave to amend on the last possible day permitted under the Court's Order;

- Plaintiff was well aware of CPILLC and its relationship to Defendant upon filing its Complaint given that Plaintiff's principal was one of the

---

[1] Even assuming Plaintiff's misguided notion of what "conform to the evidence" means, Plaintiff does not make a case to amend. Plaintiff presents and can point to no newly discovered evidence or other justification to bring a cause of action against CPI at this late date. In seeking to add CPI as an additional defendant, Plaintiff relies solely on the statement that Defendant has filed a counter-claim against Plaintiff. The mere fact that a counter-claim has been filed does not constitute a basis for *Plaintiff* to claim out of the blue that it now has a cause of action against a third party, regardless of the relationship between Defendant and CPI. Plaintiff has provided no evidence or an explanation to the Court supporting its request to add CPI as a defendant, and Plaintiff's attempt to add an additional defendant has nothing to do with "conforming" any evidence.

owners of CPILLC's predecessor, negotiated the sale of the company to Defendant, and still receives royalties from CPILLC;

- Plaintiff waited to seek to add a defendant that Plaintiff was aware has overlapping officers and offices, until _after_ extensive discovery (both interrogatories and document productions) has already been provided by Defendant;

- Plaintiff waited to seek to add CPILLC as a defendant until after Defendant's two witnesses (who would be the same witnesses for CPILLC) already flew to Pennsylvania from California and spent several days each providing testimony;

- Plaintiff waited to file its Motion so that the discovery period would close even prior to a decision on the Motion rendered;

- Defendant's discovery, depositions and declarations all demonstrate in no uncertain terms that Defendant is _not_ using the allegedly infringing trademark RED SONYA in commerce and has no intention to start using the trademark RED SONYA; and

- Where Plaintiff submits no argument or evidence in its Motion of any wrongdoing by the proposed additional defendant - other than its mere existence as a subsidiary of Defendant Paradox.

Plaintiff's and its principal's Motion demonstrates dilatory motives to delay these proceedings. Their bad faith attempts to add as a defendant a company they were intimately aware of prior to the filing of the Complaint -- and have no evidence against -- constitutes nothing more than an effort to harass Defendant and CPILLC, and to engage in an unmerited investigation into the unrelated affairs of a company Plaintiff's principal apparently regrets he no longer owns or controls. Further, the grant of Plaintiff's wish to amend its Complaint would delay the proceedings, cause detriment and inconvenience Defendant's and CPILLC's employees and business operations, and would cause great expense to Defendant and CPILLC, all to the extreme prejudice of Defendant. For all these reasons, and as discussed in greater detail below, Plaintiff's Motion is unmeritorious, and must be denied.

9

1.    **Plaintiff's Motion To Amend Is Based Upon Bad Faith And A Dilatory Motive**

When considering a motion for leave to amend, the court should not grant a motion if it is made in bad faith. See Krantz v. Prudential Invs. Fund Mngt. LLC, 305 F.3d 140, 144 (3d Cir. 2002). In determining bad faith, the court should "focus on the plaintiff's motives for not amending their complaint earlier." J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 614 (3d Cir. 1987). "Delay in moving for leave to amend a pleading may be construed as bad faith and warrant denial of the motion." Lyon v. Goldstein, Civ. Act. No. 04-3458, 2006 WL 2352595, *4 (D.N.J. Aug. 15, 2006) (Slip. Opin.).

