UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC,<br><br>      Plaintiff,<br><br>v.<br><br>PARADOX ENTERTAINMENT, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.:
06-CV-00270 (SLR)

**PUBLIC VERSION**

**PLAINTIFF'S REPLY BRIEF
IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Richard K Herrmann, Esquire
MORRIS, JAMES, HITCHENS &
   WILLIAMS LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335
mberman@ganshore.com
tcurran@ganshore.com
imatetsky@ganshore.com
  Attorneys for Plaintiff Red Sonja LLC

Original Dated: September 25, 2006
Redacted Version: October 3, 2006

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ....................................................................ii, iii

    POINT I    INTRODUCTION .........................................................1

    POINT II    NATURE AND STAGE OF THE PROCEEDING ....................5

        A. Motion to Amend the Complaint ...........................................5

        B. Current Fact Discovery Schedule.............................................6

        C. Status of Discovery ............................................................6

        D. Counterclaim Allegations ...................................................8

    POINT III    SUMMARY ARGUMENT .........................................10

    POINT III    STATEMENT OF FACTS .........................................10

    POINT V    ARGUMENT ......................................................11

CONCLUSION.......................................................................................16

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                      <u>Page</u>

Berger v. Edgewater Steel Co.,
   911 F.2d 911 (3d Cir. 1990).................................................................14

Cornell and Co. v. Occupational Safety and Health Review Comm.,
   573 F.2d 820 (3d Cir. 1978) ..............................................................14

Cureton v. National Collegiate Athletic Assoc.,
   252 F.3d 267 (3rd Cir. 2002).............................................................14

DiPeppe v. Local 623,
   Civ. A. No. 93-490, 1999 U.S. Dist. LEXIS 21800 (D.N.J. Mar. 31, 1999)...................15

DRR, L.L.C. v. Sears, Roebuck and Co.,
   171 F.R.D. 162 (D. Del. 1997) ...........................................................15

EEOC v. Hay Assoc.,
   545 F. Supp. 1064 (E.D. Pa. 1982) ........................................................20

Freiberg v. Sentry Ins. Co.,
   Civ. A. No. 88-3104,1989 WL 101329 (E.D. Pa. Sept. 1, 1989) ............................15

Furman Lumber, Inc. v The Mountbattan Sur. Co.,
   Civ. A. 96-7906, 1997 WL 397496 (E.D. Pa. July 9, 1997) ...................................15

J.E. Mamiye & Sons, Inc. v. Commonwealth Marine & General Assurance Co., Ltd.,
   813 F.2d 610 (3d Cir. 1987)...............................................................13

Johnson v. Trueblood,
   629 F.2d 287 (3d Cir. 1980)...............................................................14

Koken v. GPC Intern. Inc.,
   Civ. 05-223, __ F. Supp.2d __, 2006 WL 2130703 (D. Del. July 31, 2006)...................15

Krantz v. Prudential Investments Fund Management, Inc.,
   305 F.3d 310 (3d Cir. 2002)...............................................................14

Lyon v. Goldstein,
   Civ. A. 04-3458, 2006 WL 2352595 (D.N.J. Aug 15, 2006) ................................ 13

Prime Ins. Syndicate v. United Risk Management Serv.,
   Civ. A. No. 03-1050, 2006 WL 2085388 (D.N.J. July 25, 2006)...............................15

Schwartz v. D/FD Operating Services, L.L.C.,
    205 F.R.D. 166 (D. Del. 2002) ...............................................................................12

Symbol Tech. Inc. v. Proxim Inc.,
    Civ. A. 01-801, 2003 WL 1905637 (D. Del. April 17, 2003)...............................................11

USX Corp. v. Barnhart,
    395 F.3d 161 (3d Cir. 2004).......................................……………………………………14

Vosgerichian v. Commodore Intern Ltd.,
    1988 WL 966026 (E.D. Pa. Nov. 6, 1998) ....................................................…...16

Wilson v. Dep't of Correction of Delaware,
    Civ. A. 99-614, 2001 WL 845652 (D. Del July 24, 2001)………………………………...15

Plaintiff Red Sonja LLC, by its undersigned counsel, submits this Brief in further Support of Plaintiff's Motion for Leave to Amend Its Complaint to add Conan Properties International LLC ("CPI") as a defendant in this action.

## I.    INTRODUCTION

This is an action for damages against the Defendant Paradox Entertainment, Inc. ("Paradox") caused by the concerted and unfairly competitive actions of Paradox, its wholly-owned subsidiary CPI, their licensees, and others resulting in the infringement upon the Red Sonja mark owned by Plaintiff through the promotion of an unknown and never used Red Sonya character.  This action is not, as Paradox argues, about Paradox's professed – and highly suspect – current or future intent relating to the use of the Red Sonya character it owns through its wholly-owned subsidiary, CPI.   Defendant's profession of an intent to go forth "and sin no more" is tellingly beside the point. Paradox and those through which and with which it has acted in the past to create heretofore nonexistent commercial value for Red Sonya by illicitly sowing confusion in the public with the historically valued and successful Red Sonja mark owned by Plaintiff, which even Defendant's Counterclaims concede have taken place.  The damage has been done through Paradox's unfair and infringing conduct; it must be answered for.

Plaintiff's efforts to recover damages and correct this confusion has, unfortunately, been met with even more obfuscation by Paradox.  When Plaintiff has sought appropriate discovery in furtherance of each of its causes of action in this case, Paradox has resisted discovery relating to the Conan the Barbarian ("Conan") character – with which Plaintiff's Red Sonja has been historically and profitably intertwined and linked and upon which Paradox has wrongfully sought to capitalize through a fabricated

association with its Red Sonya – on the ground that Conan is somehow irrelevant to Plaintiff's claims. Such position is inaccurate as a matter of fact and pleading.

Even if this were the case, which it is demonstrably not, Paradox has refused to provide this discovery as directly relevant and responsive to the Unfair Competition and Abuse of Process Counterclaims it has asserted in its Answer, Counterclaims and Affirmative Defenses ("Counterclaims"),[1] despite the fact that those claims directly place Conan into the heart of this dispute and which mark Paradox does not even claim to own, but instead is owned by the putative defendant CPI.

Nowhere in Paradox's Memorandum of Law does it acknowledge that its Unfair Competition and Abuse of Process Counterclaims are, in part, predicated upon the Conan mark. Paradox "doth protest too much" and does not assert any legal basis in its Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend its Complaint ("Def. Mem.") to truly claim that the proposed amendment would be futile, but only that it is purportedly being asserted in "bad faith and with dilatory motive" and that Paradox will somehow be allegedly "prejudiced" should the motion for leave to amend be granted. Nothing could be further from the truth. (Def. Mem. at 1)

Perhaps realizing that its "relevance" defense is equally untenable, Paradox has now taken the position that the Conan discovery sought, even though it is the entity that brought the Unfair Competition claim involving Conan, is not in its possession, but in that of its wholly-owned and controlled subsidiary, CPI, the putative defendant. Paradox now disingenuously seeks to prevent the joining of CPI, one of the entities with which and through which it acted to cause Plaintiff's damages in this case.

---

[1]    A copy of Paradox's Answer, Affirmative Defenses, and Counterclaims is annexed hereto as Exhibit "C".

2

As demonstrated herein, Paradox's response to Plaintiff's motion that it is without merit should be rejected and the Court should disregard its manufactured defenses that the requested relief is a "transparent attempt to harass [it] through subjecting it to additional discovery and attempting to obtain confidential and proprietary information from a competitor"[2] and Red Sonja is purportedly engaged in a "fishing expedition" and is attempting to "drag" into the litigation a business that owns the "unrelated" Conan trademark. (Def. Mem. at 1)

<u>The Counterclaims</u>

It is Paradox, not CPI, however, which in its Counterclaims affirmatively accuses Plaintiff of purportedly unfairly competing with it through Red Sonja's legitimate use of referencing Mr. Howard's name, who also originated the character that is the subject of Plaintiff's Complaint, to "improperly benefit from association with those characters, which are owned by Defendant" and "to improperly draw off the substantial good will and name recognition of Paradox, Robert E. Howard, and the famous marks and characters owned by [Paradox]" *to wit*, Conan. (Counterclaims, ¶¶ 182, 206) <u>See generally</u> Counterclaims at ¶¶ 157, 158, 171, 181, 183, 190, 191, 200, 205, 206. Accordingly, Paradox cannot sincerely claim that the proposed amendment "reeks of bad faith" on the basis that not it, but CPI, is the owner of the "wholly-unrelated Conan the Barbarian franchise." (Def. Mem. at 12)

Paradox's affirmative allegations demonstrate Red Sonja's entitlement to the Conan documents and that the discovery requested by Red Sonja is not "harassing."

---

[2]    The proprietary nature of any materials produced or deposition testimony taken can be appropriately protected by the Stipulated Protective Order entered in this action, which even provides for an "attorneys eyes only" designation, and which Paradox's counsel, to date, has overused by designating the entirety of the transcripts of both depositions taken by Plaintiffs so far as "attorneys eyes only."

3

Given the allegations contained in Paradox's Counterclaims relating to Conan, the proposed amendment to the Complaint should be granted to add CPI as a defendant, especially where two days before the depositions of Paradox's representatives counsel effectively invited Red Sonja to join CPI to this action, when counsel stated in pertinent that:

> Conan, is not owned by defendant Paradox, and Paradox does not maintain files and documents responsive to the requests [for Conan documents] propounded by Plaintiff. Moreover, the entity that does own the CONAN trademark and characters is not a party to this suit.[3]

The plain fact is that the proposed amendment is not "harassing" and it works no prejudice upon Paradox whatsoever. Far from being the owner of a "wholly-unrelated" franchise, Conan has been a focal point of this case since its filing. The allegations of the Counterclaims make this all the more the case. The proposed amendment to include CPI as the owner of Conan merely takes into account Paradox's all-too-convenient use of its subsidiary as the means by which to unfairly compete with and infringe upon Plaintiff's Red Sonja mark.

REDACTED

---

[3] A copy of Paradox's counsel's letter of August 22, 2006 is annexed hereto as Exhibit "D."
[4]

REDACTED

REDACTED

## II.    NATURE AND STAGE OF THE PROCEEDING

### A.    Motion to Amend the Complaint

The motion to amend the Complaint *was served within the time frame permitted by the Court's Original Scheduling Order for the amendment of pleadings and the addition of new parties* and within: (i) one week of the taking of the depositions of Paradox's representatives, which two depositions each lasted approximately one-half of the day, and which Red Sonja will seek to finish during the discovery period; (ii) one day after receiving a rough copy of the transcripts from both of those depositions, and (iii) eight days after receiving Paradox's letter objecting to the production of documents relating to Conan as that mark is not owned by Paradox, but by CPI, and defending such position on the basis that CPI is not a party to this action.

**B.**    **Current Fact Discovery Schedule**

The wife of Arthur Lieberman, the principal of Red Sonja has been gravely ill and just passed away. As a result, Red Sonja requested that Paradox agree to extend, among other things, the fact discovery deadline contained in the Court's Original Scheduling Order from October 1, 2006 to December 1, 2006. Paradox's counsel agreed to do so on September 12, 2006. Accordingly, on September 19, 2006, Red Sonja submitted to the Court the consented to Amended Scheduling Order in this action. Thus, Paradox's continued reference to an October 1, 2006 fact discovery deadline and the statement that the "motion will not likely be heard before discovery is closed" and that additional discovery will now need to take place after discovery is "closed" is disingenuous and should be rejected as impermissibly not representing to the Court the true current status of discovery in this action. (Def. Mem. at 2, 9, 14) Moreover, given the utter control and dominion exercised by Paradox over CPI, any discovery of CPI will hardly be difficult to compile, much less produce.

**C.**    **Status of Discovery**

Throughout their papers, Paradox also takes the inaccurate position that discovery is almost complete (Def. Mem. at 2, 6) and that Red Sonja's seeking leave to amend its Complaint would be "prejudicial" to it. In addition to the above disingenuous statement concerning the fact discovery deadline in this action, the facts, as alleged in Defendant's Memorandum of Law relating to the nature and stage of this action are quite different from reality.

