**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____
                                        )
RED SONJA LLC,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )      C.A. No. 06-270 SLR
                                        )
PARADOX ENTERTAINMENT, INC.,            )
                                        )
            Defendant.                  )
_____)

**PLAINTIFF'S NOTICE OF SUBPOENAS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 45**

NOTICE IS HEREBY GIVEN that in accordance with Rule 45 of the Federal Rules of

Civil Procedure, Plaintiff Red Sonja LLC intends to serve the attached subpoenas to: (a) non-

parties Dark Horse Comics, Inc., BWR and Jonathan Bogner with a Subpoena in a Civil Case for

the production of documents; and (b) non-party Joe Gatta with a Subpoena in a Civil Case for

deposition testimony. The above-referenced subpoenas are attached to this Notice as Exhibits A,

B, C and D.


Dated: October 17, 2006          ___*/s/ Richard K. Herrmann*___
                                 Richard K. Herrmann #405
                                 MORRIS JAMES HITCHENS & WILLIAMS, LLP
                                 222 Delaware Avenue, 10th Floor
                                 Wilmington, DE 19801
                                 (302) 888-6800
                                 rherrmann@morrisjames.com

                                 Mark A. Berman
                                 Thomas J. Curran
                                 Ira B. Matetsky
                                 GANFER & SHORE, LLP
                                 360 Lexington Avenue
                                 New York, New York  10017
                                 (212) 922-9250

                                 Attorneys for Plaintiff RED SONJA LLC

# EXHIBIT A

Issued by the
## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| RED SONJA LLC <br><br> Plaintiff, <br><br> - against - <br><br> PARADOX ENTERTAINMENT, Inc., <br><br> Defendant. | **SUBPOENA IN A CIVIL CASE** <br><br> **Civil Action No.: 06-CV-270 (SLR)** <br> **District of Delaware** |

Dark Horse Comics, Inc.
10956 SE Main Street
Milwaukie, OR 97222

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| | |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See attached Rider

| PLACE: <br> Beovich, Walter & Friend <br> 1001 SW 5th Ave. <br> Suite 1200 <br> Portland, OR 97204. | DATE AND TIME <br> November 3, 2006 |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE <br> Mark A. Berman <br> Member, Ganfer & Shore, LLP | DATE <br> October 17, 2006 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Mark A. Berman, Esq. (MAB 5202)
Ganfer & Shore, LLP
360 Lexington Avenue, 14th floor
New York, New York 10017
(212) 922-9250

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under Penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

      Date                            SIGNATURE OF SERVER

                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trail.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such

a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure or privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other dential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## RIDER

## REQUESTED DOCUMENTS

1.    All documents concerning any communication relating to the character Red Sonja.

2.    All documents concerning any communication relating to the character Red Sonya.

3.    All documents concerning any communication between Paradox and Dark Horse Comics relating to the character Conan the Barbarian and cross-overs including such character.

4.    All documents concerning and/or relating to letters to the editor and/or responses thereto as they concern the character Red Sonya and/or the character Red Sonja.

## DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS

1.    Unless otherwise stated herein, the relevant time period encompassed by these Requests is from January 1, 2004 through to the date upon which response is made.

2.    "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, document, or any other transmittal of information in the form of facts, ideas, media, or otherwise.

3.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information

can be processed or transcribed including, but not limited to, correspondence, memoranda, emails, notes, messages, letters, telegraphs, teletype, telefax bulletins, interoffice and intraoffice telephone calls, diaries, chronological compilations, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CDs, prospectuses, financial statements, schedules, surveys, affidavits, contracts, cancelled checks, transcripts, statistics, magazine or newspaper articles, releases, graphs, photographs, charts, microfiche, microfilm, videotape, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings).  Any draft or non-identical copy of any document is a separate document within the meaning of this term.

4.    "Paradox" means Paradox Entertainment, Inc. and any of its related companies, related entities, officers, directors, employees, agents, representatives, independent contractors, consultants, franchisees, licensees, subsidiaries, parent and any other individual or entity acting on its behalf or in collusion with it.

