UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., ) | |
| ) | **PUBLIC VERSION** |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Plaintiff Red Sonja LLC ("Red Sonja" or "Plaintiff"), by its undersigned counsel, submits this Brief in support of Plaintiff's Motion to Compel the Production of Documents pursuant to Rule 37 of the Federal Rules of Civil Procedure.

**I.   INTRODUCTION**

The need for the instant motion to compel is, at best, perplexing. The Defendant Paradox Entertainment, Inc. ("Paradox" or "Defendant"), and its wholly-owned subsidiary Conan Properties International, Inc ("CPI")[1], are refusing to produce documents that are not only central to Plaintiff's claims, but to Paradox's own Counterclaims. We submit that Defendant cannot prosecute its counterclaim on the basis of Red Sonja's unfair competition with its character Conan the Barbarian and then refuse all discovery related to that character. What follows is support for a patently simple discovery issue.

---

[1]   Whether CPI will ultimately be a defendant in this action is currently the subject of Red Sonja's Motion for Leave to Amend its Complaint, dated September 1, 2006, which motion is currently *sub judice*. As demonstrated below, regardless of whether the court permits CPI to be added as an additional defendant, Paradox should be compelled to produce the requested materials.

In Plaintiff's First Request for Production of Documents, dated July 6, 2006, Plaintiff sought, in pertinent part:

> Doc Request No. 2: All documents concerning any communication between Paradox and Dark Horse Comics relating to *Conan the Barbarian* and cross-overs.
>
> Doc Request No. 10: All documents concerning the word "famous," as that word is used in relation to intellectual property rights or purported rights including, but not limited to, how that concept applied, applies, or might apply to *Conan the Barbarian*.
>
> Doc. Request No. 25: All documents concerning the value of the marks *Conan the Barbarian*, Red Sonja, and/or Red Sonya as distinct characters.

(emphasis added.)[2]

First, Defendant objects on the ground that documents related to the character *Conan the Barbarian* are irrelevant asserting that they "seek[ ] documents not reasonably calculated to lead to the discovery of admissible evidence **related to any claim or defense in this action**,"[3] despite the fact that Conan is cited over 50 times by name in the Complaint and is the predicate for Defendant's counterclaims against Plaintiff for unfair competition and abuse of process.[4] See Defendant's Specific Objections to Plaintiff's Document Request Nos. 2 and 25 (emphasis added.)

It is undisputed that Plaintiff's Red Sonja character and Defendant's Conan character are in direct competition with each other (as both parties allege) – the question before this Court is whether either of the parties engaged in unfair competition. See

---

[2] A copy of Plaintiff's First Request for Production of Documents is annexed to the Declaration of Richard K. Herrmann, dated October 24, 2006 ("Herrmann Dec.") as Exhibit "A."

[3] A copy of Defendant's Response to Plaintiff's First Request for Production of Documents is annexed to the Herrmann Dec. as Exhibit "B."

[4] A copy of Defendant's Answer, Counterclaims and Affirmative Defenses to Plaintiff's Complaint is annexed to the Herrmann Dec. as Exhibit "C."

2

Deposition Transcript of Paradox's head of licensing and creative affairs, Frederick Malmberg ("Malmberg"), taken on August 24, 2006 ("Malmberg Tr.") pp. 231-2 REDACTED [5] In order for Plaintiff to appropriately be able to prosecute the claims set forth in Red Sonja's Complaint <u>and</u> to defend against the Defendant's Counterclaims, Plaintiff must have access to the requested documents.

## II.  FACTS

While the Court may be aware of the facts, we believe a brief recitation here is warranted.[6] Plaintiff is the holder of the "Red Sonja" trademark based upon a sword-wielding female warrior character originally created by Robert E. Howard in his story <u>Shadow of the Vulture</u> in the 1930s and adapted by Marvel Comics in the 1970s as a love interest for the male warrior, Conan the Barbarian, of the Hyborian age. (Complaint, ¶¶ 7-15) Defendant, through its wholly-owned subsidiary CPI, is the owner of the "Conan" trademark. (Complaint, ¶ 41).

On February 6, 2006, Defendant or one of its *alter ego* companies acquired the rights of the Robert E. Howard library, which contained the <u>Shadow of the Vulture</u> story. (Complaint ¶ 41) Specifically excluded from the sale was Red Sonja. (Complaint, ¶¶ 8 and 41) Since the acquisition, Paradox had conversations with its Conan licensee to re-create the comic book to usurp Red Sonja by introducing Red Sonya into Conan. Upon the acquisition, Paradox immediately issued press releases claiming that it owned Red

---

[5] REDACTED

[6] Additional facts are set forth in Plaintiff's moving and reply papers submitted in support of its Motion for Leave to Amend its Complaint, which is currently *sub judice*. For the Court's edification a copy of Plaintiff's moving and reply briefs are collectively annexed to the Herrmann Dec. as Exhibit "E."

