IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | : |
|    Plaintiff/Counter-Defendant, | : |
| v. | : Civil Action No.:<br>: 1:06-cv-00270 (SLR) |
| PARADOX ENTERTAINMENT INC. | : |
|    Defendant/Counter-Plaintiff. | : |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Thomas P. Preston, Esquire (Del. Bar #2548)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 302) 425-6464
Preston-t@blankrome.com

Earl M. Forte, Esquire
Timothy D. Pecsenye, Esquire
Emily J. Barnhart, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 832-5616
Forte@blankrome.com
Pecsenye@blankrome.com
Barnhart@blankrome.com

Dated: November 7, 2006

*Attorneys for Defendant/Counter-Plaintiff
Paradox Entertainment Inc.*

## **TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1

II.  NATURE AND STAGE OF THE PROCEEDING...................................................3

III. SUMMARY OF ARGUMENT ....................................................................................3

IV.  CONCISE STATEMENT OF THE RELEVANT FACTS .....................................4

V.   ARGUMENT..................................................................................................................5

     A.   Plaintiff Cannot Compel the Production of Documents That are Irrelevant to the Issues in the Lawsuit..............................................................................................6

     B.   Plaintiff's Motion Should be Denied as Untimely ......................................8

     C.   Plaintiff's Requests Are Overbroad and Unduly Burdensome...............9

VI.  CONCLUSION..............................................................................................................9

## TABLE OF AUTHORITIES

### FEDERAL CASES

E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 24 F.R.D. 416 (D. Del. 1959) ..................................................................................................................6, 7

Gerling International Insurance Co. v. Commissioner of Internal Revenue, 839 F.2d 131 (3d Cir. 1988)..................................................................................................9

Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 2005 WL. 440621 (D. Del. Feb. 18, 2005) ..........................................................................................................8

United States v. Dentsply International, Inc., 2000 WL 654286 (D. Del. May 10, 2000) ......................................................................................................................8

United States v. Fleetwood Enterprises, Inc., 702 F. Supp. 1082 (D. Del. 1988) ...............6

### FEDERAL RULES

Federal Rule of Civil Procedure 26 ......................................................................................6

I.  **INTRODUCTION**

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by its undersigned counsel, submits this memorandum of law in opposition to Plaintiff's Motion to Compel Paradox's production of documents responsive to three requests that seek documents related to the character and mark CONAN. Paradox does not possess these documents. The character and mark, CONAN, is not owned by Paradox, and instead is owned by a third party and stranger to this lawsuit -- Conan Properties International LLC ("CPILLC").

The character CONAN is quite plainly neither "central" to Plaintiff's claims nor to Paradox's counterclaims. A brief review of Plaintiff's Complaint clearly reveals a suit alleging nothing more than trademark infringement of the alleged mark ***RED SONJA***. See Complaint, Docket Entry ("D.E.") #1. Similarly, a brief glance at Paradox's Counterclaims clearly reveals Paradox's allegations of Plaintiff's: (i) fraud on the U.S. Patent & Trademark Office regarding the mark RED SONJA; (ii) acts of unfair competition against Paradox as a company; and (iii) abuse of process for maintaining a meritless lawsuit against Paradox. See Counterclaims, D.E. #7. Plaintiff's Complaint and Paradox's Counterclaims are wholly unrelated to the character and mark CONAN. Plaintiff would have the Court believe the central issue in the instant litigation relates to CONAN. The Parties' few discrete references to the character CONAN -- which were merely noted as background and contextual references in the 211 paragraph Complaint and Counterclaim -- do not create relevancy for Plaintiff's three document requests at issue in Plaintiff's Motion.

Plaintiff's Motion to Compel, seeking documents related to the character and mark CONAN, must be denied for the same reasons its Motion to Amend seeking to add CPILLC as a defendant must be denied. Quite simply, Paradox does not own any intellectual property. Paradox is merely an exclusive licensing company and managing agent for various intellectual

1

property. All of the numerous characters referenced in the Complaint and Counterclaim, such as RED SONYA, CONAN, THULSA DOOM, KULL and KHULAN GATH, are intellectual property owned by various individual legal entities that are wholly owned subsidiaries of Paradox.[1] For example, RED SONYA is owned by Robert E. Howard Properties Inc., CONAN is owned by CPILLC, and KULL and THULSA DOOM are owned by Kull Productions Inc.