Not only has Plaintiff significantly delayed in filing its Motion - the effect of which is to both delay the proceedings in this matter and prejudice Defendant - but clearly, given that Plaintiff's owner and principal, Art Lieberman, (i) was an owner of CPILLC's predecessor; (ii) negotiated the sale of the company and its assets to Defendant; (iii) knows the entire history of characters and trademarks owned by CPILLC; (iv) was well aware of CPILLC and Defendant's activities; and (v) currently still receives royalties from CPILLC, one cannot but conclude that Plaintiff filed its Motion, at best, with dilatory motive, or at worst, in bad faith. See DiPeppe v. Local 632, Civ. A. No. 93-490, 1999 U.S. Dist. LEXIS 21800, *12-17 (D.N.J. Mar. 31, 1999) (denying Plaintiff's motion to amend, in part, because he provided no explanation for his failure to assert the claim earlier in the litigation, and where he was aware of the alleged information since the inception of the litigation). Where a plaintiff knows information at the initiation of its lawsuit, and fails to make all claims at the initiation of the suit, a motion to amend to add those claims later will be denied. See Freiberg v. Sentry Ins. Co., Civ. A. No. 88-3104, 1989 WL 101329, *2 (E.D. Pa. Sep't 1, 1989) (unreported).

10

Plaintiff could have made any allegations against CPILLC as of its initial filing of the Complaint in April 2006. Despite the false representations that it was alerted to its claims against CPILLC based upon Defendant's counterclaim, Plaintiff waited a further three months after Defendant filed its answer and counter-claim and until after all discovery, including interrogatory answers, document productions and depositions had been obtained from Defendant prior to filing this Motion. Plaintiff cannot point to any discovery or deposition testimony provided by Defendant as supplying the basis for new information upon which to raise causes of action against CPILLC. Given Plaintiff's principal's prior ownership of CPILLC's predecessor, Plaintiff cannot claim lack of knowledge of CPILLC. Further, Plaintiff provides no explanation regarding why it so delayed in filing its Motion in light of the above timeline, and in light of Plaintiff and its principal's prior knowledge of Defendant and CPILLC's relationship and activities. It was Plaintiff, afterall, that sought expedited discovery and pushed a very aggressive case management order with the Court.

Consequently, Plaintiff's actions are indicative of its dilatory motive and evidence Plaintiff's bad faith in bringing the instant Motion.[2] Given Plaintiff's knowledge regarding CPILLC as of the filing of its initial Complaint, Plaintiff's current Motion to Amend rightly should be denied. See e.g., Krantz, 305 F.3d at 144-45 (denying plaintiff's motion to amend its

---

[2] Plaintiff's bad faith is also clearly demonstrated through Plaintiff's legal papers. It appears Plaintiff has not even bothered to write legal papers for its own case, and instead has cribbed legal papers from another, wholly unrelated litigation. For example, on page two of Plaintiff's Brief, Plaintiff references that it filed its Complaint for "*patent* infringement." No patents are involved in this action. Further, Plaintiff fails to cite even one District of Delaware case, and cites only one Third Circuit case. Plaintiff instead chooses to try to substantiate its argument by relying on irrelevant Fifth and Eighth Circuit law. Plaintiff's actions all point toward a bad faith filing. Meanwhile, Defendant is forced to expend significant resources responding to Plaintiff's frivolous Motion.

11

complaint a second time, where plaintiff clearly was on notice that allegations could have been brought in the first amendment).

Also indicative of Plaintiff's bad faith is the fact that Plaintiff and its principal, Arthur Lieberman, Esquire, now seek to sue the company - CPILLC - currently paying royalties to Mr. Lieberman. Finally, Plaintiff's Motion further reeks of bad faith because the Complaint only makes allegations regarding the character and mark RED SONJA, yet Plaintiff now makes blanket, unsubstantiated statements that CPILLC - the owner of the wholly-unrelated Conan the Barbarian franchise - has somehow harmed Plaintiff. Plaintiff's gross overreaching by attempting to broaden its claims, and its statement that it must be permitted to amend in order to enjoin CPILLC, falls flat because it is unsupported. Plaintiff's meager "attempts" to substantiate any claim against CPILLC only highlight the lack of merit of Plaintiff's Motion.[3]  Consequently, this and Plaintiff's other similarly flawed attempts to substantiate new claims at this late date simply are not sufficient to grant Plaintiff's Motion. As bad faith and dilatory motive are clearly present here, Plaintiff's Motion should be denied.