Paradox asserts that the action "is currently nearing the conclusion of discovery" or is "about to close." (Def. Mem. at 2, 6, 14) The fact is that Paradox has, as of today,

6

never noticed any deposition of Red Sonja's representatives. Further, while Paradox continually claims to have served Interrogatories on Red Sonja, no such Interrogatories have been received and no Certificate of Service evidencing such service has been filed with the Court. (Def. Mem. at 2, 9, 11) In fact, we confirmed today with counsel for Paradox, *that notwithstanding its representation in its Memorandum of Law, Paradox's Interrogatories have never been served on Plaintiff, and may not even have been drafted as of yet* [5] (Def. Mem. at 2, 11) It is not Plaintiff that is causing any delays in this action; as demonstrated above, it is clearly Paradox.

As for Paradox's Discovery Requests, Red Sonja has not responded to Paradox's Discovery Requests due to Arthur Lieberman's unavailability to work with the undersigned to gather up and produce relevant documents in response thereto as a result of his wife's death.[6] Moreover, insofar as the definitions contained within Paradox's Discovery Requests incorporate those contained in the as-yet-to-be-served Interrogatories, responding to such demands is more problematic than that which otherwise might be the case.

As for Red Sonja's Discovery Requests, Paradox has begrudgingly produced 248 pages of documents[7], and, as indicated above, has resisted the production of *any*

---

[5]    The day after counsel received Paradox's Memorandum of Law and noted therein that Paradox claimed that Interrogatories had been served on Red Sonja (Def. Mem. at 2), on September 19, 2006, the undersigned immediately contacted counsel for Defendant and informed him that such Interrogatories had never been received by Red Sonja, and requested that a copy be provided to it.

[6]    Due to Mr. Lieberman's absence from the office, Paradox has – graciously -- agreed to extend until October 15, 2006, the time for Red Sonja to respond to Paradox's Document Request. Again, Paradox's Interrogatories have yet to be served.

[7]    Paradox initially refused to produce any documents due a claim of confidentiality, and only did so after Plaintiff's counsel pointed out that the Court's local rules provide for confidential treatment pending the entry of an appropriate Order of Protection, which Paradox proposed only after being ask to do so and to which Plaintiff agreed without reservation. Moreover, when Paradox did make its inadequate production, it was accomplished in two parts. The first production of 99 pages was received by counsel via Federal

discovery relating to Conan. Unfortunately, despite repeated attempts to prevail upon Paradox to meet its appropriate discovery obligations, it appears as if Red Sonja will be left with no option but to move to compel when Mr. Lieberman returns from attending to personal matters relating to the death of his wife. Paradox's repeated position that it has produced discovery responsive to "*all*" of Plaintiff's discovery demands is simply inaccurate and seeks to further obfuscate the issues. (Def. Mem. at 7, 11, 14)

Half-day depositions of two of Paradox's representatives were taken on August 24, and August 25, 2006, respectively, of Fredrik Malmberg and Peter Sederowsky, the week prior to the instant motion to amend being filed.

### D.    Counterclaim Allegations

Paradox describes its Counterclaims in its Memorandum of Law, but conveniently – yet tellingly – fails to inform the Court that its Unfair Competition and Abuse of Process Counterclaims asserted are predicated, in part, on Conan, and it is Conan which is the basis for Plaintiff's Motion for Leave to Amend the Complaint. By letter dated August 17, 2006, Plaintiff's counsel advised the attorneys for Paradox that Paradox's failure to produce documents and answer Plaintiff's Interrogatories in relation to Conan was improper in light of Plaintiff's claims, Paradox's Counterclaims, as well as in light of certain information possessed by Plaintiff.[8] Paradox, through counsel, responded by letter on August 21, 2006, in which Paradox stood by its objection to providing any documents or answers to interrogatories relating to Conan.[9] Paradox did, however, invite

---

Express delivery on or about August 17, 2006, one week before the first deposition of Paradox's officers. The second production of 149 pages was received by Plaintiff's counsel by Federal Express delivery on or about August 23, 2006, the day before the depositions of Paradox's officers were schedule to take place.

[8]    A copy of Plaintiff's counsel's letter is attached hereto as Exhibit "F."

[9]    A copy of Defendant's counsel's response is attached hereto as Exhibit "G."

Plaintiff to engage in a process by which resort to Court intervention might be avoided. In the hope that this discovery dispute could be resolved – which remains extant – counsel for Plaintiff arranged for a telephonic conference call to be had with Paradox' counsel on August 21, 2006.

During that conference call, Paradox was hard-pressed to provide a coherent explanation as to how – at the very least and without having waived any relevance objection – Paradox's Counterclaims themselves did not fully insert Conan into this litigation such that Plaintiff was entitled to the requested discovery relating to Conan. By letter dated August 22, 2006, counsel for Paradox *for the first time and two days before the depositions of Paradox's officers were to begin* incredibly asserted that **"Paradox does not maintain files and documents responsive to the requests propounded by Plaintiff"** and that the owner of Conan is not a party to this litigation. (Ex. D, *supra* at p. 4) (emphasis added.) While Plaintiff found – and continues to regard – this response as improper, the decision was made to go forward with the depositions of Paradox's officers as scheduled in an attempt to keep this litigation on the schedule to which Paradox had initially agreed and to move to compel thereafter, the filing of which motion has been delayed due to Mr. Lieberman's unavailability.[10] The evidence developed during those depositions not unsurprisingly, has revealed Paradox's position to be untenable.

REDACTED

---

[10]  Counsel for Paradox rejected any effort to put off the depositions of Messrs, Malmberg and Sederowsky.  Faced with a choice at the last possible moment, Plaintiff elected to forge ahead with these depositions under the adverse circumstances created by Paradox, but limited such depositions to only one-half day each.

9



## III.    SUMMARY OF ARGUMENT

The critical information not disclosed by Paradox in discovery, the inappropriate manner in which Paradox has sought to deny Plaintiff's proper discovery and manipulate the discovery process, the misrepresentations contained in Paradox's papers concerning the timing of Plaintiff's motion, the allegations contained in Paradox Counterclaims relating to the Conan mark, and the complete absence of any prejudice to Paradox if Plaintiff's motion is granted demonstrate that Red Sonja's motion for leave to amend its Complaint has been timely made and appropriately brought.    Accordingly, consistent with Third Circuit precedent, leave to amend the Complaint should be freely granted by this Court.

## IV.    STATEMENT OF FACTS

Red Sonja will not burden the Court with a repetition of the facts herein, except as to Mr. Lieberman's knowledge relating to the Conan character and Paradox, for which Mr. Lieberman has submitted a declaration, attached hereto as Exhibit H, which he will sign when he returns to the office next week after concluding personal matters pertaining to the death of his wife.

The fact remains is that there are multiple Paradox and Conan entities and until this litigation Mr. Lieberman did not know what entity owns the Conan character.  Mr. Lieberman's Declaration in pertinent part provides:

1.    I am a principal of Plaintiff Red Sonja LLC and submit this declaration in further support of Plaintiff's Motion for Leave to Amend its Complaint.

2.    I was part of a group that sold the character Conan to Paradox in 2003.

3.      I had and have no knowledge whatsoever as to which "pocket" of the several Paradox and Conan "shells" the Conan character was placed.

4.      I now have learned that there are at least four Conan entities and two Paradox entities.

5.      I did not know until this litigation which Conan and/or Paradox entity owns the Conan character.

6.      Although I did receive checks for my profit participation in relation to the Conan character, I never focused on the issuer of such checks, and even the name of the entity that issued such checks does not mean that such issuer was the owner of the Conan character, and should have been a defendant herein. In fact, my checks were forwarded under the Paradox letterhead (not under a Conan letterhead), the same entity to which I believe we sold the Conan character.

7.      I only had focused on the entity to which we sold the Howard characters. Until recently, I similarly never focused on the fact that there is more than one Paradox entity.

8.      This litigation was brought against Paradox, which I believed at the time acquired the Conan character in 2003 and the remaining Howard characters thereafter.

## V.    **ARGUMENT**

Red Sonja has timely and appropriately moved to amend its Complaint pursuant to Federal Rule of Civil Procedure 15. This Court should reject Paradox's improperly interposed objections that the amendment is based upon "bad faith and a dilatory motive" and that it would be purportedly "prejudiced"[11] were the amendment permitted, and its invective language should not be condoned. (Def. Mem. at 1, 6, 10)

The Third Circuit standard used to evaluate whether a motion for leave to amend a complaint should be granted is clear and will not be repeated herein. See e.g. Symbol Tech. Inc. v. Proxim Inc., Civ. A. 01-801, 2003 WL 1905637, at *2 (D. Del. Apr. 17,

---

[11]    Apparently conceding that an argument opposing Plaintiff's motion on futility grounds would itself be futile, Paradox never once mentions such word.

2003) (Robinson, C.J.) (motion for leave to amend granted more than one year after action was commenced, after discovery had taken place beyond the discovery cutoff date, and a half a year beyond the deadline for amending the pleadings; court rejected argument that "the amendment at this late date would require it to take additional discovery which would increase its costs and potentially delay the case"). See also Schwartz v. D/FD Operating Services, L.L.C., 205 F.R.D. 166 (D. Del. 2002) (Robinson, C.J.). Red Sonja submits that under the Third Circuit standard, its motion for leave to amend its Complaint should be granted.

As demonstrated above, the reasons for the proposed amendment are clear, and the proposed amendment is appropriate and does not reflect any attempt to harass Paradox, notwithstanding its baseless claims to the contrary.

REDACTED

This Court should reject Paradox's *ipse dixit* statement that the amendment would be "akin to starting the case over again." (Def. Mem. at 14) This is not true. As for Paradox's claim that the amendment would create additional discovery and burden, that is incorrect. (Def. Mem. at 14) To the extent Red Sonja seeks documents concerning Conan, those requests have long ago been served on Paradox and have been extant for months. Paradox's own delay in producing relevant and responsive materials that it has possession, custody and control over should not permit it to manufacture a claim of delay on the part of Plaintiff. Moreover, Paradox having to look for such documents now, which it should have done before and which, presumptively, have already been

12

segregated, would create no additional expense to Paradox and, even if such documents were not already segregated, same was required to have been done long ago when they were required to have been produced and such time and expenses would already been incurred by Defendant to comply with Plaintiff's requests. As for depositions, Plaintiff Red Sonja only utilized half of its permitted of deposition time for the two Defendant witnesses deposed so far due to the extant Conan issue.

As for the additional purported great expense to Paradox that would result from the granting of the proposed amendment and the claimed inconvenience to Paradox, given CPI's domination by Paradox, no real expense or even inconvenience flows from adding CPI as a party. Simply stated, as Paradox has "full and unfettered" access to all of CPI's records and exercises possession, custody, and control over CPI's records, no hardship – much less any undue burden – is presented in adding CPI as a party. Moreover, whatever incidental expense that could exist is more the result of the improper positions taken by Paradox.

In evaluating Paradox's meritless opposition to Red Sonja's motion for leave to amend, it should not be lost on the Court as to the completely inapposite cases relied upon by Paradox that bear little application to the facts here and, in fact, two of Defendant's cases permit amendment of a proposed pleading. Defendant's cases only further establish the merits to Red Sonja's motion. See J.E. Mamiye & Sons, Inc. v. Common wealth Marine and General Assurance Co., Ltd., 813 F.2d 610 (3rd Cir. 1987) (amendment of complaint permitted almost a year and half after action had been commenced, and even when made in response to defendant's motion for summary judgment); Lyon v. Goldstein, Civ. A. 04-3458, 2006 WL 2352595 (D.N.J. Aug 15,

13

2006) (leave to amend complaint for a third time granted two years after action was commenced).

Each case cited by Paradox[12] is set forth below and each on its face demonstrates the lack of merit to Paradox's position, where they concern a denial of a proposed amended pleading: (i) years after an action had been commenced; (ii) after the deadline for permitting the making of a motion to amend had passed; (iii) that would have required testimony of a deceased person; (iv) after discovery had closed; (iv) after multiple amendments had been granted; (vi) after a motion to dismiss had been made; (vii) made in response to a summary judgment motion; (viii) of a judgment post-trial or after a mistrial; (ix) in administrative proceeding; and (x) to add affirmative defenses.