5.    "Concerning" means relating to, describing, evidencing, or constituting.

6.    "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

7.    "Refer" means to make reference to, to be about, to have to do

2

with, to pertain to, and/or to relate to.

8.      As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

9.      The term "all documents" means every document or group of documents or communications as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

10.     The use of any singular form of any word includes the plural and vice versa.

11.     The terms "all" and "each" shall be construed as all and each.

12.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

13.     Each request refers to all documents that are either known by any party to exist or that can be located or discovered by reasonably diligent efforts by any party.

14.     All documents covered in the Request shall be produced in any orderly manner, and with appropriate markings or other identification, so that the Plaintiff will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the document request to which it responds.

3

15.    Each person answering these Requests is under a duty to supplement or amend a prior response if he or she obtains information upon the basis of which he or she knows that the response was incomplete or incorrect when made, or he or she knows that the response, although complete or correct when made, is now incomplete or incorrect.

16.    If any document was but no longer is in your possession or subject to your custody or control or in existence, state if: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding each disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, and the author's address, type (e.g. letter, memoranda, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s) and state if the document (or copies) are still in existence.

17.    If any document is withheld on the basis of a claim of privilege, state with respect thereto the privilege relied upon, the holder of the privilege, the type of the document (e.g. letter, memoranda, etc.), the date, the author, the addressee or addressees, and the subject matter.

4

# EXHIBIT B

**Issued by the**
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED SONJA LLC,<br><br><br>Plaintiff,<br><br><br>- against -<br><br>PARADOX ENTERTAINMENT, INC.,<br><br><br>Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>**Civil Action No. 06-CV-270 (SLR)**<br>**District of Delaware** |

BWR
9100 Wilshire Blvd.
Sixth Floor, West Tower
Beverly Hills, CA 90212

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| | |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Rider attached.

| PLACE:<br>Esquire Deposition Services<br>6222 Wilshire Blvd, Suite 204<br>Los Angeles, California 90048<br>(323) 938-2461 | DATE AND TIME<br>November 3, 2006<br>10:00 a.m. |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE<br>Mark A. Berman<br>Member, Ganfer & Shore, LLP | DATE<br>October 17, 2006 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
Mark A. Berman, Esq. (MAB 5202)
Ganfer & Shore, LLP
360 Lexington Avenue, 14th floor
New York, New York 10017
(212) 922-9250

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| | | |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under Penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
                Date                                                                      SIGNATURE OF SERVER


                                                                                         ADDRESS OF SERVER


Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSON SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trail.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such

a person may in order to attend trial be commanded to travel from any such place  within the state in which the trial is held, or

(iii)  requires disclosure or privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other dential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## RIDER

## REQUESTED DOCUMENTS

1.     All documents relating to, referring to and/or stating the character Red Sonya.

2.     All documents relating to, referring to and/or stating to the character Red Sonja.

## DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS

1.     Unless otherwise stated herein, the relevant time period encompassed by these Requests is from January 1, 2004 through to the date upon which response is made.

2.     "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, document, or any other transmittal of information in the form of facts, ideas, media, or otherwise.

3.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed including, but not limited to, correspondence, memoranda, emails, notes, messages, letters, telegraphs, teletype, telefax bulletins, interoffice and intraoffice telephone calls, diaries, chronological compilations, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CDs, prospectuses, financial statements, schedules, surveys, affidavits,

contracts, cancelled checks, transcripts, statistics, magazine or newspaper articles, releases, graphs, photographs, charts, microfiche, microfilm, videotape, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings). Any draft or non-identical copy of any document is a separate document within the meaning of this term.

4.   "Concerning" means relating to, describing, evidencing, or constituting.

5.   "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

6.   "Refer" means to make reference to, to be about, to have to do with, to pertain to, and/or to relate to.