3

Sonja and that it was ready to offer licenses for Red Sonya (which is both erroneous and confusing). This suit followed that proclamation. In response, Defendant counterclaimed that Red Sonja was unfairly competing with, *inter alia*, its Conan. (Complaint, Ex. T)

Paradox has continually refused to produce the requested Conan-related documents. On or about August 10, 2006, Red Sonja received Paradox's Response to Plaintiff's First Request for Production of Documents. Within a week, Plaintiff's counsel wrote a letter to Defendant's counsel explaining the inadequacies of the response, particularly with respect to the Conan documents. The letter states:

> For example, both your client's answer and responses to the Interrogatories and the Request for Production of Documents seek to avoid providing answers or documents that relate to Conan the Barbarian on the apparent basis of relevance (among other things). This stance fails to consider, however, the fact that your client placed the Conan character "in play" in its answer and, specifically, through its Second Counterclaim -- [quotes Counterclaim] -- such that your client's attempts to avoid answering and providing documents relating to Conan is improper.[7]

On August 21, 2006, Paradox responded by counsel's letter stating, *inter alia*, "[w]ith respect to the two specific complaints made, we do not agree with your seeming characterization of Paradox's Answer and Counterclaim or with the allegation that Paradox's responses to . . . Document Requests 2, 10, and 25 (relating to the character and mark Conan) are improper or deficient."[8] After this letter was received, the parties had a meet-and-confer conference call to attempt to resolve their differences. This conference call did not provide any resolution short of the necessity of this motion.

The following day, Paradox apparently realized the insufficiency of its initial position, and sent another letter to Plaintiff's counsel that provided "clarification" and

---

[7]   A copy of this August 17, 2006 letter is annexed to the Herrmann Dec. as Exhibit "F."

[8]   A copy of this August 21, 2006 letter is annexed to the Herrmann Dec. as Exhibit "G."

4

"supplement[ed]" the prior day's correspondence. However, such letter still fails to support Defendant's refusal to produce the requested discovery. Now Paradox argues:

> As set forth in paragraph 157 of Paradox's answer, the character and mark, CONAN, is not owned by defendant Paradox, and Paradox does not maintain files and documents responsive to the requests propounded by Plaintiff. Moreover, the entity that does own the CONAN trademark and characters is not a party to this suit.[9]

Apparently, CONAN is not owned by Defendant Paradox, but rather by Paradox's "wholly-owned subsidiary Conan Properties International LLC." (Answer, ¶ 157). However, as demonstrated below, the parent of a wholly-owned subsidiary is responsible to produce responsive documents in its possession, custody or control, and that fact has been indisputably conceded by Defendant through the testimony of its own witnesses.

Then, two days later, without the benefit of such documents, Plaintiff took one half-day deposition of Malmberg and the day after that, on August 25, took a half-day deposition of Paradox's President and Chief Executive Officer, Peter Sederowsky ("Sederowsky") without the benefit of the Conan-related documents.

At these depositions, it became evident that:

**REDACTED**

---

[9] A copy of this August 22, 2006 letter is annexed to the Herrmann Dec. as Exhibit "H."

[10] **REDACTED**

5

REDACTED

Further, Sederowsky repeatedly answered that CPI's documents are

For example:

REDACTED

REDACTED

REDACTED

(Emphasis added.) Accordingly, regardless of whether this Court permits putative defendant, CPI to be added as a defendant in this action, as demonstrated below, under Delaware law, Paradox is required to produce responsive documents that are in the possession, custody or control of its wholly-owned, and wholly-controlled, subsidiary.

Moreover, Sederowsky testified at his deposition that REDACTED Indeed, Plaintiff's counsel inquired into many areas that related to the Conan character with both of Defendant's representatives and REDACTED yet Defendant still has refused to produce documents relating to Conan.

REDACTED

On October 18, 2006 yet another meet and confer was held between the parties via teleconference. During this meet-and-confer, the parties attempted to resolve the

instant dispute in good-faith but were unsuccessful, warranting the instant motion.[11] Defendant would not agree to produce any of the requested Conan-related documents and refused, when asked, to proffer a more limited request to which it would be willing to respond.