Through the instant Motion Plaintiff seeks to have Paradox produce CPILLC's, a third party's, documents relating to CONAN. Through its Motion to Amend, Plaintiff seeks to add CONAN's owner, CPILLC as a defendant. Given that Plaintiff does not seek documents or to add as defendants any of Paradox's other subsidiaries, Plaintiff's Motions can only be explained as an obsession with CONAN born of seller's remorse on the part of Plaintiff's principal. Given the lack of any other plausible explanation, Plaintiff is apparently using this lawsuit as improper means to obtain information regarding an entity it no longer owns or controls.

Plaintiff's Motion to Compel is a rehash of the identical arguments and citations as previously argued to the Court in Plaintiff's Motion to Amend its Complaint. In essence, the two Motions are one and the same. There is very little Paradox can argue here that it has not already argued in Opposition to Plaintiff's Motion to Amend. Consequently, as a matter of expediency, Paradox incorporates herein its Opposition to Plaintiff's Motion for Leave to Amend Its Complaint and the supporting Declaration of Peter Sederowsky. D.E. #34. For the same reasons Plaintiff's Motion to Amend must be denied, so too must the Court deny Plaintiff's Motion to

---

[1] Plaintiff's lawsuit alleges trademark infringement of its RED SONJA character by virtue of alleged trademark use of RED SONYA, which is a character owned by Robert E. Howard Properties Inc. Yet, Plaintiff's Complaint makes no mention of Robert E. Howard Properties Inc., Plaintiff seeks no documents from Robert E. Howard properties Inc., and Robert E. Howard Properties Inc. is not a party to this lawsuit.

Compel. Further, Paradox requests that the instant Motion be stayed pending determination of Plaintiff's Motion to Amend.

## II.  NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed its Complaint on April 25, 2006. D.E. #1. Plaintiff served document requests on Paradox on July 6, 2006. Paradox served objections and responses to Plaintiff's document requests on August 2, 2006, and shortly thereafter produced documents upon the Parties' execution of a stipulated protective order. Paradox further supplemented its document production to Plaintiff. Paradox reaffirmed its objections to Plaintiff's document requests on August 10, 2006. See Plaintiff's Brief, at p. 4. Discovery closed on October 1, 2006. D.E. #21.

Plaintiff filed a Motion to Amend the Complaint to add CONAN's owner, CPILLC, as a defendant on September 1, 2006. D.E. #30. Although Plaintiff has fully understood Paradox's position with request to the subject three document requests since August 2, 2006, Plaintiff waited nearly a month after the close of discovery, until October 24, 2006, to file the instant Motion to Compel Paradox to produce documents related to CONAN from CPILLC's files. D.E. #44. Paradox cannot be compelled to produce a third party's documents. In addition to the irrelevance of the subject requests, and that they are overbroad and unduly burdensome, Plaintiff's Motion to Compel is also untimely and, therefore, should be denied.

## III.  SUMMARY OF ARGUMENT

1.  Plaintiff's Motion should be denied because it seeks documents related to the character and mark, CONAN, which are not relevant to the instant lawsuit, and which are not in Paradox's possession. CONAN is intellectual property owned by a third party, CPILLC. The character CONAN is merely referenced in passing as background in the Complaint and Counterclaim, and is not a central issue or relevant to this lawsuit.

3

2.  Plaintiff unduly delayed in filing the instant Motion until: (i) months after receiving notice of Paradox's position; (ii) nearly two months after it filed its Motion to Amend relating to the same issues; and (iii) nearly a month after the close of discovery. Consequently, Plaintiff's Motion is untimely, and should be denied without regard to whether the discovery deadline is subsequently reset by the Court.

3.  Plaintiff's Document Request Nos. 2, 10, and 25 are unlimited in scope, are overbroad, and are unduly burdensome, and, therefore, should be denied.