### 2.    Defendant Will Be Unduly Prejudiced If Plaintiff's Motion Is Granted

The Third Circuit has emphasized that "'prejudice to the non-moving party is the touchstone for denial of an amendment.'" Cornell, 572 F.2d at 823. In determining whether to deny a motion to amend due to prejudice, requires the court to "focus on the effect on the defendant." J. E. Mamiye, 813 F.2d at 614; Cureton, 252 F.3d at 273 ("The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted");

---

[3] For example, while Plaintiff's arguments are difficult to interpret, on page 6 of its brief, it appears Plaintiff is attempting to justify the addition of CPILLC as a defendant because Plaintiff happens to hold a license to use the word Hyboria. Plaintiff's purported new causes of action do not relate to any of the several licenses Plaintiff holds from Defendant and its related entities. See generally Complaint.

Cornell, 582 F.2d at 824 ("In evaluating the extent of prejudice, courts may inquire into the

hardship to the non-moving party"). The concern is the prejudice "resulting from the *fact of*

adding new claims at a late date." Barkauski v. Indian River School Dist., 961 F. Supp. 519, 528

(D. Del. 1996). An undue delay may become prejudicial " when it places an unfair burden on the

non-moving party or the court." Lyon, 2006 WL 2352595, *4.

Any one of the following circumstances provide an appropriate ground to deny the

Motion to Amend, such as: (i) where discovery of the defendant has been taken; (ii) where

addition of the amended pleadings would result in delay; (iii) where the plaintiff had the

opportunity to amend previously; or (iv) where plaintiff provides no explanation for delay. See

e.g., Cornell, 572 F.2d 820 (denying motion to amend filed four months after plaintiff had

knowledge of the claim and due to resulting delay and prejudice that would result to defendant);

Prime Ins. Syndicate v. United Risk Mngt. Servs., Civ. A. No. 03-1050, 2006 WL 2085388, *5

(D.N.J. July 25, 2006) (denying motion to amend because discovery had concluded and

defendant would be prejudiced) (slip. opin.); see also Furman Lumber, Inc. v. The Mountbatten

Sur. Co., Civ. A. 96-7906, 1997 WL 397496 (E.D. Pa. July 9, 1997) (denying motion to amend,

finding bad faith, and noting that an amendment clearly will not be allowed where delay results

in the effect of prejudicing another party to the action) (unreported).

In making their determinations, courts should consider the time at which a delay in filing

a motion to amend becomes undue, and consequently prejudicial, as when an unfair burden

would be placed on the opposing party. See USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir.

2004). Further, the prejudicial injection of amendments requiring additional discovery will

warrant denial of a motion to amend. See Berger v. Edgewater Steel Co., 911 F.2d 911, 924 (3d

13

Cir. 1990) (affirming district court's denial of motion for leave to amend where allowing the amendment would require additional discovery).

Contrary to Plaintiff's assertion in its moving papers, the addition of Plaintiff's proposed amendment will cause undue prejudice to Defendant. Discovery is about to close in this matter on October 1, 2006, and is likely to be closed by the time a decision is rendered. Defendant will be severely prejudiced were an additional defendant added after the close of discovery and Defendant has no opportunity to conduct discovery related to Plaintiff's purported new claims and defendant.

Further, Defendant will also be unduly prejudiced in several ways were Plaintiff's Motion granted and Plaintiff was granted additional discovery regarding the purported new claims and defendant. First, Defendant will be prejudiced because adding new claims and an additional defendant at this late date would substantially delay the resolution of these proceedings. To add a new defendant at this point in the proceedings would be akin to starting the case over again at its inception. Defendant has already spent significant time and economic resources defending the action and complying with all of Plaintiff's discovery requests. Commencing discovery over again would place an undue and prejudicial burden on Defendant because Defendant would be subjected to all new discovery demands from Plaintiff, including the associated costs, delay and time of critical officers of Defendant.