- USX Corp. v. Barnhart, 395 F.3d 161 (3rd Cir. 2004) (leave to amend judgment denied four and one half years after action was commenced.);

- Krantz v. Prudential Investments Fund Management, Inc., 305 F.3d 310 (3rd Cir. 2002) (leave to amend the second amended complaint denied after motion to dismiss first amended complaint was granted);

- Cureton v. National Collegiate Athletic Assoc., 252 F.3d 267 (3rd Cir. 2002) (motion to amend post-judgment on remand denied where motion was filed three years after action was commenced and proposed amendment might require court to revisit class certification issue and would effectively cause the action to begin anew);

- Berger v. Edgewater Steel Co., 911 F.2d 911 (3rd Cir. 1990) (leave to amend denied where action had been commenced more than one year earlier and motion was made after close of "extended discovery period.");

- Johnson v. Trueblood, 629 F.2d 287 (3rd Cir. 1980) (leave to amend denied after mistrial and after the forty-third day of a subsequent trial);

- Cornell and Co. v. Occupational Safety and Health Review Comm., 573 F.2d 820 (3d Cir. 1978) (reversal of grant of amendment by Occupational Safety and Health Review Commission of Secretary's complaint where it

---

[12]    We analyze each case relied upon by Paradox, except for the two United States Supreme decisions cited and Barkauski v. Indian River School District, 961 F.Supp. 519 (D. Del. 1996), which case we cannot locate through citation or spelling.

occurred nine days before administrative hearing and made it "impossible for [defendant] to fins witnesses");

- Koken v. GPC Intern. Inc., Civ. 05-223, __ F. Supp.2d __, 2006 WL 2130703 (D. Del. July 31, 2006) (leave to amend answer one year after action was commenced denied where proposed affirmative defenses as a matter of law were facially deficient);

- Prime Ins. Syndicate v. United Risk Management Serv., Civ. A. No. 03-1050, 2006 WL 2085388 (D.N.J. July 25, 2006) (informal motion for leave to amend complaint made at final pretrial conference denied that took place three years after action was commenced, where the pretrial scheduling order had been amended three times at plaintiff's request, but where the deadline to file amended pleadings in each case was not amended);

- Wilson v. Dep't of Correction of Delaware, Civ. A. 99-614, 2001 WL 845652 (D. Del July 24, 2001) (omnibus motion for leave to amend the complaint, relief from judgment, to amend judgment and amended motion to amend judgment denied to *pro se* plaintiff two year after action was commenced);

- DiPeppe v. Local 623, Civ. A. No. 93-490, 1999 U.S. Dist. LEXIS 21800 (D.N.J. Mar. 31, 1999) (leave to amend sought five and one-half years after action was commenced and was "compelled by the unavailability of witnesses");

- Furman Lumber, Inc. v The Mountbattan Sur. Co., Civ. A. 96-7906, 1997 WL 397496 (E.D. Pa. July 9, 1997) (leave to amend denied where sought after fact discovery period had been completed for almost one month and the dispositive motion deadline had passed and the case was scheduled for trial in thirty days);

- DRR, L.L.C. v. Sears, Roebuck and Co., 171 F.R.D. 162 (D. Del. 1997) (motion to amend complaint denied when made two and half years after cases commenced and after a period of extended discovery and cross-motions for summary judgment were made and the court ruled on such motions);

- Freiberg v. Sentry Ins. Co., Civ. A. No. 88-3104, 1989 WL 101329 (E.D. Pa. Sept. 1, 1989) (leave to amend denied where request was made almost a year after action was commenced, and the proposed amendment would have required discovery and testimony of deceased plaintiff and, therefore defendant would be unduly prejudiced if the amendment were permitted);

15

- <u>Vosgerichian v. Commodore Intern Ltd.</u>, 1988 WL 966026 (E.D. Pa. Nov. 6, 1998) (leave to amend denied where sought six years after action was commenced and, instead of responding to defendant's motion for summary judgment, plaintiff sought to amend for the third time claiming that discovery turned up evidence that supported previously dismissed claims); and

- <u>EEOC v. Hay Assoc.</u>, 545 F.Supp. 1064 (E.D. Pa. 1982) (leave to amend answer to add affirmative defense denied after conclusion of trial and the parties post-trial briefs had been filed).

## VI.    <u>CONCLUSION</u>

Red Sonja for the reasons set forth above and in its Brief in Support of its Motion to Amend its Complaint respectfully requests that the Court grant leave for Red Sonja to amend its Complaint to allege claims against Conan Properties International LLC.

Dated:  September 25, 2006

Richard K. Herrmann, #405
MORRIS, JAMES, HITCHENS &
    WILLIAMS LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

*Attorneys for Plaintiff, Red Sonja, LLC*

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October 2006 I electronically filed the foregoing document, **REDACTED VERSION OF PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

Additionally, I hereby certify that on the 3rd day of October, 2006, the foregoing document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**
Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

**VIA EMAIL**
Earl M. Forte, Esq.
Timothy D. Pecsenye, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
215.569.5500
forte@blankrome.com
pecsenye@blankrome.com

RICHARD K. HERRMANN (#405)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff RED SONJA LLC*

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RED SONJA LLC,                    :

         Plaintiff/Counter-Defendant,      :

v.                           :      Civil Action No.:
                                  :      1:06-cv-00270 (SLR)

PARADOX ENTERTAINMENT INC.     :

         Defendant/Counter-Plaintiff.      :

## DEFENDANT PARADOX ENTERTAINMENT INC.'S
## ANSWER, COUNTERCLAIMS AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by and through its attorneys, Blank Rome LLP, answers the averments in Plaintiff's Complaint alleging unfair competition, trademark infringement and trademark dilution ("Complaint"), and raises the following counterclaims and affirmative defenses:

### INTRODUCTION

Defendant denies the factual allegations made in the over four page "Introduction" to the Complaint.

### JURISDICTION AND VENUE

1.      The Complaint is a document that speaks for itself, and any characterization thereof in Paragraph 1 is therefore denied.

2.      Denied as a conclusion of law to which no response is required.

3.      Denied as containing conclusions of law to which no response is required.
Defendant admits that it is a Delaware corporation. By way of further answer, to the extent there
are additional factual allegations in Paragraph 3, they are denied.

4.      Defendant is without information as to the truth or falsity of these allegations, and
therefore they are denied.

5.      Admitted.

6.      Defendant admits that Dark Horse Comics, Inc. is a licensee of Conan Properties
International LLC, which is a wholly owned subsidiary of Defendant. By way of further answer,
Defendant is without information as to the truth or falsity of the remaining factual allegations in
Paragraph 6, and therefore they are denied.

## ORIGIN OF THE RED SONJA CHARACTER

7.      Defendant admits that Robert E. Howard ("Howard") wrote a story entitled
"Shadow of the Vulture," which was published in the January 1934 issue of *Magic Carpet*
magazine and contained a character called Red Sonya, and that Howard died in 1936. By way of
further answer, Defendant is without information as to the truth or falsity of the remaining factual
allegations in Paragraph 7, and therefore they are denied.

8.      Defendant admits that a character in Howard's "Shadow of the Vulture" is Red
Sonya. By way of further answer, "Shadow of the Vulture" is a story that speaks for itself, and
any characterization thereof in Paragraph 8 is therefore denied.

9.      Defendant admits that Howard created a character called Conan. By way of
further answer, Exhibit A is a document that speaks for itself, and any characterization thereof in
Paragraph 9 is therefore denied. To the extent there are additional factual allegations in
Paragraph 9, they are denied.

2

10.    Exhibit A is a document that speaks for itself, and any characterization thereof or alleged foundations for Roy Thomas' intentions or actions as alleged in Paragraph 10 are therefore denied.

11.    Exhibit A is a document that speaks for itself, and any characterization thereof or alleged foundations for Roy Thomas' intentions or actions as alleged in Paragraph 11 are therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 11, and therefore they are denied.

12.    Exhibit A is a document that speaks for itself, and any characterization thereof or alleged foundations for Roy Thomas' intentions or actions as alleged in Paragraph 12 are therefore denied. By way of further answer, Exhibit B to the Complaint is a document that speaks for itself and any characterization thereof is therefore denied. Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 12, and therefore they are denied.

13.    Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 13, and therefore they are denied.

14.    Exhibit C is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant admits that a character in Howard's "Shadow of the Vulture" is Red Sonya. By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 14, and therefore they are denied.

15.    Exhibits D, E and F consist of documents that speak for themselves, and any characterization thereof is therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 15, and therefore they are denied.

3

## DEVELOPMENT OF RED SONJA FROM 1973 TO THE PRESENT

16.     Exhibits D, E and F consist of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 16, and therefore they are denied.

17.     Exhibits D and F consist of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 17, and therefore they are denied.

18.     Exhibit D consists of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 18, and therefore they are denied.

19.     Exhibit G is a document that speaks for itself, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 19, and therefore they are denied.

20.     Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

21.     Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

22.     Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

4

23.     Exhibit F consists of documents that speak for themselves, and any characterization thereof is therefore denied.  Defendant specifically denies that "Dynamite Entertainment" is a licensee of Plaintiff, as Dynamite Entertainment is not a legal entity, and upon information and belief the entity referred to in Paragraph 23 is Dynamic Forces, Inc. d/b/a Dynamic Entertainment.  By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 23, and therefore they are denied.

24.     Exhibit H is a document that speaks for itself, and any characterization thereof is therefore denied.  Defendant specifically denies that the document attached as Exhibit H is a final comic book cover as sold in commerce, as it appears to be a mock up internal draft.  By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 24, and therefore they are denied.

25.     Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

26.     Defendant specifically denies the allegations in Paragraph 26.

27.     Exhibit I is a document that speaks for itself, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 27, and therefore they are denied.

28.     Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

29.     Exhibit J consists of documents that speak for themselves, and any characterization thereof is therefore denied.  By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 29, and therefore they are denied.

5

30. Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

31. Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

32. Exhibit D consists of documents that speak for themselves, and any characterizations thereof is therefore denied. By way of further answer Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 32, and therefore they are denied.

## CHAIN OF TITLE TO RED SONJA/RED SONYA

33. Denied. Defendant admits only that Howard wrote a story entitled "Shadow of the Vulture," which was published in the January 1934 issue of *Magic Carpet* magazine and which contains Robert E. Howard's Red Sonya character.

34. Exhibit K consists of documents that speak for themselves, and any characterization thereof is therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 34, and therefore they are denied.

35. Exhibits L and M consist of documents that speak for themselves, and any characterization thereof is therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 35, and therefore they are denied.

36. Exhibit N is a document that speaks for itself, and any characterization thereof is therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 36, and therefore they are denied.

6

37.    Exhibit N and O consist of documents that speak for themselves, and any characterization thereof is therefore denied. Defendant specifically denies that Registration No. 1, 161,847 is a registered trademark, as this registration was cancelled in 1988. By way of further answer, Defendant is without information as to the truth or falsity of the remaining factual allegations in Paragraph 37, and therefore they are denied.

38.    Exhibit P is a document that speaks for itself, and any characterization thereof if therefore denied. By way of further answer, Defendant is without information as to the truth or falsity of the factual allegations in Paragraph 38, and therefore they are denied.

39.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

## TRADEMARK REGISTRATIONS FOR RED SONJA

40.    The trademark registrations attached as Exhibits Q and R to the Complaint are documents that speak for themselves, and any characterization thereof is therefore denied.

## PARADOX'S PURCHASE OF HOWARD'S CHARACTERS

41.    Denied. By way of further answer, the CONAN character and mark is owned by Conan Properties International LLC. Defendant specifically denies that Robert E. Howard's Red Sonya character is virtually unknown. By way of further answer, the Variety.com article attached as Exhibit S to the Complaint is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant further denies that articles, such as the Variety.com article attached as Exhibit S, speak on behalf of Defendant, constitute Defendant's actions, or accurately contain any representations that may or may not have been made by Defendant. To the extent there are additional factual allegations in Paragraph 41, they are denied.

7

## CONFUSION IN THE MARKETPLACE

42.    Defendant specifically denies this allegation.

43.    Denied. Exhibit T consists of documents that speak for themselves, and any characterization thereof is therefore denied. Defendant specifically denies that Exhibit T demonstrates confusion in the marketplace. Defendant further denies that the Hollywood Reporter reference at Exhibit T speaks on behalf of Defendant, constitutes Defendant's actions, or accurately contains any representations that may or may not have been made by Defendant. By way of further answer, Defendant admits that Robert E. Howard's RED SONYA is associated with carrying swords. To the extent there are additional factual allegations in Paragraph 43, they are denied.