7.   As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

8.   The term "all documents" means every document or group of documents or communications as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

9.   The use of any singular form of any word includes the plural and vice versa.

2

10.        The terms "all" and "each" shall be construed as all and each.

11.        The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

12.        Each request refers to all documents that are either known by any party to exist or that can be located or discovered by reasonably diligent efforts by any party.

13.        All documents covered in the Request shall be produced in any orderly manner, and with appropriate markings or other identification, so that the Plaintiff will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the document request to which it responds.

14.        Each person answering these Requests is under a duty to supplement or amend a prior response if he or she obtains information upon the basis of which he or she knows that the response was incomplete or incorrect when made, or he or she knows that the response, although complete or correct when made, is now incomplete or incorrect.

15.    If any document was but no longer is in your possession or subject to your custody or control or in existence, state if: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise. In each instance, explain the

circumstances surrounding each disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, and the author's address, type (e.g. letter, memoranda, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s) and state if the document (or copies) are still in existence.

16.    If any document is withheld on the basis of a claim of privilege, state with respect thereto the privilege relied upon, the holder of the privilege, the type of the document (e.g. letter, memoranda, etc.), the date, the author, the addressee or addressees, and the subject matter.

# EXHIBIT C

**Issued by the**
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED SONJA LLC,<br><br>                    Plaintiff,<br><br>     - against -<br><br>PARADOX ENTERTAINMENT, INC.,<br><br>                  Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>**Civil Action No. 06-CV-270 (SLR), District of Delaware** |

Jonathan Bogner
2557 Bentley Avenue
Los Angeles CA 90064

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| | |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Rider 1 attached.

| PLACE:<br>Esquire Deposition Services<br>6222 Wilshire Blvd, Suite 204<br>Los Angeles, California 90048<br>(323) 938-2461 | DATE AND TIME<br>November 3, 2006<br>10:00 a.m. |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE<br>Mark A. Berman<br>Member, Ganfer & Shore, LLP | DATE<br>October 17, 2006 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

        Mark A. Berman, Esq. (MAB 5202)
        Ganfer & Shore, LLP
        360 Lexington Avenue, 14th floor
        New York, New York 10017
        (212) 922-9250

---

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under Penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
Date                                                SIGNATURE OF SERVER


                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trail.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such

a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held. or
    (iii) requires disclosure or privileged or other protected matter and no exception or waiver applies. or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other dential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions
(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial prepara-tion materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, commu-nications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## RIDER

## REQUESTED DOCUMENTS

1.     All documents concerning any communication relating to both the character Conan the Barbarian and the character Red Sonja.

2.     All documents concerning any communication relating to both the character Conan the Barbarian and the character Red Sonya.

3.     All documents and communications relating to, whether resolved or not, any and all (i) claims or alleged claims, (ii) breaches or alleged breaches, and/or (iii) disputes, between Paradox and Swordplay, including documents evidencing the payment of any monies to Paradox and/or its officers, directors and/or employees.

## DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS

1.     Unless otherwise stated herein, the relevant time period encompassed by these Requests is from January 1, 2004 through to the date upon which response is made.

2.     "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, document, or any other transmittal of information in the form of facts, ideas, media, or otherwise.

3.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed including, but not limited to, correspondence,

memoranda, emails, notes, messages, letters, telegraphs, teletype, telefax bulletins, interoffice and intraoffice telephone calls, diaries, chronological compilations, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CDs, prospectuses, financial statements, schedules, surveys, affidavits, contracts, cancelled checks, transcripts, statistics, magazine or newspaper articles, releases, graphs, photographs, charts, microfiche, microfilm, videotape, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings). Any draft or non-identical copy of any document is a separate document within the meaning of this term.

4.    "Paradox" means Paradox Entertainment, Inc. and any of its related companies, related entities, officers, directors, employees, agents, representatives, independent contractors, consultants, franchisees, licensees, subsidiaries, parent and any other individual or entity acting on its behalf or in collusion with it.

5.    "Concerning" means relating to, describing, evidencing, or constituting.

6.    "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

7.    "Refer" means to make reference to, to be about, to have to do with, to pertain to, and/or to relate to.