III. **ARGUMENT**

　　A.　**Paradox Should Be Compelled To Produce Relevant Materials In Response To Red Sonja's Document Requests**

Federal Rule of Civil Procedure Rule 26(b)(1) provides, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense or any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The Federal Rules of Civil Procedure allow for a **broad scope of discovery** that is not limited to admissible evidence, but evidence that is reasonably calculated to lead to the discovery of admissible evidence." Jurimex Kommerz Transit G.M.B.H. v. Case Corp., No. Civ. A. 00-083, 2005 WL 440621, at *3 (D. Del. Feb. 18, 2005) (emphasis added). "Relevance is a fact-specific inquiry, and, therefore the determination of relevance lies within the trial court's broad discretion." United States of America v. Dentsply Int'l Inc., No. Civ. A. 99-5, 2000 WL 654286, at *4 (D. Del. May 10, 2000). Furthermore, "[r]elevance has been construed liberally under Rule 26(b)(1), to

---

[11] While the dispute concerning the character Conan arose at the end of August and Plaintiff moved for leave to amend its complaint on September 1, 2006, the instant motion is being made at this time due to the unavailability of Arthur Lieberman, Red Sonja's principal, to assist in this motion, because his wife, who had been struggling with cancer for many years, took a turn for the worse and passed away on September 11, 2006. Mr. Lieberman only became available to counsel commencing the week of October 2nd. Moreover, given the two month extension to the discovery schedule that was specifically sought due to Mrs. Lieberman's death, Defendant has not suffered any prejudice by the timing of this motion, which is being made only as a result of Defendant's improper refusal to produce responsive documents.

7

'encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Id. quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

### B. The Requested Documents Are Clearly Relevant To This Action

Plaintiff Red Sonja seeks to compel documents responsive to three document requests:

> Doc Request No. 2: All documents concerning any communication between Paradox and Dark Horse Comics relating to Conan the Barbarian and cross-overs.
>
> Doc Request No. 10: All documents concerning the word "famous," as that word is used in relation to intellectual property rights or purported rights including, but not limited to, how that concept applied, applies, or might apply to Conan the Barbarian.
>
> Doc. Request No. 25: All documents concerning the value of the marks Conan the Barbarian, Red Sonja, and/or Red Sonya as distinct characters.

(Herrmann Dec., Ex. A.)

Plaintiff requires the production of such necessary documents in light of Paradox's unfair competition and abuse of process counterclaims and as well as in furtherance of its affirmative case. Addressing the Counterclaims first, Paradox alleges:

- The character and trademark CONAN, which owned by Defendant's wholly owned subsidiary [CPII], is a famous and highly regarded character and mark in many genres, including comic books, movies, and related products. (Counterclaims, ¶ 157);

- Robert E. Howard created the CONAN character, and Robert E. Howard is highly regarded as a legend in the comic book and fantasy genres. (Counterclaims, ¶ 158);

- . . . Plaintiff and its affiliates are aware of the ownership of the CONAN character and Robert E. Howard's other characters. (Counterclaims, ¶ 171);

8

- Plaintiff . . . has acknowledged that legitimate competition exists between Plaintiff and Defendant, particularly with respect to the characters owned by the parties. (Counterclaims, ¶ 172);

- In order to facilitate their own financial gain, Plaintiff and its affiliates are engaging in unfair competition. (Counterclaims, ¶ 175);

- Plaintiff and its affiliates purposely and systematically set out to exploit the reputation and good will associated with the famous marks and characters owned by Defendant for their own financial gain. (Counterclaims, ¶ 176); and

- "improperly draw off the substantial good will and name recognition of Paradox, Robert E. Howard [who created the Red Sonja character and the Conan character], and the famous marks and characters owed by Defendant," which include the Conan character. (Counterclaims, ¶ 206);

Regardless of the merit to such counterclaims, Paradox cannot repeatedly refer to and rely upon the Conan character in its counterclaims, imbue such character with the characteristics and right of a "famous" mark under the trademark laws, contend that unfair competition exists with such character, and then object to producing documents relating thereto. To even suggest that such documents are not relevant is simply disingenuous.

REDACTED

REDACTED

Moreover, the Complaint itself sets forth that Paradox, in conjunction with Dark Horse, attempted a ruse upon its followers, by intentionally misleading them in the press. As set forth in the Complaint:

> 49. Even more egregiously, upon information and belief, in December 2005, defendant, in concert with its licensee Dark Horse, inserted a fake Letter to the Editor in its <u>Conan</u> comic book, Issue #23, inquiring as to when fans might see Red Sonya (with a "y") back with <u>Conan</u> in its comic books. (*See* Letter, attached [to the Complaint] as Exhibit X.) Upon information and belief, the letter was planted in defendant's publication by defendant and its licensees and there will be no record of defendant's receipt of such letter or its alleged sender.
>
> 50. In response, Dark Horse advised its readers that they would soon see her (Red Sonya with a "y") with <u>Conan</u> in the comic book. This response was blatantly misleading and intended to cause confusion inasmuch as Red Sonya (with a "y") was *never* a character in the <u>Conan</u> strip, living as she did in the 16$^{tt}$ Century, many thousands of years after the Hyborian Age of <u>Conan</u> and RED SONJA.