## IV.  CONCISE STATEMENT OF THE RELEVANT FACTS

Paradox does not own any intellectual property. Paradox is an exclusive licensing company and managing agent for various intellectual property. See Sederowsky Decl. at ¶ 14 (D.E. #34, Exh. A). Paradox licenses and manages the intellectual property owned by various individual legal entities that are subsidiaries of Paradox. Id. These individual legal entities include: Robert E. Howard Properties Inc., Kull Productions Inc., Solomon Kane Inc., Mutant Chronicle International Inc., and CPILLC, among others. See Paradox Corporate Chart, attached hereto as Exhibit A. These individual legal entities own various different characters and their accompanying intellectual property. For example, the character RED SONYA (first appearing in Robert E. Howard's story *Shadow of a Vulture*) is owned by Robert E. Howard Properties Inc.; SOLOMON KANE is owned by Solomon Kane, Inc.; CONAN is owned by CPILLC (Sederowsky Decl. at ¶ 6 (D.E. #34, Exh. A); and THULSA DOOM and KULL are owned by Kull Productions Inc. (Counterclaim at ¶ 164). This information is no secret or mystery. Had Plaintiff made even a cursory investigation prior to filing its lawsuit, it would have been able to determine the ownership of CONAN and the various other marks, as such information is readily available to the public in numerous places, including the U.S. Patent & Trademark Office's publicly available on-line databases.

Robert E. Howard Properties Inc. - the owner of RED SONYA - is not a party to this lawsuit, and has not been asked to produce any documents in this litigation. Likewise, Kull Productions Inc. and Solomon Kane Inc. are not parties to this lawsuit, and have not been asked to produce any documents in this lawsuit. Although KULL and SOLOMON KANE, like CONAN, are referenced in passing as background information in the Complaint (see Complaint p. 2 FN2; ¶¶ 16, 21, 24) and Counterclaim (see Counterclaim ¶¶ 157, 164, 168, 189), only documents related to CONAN have been requested by Plaintiff and only CPILLC has been requested to be added as a defendant.

V.     **ARGUMENT**

Plaintiff seeks to compel Paradox to produce documents related to the character CONAN that are in the possession of CONAN's owner - CPILLC, which is a third party and stranger to this lawsuit. Plaintiff seeks to compel production of documents responsive to the following three document requests:

> **Document Request No. 2** - All documents concerning any communication between Paradox and Dark Horse Comics relating to Conan the Barbarian and cross-overs.
>
> **Document Request No. 10** - All documents concerning the word "famous," as that word is used in relation to intellectual property rights or purported rights including, but not limited to, how that concept applied, applies, or might apply to Conan the Barbarian.
>
> **Document Request No. 25** - All documents concerning the value of the marks Conan the Barbarian, Red Sonja, and/or Red Sonya as distinct characters.

Plaintiff's instant Motion should be denied for three reasons: (i) the Requests are irrelevant to Plaintiff's claims and Paradox's counterclaims; (ii) the Motion is untimely; and (iii) the Requests are overbroad and unduly burdensome. At a minimum, Plaintiff's Motion should be stayed pending the determination of its Motion to Amend Its Complaint.

5

125338.00601/11602502v.1

A. **Plaintiff Cannot Compel the Production of Documents
That are Irrelevant to the Issues In the Lawsuit**

While Plaintiff accurately cites Federal Rule of Civil Procedure 26(b)(1) stating "Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party," the requested discovery must indeed be relevant. Fed. R. Civ. Proc. 26(b)(1) (emphasis added).

Requests seeking irrelevant information and documents regarding matters not at issue in the litigation need not be produced by a party. See, e.g., United States v. Fleetwood Enters., Inc., 702 F. Supp. 1082, 1096 (D. Del. 1988) (denying motion to compel production of documents responsive to document requests relating to matters "not at issue" in the case); E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 24 F.R.D. 416, 425 (D. Del. 1959) (denying request for documents relating to defendant's patent because defendant's patent was not in issue and "there is no reason to think that all the records relating to the prosecution of the patent application will contain information needed by plaintiff to prove its case"). Even where documents might remotely be relevant, if they are not of "great importance" in the lawsuit, the request may be denied. See, e.g., E.I. DuPont, 24 F.R.D. at 424-25 (denying request for remotely relevant documents where plaintiff could show no "good cause" for their production).