Additionally, should Plaintiff's Motion be granted, Defendant will be severely prejudiced due to the undue burden the addition of such a claim would place on Defendant. As stated previously, Plaintiff was well aware of CPILLC, and should have raised any causes of action it believed it possessed against CPILLC as of the initial filing of its lawsuit. Sederowsky Decl. at ¶¶ 4, 6, -12. Plaintiff is also aware, as its papers attest, that the witnesses for both Defendant and

14

CPILLC would necessarily be the same individuals, as well as that both Defendant's and CPILLC's offices are located at the same place. Plaintiff's Brief, at pp. 1, 3. Defendant has already born the significant expense, and Defendant's witnesses have already taken time from their schedules to travel for several days each across the country to be deposed by Plaintiff. Sederowsky Decl. at ¶¶ 16-18. Plaintiff had every opportunity to question Defendant's witnesses when they appeared previously.

Plaintiff cannot credibly explain why it failed to bring its purported claims against CPILLC at the inception of its case. Plaintiff provides no basis for any claims against CPILLC in its Motion. Plaintiff fails to claim or allege that CPILLC is using the mark RED SONYA. Plaintiff certainly does not allege that its RED SONYA mark is confusingly similar to CPILLC's CONAN THE BARBARIAN mark. Plaintiff's failure of explanation and lack of substantiation to amend, accompanied with the undue burden and hardship that would be placed upon Defendant if the amendment were permitted, constitutes undue prejudice against Defendant justifying denial of Plaintiff's Motion.

15

## VI.    <u>CONCLUSION</u>

Defendant respectfully requests, for all the reasons set forth herein, that Plaintiff's

Motion For Leave to Amend Its Complaint to add a defendant be denied.

BLANK ROME LLP


By:   /Thomas P. Preston/
        Thomas P. Preston, Esquire (Del. Bar #2548)
        1201 Market Street, Suite 800
        Wilmington, DE 19801
        Telephone:  (302) 425-6400
        Facsimile: (302) 425-6464
        preston-t@blankrome.com

        *Attorneys for Defendant/Counter-Plaintiff*
        *Paradox Entertainment Inc.*

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

September 18, 2006

16

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

RED SONJA LLC,                                    :

          Plaintiff,                         :        C.A. No. 1:06-CV-00270 (SLR)

                                    :

          v.                              :

PARADOX ENTERTAINMENT INC.,                       :

          Defendant.                          :

-----------------------------------------------------------X

## **DECLARATION OF PETER SEDEROWSKY**

I, Peter Sederowsky, declare as follows:

1. I am the President, CEO, and Chairman of the Board of Paradox Entertainment Inc. ("Defendant" or "Paradox"), and am qualified and authorized to make this declaration on Paradox's behalf, based upon my personal knowledge and information gathered from Paradox employees.

2. I am a Manager of Paradox's wholly-owned subsidiary, Conan Properties International LLC, which previously was Conan Sales Company LLC ("CPILLC"). Fredrik Malmberg is the Secretary and Head of Licensing and Creative Affairs of Paradox, and is also a Manager of CPILLC.

3. Plaintiff Red Sonja LLC's owner and principal, Arthur Lieberman, Esquire, has represented as legal counsel the owners of property from the estate of Robert E. Howard, which included Mr. Howard's intellectual property, such as the character Red Sonya, the character and mark Conan the Barbarian, and a myriad of other characters and marks (the "Howard Intellectual Property").

4. Mr. Lieberman's legal representation spanned at least several decades. Mr. Lieberman was responsible for all marketing and licensing of much of the Howard Intellectual Property over a number of years prior to Paradox acquiring those assets.

5. Mr. Lieberman received compensation for his marketing efforts, and over time obtained substantial ownership interests in much of the Howard Intellectual Property.

6. In connection with his legal representation of and ownership interest in the Howard Intellectual Property, Mr. Lieberman was involved in the formation and legal affairs of the predecessor to the proposed additional defendant company (CPILLC), which held the

intellectual property associated with the Conan the Barbarian franchise, among other things.