44.    Denied. Exhibit U is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant specifically denies that Exhibit U demonstrates confusion in the marketplace. By way of further answer, Defendant further denies that the ComicBookMovie.com reference at Exhibit U speaks on behalf of Defendant, constitutes Defendant's actions, or accurately contains any representations that may or may not have been made by Defendant. To the extent there are additional factual allegations in Paragraph 44, they are denied.

45.    Denied. Exhibit V consists of a document that speaks for itself, and any characterization thereof is therefore denied. Defendant specifically denies that Exhibit V demonstrates confusion in the marketplace. Indeed, the ICV2.com article entitled, "Paradox Picks Up Kull & Co." demonstrates a lack of any confusion in the market place. By way of further answer, Defendant admits that there are many distinctions between Plaintiff's and

8

Defendant's characters. To the extent there are additional factual allegations in Paragraph 45, they are denied.

46.    Denied. Exhibit W consists of a document that speaks for itself, and any characterization thereof is therefore denied. Defendant specifically denies that Exhibit W demonstrates confusion in the marketplace. Indeed, the Newsarama.com article entitled "Paradox Acquires Remainder of REH Properties" demonstrates a lack of any confusion in the market place.

47.    Denied. Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied. By way of further answer, to the extent there are postings responding to the article attached as Exhibit W to the Complaint, such postings speak for themselves, and any characterization thereof is therefore denied.

### DEFENDANT'S INFRINGING USE OF PLAINTIFF'S MARK, DELIBERATE ATTEMPTS TO SOW CONFUSION IN THE MARKETPLACE AND MISUSE OF REGISTRATION SYMBOL FOR THE UNREGISTERED RED SONYA (WITH A "Y")

48.    Denied. Defendant specifically denies that there is confusion in the marketplace, or that it has encouraged confusion. Exhibit T consists of documents that speak for themselves, and any characterization thereof is therefore denied. By way of further answer, Defendant specifically denies that the Hollywood Reporter paragraph, entitled "Writings of 'Conan' Arthur at Paradox" and attached at Exhibit T to the Complaint demonstrates confusion in the marketplace, or that the posting of such article on Defendant's website constitutes actively encouraging confusion in the marketplace.

49.    Denied. Exhibit X is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant specifically denies that it has acted in concert with Dark Horse, or that it has encouraged confusion in the marketplace. Defendant specifically denies that

9

there is confusion in the marketplace. By way of further answer, to the extent there are additional factual allegations in Paragraph 49, they are denied.

50.    Denied. Exhibit X is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant specifically denies that it has acted in concert with Dark Horse, or that it has encouraged confusion in the marketplace. Defendant specifically denies that there is confusion in the marketplace. By way of further answer, to the extent there are additional factual allegations in Paragraph 50, they are denied.

51.    Denied. Defendant specifically denies the allegations contained in this Paragraph. Exhibit Y is a document that speaks for itself, and any characterization thereof is therefore denied. Paragraph 51 contains conclusions of law to which no response is required. Defendant specifically denies that it has: intentionally infringed Plaintiff's alleged trademark; encouraged confusion in the marketplace or that there is confusion in the marketplace; attempted to transpose "Red Sonya" with "Red Sonja," or is trying to misappropriate Roy Thomas' Red Sonja. By way of further answer, to the extent there are additional factual allegations in Paragraph 51, they are denied.

52.    Denied. Defendant specifically denies the allegations contained in this Paragraph. By way of further answer, Paragraph 52 contains conclusions of law to which no response is required.

53.    Denied. Exhibit Z is a document that speaks for itself, and any characterization thereof is therefore denied. Defendant further denies that articles, press releases and other documents, such as the document attached as Exhibit Z constitute Defendant's actions, or accurately contain any representations that may or may not have been made by Defendant itself. Paragraph 53 also contains conclusions of law to which no response is required. Defendant

10

specifically denies misrepresenting Robert E. Howard's RED SONYA, or that it has

impersonated Roy Thomas' RED SONJA. By way of further answer, to the extent that an

employee of Defendant included a registration symbol after Robert E. Howard's "RED SONYA"

in any materials, Defendant denies that such placement was anything other than an inadvertent

clerical error. Plaintiff's alleged licensee, Dynamic Forces, Inc., includes a registration symbol ®

after the DYNAMIC FORCES (and design) logo on its website <www.dynamicforces.com> and

Dynamic Forces does not hold a registration for this mark.

## DEFENDANT'S ACTUAL KNOWLEDGE OF
## RED SONJA LLC'S TITLE IN RED SONJA

54.    Admitted in part, denied in part. Defendant admits only that Dark Horse

publishes and sells CONAN comic books and other CONAN products. Defendant is without

information as to the truth or falsity of allegations regarding communications between Plaintiff

and third parties, and the same are therefore denied. To the extent there are additional factual

allegations in Paragraph 54, they are denied.

55.    Denied. Defendant is without information as to the truth or falsity of allegations

regarding communications between Plaintiff and third parties, and the same are therefore denied.

To the extent there are additional factual allegations in Paragraph 55, they are denied.

## DEFENDANT'S EFFORTS TO REGISTER THE WORD "HYBORIA" AS A
## TRADEMARK AND SERVICE MARK WITH FULL
## KNOWLEDGE OF PLAINTIFF'S RIGHT TO
## USE THE WORD, WHICH IS EQUALLY ASSOCIATED WITH RED SONJA

56.    Admitted in part, denied in part. Exhibit AA consists of documents that speak for

themselves, and any characterization thereof is therefore denied. Defendant admits that Conan

Properties International LLC has applied to register the mark HYBORIA. By way of further

answer, Defendant is without information as to the truth or falsity of allegations regarding types

11

of goods and services in which Roy Thomas' Red Sonja could possibly appear, and therefore they are denied.

57.     Denied.  Defendant denies that Roy Thomas' Red Sonja is routinely identified as a character of the Age of Hyboria.  Defendant is without information as to the truth or falsity of allegations regarding the scope of products, if any, in which Roy Thomas' Red Sonja currently appears, and allegations regarding the same are therefore denied.  Defendant denies that Plaintiff holds rights in the mark HYBORIA.  By way of further answer, Defendant specifically denies that the trademark RED SONJA is used on all the goods listed in Paragraph 57.  To the extent there are additional factual allegations in Paragraph 57, they are denied.

58.     Defendant specifically denies the allegations in Paragraph 58.

59.     Defendant specifically denies the allegations in Paragraph 59.

60.     Admitted in part, denied in part.  Defendant admits only that Conan Properties International LLC has filed trademark applications to register the mark HYBORIA.  The remaining factual allegations in Paragraph 60 are denied.

61.     Paragraph 61 contains conclusions of law to which no response is required.  To the extent there are factual allegations in Paragraph 61, they are denied.

62.     Defendant specifically denies the allegations in Paragraph 62.

63.     Denied.  Defendant specifically denies, that the word "Hyboria" is an integral aspect of Roy Thomas' Red Sonja character owned by Plaintiff, or that Plaintiff holds rights in the mark HYBORIA.

125338.00601/11542517v.3

## DEFENDANT'S EFFORTS TO INTERFERE WITH RED SONJA LLC'S CONTRACTS AND FUTURE CONTRACTS WITH THIRD PARTIES

64.   Denied.

65.   Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.

66.   Admitted in part, denied in part. Defendant admits that Warner Brothers holds an option to make a motion picture including Defendant's CONAN character. Defendant admits that it has met with Nu Image. By way of further answer, Defendant denies the remaining allegations in Paragraph 66.

67.   Denied. Defendant is without information as to the truth or falsity of allegations regarding business relations between Plaintiff and Nu Image, and the same are therefore denied. By way of further answer, Defendant denies the remaining allegations in Paragraph 67.

68.   Denied.

### COUNT I

69.   Defendant incorporates its responses to Paragraphs 1 through 68 as if set forth in full herein.

70.   Denied as a conclusion of law to which no response is required. To the extent there are factual allegations contained in Paragraph 70, they are denied.

71.   Defendant admits that Conan Properties International LLC has applied to register the mark HYBORIA. The remaining factual allegations contained in Paragraph 71 are denied.

72.   Denied.

73.   Denied as a conclusion of law to which no response is required.

74.   Denied as a conclusion of law to which no response is required. To the extent there are factual allegations in Paragraph 74, they are denied.

13

75.    Denied.  By way of further answer, Defendant specifically denies that Plaintiff has

or is using the trademark RED SONJA on all the goods listed in Paragraph 75.

76.    Denied.

77.    Denied as a conclusion of law to which no response is required.

78.    Denied.

79.    Denied.

## COUNT II

80.    Defendant incorporates its responses to paragraphs 1 through 79 as if set forth in

full herein.

81.    Denied.  Defendant specifically denies that Plaintiff is and has used the trademark

RED SONJA on all the goods listed in Paragraph 81, and that Plaintiff has made continuous use

of the trademark RED SONJA.  Defendant is without information as to the truth or falsity of the

remaining allegations in Paragraph 81, and therefore they are denied. By way of further answer,

Paragraph 81 also contains conclusions of law to which no response is required.

82.    Denied as a conclusion of law to which no response is required.  To the extent

there are factual allegations in Paragraph 82, they are denied.

83.    Paragraph 83 contains conclusions of law to which no response is required.  By

way of further answer, Defendant specifically denies that Plaintiff is and has used the trademark

RED SONJA on all the goods listed in Paragraph 83 and that Plaintiff has used Roy Thomas'

RED SONJA continuously.  To the extent there are additional factual allegations in Paragraph

83, they are denied.

84.    Denied.

85.    Denied.

14

86.    Denied.

87.    Denied.

## COUNT III

88.    Defendant incorporates its responses to paragraphs 1 through 87 as if set forth in full herein.

89.    Defendant specifically denies that Plaintiff has or is using the trademark RED SONJA in connection with all the goods listed in Paragraph 89, and that Plaintiff has used the trademark RED SONJA continuously since 1973. To the extent there are additional factual allegations in Paragraph 89, they are denied.

90.    Defendant specifically denies that Plaintiff's trademark RED SONJA and trademark registration for RED SONJA are in good standing. By way of further answer, Paragraph 90 contains conclusions of law to which no response is required. Defendant is without information as to the truth or falsity of the additional factual allegations in Paragraph 90, and the same are therefore denied.

91.    Exhibits S, T, U, V, W, and Y consist of documents that speak for themselves, and any characterization thereof is therefore denied. By way of further answer, Paradox denies that these Exhibits constitute representations of Defendant.

92.    Denied. By way of further answer, Exhibit T consists of documents that speak for themselves and any characterization thereof is therefore denied.

93.    Denied. Exhibit X consists of a document that speaks for itself, and any characterization thereof is therefore denied. Defendant is without information as to the truth or falsity of allegations relating to third party Dark Horse, and the same are therefore denied. By

15

way of further answer, Defendant specifically denies complicity with Dark Horse or that it has

infringed any trademark owned by Plaintiff.

94.    Denied as a conclusion of law to which no response is required. By way of further

answer, to the extent Paragraph 94 contains factual allegations, they are denied.

95.    Denied as a conclusion of law to which no response is required. By way of further

answer, to the extent Paragraph 95 contains factual allegations, they are denied.

96.    Denied as a conclusion of law to which no response is required. By way of further

answer, to the extent Paragraph 96 contains factual allegations, they are denied.

97.    Denied as a conclusion of law to which no response is required. By way of further

answer, to the extent Paragraph 97 contains factual allegations, they are denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

## COUNT IV

102.    Defendant incorporates its responses to paragraphs 1 through 101 as if set forth in

full herein.

103.    Defendant specifically denies Plaintiff has and is using the trademark RED

SONJA in connection with all the goods listed in Paragraph 103, and that Plaintiff has promoted,

marketed and sold all the products listed in Paragraph 103 in connection with the mark RED

SONJA. Defendant specifically denies that Plaintiff has used Roy Thomas' RED SONJA as a

mark or character continuously since 1973. By way of further answer, to the extent there are

additional factual allegations contained in Paragraph 103, they are denied.

16

104.    Defendant is without information as to the truth or falsity of these allegations, and therefore they are denied.  By way of further answer, Paragraph 104 contains conclusions of law to which no response is required.

105.    Denied.  To the extent there are factual allegations contained in Paragraph 105, they are denied.

106.    Denied.  To the extent there are factual allegations contained in Paragraph 106, they are denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

WHEREFORE, Defendant Paradox Entertainment Inc. respectfully requests that the Court enter an order dismissing all claims against it in this action, and award to Defendant costs, attorneys' fees, and such other and further relief as this Court deems just.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by laches.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under the doctrines of waiver, estoppel and/or acquiescence.