2

8.     As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

9.     The term "all documents" means every document or group of documents or communications as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

10.    The use of any singular form of any word includes the plural and vice versa.

11.    The terms "all" and "each" shall be construed as all and each.

12.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

13.    Each request refers to all documents that are either known by any party to exist or that can be located or discovered by reasonably diligent efforts by any party.

14.    All documents covered in the Request shall be produced in any orderly manner, and with appropriate markings or other identification, so that the Plaintiff will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the document request to which it responds.

15.    Each person answering these Requests is under a duty to

3

supplement or amend a prior response if he or she obtains information upon the basis of which he or she knows that the response was incomplete or incorrect when made, or he or she knows that the response, although complete or correct when made, is now incomplete or incorrect.

16.     If any document was but no longer is in your possession or subject to your custody or control or in existence, state if:  (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise.  In each instance, explain the circumstances surrounding each disposition and identify the person(s) directing or authorizing same, and the date(s) thereof.  Identify each document by listing its author, and the author's address, type (e.g. letter, memoranda, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s) and state if the document (or copies) are still in existence.

17.     If any document is withheld on the basis of a claim of privilege, state with respect thereto the privilege relied upon, the holder of the privilege, the type of the document (e.g. letter, memoranda, etc.), the date, the author, the addressee or addressees, and the subject matter.

# EXHIBIT D

**Issued by the**
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED SONJA LLC,<br><br>     Plaintiff,<br><br>  - against -<br><br>PARADOX ENTERTAINMENT, INC.,<br><br>     Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>**Civil Action No. 06-CV-270 (SLR), District of Delaware** |

Joe Gatta
6423 Wilshire Boulevard
Los Angeles, CA 90048

X YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case concerning issues relating to the characters Red Sonja, Red Sonya and Conan the Barbarian.

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>6222 Wilshire Blvd, Suite 204<br>Los Angeles, California 90048<br>(323) 938-2461 | November 6, 2006<br>10:00 a.m. |

 YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Rider 1 attached.

| PLACE: | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE<br>Mark A. Berman<br>Member, Ganfer & Shore, LLP | DATE<br>October 17, 2006 |
|---|---|

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
    Mark A. Berman, Esq. (MAB 5202)
    Ganfer & Shore, LLP
    360 Lexington Avenue, 14th floor
    New York, New York 10017
    (212) 922-9250

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under Penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
        Date                             SIGNATURE OF SERVER

                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSON SUBJECT TO SUBPOENAS.
   (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trail.
   (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
   (3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)  fails to allow reasonable time for compliance;
      (ii)  require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provisions of  clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place  within the state in which the trial is held, or
      (iii)  requires disclosure or privileged or other protected matter and no exception or waiver applies, or
      (iv)  subjects a person to undue burden.
   (B)  If a subpoena
      (i)  requires disclosure of a trade secret or other dential research, development, or commercial information, or
      (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions
(d)  DUTIES IN RESPONDING TO SUBPOENA.
   (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.
   (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October 2006, I electronically filed the foregoing

document, **PLAINTIFF'S NOTICE OF SUBPOENAS UNDER FEDERAL RULE OF**

**CIVIL PROCEDURE 45**, with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE  19801
preston-t@blankrome.com


Additionally, I hereby certify that on this 17th day of October 2006, the foregoing

document was served as indicated on the following:

| **VIA EMAIL AND HAND DELIVERY** | **VIA EMAIL** |
|---|---|
| Thomas P. Preston, Esq. | Earl M. Forte, Esq. |
| Blank Rome LLP | Timothy D. Pecsenye, Esq. |
| 1201 Market Street, 8th Floor | Blank Rome LLP |
| Wilmington, DE 19801 | One Logan Square |
| preston-t@blankrome.com | Philadelphia, PA  19103 |
| | 215.569.5500 |
| | forte@blankrome.com |
| | pecsenye@blankrome.com |

              */s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiff RED SONJA LLC