(Emphasis and capitalization in original; underline added). For Paradox to now suggest that it should not be required to produce documents responsive to Plaintiff's request for documents related to its conversations with Conan's publisher, Dark Horse or the value of the various marks, is simply incredible.

    **D.**    **Paradox Cannot Refuse to Produce Documents That Are In Possession, <u>Custody or Control Of Its Wholly-Owned Subsidiary</u>**

By letter dated August 22, 2006, Paradox objected to producing the requested Conan documents contending that:

> As set forth in paragraph 157 of Paradox's answer, the character and mark, CONAN, is not owned by defendant Paradox, and Paradox does not maintain files and documents responsive to the requests propounded by Plaintiff. Moreover, the entity that does own the CONAN trademark and characters is not a party to this suit.

(Herrmann Dec., Ex. I). This untenable position arises out of the fact that CONAN apparently is not owned by Paradox, but rather by Paradox's "wholly-owned subsidiary Conan Properties International LLC." (Counterclaims, ¶ 157).

Paradox cannot claim it does not own Conan the Barbarian and also assert counterclaims based on that character. Furthermore, as Red Sonja discovered at the depositions, CPI is

REDACTED

REDACTED

REDACTED

REDACTED

(emphasis added.) It is well-settled that a party cannot refuse to produce documents that are in the possession, custody or control of a wholly-owned subsidiary. See Gerling Int'l

Ins. Co. v. Comm. of Internal Revenue, 839 F.2d 131, 140 (3d Cir. 1988) As set forth in Gerling:

> Where the litigating corporation is the parent of the corporation possessing the records, courts have found the requisite control where a 'subsidiary corporation acts as a direct instrumentality if and in direct cooperation with its parent corporation, and where the properties and affairs of the two [were]...inextricably confused as to a particular transaction.

Id. at 140. See also E.I. duPont de Nemours & Co. v. Phillips Petroleum Co., 621 F. Supp. 310, 312 fn.3 ("A parent corporation must produce documents, pursuant to Fed.R.Civ.P. 34 request, of a wholly-owned subsidiary even though the subsidiary is not a party to the action.")

Accordingly, Paradox's refusal to produce responsive documents on the grounds that the requested documents are in the possession, custody or control of its wholly-owned, and wholly-controlled, subsidiary is without merit.

### E.   Red Sonja Is Entitled To Sanctions, Including Its Attorneys' Fees, For Being Forced To Bring This Motion

Red Sonja never should have been forced to bring this motion to compel. Paradox' refusal to produce documents that are central to its own Counterclaims cannot be countenanced. Federal Rule of Civil Procedure Rule 37(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

As set forth in detail above, Paradox' meritless position and repeated refusal to

produce critical documents is sanctionable. Accordingly, Paradox should be ordered to pay Red Sonja's reasonable attorneys' fees and costs incurred in making the instant motion.

IV. <u>CONCLUSION</u>

Given the clear level of relevancy of the Conan character, in both the Complaint and the Counterclaims, Plaintiff drafted highly focused and relatively narrow document demands. To reject Plaintiff's document requests related to Conan, first on the basis of relevancy, and then on the basis of a purported lack of document control over them, is without merit. This violates the tenet of Rule 37(4)(A) and Plaintiff is entitled to its reasonable attorneys' fees and costs.

Dated: October 24, 2006

/s/ Richard K. Herrmann
Richard K. Herrmann, #405
MORRIS, JAMES, HITCHENS &
  WILLIAMS LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of October, I electronically filed the foregoing document, **REDACTED VERSION OF MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

Additionally, I hereby certify that on the 31st day of October 2006, the foregoing document was served as indicated on the following:

| **VIA EMAIL AND HAND DELIVERY** | **VIA EMAIL** |
|---|---|
| Thomas P. Preston, Esq.<br>Blank Rome LLP<br>1201 Market Street, 8th Floor<br>Wilmington, DE 19801<br>preston-t@blankrome.com | Earl M. Forte, Esq.<br>Timothy D. Pecsenye, Esq.<br>Blank Rome LLP<br>One Logan Square<br>Philadelphia, PA 19103<br>215.569.5500<br>forte@blankrome.com<br>pecsenye@blankrome.com |

        /s/ Richard K. Herrmann
RICHARD K. HERRMANN (#405)
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

*Attorneys for Plaintiff RED SONJA LLC*