While Paradox agrees that facts are crucial in a determination of relevancy, Paradox denies that Plaintiff's Document Requests Nos. 2, 10, or 25 seek documents relevant to the issues in this action. Plaintiff's Requests seek all documents relating to the fame of the trademark CONAN, the value of the trademark CONAN, and all documents relating to communications with third party Dark Horse Comics regarding CONAN. Plaintiff has never even attempted to articulate how documents related to the character and mark CONAN bear on its allegations of infringement of the entirely distinct trademark - RED SONJA. Nor has Plaintiff articulated how

these requested documents relating to CONAN bear on Paradox's Counterclaims. Plaintiff has not articulated an argument of relevancy because none exists.

In lieu of a plausible argument, Plaintiff continues the same mantra from its Motion to Amend that a contextual reference to CONAN in one count of Paradox's three-count counterclaim and a few references to CONAN in the depositions of Paradox's principals provide a legitimate basis for opening the discovery flood gates to obtain all documents relating to the fame and value of CONAN and all communications with a third party regarding CONAN. A brief glance at Paradox's Counterclaims affirms the lack of relevance of the documents requested. Both Parties have necessarily made background references to CONAN in the context of the history and ownership of the characters relevant to the lawsuit - RED SONJA and RED SONYA. These minor references do not make CONAN a relevant issue in this case.

Paradox has further explained its role. It is an exclusive licensing agent for all the intellectual property owned by its various separate subsidiaries, including Robert E. Howard Properties Inc., Kull Productions Inc., Solomon Kane Inc., and CPILLC, among others. Paradox does not own the intellectual property itself - it markets the various characters owned by its subsidiaries. In one of the counts of Paradox's Counterclaim, alleging unfair competition by Plaintiff, Paradox alleges, *inter alia*, that Plaintiff's actions in connection with this lawsuit constitute unfair competition with respect to Paradox's business as the exclusive licensing agent for its subsidiaries' intellectual property. The very fact that Plaintiff seeks documents regarding only one of the unrelated characters, CONAN, and none of the marks owned by any of the other subsidiaries underscores the lack of relevance of the requested documents. Plaintiff can have only one motivation for seeking the requested documents -- to harass Paradox, or to obtain documents for its own improper purposes. Plaintiff's Motion accordingly must be denied.

The few cases cited by Plaintiff lend no support for its Motion to Compel the production of documents in the present case. <u>Jurimex Kommerz Transit G.M.B.H. v. Case Corp.</u>, 2005 WL 440621 (D. Del. Feb. 18, 2005), an unreported case, is inapposite as it relates to a motion to compel *deposition testimony*. In <u>United States v. Dentsply Int'l, Inc.</u>, 2000 WL 654286, at p. 1, 4 (D. Del. May 10, 2000), also an unreported case, the Court expressed "concern" regarding the requested discovery, only reluctantly granted the requested discovery, and withheld a determination of its admissibility in light of the fact that more liberal discovery was appropriate in the instant "government antitrust suit because of the important public interest involved."

### B.  **Plaintiff's Motion Should be Denied as Untimely**

A motion to compel must be filed in a timely manner. Plaintiff has unduly delayed by waiting to file the instant Motion until October 24, 2006. The Motion was not filed until: (i) months after receiving notice of Paradox's position on August 2, 2006; (ii) nearly two months after it filed its Motion to Amend on September 1, 2006 relating to the same issue; and (iii) nearly a month after the close of discovery on October 1, 2006. Plaintiff can provide no reasonable basis for having delayed since August to file the instant Motion.

During the course of the discovery period Paradox completed two reviews of its files and made two document productions to Plaintiff. Paradox also flew two of its executives from the West to the East Coast for several days each in order that Mr. Sederowsky and Mr. Malmberg could be deposed by Plaintiff. Plaintiff had adequate opportunity to ask whatever questions it liked regarding CONAN during those depositions. Plaintiff provides no logical or legal basis to now compel irrelevant documents that are in the possession of a third party - CPILLC - that is not a party to this lawsuit.