7. Mr. Lieberman was one of the owners of Conan Sales Company LLC.

8. Mr. Lieberman negotiated the sale of Conan Sales Company LLC (the owner of the Conan the Barbarian character and mark) to Paradox.

9. Mr. Lieberman is intimately familiar with the history of the Howard Intellectual Property, and the ownership of the Howard Intellectual Property.

10. Mr. Lieberman is also intimately aware of CPILLC and its assets, particularly given that Mr. Lieberman only recently participated in the sale of the company and its property to Defendant.

11. As part of the sale of the Conan character and mark to Defendant, Mr. Lieberman receives royalty payments from CPILLC.

12. After the sale of the majority of the Howard Intellectual Property, Mr. Lieberman retained and obtained several licenses from Defendant and its wholly owned entities regarding use of some of the Howard Intellectual Property.

13. Both Defendant Paradox and CPILLC transact business in the same offices in Beverly Hills, California.

14. Within the corporate structure of the Paradox entities, Defendant Paradox acts as a management and marketing agent for the other companies in the Paradox family, and manages and markets the assets of the related entities pursuant to a management agreement.

15. Neither Paradox, nor any of its related entities, have made any use in commerce of the character and mark RED SONYA. Neither Paradox, nor any of its related entities, have any future intentions to use in commerce the character and mark RED SONYA.

16. Paradox has expended significant resources defending Plaintiff's action. In addition to assisting with gathering and preparing interrogatory answers, Paradox has also reviewed all of its files for documents responsive to Plaintiff's document requests. Paradox expended considerable employee time and other resources, financial and otherwise, responding to Plaintiff's discovery requests.

17. Paradox has also expended significant resources (both in time and money) so that its witnesses could be deposed by Plaintiff. In connection with our depositions, which took place on different dates, Mr. Malmberg and I each flew from California to Pennsylvania, stayed for several days in Philadelphia so that our depositions could be taken by Plaintiff, and then flew back to California.

18. Even though Plaintiff is aware, as it alleged in its moving papers, that Mr. Malmberg and I have knowledge related to CPILLC, and even though Plaintiff had every opportunity to

ask questions of Mr. Malmberg and me related to CPILLC during our depositions, Plaintiff now seeks to ask additional questions and take more discovery. During the depositions, Mr. Malmberg and I informed Plaintiff's counsel that neither Paradox nor its related entities were using the RED SONYA mark and character, or intended to use RED SONYA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of September 2006.

PETER SEDEROWSKY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | : |
| Plaintiff/Counter-Defendant, | : |
| | : |
| v. | : Civil Action No.: |
| | : 1:06-cv-00270 (SLR) |
| PARADOX ENTERTAINMENT INC. | : |
| | : |
| Defendant/Counter-Plaintiff. | : |

## ORDER

AND NOW, this _____ day of _____ 2006, upon consideration of

Plaintiff Red Sonja LLC's Motion for Leave to Amend Its Complaint, and Defendant Paradox

Entertainment Inc.'s Memorandum of Law in Opposition thereto, it is hereby ORDERED and

DECREED that Plaintiff's Motion is DENIED.

BY THE COURT:

_____

The Honorable Sue L. Robinson, J.

125338.00601/11584537v.1

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on this 18th day of September, 2006, I caused a

copy of **DEFENDANT PARADOX ENTERTAINMENT INC.'S OPPOSITION TO**

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT** to be served upon

the following counsel of record by electronic mail through Lexis/Nexis File and Serve:

> Richard K. Hermann, Esquire
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue
> Wilmington, DE 19801-1621
>
> Thomas J. Curran, Esquire
> Ira Brad Matetski, Esquire
> Gafner & Shore, LLP
> 360 Lexington Avenue
> New York, NY 10017

> _____/Thomas P. Preston/_____
> Thomas P. Preston
> I.D. No. 2548