17

## FOURTH AFFIRMATIVE DEFENSE

Defendant acted in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's conduct is privileged and justified as legitimate, lawful competition.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's conduct was not the cause in fact or the proximate cause of any of the damages alleged by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands or Plaintiff's misuse of trademark.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorney's fees or costs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state an adequate basis for injunctive relief.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under the Doctrine of Fair Use.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under the Doctrine of Non-Confusing Nominative Use.

18

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries are due solely, or in part, to a third party over which Defendant had no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has abandoned its trademark rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Plaintiff has committed fraud on the Trademark Office.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for dilution must fail because the trademark RED SONJA is not a famous mark and because Plaintiff has not alleged that the trademark RED SONJA is a famous mark.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because information in articles, press releases and other documents not published by Defendant may not be attributed to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unfair competition must fail because Plaintiff holds no trademark rights in "HYBORIA."

19

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred because it is brought in the improper venue.

### FIRST COUNTERCLAIM AGAINST PLAINTIFF FOR
### FRAUD ON THE U.S. PATENT AND TRADEMARK OFFICE

111.    Defendant repeats and re-alleges the responses in Paragraphs 1-110 as if set forth in full herein.

112.    In its Complaint, Plaintiff asserts rights to only two U.S. federal trademark registrations: Registration No. 1,161,847 and Registration No. 1,397,608, both for the mark RED SONJA.

113.    Registration No. 1,161,847 for the trademark RED SONJA for "printed sticker decals" was cancelled under Section 8, and is no longer in force and effect, as of February 2, 1988. See Exhibit 1 attached hereto, the U.S. Patent and Trademark Office ("PTO") TARR record relating to Registration No. 1,161,847.

114.    Upon information and belief, Arthur Lieberman, Esquire ("Lieberman") is Of Counsel at Ganfer & Shore, LLP, the same law firm that is acting as counsel for Plaintiff.

115.    Upon information and belief, Lieberman was president of Red Sonja Corporation.

116.    Upon information and belief, Red Sonja LLC is the successor-in-interest to Red Sonja Corp.; in 2002, Red Sonja Corp. merged into Red Sonja LLC. See Complaint ¶¶ 4, 39.

117.    Upon information and belief, in 2002, Red Sonja Corp. transferred all right, title and interest in Roy Thomas' RED SONJA mark and character to Red Sonja LLC. See Complaint ¶ 39.

118.    Upon information and belief, as of 2002, Red Sonja Corp. no longer exists.

119.    Upon information and belief, as president of Red Sonja Corp. and legal counsel with respect to the RED SONJA trademark, Lieberman has knowledge that Red Sonja Corp. is

125338.00601/11542517v.3

no longer in existence and that Red Sonja Corp. transferred rights to Roy Thomas' RED SONJA mark and character to Red Sonja LLC in 2002.

120.    Upon information and belief, Lieberman is an officer of Red Sonja LLC.

121.    Upon information and belief, Lieberman holds an ownership interest in Red Sonja LLC.

122.    Upon information and belief, Luke Lieberman is the son of Arthur Lieberman, and works as a writer for Dynamic Forces, Inc. d/b/a Dynamite Entertainment (hereinafter, "Dynamic Forces").

123.    Upon information and belief, Luke Lieberman is a vice president of Red Sonja LLC.

124.    A trademark Registration No. 1,397,608 for the trademark RED SONJA for "publications, namely comic books, magazines and novels" issued to Red Sonja Corp. on June 17, 1986 ("Registration No. 1,397,608"). See Complaint ¶ 40 and Exhibit R.

125.    Lieberman is the Attorney of Record for Registration No. 1,397,608. See Exhibit 2 attached hereto, the PTO TARR record relating to Registration No. 1,397,608.

126.    In January 2006, Lieberman filed a Declaration of Use and an Application for Renewal for Registration No. 1,397,608 (hereinafter "Application for Renewal"). See Exhibit 3 attached hereto, a copy of the Application for Renewal.

127.    Between the date of registration and the filing of the January 2006 Application for Renewal, no assignment was recorded with respect to the 2002 change in ownership of Registration No. 1,397,608 from Red Sonja Corp. to Red Sonja LLC.

128.    Lieberman filed the Application for Renewal on behalf of "Red Sonja Corp." See Exhibit 3.

21

129.    Lierberman's representation in the January 2006 Application for Renewal that the trademark RED SONJA was owned by Red Sonja Corp. is false.

130.    Lieberman filed the Application for Renewal knowing the representation regarding ownership of the trademark RED SONJA and Registration No. 1,397,608 to be false when made.

131.    In addition to acting as Attorney of Record, Lieberman also signed the Declaration in support of the Application for Renewal, and declared he is an officer of Registrant who is properly authorized to execute the Declaration. See Exhibit 3.

132.    Lieberman's representation in the January 2006 Application for Renewal that Lieberman is the president of Red Sonja Corp. is false, as Red Sonja Corp. merged into Red Sonja LLC in 2002.

133.    Lieberman filed the Application for Renewal knowing Red Sonja Corp. no longer exists.

134.    The Application for Renewal also includes a representation that in January 2006 the owner of the trademark RED SONJA and Registration No. 1,397,608 was using the trademark RED SONJA in commerce on the goods listed in Registration No. 1,397,608, "publications, namely comic books, magazines and novels."

135.    Upon information and belief, in January 2006, when the Application for Renewal was filed, the owner of the RED SONJA mark was not using the trademark RED SONJA in commerce on magazines.

136.    Upon information and belief, the trademark RED SONJA has never been used in commerce on magazines.

22

137.    Lieberman filed the January 2006 Application for Renewal knowing the trademark RED SONJA is not being used on magazines.

138.    Upon information and belief, in January 2006, when the Application for Renewal was filed, the owner of the RED SONJA mark was not using the trademark RED SONJA in commerce on novels.

139.    Lieberman filed the January 2006 Application for Renewal knowing the trademark RED SONJA is not being used on novels.

140.    Upon information and belief, the only use ever made of the trademark RED SONJA on novels was on six novels published between 1981 and 1983, more than twenty (20) years prior to the filing of the Application for Renewal.  See Complaint ¶ 29 and Exhibit J.

141.    Upon information and belief, the trademark RED SONJA was not being used in commerce on novels at the time the application associated with Registration No. 1,397,608 was filed in 1985, nor when the registration issued in 1986, nor when the Section 8 and 15 affidavits were filed in 1992.

142.    The specimen of use Lieberman filed in support of the Application for Renewal (see Exhibit 3 hereto, at page 3) is the cover from a comic book published by Marvel Comics Group that was released and sold on January 1, 1977.  Compare Complaint ¶ 19 and Exhibit G with Exhibit 3 hereto, at page 3.

143.    Upon information and belief, Marvel Comics Group is not an entity that was in any way related to Red Sonja Corp. or Red Sonja LLC in 1977 when the comic book released.

144.    Lieberman represented that the specimen submitted with the January 2006 Application for Renewal is a specimen currently used in commerce.

23

145.    Lieberman represented that the specimen attached to the January 2006 Declaration of Use and Application for Renewal was a current specimen, even though the submitted specimen dates to 1977.

146.    Lieberman represented that the specimen attached to the January 2006 Application for Renewal demonstrates use in commerce by the owner of the mark, when the specimen demonstrates use in 1977 by Marvel Comics Group, an entity unrelated to Red Sonja Corp. or Red Sonja LLC.

147.    The representations made by Lieberman with respect to the submitted specimen are false.

148.    Lieberman made these false statements with respect to the submitted specimen knowing them to be false.

149.    Given his ownership interest in Red Sonja Corp., Red Sonja LLC, his officer positions, his representations as legal counsel to former and current owners of Roy Thomas' RED SONJA mark and character, Lieberman did know, or at a minimum should have known, that the statements contained in the Application for Renewal are false.

150.    Given Luke Lieberman's role as an officer of Red Sonja LLC, his involvement with Roy Thomas' RED SONJA mark and character through Dynamic Forces, and his relationship with Lieberman, Lieberman did know, or at a minimum should have known, that the statements contained in the Application for Renewal are false.

151.    Lieberman declared all statements in the Application of Renewal to be true and of his own knowledge.  See Exhibit 3.

152.    All pivotal statements in support of the Application for Renewal for Registration No. 1,397,608 are false.

24

153.    The false statements made by Lieberman were knowingly made, and were made with the intent to commit fraud on the PTO in order to induce the PTO to renew Registration No. 1,397,608.

154.    The PTO has been intentionally defrauded that the trademark RED SONJA is being used on all the goods listed in Registration No. 1,397,608, namely comic books, magazines and novels.

155.    Since this registration was obtained and maintained fraudulently, it should be cancelled.

WHEREFORE, Paradox Entertainment Inc. respectfully requests that the Court enter judgment in its favor and against Red Sonja LLC on Paradox's Counterclaim and order that the Registration No. 1,397,608 be cancelled.  Paradox additionally requests that Red Sonja LLC be ordered to pay Paradox its attorneys' fees and costs in connection with this action, and award such other and further relief as the Court deems just.

## SECOND COUNTERCLAIM AGAINST
## PLAINTIFF FOR UNFAIR COMPETITION

156.    Defendant repeats and re-alleges the responses in Paragraphs 1-155 as if set forth in full herein.

157.    The character and trademark CONAN, which is owned by Defendant's wholly owned subsidiary Conan Properties International LLC, is a famous and highly regarded character and mark in many genres, including comic books, movies, and related products.

158.    Robert E. Howard created the CONAN character, and Robert E. Howard is highly regarded as a legend in the comic book and fantasy genres.

25

159.    Upon information and belief, Lieberman and Luke Lieberman are owners in and officers of Red Sonja LLC, which owns Roy Thomas' RED SONJA character.

160.    Upon information and belief, Roy Thomas' RED SONJA character, which is owned by Plaintiff, is exploited and marketed by Dynamic Forces, a comic book publisher and seller of related products.

161.    Upon information and belief, Dynamic Forces is affiliated with Red Sonja LLC, Lieberman and Luke Lieberman through ownership, joint officers, license agreements, other agreements, as related entities, or through joint ventures.

162.    Upon information and belief, Luke Lieberman works for Dynamic Forces as an editor and co-author of comic books featuring Roy Thomas' RED SONJA character. Upon information and belief, Luke Lieberman holds an officer position with Dynamic Forces. Upon information and belief, Luke Lieberman is an owner of Dynamic Forces.

163.    Upon information and belief, as of 2005, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, introduced and are actively marketing a comic book series featuring Roy Thomas' RED SONJA character and the character THULSA DOOM.

164.    Lieberman licenses the use of the THULSA DOOM character and mark directly from Kull Productions, Inc.

165.    Upon information and belief, prior to the 2005 publication featuring Roy Thomas' RED SONJA and the character THULSA DOOM, no publications or projects have been released since 1999 featuring Roy Thomas' RED SONJA.

166.    Upon information and belief, from the late-1970s to 1999 only sporadic publications featuring Roy Thomas' RED SONJA character have been published.

167.   Upon information and belief, during the 1980s through 1999 in the few instances Roy Thomas' RED SONJA character has appeared in the marketplace, such appearance was predominantly as a guest character in other comic book series publications.

168.   Upon information and belief, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, are in the process of developing, writing and marketing a second comic book series with Roy Thomas' RED SONJA character and the character THULSA DOOM, which is due to be released later this year.

169.   Upon information and belief, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, are in the process of creating and marketing a feature film based upon Roy Thomas' RED SONJA character. In conjunction with this project, Plaintiff and its affiliates plan to market and sell ancillary products.

170.   Upon information and belief, around April 2006, Red Sonja LLC, in conjunction with Dynamic Forces, Lieberman and Luke Lieberman, entered into an agreement with DC Comics to allow Roy Thomas' RED SONJA character to be included in a four-part comic book series with the character CLAW to be published by DC Comics. Several parts of the series featuring Roy Thomas' RED SONJA and CLAW have already issued. See Exhibit 4 attached hereto, Pages from DC Comics' website related to the series featuring Roy Thomas' RED SONJA and CLAW.

171.   Upon information and belief, Plaintiff and its affiliates are aware of the ownership of the CONAN character and Robert E. Howard's other characters.