Nor has Plaintiff presented any facts or law sufficient to undermine the relationship between Paradox and CPILLC as distinct and separate legal entities. Plaintiff's reliance on

Gerling Int'l Ins. Co. v. Commissioner of Internal Revenue, 839 F.2d 131 (3d Cir. 1988), is likewise unavailing. Gerling stands for the proposition that where a corporation is a mere alter ego of a related company such that the corporate veil should be pierced, discovery may be had regarding the related company's documents. Id. Plaintiff has done nothing to satisfy the heavy burden of proving that Paradox and CPILLC should be treated as essentially one and the same entity for purposes of discovery. In the end, Plaintiff's attempt to conjoin these independent entities rests on little more than lines from a deposition taken out of context.

### C.  Plaintiff's Requests Are Overbroad and Unduly Burdensome

Plaintiff's Motion should further be denied because the Requests at issue are overbroad and unduly burdensome. Plaintiff's Document Request No. 2 seeks "all documents concerning any communications" with Dark Horse Comics relating to CONAN. The scope of the requested communications is in no way restricted or defined. Plaintiff's Document Request No. 10, first and foremost is vague and unclear. Further, it presumably seeks any and all documents that relate to the fame of the mark CONAN. Ostensibly, every document in CPILLC's possession could be deemed responsive to this Request. Similarly, Plaintiff's Document Request No. 25 seeks "all documents" concerning the value of the mark CONAN. To comply with these Requests as written would unduly burden Paradox, particularly given that Paradox already completed two prior reviews for documents responsive to Plaintiff's discovery requests. On their face, these Requests are overbroad and unduly burdensome. Accordingly, Plaintiff's motion to compel responses to the same must be denied.

## VI.  CONCLUSION

Defendant respectfully requests, for all the reasons set forth herein, that Plaintiff's Motion to Compel Production of Documents related to the character and mark CONAN be denied. In the alternative, Defendant requests that Plaintiff's Motion to Compel be stayed

9

pending determination of Plaintiff's Motion to Amend Its Complaint to add a third party defendant.

                        BLANK ROME LLP

                        */s/ Thomas P. Preston*

By: _____
    Thomas P. Preston, Esquire (Del. Bar #2548)
    1201 Market Street, Suite 800
    Wilmington, DE 19801
    Telephone: (302) 425-6400
    Facsimile: (302) 425-6464
    preston-t@blankrome.com

    *Attorneys for Defendant/Counter-Plaintiff*
    *Paradox Entertainment Inc.*

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

November 7, 2006

10

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on the 7th day of November, 2006, a copy of **DEFENDANT PARADOX ENTERTAINMENT INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** was served by e-mail upon the following counsel of record:

>Richard K. Hermann, Esquire
>Morris, James, Hitchens & Williams LLP
>222 Delaware Avenue
>Wilmington, DE 19801-1621
>
>Thomas J. Curran, Esquire
>Ira Brad Matetski, Esquire
>Gafner & Shore, LLP
>360 Lexington Avenue
>New York, NY 10017

/s/ *Thomas P. Preston*
_____
Thomas P. Preston
I.D. No. 2548

125338.00601/11602502v.1

**EXHIBIT A**



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, : | |
| : | |
| Plaintiff/Counter-Defendant, : | |
| : | |
| v. : | Civil Action No.: |
| : | 1:06-cv-00270 (SLR) |
| PARADOX ENTERTAINMENT INC. : | |
| : | |
| Defendant/Counter-Plaintiff. : | |
| : | |

## ORDER

AND NOW, this _____ day of _____ 2006, upon consideration of Plaintiff Red Sonja LLC's Motion to Compel Production of Documents, and Defendant Paradox Entertainment Inc.'s Memorandum of Law in Opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is DENIED.

BY THE COURT:

_____
The Honorable Sue L. Robinson, J.

125338.00601/11602499v.1