172.   Plaintiff, through its principal, Lieberman, has acknowledged that legitimate competition exists between Plaintiff and Defendant , particularly with respect to the characters owned by the parties. Plaintiff, through Lieberman, made ongoing offers that Defendant should

27

purchase an interest in Roy Thomas' RED SONJA character from Plaintiff so that the competition between the parties would disappear. See Exhibit 5 attached hereto, Excerpt from July 12, 2005 E-mail to Peter Sederowsky of Paradox from Lieberman.

173.    Plaintiff, in conjunction with its affiliates, seek to generate as much hype, publicity, and discussion of Roy Thomas' RED SONJA character as possible.

174.    The more publicity and discussion surrounding Plaintiff's and Defendant's characters, the more interest will be generated regarding the projects and film featuring Roy Thomas' RED SONJA character that is owned by Plaintiff. Such publicity and discussion will result in financial gain to Plaintiff and its affiliates.

175.    In order to facilitate their own financial gain, Plaintiff and its affiliates are engaging in unfair competition.

176.    Plaintiff and its affiliates purposely and systematically set out to exploit the reputation and good will associated with the famous marks and characters owned by Defendant for their own financial gain.

177.    As part of this scheme, Plaintiff and its affiliates filed the instant, meritless law suit against Paradox.

178.    Upon information and belief, Plaintiff is defaming Defendant through publicity campaigns, telephone calls, dissemination of its Complaint, and by releasing false information.

179.    Upon information and belief, Plaintiff is intentionally attempting to manufacture evidence in support of its claims of likelihood of confusion and unfair competition.

180.    Upon information and belief, Plaintiff is intentionally creating news articles and commentary regarding Plaintiff and its products and services that would not otherwise exist, all at the expense of Defendant.

28

181.    Plaintiff and its affiliates are fostering, encouraging and intentionally allowing misinformation and misuse of the parties' characters and marks to occur in order to create confusion and tarnish Defendant's business reputation.

182.    Plaintiff is using and referencing Robert E. Howard's name and characters in order to improperly benefit from association with those characters, which are owned by Defendant.

183.    Paradox has been harmed by Plaintiff's actions constituting unfair competition.

184.    Paradox has sustained injury as a result of Plaintiff's continuing acts of unfair competition, including the accumulation of attorneys' fees and costs spent defending this action, as well as damages to its business reputation.

185.    The actions described above in paragraphs 156-184 constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a)(1)(B).

WHEREFORE, Paradox Entertainment Inc. respectfully requests that the Court enter judgment in its favor and against Red Sonja LLC on Paradox's Counterclaim, enjoin Plaintiff from the activities described herein, and order Red Sonja LLC to pay Paradox damages, including payment of all attorneys' fees and costs in connection with this action, compensation for loss of reputation, punitive damages, and that it award to Paradox such other and further relief as this Court deems just.

## THIRD COUNTERCLAIM AGAINST
## PLAINTIFF FOR ABUSE OF PROCESS

186.    Defendant repeats and re-alleges the responses in Paragraphs 1-185 as if set forth in full herein.

187.    On April 25, 2006, Plaintiff filed this Complaint against Paradox.

188.    Prior to filing its Complaint, and currently, Paradox and Plaintiff, through its owner, officer and attorney, Lieberman, have and are engaged in several business transactions.

29

189.    Plaintiff, through its owner, officer and attorney, Lieberman, is a licensee of Kull Productions, Inc., which is a wholly owned subsidiary of Defendant, and licenses use of the mark and character THULSA DOOM from Defendant.

190.    Lieberman has also historically acted as counsel and owner of intellectual property interests related to the Robert E. Howard estate.  Lieberman has negotiated and drafted many of the legal agreements transferring rights from the estate to parties that have acquired various rights, including but not limited to the rights to the character CONAN and KHULAN GATH.

191.    Plaintiff, through Lieberman, has acknowledged that legitimate competition exists between Plaintiff and Defendant, particularly with respect to Roy Thomas' RED SONJA character owned by Plaintiff.  Prior to filing Plaintiff's Complaint, Lieberman made ongoing offers that Paradox purchase the Roy Thomas Red Sonja character, or an interest therein, from Plaintiff in order that competition between the parties would go away.  See Exhibit 5.

192.    Despite the parties' existing and prior relationships and Plaintiff's acknowledgement of legitimate competition between the parties, Plaintiff did not call, write or otherwise contact Paradox regarding the claims in this Complaint prior to filing the instant suit.

193.    Plaintiff, through its owner, Lieberman, was fully aware that the rights to Robert E. Howard's RED SONYA character have been lawfully and legitimately acquired by Defendant.

194.    Plaintiff, like consumers of comic and fantasy genre products, has acknowledged the origins of both Robert E. Howard's RED SONYA character, which is owned by Defendant, and Roy Thomas' RED SONJA character, which is owned by Plaintiff, and is fully aware of the distinctions between the two.

195.    Plaintiff has knowledge that Paradox has not made any sales of goods bearing the marks "RED SONYA" or "RED SONJA."

30

196.    Plaintiff has knowledge that Paradox has not used "RED SONJA" or "RED SONYA" as a trademark on goods in commerce.

197.    Plaintiff filed a willful trademark infringement suit against Paradox seeking over $5,000,000 in monetary damages, knowing that its claims are baseless.

198.    Plaintiff's allegation that Paradox has interfered with Plaintiff's contracts is baseless.

199.    Plaintiff's allegations that the filing of a trademark application to register the mark HYBORIA constitutes unfair competition is baseless and wholly without merit.

200.    Plaintiff has alleged claims for unfair competition against Defendant even though Plaintiff has acknowledged that the parties are engaged in lawful, legitimate competition.

201.    Plaintiff's claims alleging unfair competition against Defendant are meritless, and constitute unlawful retaliation because Defendant chose not to purchase an interest in or the entire rights to Roy Thomas' RED SONJA character from Plaintiff.

202.    Plaintiff has alleged claims based on a trademark registration that is cancelled.

203.    Plaintiff has alleged claims based on a trademark registration that was obtained and has been maintained fraudulently.

204.    Plaintiff has alleged claims for dilution based on a trademark, RED SONJA, that is not famous. Nor has Plaintiff even alleged that the trademark RED SONJA is a famous mark.

205.    Upon information and belief, Plaintiff's lawsuit was filed and is being maintained against Paradox for a purpose for which the legal process was not designed. Plaintiff filed this lawsuit against Paradox in an attempt to: harass Paradox, obtain payment from Paradox, and as a means to generate free publicity to promote Roy Thomas' RED SONJA character that is owned by Plaintiff.

31

206.    Plaintiff maintains this law suit as a means to improperly draw off the substantial good will and name recognition of Paradox, Robert E. Howard, and the famous marks and characters owned by Defendant.

207.    Plaintiff maintains this action against Paradox to benefit from the potential financial gain derived from the anticipated increase in media coverage and publicity generated for Roy Thomas' RED SONJA character in the comic book community by the mere filing of this lawsuit.

208.    Plaintiff maintains this law suit in order to tarnish the good will and reputation of Paradox and its famous marks and characters.

209.    Paradox has been harmed by Plaintiff's actions.

210.    Paradox has sustained injury as a result of Plaintiff's actions, including the accumulation of attorneys' fees and costs spent defending this action, as well as damages to its business reputation and to the good will of Paradox, its marks and characters.

211.    Plaintiff's actions set forth in Paragraphs 186 though 210 were and are deliberate, malicious, and in violation of Federal Rule of Civil Procedure 11, thus entitling Paradox to an award of attorneys fees and punitive damages.

WHEREFORE, Paradox Entertainment Inc. respectfully requests that the Court enter judgment in its favor and against Red Sonja LLC on Paradox's Counterclaim and order Red Sonja LLC to pay Paradox damages, including payment of all attorneys' fees and costs in connection with this action, compensation for loss of reputation, punitive damages, and that it award to Paradox such other and further relief as the Court deems just.

WHEREFORE, Defendant respectfully requests that:

32

A.    The Complaint be dismissed, and that Defendant be awarded attorneys' fees and costs;

B.    Judgment be entered in Paradox Entertainment Inc.'s favor and against Red Sonja LLC on the Counterclaims for Fraud on the U.S. Patent & Trademark Office, Unfair Competition and Abuse of Process; and specifically that this Court enjoin Red Sonja LLC from engaging in illegal and uncompetitive actions against Paradox and issue and order that U.S. Trademark Registration No. 1,397,608 be cancelled and awarding Paradox punitive damages and all its attorneys fees and costs spent in this action;

C.    Such other relief as the Court deems just and proper.

BLANK ROME LLP

By: _____

Thomas P. Preston, Esquire (Del. Bar #2548)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile: (302) 425-6464
preston-t@blankrome.com

*Attorneys for Defendant/Counter-Plaintiff*
*Paradox Entertainment Inc.*

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

May 30, 2006

33

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on this 30th day of May, 2006, I caused a copy

of **DEFENDANT PARADOX ENTERTAINMENT INC.'S ANSWER, COUNTERCLAIM**

**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to be served upon the

following counsel of record by electronic mail through Lexis/Nexis File and Serve:

Richard K. Herrmann, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
Wilmington, DE 19801-1621

Thomas P. Preston
I.D. No. 2548

**EXHIBIT 1**

Latest Status Info                                                                    Page 1 of :

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2006-05-15 22:51:32 ET**

**Serial Number:** 73207191 <u>Assignment Information</u>

**Registration Number:** 1161847 <u>Assignment Information</u>

**Mark (words only):** RED SONJA

**Standard Character claim:** No

**Current Status:** Registration canceled under Section 8.

**Date of Status:** 1988-02-02

**Filing Date:** 1979-03-13

**Transformed into a National Application:** No

**Registration Date:** 1981-07-21

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 001 -File Destroyed

**Date In Location:** 1994-04-23

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. Kuykendall; Alla Ray

**Address:**
Kuykendall; Alla Ray
**Legal Entity Type:** Individual
**Country of Citizenship:** United States

---

### GOODS AND/OR SERVICES

---

**International Class:** 016
**Class Status:** Section 8 - Cancelled
Printed Sticker Decals
**Basis:** 1(a)
**First Use Date:** 1976-08-19
**First Use in Commerce Date:** 1976-08-19

---

### ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

1988-02-02 - Canceled Section 8 (6-year)

1981-07-21 - Registered - Principal Register

1981-04-28 - Published for opposition

---

## CORRESPONDENCE INFORMATION

**Correspondent**
Arthur M. Lieberman (Attorney of record)

Arthur M. Lieberman
60 E. 42nd St.
New York NY 10017

---

USPTO Assignments on the Web

Page 1 of

 **United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments:** 2
**Serial #:** 73207191    **Filing Dt:** 03/13/1979    **Reg #:** 1161847    **Reg. Dt:** 07/21/1981
**Registrant:** Kuykendall; Alla Ray
**Mark:** RED SONJA

**Assignment: 1**
**Reel/Frame:** 0439/0611    **Received:**    **Recorded:** 04/29/1983    **Pages:** 1
**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL
**Assignors:** MORRIS,ALLA RAY    **Exec Dt:** 12/20/1982
                                   **Entity Type:** UNKNOWN
                                   **Citizenship:** NONE

                 KUYKENDALL, ALLA RAY    **Exec Dt:** 00/00/0000
                                   **Entity Type:** UNKNOWN
                                   **Citizenship:** NONE

**Assignee:** RED SONJA CORP.    **Entity Type:** CORPORATION
            18 EAST 41ST ST.    **Citizenship:** NEW YORK
            NEW YORK, NEW YORK
**Correspondent:** LIEBERMAN, RUDOLPH & NOWAK
                 18 EAST 41ST ST.
                 NEW YORK, NY 10017

**Assignment: 2**
**Reel/Frame:** 0502/0113    **Received:**    **Recorded:** 08/02/1985    **Pages:** 1
**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL
**Assignors:** MORRIS ALLA RAY    **Exec Dt:** 07/24/1985
                                   **Entity Type:** UNKNOWN
                                   **Citizenship:** NONE

                 KUYKENDALL, ALLA RAY    **Exec Dt:** 00/00/0000
                                   **Entity Type:** UNKNOWN
                                   **Citizenship:** NONE

**Assignee:** RED SONJA CORP.    **Entity Type:** CORPORATION
            18 E. 41ST ST.    **Citizenship:** DELAWARE
            NEW YORK, NEW YORK 10017
**Correspondent:** LIEBERMAN, RUDOLPH & NOWAK
                 18 EAST 41ST STREET
                 NEW YORK, NY 10017

Search Results as of: 05/15/2006 10:55 PM

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 571-272-3350.

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT 2

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on 2006-05-15 22:56:25 ET**

**Serial Number:** 73547315

**Registration Number:** 1397608

**Mark (words only):** RED SONJA

**Standard Character claim:** No

**Current Status:** Section 8 and 15 affidavits have been accepted and acknowledged.

**Date of Status:** 1992-06-30

**Filing Date:** 1985-07-11

**Transformed into a National Application:** No

**Registration Date:** 1986-06-17

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 830 -Post Registration

**Date In Location:** 2006-03-10

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. RED SONJA CORP.

**Address:**
RED SONJA CORP.
18 EAST 41ST STREET
NEW YORK, NY 10017
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** Delaware

---

### GOODS AND/OR SERVICES

---

**International Class:** 016
**Class Status:** Active
PUBLICATIONS, NAMELY COMIC BOOKS, MAGAZINES, AND NOVELS
**Basis:** 1(a)
**First Use Date:** 1976-10-00

Latest Status Info                                                                                                       **Page 2 of 3**

**First Use in Commerce Date:** 1976-10-00

---

## ADDITIONAL INFORMATION

---

**Prior Registration Number(s):**
1161847

---

## MADRID PROTOCOL INFORMATION

---

**USPTO Reference Number:** A0003650
**International Registration Number:** 0879382
**International Registration Date:** 2006-01-23
**Original Filing Date with USPTO:** 2006-01-23
**International Registration Status:** Application For IR Registered By IB
**Date of International Registration Status:** 2006-04-20
**International Registration Renewal Date:** 2016-01-23
**Irregularity Reply by Date:** (DATE NOT AVAILABLE)

**Madrid History:**
04-20-2006 - 16:36:31 - Application For IR Registered By IB
01-24-2006 - 15:00:23 - IR Certified And Sent To IB
01-24-2006 - 08:05:22 - Manually Certified
01-23-2006 - 21:51:48 - New Application For IR Received

---

## PROSECUTION HISTORY

---

2006-01-31 - PAPER RECEIVED

1992-06-30 - Section 8 (6-year) accepted & Section 15 acknowledged

1992-06-01 - Response received for Post Registration action

1991-12-23 - Post Registration action mailed Section 8 & 15

1991-08-13 - Section 8 (6-year) filed

1986-06-17 - Registered - Principal Register

1986-03-25 - Published for opposition

1986-02-24 - Notice of publication

1986-01-28 - Approved for Pub - Principal Register (Initial exam)

1986-01-21 - Communication received from applicant

1985-12-13 - Non-final action mailed

1985-11-18 - Communication received from applicant

1985-09-13 - Non-final action mailed

Latest Status Info

1985-09-10 - Case file assigned to examining attorney

---

## CORRESPONDENCE INFORMATION

---

**Correspondent**
ARTHUR M. LIEBERMAN (Attorney of record)

ARTHUR M. LIEBERMAN
LIEBERMAN, RUDOLPH & NOWAK
292 MADISON AVE.
NEW YORK, NEW YORK 10017

---

# EXHIBIT 3

EQ405551213US

## IN THE UNITED STATES PATENT & TRADEMARK OFFICE

REGISTRANT:            Red Sonja Corporation

TRADEMARK:          RED SONJA

REGISTRATION NO.:     1397608

REGISTRATION DATE:    June 17, 1986

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

### COMBINED DECLARATION OF USE IN COMMERCE/
### APPLICATION FOR RENEWAL OF MARK UNDER §§ 8 AND 9

Red Sonja Corporation is the owner of U.S. Registration No. 1397608, and is

using the mark in commerce on or in connection with the goods identified in the

registration, namely publications, namely comic books, magazines and novels, in

International Class 16, as evidenced by the attached specimen showing the mark as

currently used in commerce.

Registrant requests that said registration be renewed for the goods identified

above in accordance with the provisions of Section 9 of the Act of July 5, 1946.

USPTO form PTO-2038 authorizing a credit charge in the amount of $500.00 is

also submitted herewith for the renewal fee.

### POWER OF ATTORNEY

Registrant hereby appoints Arthur M. Lieberman, Esq., whose address is c/o

Ganfer and Shore, 360 Lexington Avenue, New York, New York 10017, whose

telephone number is (212) 922-9250 and whose facsimile number is (212) 922-9335, to

01-31-2006
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #34

transact all business in the Patent and Trademark Office in connection herewith, and to receive the Notice of Acceptance.

Arthur M. Lieberman, Esq., whose address is c/o Ganfer and Shore, 360 Lexington Avenue, New York, New York 10017, is hereby designated Registrant's representative upon whom notice or process in proceedings affecting the mark may be served.

## DECLARATION

The Undersigned, being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he is an officer of Registrant and is properly authorized to execute this document on behalf of Registrant; and all statements made of his own knowledge are true and that all statements made on information and belief are believed to be true.

RED SONJA CORPORATION

Dated: 1/4/1 , 2006

Arthur M. Lieberman, President



# EXHIBIT 4

DC Comics                                                                                          Page 1 of 1

  Buy Christopher Reeve Foundation Superman™ Tags 

Search DC COMICS [ red sonja ] GO ►

ASK THE EDITORS    COMICS    GRAPHIC NOVELS    NEWS    SECRET FILES    DOWNLOADS    MESSAGE BOARDS



**4 Results for "red sonja"**

» **RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #1 (OF 4) Comic** Written by John Layman; Art by Andy Smith; Cover by Alex Ross; Variant; Cover by Jim Lee
» **RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #2 (OF 4) Comic** Written by John Layman; Art by Andy Smith; Covers by Jim Lee and Gabrielle Dell'Otto
» **RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #3 (OF 4) Comic** Written by John Layman; Art by Andy Smith; Covers by Jim Lee and Lee Bermejo
» **RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #4 (OF 4) Comic** Written by John Layman; Art by Andy Smith; Covers by Smith and Jim Lee and Gabrielle Dell'Otto

[ red sonja ] GO ►

**Where to buy:    888-COMIC-BOOK    AMAZON    BARNES & NOBLE    BORDERS    SUBSCRIBE**

**New to Comics?    About DC Comics    Contact Us    Submissions    Jobs    Privacy Policy    Legal Notices**

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.


BE A HERO    Buy Christopher Reeve Foundation Superman™ Tags    TM & © DC Comics.

Wildstorm                                                          Page 1 of 1

**BE A HERO** Buy Christopher Reeve Foundation Superman™ Tags

Search
WILDSTORM
search »    GO ►

ASK THE EDITORS    COMICS    GRAPHIC NOVELS    NEWS    SECRET FILES    DOWNLOADS    MESSAGE BOARDS

>COMICS: MARCH '06                                    SELECT A MONTH

## RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #1 (OF 4)



**Written by John Layman; Art by Andy Smith; Cover by Alex Ross; Variant; Cover by Jim Lee**

Fan-favorite Red Sonja meets a blast from DC's past: Claw the Unconquered — in a 4-issue miniseries written by John Layman (THUNDERCATS: ENEMY'S PRIDE) with; Art by Andy Smith (*Weapon X, Silver Surfer*) and covers by Jim Lee (BATMAN, SUPERMAN) and Alex Ross (JUSTICE)! Red Sonja, crimson-haired she-devil with a sword, and Claw, the cursed warrior, are thrown together as unlikely allies against a despotic evil sorcerer who was once a friend to Red Sonja but is now her sworn enemy — and may hold the key to unlocking the terrible curse he must endure! Copublished with Dynamite Entertainment.

» Download Desktop Pattern here!

**Wildstorm | 32pg. | Color | $2.99 US**

On Sale March 15, 2006

» View Larger Image

» DC COMICS THIS MONTH
» VERTIGO THIS MONTH
» WILDSTORM THIS MONTH

BROWSE MARCH

< PREV                    NEXT >

| March - #1 | April - #2 | May - #3 | June - #4 |
|---|---|---|---|
|  |  |  |  |

Where to buy:    888-COMIC-BOOK    AMAZON    BARNES & NOBLE    BORDERS    SUBSCRIBE

New to Comics?    About DC Comics    Contact Us    Submissions    Subscriptions    Jobs    Privacy Policy    Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.



Wildstorm

Page 1 of 1

| DC COMICS | VERTIGO | WILDSTORM | CMX MANGA | DC DIRECT | MAD | DC KIDS | WARNER BROS. |

**BE A HERO**    Buy Christopher Reeve Foundation Superman™ Tags

Search WILDSTORM
search » [GO►]

ASK THE EDITORS    COMICS    GRAPHIC NOVELS    NEWS    SECRET FILES    DOWNLOADS    MESSAGE BOARDS

## >COMICS: APRIL '06

SELECT A MONTH

### RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #2 (OF 4)



**Written by John Layman; Art by Andy Smith; Covers by Jim Lee and Gabrielle Del'Otto**

Get ready for more fantasy action as the red-hot miniseries continues with an issue featuring covers by Jim Lee and Gabrielle Del'Otto! Red Sonja and Claw, two legendary warriors of a long-ago era, take refuge in a town just outside the walls of an enemy's castle. Betrayed, the two come under siege from the minions of an evil sorcerer from Red Sonja's past, who may also have clues to Claw's unbearable curse and how to end it! Retailers please note: This issue will ship with two covers by Gabrielle Del'Otto and Jim Lee. Please see the order form for details. Co-published wih Dynamite Entertainment.

**Wildstorm | 32pg. | Color | $2.99 US**

On Sale April 19, 2006

» View Larger Image

» DC COMICS THIS MONTH
» VERTIGO THIS MONTH
» WILDSTORM THIS MONTH

**BROWSE APRIL**

< PREV          NEXT >

---

| March - #1 | April - #2 | May - #3 | June - #4 |
|---|---|---|---|
|  |  |  |  |

**Where to buy:**    888-COMIC-BOOK    AMAZON    BARNES & NOBLE    BORDERS    SUBSCRIBE

New to Comics?    About DC Comics    Contact Us    Submissions    Subscriptions    Jobs    Privacy Policy    Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.



Wildstorm                                                                    Page 1 of 1



| DC COMICS | VERTIGO | WILDSTORM | CMX MANGA | DC DIRECT | MAD | DC KIDS | WARNER BROS. |

Search
WILDSTORM

search »     GO►

ASK THE EDITORS     COMICS     GRAPHIC NOVELS     NEWS     SECRET FILES     DOWNLOADS     MESSAGE BOARDS

## >COMICS: MAY '06

SELECT A MONTH

### RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #3 (OF 4)



**Written by John Layman; Art by Andy Smith;
Covers by Jim Lee and Lee Bermejo**

For the legendary barbarian warrior Red Sonja, there's just one thing worse than her recent defeat by the minions of a malevolent sorcerer, and that's her current predicament.

She's locked away in the lowest level of the wizard's dungeon, kept company only by hungry rats and old bones. And her last hope for rescue lies with the increasingly erratic swordsman known as Claw, whose cursed arm is driving him ever closer to madness!

**Wildstorm | 32pg. | Color | $2.99 US**

On Sale May 17, 2006

» View Larger Image

» DC COMICS THIS MONTH
» VERTIGO THIS MONTH
» WILDSTORM THIS MONTH

BROWSE MAY



< PREV          NEXT >

| March - #1 | April - #2 | May - #3 | June - #4 |

  

**Where to buy:**     888-COMIC-BOOK     AMAZON     BARNES & NOBLE     BORDERS     SUBSCRIBE

New to Comics?     About DC Comics     Contact Us     Submissions     Subscriptions     Jobs     Privacy Policy     Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.



BE A HERO    Buy Christopher Reeve Foundation Superman™ Tags
TM & © DC Comics.

| DC COMICS | VERTIGO | WILDSTORM | CMX MANGA | DC DIRECT | MAD | DC KIDS | WARNER BROS. |

**BE A HERO** Buy Christopher Reeve Foundation Superman™ Tags

Search WILDSTORM  search » [GO►]

ASK THE EDITORS    COMICS    GRAPHIC NOVELS    NEWS    SECRET FILES    DOWNLOADS    MESSAGE BOARDS

## >COMICS: JUNE '06

SELECT A MONTH

### RED SONJA /CLAW THE UNCONQUERED: DEVIL'S HANDS #4 (OF 4)



**Written by John Layman; Art by Andy Smith; Covers by Smith and Jim Lee and Gabrielle Dell'Otto**

The partnership of Red Sonja with the doomed barbarian known as Claw comes to an explosive, bloody end as Claw finally succumbs to the dark urges that have been slowly consuming him! Once a force for good, Claw has embraced evil — and the only person who can stop him is the She-Devil with a Sword: Red Sonja. The unforgettable climax to the crossover of the season is right here, and it's not for the squeamish! This final issue leads directly into CLAW THE UNCONQUERED #1, also shipping this month!

Co-published with Dynamite Entertainment.

**Wildstorm  |  32pg.  |  Color  |  $2.99 US**

On Sale June 14, 2006

» View Larger Image

» DC COMICS THIS MONTH
» VERTIGO THIS MONTH
» WILDSTORM THIS MONTH

BROWSE JUNE



< PREV                    NEXT >

| March - #1 | April - #2 | May - #3 | June - #4 |
|---|---|---|---|
|  |  |  |  |

Where to buy:    888-COMIC-BOOK    AMAZON    BARNES & NOBLE    BORDERS    SUBSCRIBE

New to Comics?    About DC Comics    Contact Us    Submissions    Subscriptions    Jobs    Privacy Policy    Legal Notices

All site contents ™ and © DC Comics, unless otherwise noted here. All rights reserved.

**BE A HERO** Buy Christopher Reeve Foundation Superman™ Tags

TM & © DC Comics.

**EXHIBIT 5**

Message

**REDACTED**

**From:** Lieberman, Arthur [mailto:LiebermanA@dsmo.com]
**Sent:** den 12 juli 2005 09:40
**To:** peter.sederowsky@paradox-entertainment.com
**Subject:** RE: § 3.1

**REDACTED**

On the other hand Ive spoken to you about Red Sonya you should have hand in it, the competition aspects of it cwould then disappear.   By the by I spend even less of my time on it, but Luke does appear to be doing a good job.    Any way lets talk by phone or person.   Dude

2006-05-16

# EXHIBIT D



Phone:    (215) 569-5619
Fax:      (215) 832-5619
Email:    Pecsenye@blankrome.com

August 22, 2006

**VIA EMAIL**

Thomas J. Curran, Esquire
Ganfer & Shore, LLP
360 Lexington Avenue
New York, NY  10017

        Re:  Red Sonja LLC v. Paradox Entertainment, Inc.
             No. 06-270 SLR

Dear Tom:

        We write to further clarify and explain the basis why
Plaintiff is not entitled to the expansive and overbroad
discovery requested from defendant Paradox Entertainment, Inc.
("Paradox") related to the character and mark CONAN.  The
clarification provided herein supplements our prior
explanations, written in correspondence dated August 21, 2006
and via our conference call of yesterday afternoon.

        As set forth in paragraph 157 of Paradox's answer, the
character and mark, CONAN, is not owned by defendant Paradox,
and Paradox does not maintain files and documents responsive to
the requests propounded by Plaintiff.  Moreover, the entity that
does own the CONAN trademark and characters is not a party to
this suit.  Regardless, two paragraphs briefly referencing the
character CONAN as background information for Paradox's claim of
unfair competition do not "place[] the Conan character 'in
play'," such that any and all discovery propounded by Plaintiff
related to the trademark CONAN is proper and likely to lead to
the discovery of admissible and relevant information related to
Paradox's unfair competition claim.

        The substance of Paradox's unfair competition claim,
outlined in paragraphs 159 through 182, provides details



**BLANK  ROME** LLP
COUNSELORS AT LAW

Thomas J. Curran, Esquire
August 22, 2006
Page 2

regarding the numerous alleged acts of unfair competition Red
Sonja has engaged in, including, *inter alia*, filing the instant,
meritless law suit (¶ 177), releasing and encouraging false
information (¶ 178 & 181), manufacturing evidence of confusion
between RED SONJA and RED SONYA(¶¶ 179 & 180), and improperly
using and referencing Robert E. Howard's name (¶ 182).  Quite
simply, Plaintiff's numerous requests for documents and
information from Paradox related to the fame and value of the
CONAN trademark are more suited to a defense of a trademark
infringement or dilution claim (which is not present in
Paradox's counterclaim) rather than in the context of Paradox's
actual unfair competition allegations.

       For these reasons, Paradox maintains its objections and
responses to interrogatories and document requests related to
the character and mark CONAN.

                              Sincerely yours,

                              TIMOTHY D. PECSENYE

cc:  Richard K. Herrmann, Esquire (via email)

# EXHIBIT E

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT F

GANFER & SHORE, LLP

*Thomas J. Curran, Esq.*
*Extension 268*
*tcurran@ganshore.com*

360 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017
————
TELEPHONE (212) 922-9250
TELECOPIER (212) 922-9335

August 17, 2006

**BY FACSIMILE AND FEDERAL EXPRESS**

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801

Re:    Red Sonja LLC v. Paradox Entertainment, Inc.
       06-CV-270 (SLR)

Dear Mr. Preston:

As you are aware, this firm is co-counsel for Red Sonja LLC in the above-referenced matter. We write at this time to address your client's inadequate responses to the discovery propounded to date. Your client's failures in regard to discovery jeopardize the case's "fast track" trial schedule, which we assume is the objective. Our client, however, remains committed to getting this case to trial as quickly and efficiently as possible.

For example, both your client's answers and responses to the Interrogatories and the Request for Production of Documents seek to avoid providing answers or documents that relate to Conan the Barbarian on the apparent basis of relevance (among other things). This stance fails to consider, however, the fact that your client placed the Conan character "in play" in its answer and, specifically, through its Second Counterclaim – see ¶172 ("legitimate competition exists between Plaintiff and defendant, particularly with respect to the characters owned by the parties") – such that your client's attempts to avoid answering and providing documents relating to Conan is improper.

As a further example, your client has improperly refused to answer interrogatories and produce documents relating to the receipt of payments by Paradox officers Peter Sederowsky and Frederik Malmberg. Indeed, your client responded to Interrogatory No. 7 in part claiming it to be "incomprehensible." We believe this answer to be disingenuous. To be plain, we are in the possession of

GANFER & SHORE, LLP

information that Messrs. Sederowsky and Malmberg personally solicited and received payments for their own respective benefits from a Paradox licensee in a manner that clearly constitutes commercial bribery and unfair competition. Our client is entitled to discovery on this matter for it is relevant to the manner in which Paradox comports itself in the marketplace through its agents, supports our client's claim of unfair competition, supports our client's claim of Paradox's unclean hands in defense to the counterclaims, and constitutes "other crimes, wrongs, or acts" evidence admissible under Federal Rule of Evidence 404(b).

These are but a few examples of the regrettable inadequacy that characterizes your client's conduct in discovery thus far. We can only assume that it is part of a strategy to delay despite your client's earlier commitment to move this case to an early trial. This tactic is especially evident your client's refusal to provide documents prior to the entry of a protective order despite the protective mandates of Local Rule 26.2. If this were truly a concern, as opposed to the delay tactic it clearly has been meant to be, one would hope you may have proposed a protective order, something you did not do until prompted to do so. I note that we received 99 pieces of paper from you today, an inadequately partial response at best.

Frankly, we find having to resort to this type of letter-writing to be most unfortunate. Hopefully, your client's conduct will not cause a delay in the depositions scheduled to begin a week from today. In any case, it seems that we need to conference these and the other barriers your client has erected to meaningful and open discovery. Please contact me and/or Richard Herrmann at your earliest so that we may schedule a telephone conference in the spirit of Local Rule 7.1.1.

We look forward to speaking with you.

Sincerely,

Thomas J. Curran

cc:    (By Facsimile)
       Timothy D. Pecseyne, Esq.
       Richard K. Herrmann, Esq.

# EXHIBIT G



Phone:    (215) 569-5619
Fax:      (215) 832-5619
Email:    Peçsenye@blankrome.com

August 21, 2006

<u>VIA FACSIMILE</u> (212) 922-9335

Thomas J. Curran, Esquire
Ganfer & Shore, LLP
360 Lexington Avenue
New York, NY  10017

     Re:  Red Sonja LLC v. Paradox Entertainment, Inc.
        No. 06-270 SLR

Dear Mr. Curran:

    We write in response to your letter, dated August 17, 2006.
Discovery just commenced, and Paradox Entertainment, Inc.
("Paradox") provided timely discovery responses on July 28th and
August 7th to Red Sonja's requests for documents and
interrogatories.  Given this, we were surprised by the tone of
your letter.  Red Sonja's August 17th letter creates the
impression that discovery is about to close and that Red Sonja's
letter is a last attempt to try to resolve discovery
discrepancies between the Parties when, in fact, this is the
first communication relating to any discovery matters.  A resort
to theatrics without substance will not resolve discovery
disputes, if any, between the Parties, nor will unsubstantiated
threats persuade Paradox to reconsider any prior discovery
responses.

    We note that Red Sonja's letter makes very generalized
complaints regarding the entirety of Paradox's discovery
responses, yet provides very little articulation regarding any
specific issues.  Without detail in describing what Red Sonja
objects to, along with support for the objection, we cannot
address a complaint.  With respect to the two specific
complaints made, we do not agree with your seeming
characterization of Paradox's Answer and Counterclaim or with



Thomas J. Curran, Esquire
August 21, 2006
Page 2

the allegation that Paradox's responses to Interrogatory No. 4
and Document Request Nos. 2, 10, and 25 (relating to the
character and mark CONAN) are improper or deficient.  Paradox
has not brought a counter-claim alleging trademark infringement
or trademark dilution of the mark CONAN.  For this and other
reasons, and in light of the claims brought in Plaintiff's
complaint – trademark infringement of the mark RED SONJA,
Paradox appropriately objected to discovery requests seeking
documents relating to, *inter alia*: the value of the mark CONAN,
the fame of the mark CONAN, and communications between Paradox
and Dark Horse Comics relating to CONAN.  Consequently, Paradox
stands by these responses, including the stated objections.

     With respect to Interrogatory No. 7, the assertion that
Paradox "refused to answer" this Interrogatory is wholly
incorrect.  While Paradox did provide objections to the
Interrogatory, nevertheless, a full and complete answer was
given by Paradox.  We recommend a review of Paradox's response
to Interrogatory No. 7.  Paradox is not aware, whatsoever, of
the "commercial bribery" and "other crimes, wrongs, or acts" to
which Red Sonja accuses Mr. Sederowsky and Mr. Malmberg.

     We ask that going forward you make no "assum[ptions]"
relating to any intention, strategy, or conduct of Paradox, as
Red Sonja and its counsel are not in a position to speak for
Paradox.  Consequently, such characterizations are inappropriate
and inaccurate.  We request that a more objective and less
histrionic tone be adopted in order to foster the Parties'
attempt to resolve any legitimate concerns with respect to the
litigation amongst themselves without prematurely or
unnecessarily seeking Court intervention.

                                   Sincerely yours,

                                   TIMOTHY D. PECSENYE

cc:  Richard K. Herrmann, Esquire

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) 06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |

I, ARTHUR M. LIEBERMAN, declare as follows:

1.      I am a principal of Plaintiff Red Sonja LLC and submit this declaration in further support of Plaintiff's Motion for Leave to Amend its Complaint.

2.      I was part of a group that sold the character Conan to Paradox in 2003.

3.      I had and have no knowledge whatsoever as to which "pocket" of the several Paradox  and Conan "shells" the Conan character was placed.

4.      I now have learned that there are at least four Conan entities and two Paradox entities.

5.      I did not know until this litigation which Conan and/or Paradox entity owns the Conan character.

6.      Although I did receive checks for my profit participation in relation to the Conan character, I never focused on the issuer of such checks, and even the name of the entity that issued such checks does not mean that such issuer was the owner of the Conan character, and should have been a defendant herein.  In fact, my checks were forwarded under the Paradox

letterhead (not under a Conan letterhead), the same entity to which I believe we sold the Conan character.

7.    I only had focused on the entity to which we sold the Howard characters.  Until recently, I similarly never focused on the fact that there is more than one Paradox entity.

8.    This litigation was brought against Paradox, which I believed at the time acquired the Conan character in 2003 and the remaining Howard characters thereafter.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed this _____ day of September, 2006

_____
ARTHUR M. LIEBERMAN