UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RED SONJA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY DECLARATION OF RICHARD K. HERRMANN
FURTHER IN SUPPORT OF RED SONJA'S MOTION
TO COMPEL THE PRODUCTION OF DOCUMENTS**

Richard K. Herrmann, #405
MORRIS, JAMES, HITCHENS &
    WILLIAMS LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

Attorneys for Plaintiff
RED SONJA LLC

Dated:  November 15, 2006

I, Richard K. Herrmann, declare:

1.      I am a partner at the law firm of Morris, James Hitchens & Williams LLP, counsel to Plaintiff Red Sonja LLC ("Red Sonja") in this matter.

2.      Attached hereto as Exhibit J is a copy of Defendant Paradox's Response to Plaintiff's First and Second Set of Interrogatories served July 31, 2006.

3.      Attached hereto as Exhibit K is Defendant Paradox's First Request for Production of Documents served on August 24, 2006.

4.      Attached hereto as Exhibit L is the Proposed Amended Scheduling Order, which is currently being reviewed by the parties.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this 15th day of November, 2006 at Wilmington, Delaware.

Richard K. Herrmann (I.D. No. 405)

2

# EXHIBIT J

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

RECEIVED

JUL 3 1 2006

RICHARD K. HERRMANN

-------------------------------------------------------X

RED SONJA LLC,                        :
                                      :
            Plaintiff,                :          C.A. No. 1:06-CV-00270 (SLR)
                                      :
    v.                                :
                                      :
PARADOX ENTERTAINMENT INC.,           :
                                      :
            Defendant.                :
                                      :
-------------------------------------------------------X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST AND SECOND SET OF INTERROGATORIES

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by and through its

attorneys, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds

to Plaintiff Red Sonja LLC's ("Plaintiff" or "RS") first and second set of interrogatories as

follows:

## GENERAL OBJECTIONS

Defendant makes its objections to specific Requests by, among other things,

incorporating by reference the following objections.

A.      These responses represent Defendant's reasonable effort to provide information in

response to the requests based upon information in its possession, custody or control, and based

upon current knowledge. Defendant has not concluded its investigation into the facts relating to

this action, its formal discovery, or its preparation for trial. Defendant, therefore, expressly

reserves the right to produce additional documents and things regarding subsequently discovered

125338.00601/11570319v.1

facts, to alter or amend its responses as set forth herein, and otherwise to assert factual and legal contentions as additional facts are asserted, analyses are made and legal research completed.

B.    Defendant objects to each and every request to the extent that it does not contain either a limitation on time or scope or a reasonable limitation on time or scope.

C.    Defendant objects to the requests to the extent that the requested documents and things are subject to any privilege or exemption, including, but not limited to, the attorney-client privilege, work product doctrine, and any other applicable privilege or exemption afforded under state or federal law.

D.    Defendant objects to Plaintiff's introduction, definitions, instructions and requests to the extent that they seek to impose a duty on Defendant that exceeds or alters the permissible scope of discovery under Rule 26 of the Federal Rules of Civil Procedure or by the scheduling order entered in this proceeding.

E.    Defendant objects to the requests to the extent they seek information or documents involving or relating to trade secrets or other confidential and highly sensitive research, development, proprietary or commercial information, and will not produce the same without the protection of a two-tiered protective order adequate to protect Defendant's highly sensitive information.

F.    To the extent that Defendant responds to any request, it does not concede that the document and things requests are relevant to this action.  Defendant has responded to the requests without waiving or intending to waive any objection to competency, relevancy or admissibility as evidence of any matter of any of the documents and things and to the introduction into evidence of any related information.  Furthermore, a partial response to any

2

request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

G.    Defendant objects to the requests to the extent they seek information other than that which may be obtained through a reasonably diligent search of its records.

Subject to and without waiving the foregoing general objections, Defendant responds to the requests as follows:

## RESPONSES

## INTERROGATORY NO. 1

Identify all person(s) with knowledge of each of the facts relating to any of the Defendant's Affirmative Defenses, and indicate which person(s) has knowledge of which affirmative defense and summarize and identify all documents and evidence relevant to each Affirmative Defense and known to the Defendant to the time of pleading.

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is overbroad, unduly burdensome, and as it encompasses more than one interrogatory. Defendant objects to this interrogatory as it seeks information related to legal conclusions to which no response is required. Defendant further objects to this interrogatory as it is premature, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and as it seeks information already provided to Plaintiff in Defendant's Initial disclosures. Notwithstanding these objections and the general objections, Defendant refers Plaintiff to the individuals referenced in its Initial Disclosures as those likely to possess information relevant to Defendant's Affirmative Defenses. By way of further answer, Defendant refers Plaintiff to the documents to be produced in Defendant's document production, which will be produced in accordance with the Federal Rules of Civil Procedure and pursuant to entry of a suitable

3

protective order.

## INTERROGATORY NO. 2

Identify all person(s) with knowledge of each of the facts relating to any of Defendant's Counterclaims and summarize and identify all documents and evidence relevant to each counterclaim and known to the Defendant at the time of pleading.

## ANSWER

Defendant incorporates herein its Response to Interrogatory No. 1.

## INTERROGATORY NO. 3

Identify all consultants (employed, independent, or unpaid) of Defendant who in any way rendered advice or upon whose advice Defendant relied regarding motion pictures, merchandise, fantasy and Red Sonja and/or Red Sonya.

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is

overbroad, vague, ambiguous and unduly burdensome.  Defendant further objects to this

interrogatory as seeking information not reasonably calculated to lead to the discovery of

admissible evidence.  Notwithstanding these objections and the general objections, Defendant

responds that it has utilized no consultants regarding "Red Sonja," as "Red Sonja" relates to a

character and mark allegedly owned by Plaintiff.  By way of further answer, Defendant responds

that it has not utilized any consultants related to the topics identified in this interrogatory.

## INTERROGATORY NO. 4

Is the word "famous," as used in Defendant's Answer, Counterclaims, and Affirmative Defenses, intended to embrace the special meaning of the word in the trademark statutes?  If so, identify all documents and other evidence which supports the statement set for in Defendant's Answer, Counterclaims, and Affirmative Defenses that the trademark "Conan" is "famous."

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is

4

overbroad, vague, ambiguous, unduly burdensome, and as it encompasses more than one

interrogatory. Defendant objects to this interrogatory as it seeks information related to legal

conclusions to which no response is required. Defendant objects that this interrogatory is not

reasonably calculated to lead to the discovery of relevant and admissible information. Defendant

further objects to this interrogatory as it implies that the use of the word famous in Defendant's

Answer, Counterclaims, and Affirmative Defenses has been made only in connection with

Defendant's famous CONAN character and mark. Notwithstanding these objections and the

general objections, Defendant made further use of the word famous in connection with refuting

that the RED SONJA mark allegedly owned by Plaintiff is a famous mark as alleged in the

Complaint. In such instance, Defendant intended the use of the word "famous" "to embrace the

special meaning of the word in the trademark statutes." By way of further answer, Defendant's

"CONAN" mark is famous.

## INTERROGATORY NO. 5

Identify all persons and/or entities with whom and/or which the Defendant had any
communication relating to Red Sonja or Red Sonya, the date of such communication, the
participants, and the entities represented by such participants, and identify and summarize in
detail all documents and evidence relevant or pertaining to any such communication.

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is

overbroad, vague, unduly burdensome, and as it encompasses more than one interrogatory.

Notwithstanding these objections and the general objections, Defendant refers Plaintiff to the

documents to be produced in Defendant's document production related to Red Sonja and Red

Sonya, which will be produced in accordance with the Federal Rules of Civil Procedure and

pursuant to entry of a suitable protective order.

5

125338.00601/11570319v.1

**INTERROGATORY NO. 6**

Identify each communication relating to Red Sonja and/or Red Sonya which has been deleted or destroyed through any means and, as to each such communication, identify the person(s) with knowledge of the circumstances of the deletion and/or destruction.

**ANSWER**

Subject to the general objections, Defendant is aware of no responsive information to this

interrogatory.

**INTERROGATORY NO. 7**

List all payments, communications related to any payments, and/or agreements relating to current or future payments (collectively, "Payments") to Paradox officers Peter Sederowsky, Frederik Malmberg, and/or any individuals or entities related to them, from any present or prospective licensees of any Robert E. Howard characters owned and/or controlled -- or purportedly owned an/or controlled -- by Paradox including, without limitation, Conan the Barbarian, Kull of Atlantis, Solomon Kane, Mutant Chronicles, Bran Mak Morn, Dark Agnes, and Red Sonya and/or Red Sonja and the purported consideration for such Payments, including the date the Payment was made and/or to be made and the amount paid and/or to be paid.

**ANSWER**

Subject to the general objections, Defendant objects to this interrogatory as it is overly

broad, unduly burdensome, vague, ambiguous, and as it encompasses more than one

interrogatory. Defendant objects to this interrogatory as it is incomprehensible, and, therefore,

unanswerable. Defendant objects to the reference to "Mutant Chronicles" in this interrogatory as

Mutant Chronicles is not a Robert E. Howard-created character. Defendant further objects to this

interrogatory as seeking information not reasonably calculated to lead to the discovery of

relevant and admissible evidence, particularly given its reference to numerous characters and

marks wholly unrelated this the instant litigation. Notwithstanding these objections and the

general objections Defendant is aware of no responsive information regarding payments to Peter

Sederowsky and Frederik Malmberg regarding "Red Sonja" licenses, as "Red Sonja" is a

6

125338.00601/11570319v.1

character purportedly owned by Plaintiff. By way of further answer, Defendant is aware of no

responsive information and of no payments to Peter Sederowsky and Frederik Malmberg

regarding RED SONYA licenses.

## INTERROGATORY NO. 8

Provide the date that Paradox and/or its corporate parent was informed of any such Payment and identify all documents reflecting any such Payment and any communication relating thereto.

## ANSWER

Defendant incorporates herein its Response to Interrogatory No. 7.

BLANK ROME LLP

Dated:  July 28, 2006               By: _____

Timothy D. Pecsenye, Esquire
Emily J. Barnhart, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, Pennsylvania 19103
(215) 569-5619

7

## CERTIFICATE OF SERVICE

I, Emily J. Barnhart, hereby certify that on this 28th day of July, 2006, a true and correct

copy of Defendant's Response to Plaintiff's First and Second Set of Interrogatories was served

upon attorneys for Plaintiff via U.S. First Class Mail, postage prepaid, as follows:

> Richard K. Hermann, Esquire
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue
> Wilmington, DE 19801-1621

Emily J. Barnhart

125338.00601/11570319v.1



**paradox**
entertainment

## VERIFICATION

Peter Sederowsky states that he is the President and Chief Executive Officer of Paradox Entertainment, Inc. and further declares:

I have participated in the production of information contained in the foregoing Defendant's Response to Plaintiff's First and Second Set of Interrogatories. Some of the information included I know of my own personal knowledge; some I am informed and believe that the facts stated are true; and some I have been provided by counsel, and on those grounds allege that the claims contained in the Response are the position of Paradox Entertainment, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 27, 2006.

Peter Sederowsky

8484 WILSHIRE BLVD
SUITE 870
BEVERLY HILLS, CA 90211
PHONE (323) 655 1700
FAX (323) 655 1720
www.paradox-entertainment.com

125338.00601/11570319v.1

# EXHIBIT K

RECEIVED

AUG 24 2006

RICHARD K. HERRMANN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

RED SONJA LLC,                          :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :        Civil Action No.
                                        :        1:06-CV-00270 (SLR)
PARADOX ENTERTAINMENT, INC.,            :
                                        :
          Defendant.                    :
                                        :

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Paradox

Entertainment Inc. (hereinafter, "Defendant"), by and through its attorneys Blank Rome LLP,

requests that Plaintiff, Red Sonja LLC, produce to Defendant for inspection and copying the

following documents and things.  Such documents and things shall be produced at Blank Rome

LLP, One Logan Square, Philadelphia, Pennsylvania 19103, within the time period provided in

the Federal Rules.

## DEFINITIONS AND INSTRUCTIONS

Defendant adopts by reference the definitions and instructions set forth in Defendant's

First Set of Interrogatories to Plaintiff.

## DOCUMENTS REQUESTED

1.    All documents for which identification is requested in any Interrogatories to

Plaintiff.

**RESPONSE:**

2.      All documents that refer or relate to instances of actual confusion between the RED SONJA Mark and RED SONYA.

**RESPONSE:**

3.      All documents that refer or relate to the likelihood of confusion, or the absence of such confusion, between the RED SONJA Mark and RED SONYA.

**RESPONSE:**

4.      All documents referring or relating to Defendant.

**RESPONSE:**

5.      All licenses, contracts, agreements, and like documents related to use of the RED SONJA Mark and character.

**RESPONSE:**

2

6.     All correspondence, contracts, licenses, or other documents exchanged between Plaintiff and Emmett Furla Films Productions.

**RESPONSE:**

7.     All correspondence, contracts, licenses, or other documents exchanged between Plaintiff and NU Image Films.

**RESPONSE:**

8.     All correspondence, contracts, licenses, or other documents exchanged between Plaintiff and DC Comics related to use of the RED SONJA Mark and character.

**RESPONSE:**

9.     All correspondence, contracts, licenses, or other documents exchanged between Plaintiff and Dynamic Forces, Inc./Dynamite Entertainment related to use of the RED SONJA Mark and character.

**RESPONSE:**

3

125338.00601/11566576v.1

10.     All correspondence, contracts, licenses, or other documents exchanged between Plaintiff and Ace.

**RESPONSE:**

11.     All documents related to Plaintiff's licensing of or its own use of the RED SONJA Mark in conjunction with movies.

**RESPONSE:**

12.     All documents evidencing Plaintiff's damages in this action.

**RESPONSE:**

13.     Corporate organizational charts regarding Red Sonja Corporation and Red Sonja LLC.

**RESPONSE:**

4

14.    Documents showing officers and members of the board of directors of Red Sonja Corporation and Red Sonja LLC.

**RESPONSE:**

15.    All documents related to the application, maintenance and renewal of trademark Registration Nos. 1,161,847 and 1,397,608.

**RESPONSE:**

16.    All documents related to the January 2006 renewal filing for Registration No. 1,397,608.

**RESPONSE:**

17.    All documents memorializing the merger of Red Sonja Corporation into Red Sonja LLC in 2002 as referenced in the Complaint.

**RESPONSE:**

125338.00601/11566576v.1

18.     All documents related to the transfer of intellectual property from Red Sonja
Corporation to Red Sonja LLC.

**RESPONSE:**

19.     A copy of each different novel sold bearing the RED SONJA Mark, or at a
minimum a copy of the cover and the first ten pages of each different novel showing information
regarding publisher, author, and copyright date.

**RESPONSE:**

20.     A copy of each different magazine sold bearing the RED SONJA Mark, or at a
minimum a copy of the cover and the first five pages of each different magazine showing
information regarding publisher, author, and copyright date.

**RESPONSE:**

6

21.    A copy of each different comic book sold bearing the RED SONJA Mark, or at a minimum a copy of the cover and the first five pages of each different comic book showing information regarding publisher, author, and copyright date.

**RESPONSE:**

22.    A copy of all copyright registrations held related to the RED SONJA Mark and character.

**RESPONSE:**

23.    Documents sufficient to demonstrate all channels of trade through which Plaintiff or its licensees have sold comic books bearing the RED SONJA Mark.

**RESPONSE:**

24.    Representative samples of advertising and promotional materials for all goods and services sold bearing or in connection with the RED SONJA Mark from the date of first use of the mark trough 1999.

**RESPONSE:**

125338.00601/11566576v.1

25.    Copies of all advertising and promotional materials for all comic books sold bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

26.    Copies of all advertising and promotional materials for all magazines sold bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

27.    Copies of all advertising and promotional materials for all novels sold bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

28.    Documents sufficient to demonstrate all channels of trade through which Plaintiff or its licensees have sold magazines bearing the RED SONJA Mark.

8

**RESPONSE:**

29.    Documents sufficient to demonstrate all channels of trade through which Plaintiff or its licensees have sold novels bearing the RED SONJA Mark.

**RESPONSE:**

30.    Documents sufficient to show all media through which Plaintiff or its licensees have advertised or promoted the RED SONJA Mark in connection with comic books, magazines, novels, movies, or any other goods or services offered or intended to be offered by Plaintiff or its licensees.

**RESPONSE:**

31.    All documents evidencing fame of Plaintiff's RED SONJA Mark.

**RESPONSE:**

32.    Documents evidencing Plaintiff or its licensees' total advertising expenditures to promote each of the goods and services sold in connection with the RED SONJA Mark from the date of first use to the present, separated by year.

**RESPONSE:**

33.    Documents evidencing Plaintiff or its licensees' advertising expenditures to promote novels sold bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

34.    Documents evidencing Plaintiff or its licensees' advertising expenditures to promote comic books sold bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

35.    Documents evidencing Plaintiff or its licensees' advertising expenditures to promote magazines sold bearing the RED SONJA Mark from 2000 to the present, separated by year.

125338.00601/11566576v.1

**RESPONSE:**

36.     Documents evidencing Plaintiff or its licensees' advertising expenditures to promote movies bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

37.     Documents evidencing Plaintiff or its licensees' total dollar sales of each of the goods and services sold in connection with the RED SONJA Mark from the date of first use to the present, separated by year.

**RESPONSE:**

38.     Documents evidencing Plaintiff or its licensees' dollar sales of comic books bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

11

39.    Documents evidencing Plaintiff or its licensees' dollar sales of novels bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

40.    Documents evidencing Plaintiff or its licensees' dollar sales of magazines bearing the RED SONJA Mark from 2000 to the present, separated by year.

**RESPONSE:**

41.    All documents concerning any application by or on behalf of Plaintiff to register the RED SONJA Mark as a trademark or service mark in the United States Patent and Trademark Office or with any other state or political entity.

**RESPONSE:**

42.    All documents demonstrating any independent media coverage relating to the RED SONJA Mark.

**RESPONSE:**

12

43.     All documents that refer or relate to any agreement in which Plaintiff has granted a third party the right to use the RED SONJA Mark.

**RESPONSE:**

44.     Documents sufficient to demonstrate actual use in commerce of the RED SONJA Mark on comic books, magazines and novels as of January 2006.

**RESPONSE:**

45.     Documents evidencing that the RED SONJA Mark has been in continuous use on comic books, magazines and novels since 1976 without any interruption in use.

**RESPONSE:**

46.     All documents demonstrating Plaintiff's trademark rights in the mark HYBORIA.

**RESPONSE:**

125338.00601/11566576v.1

47.     All documents evidencing Plaintiff's contention that Defendant interfered with or attempted to interfere with Plaintiff's contract or potential contracts with third parties.

**RESPONSE:**

48.     All documents, other than those previously identified in response to the foregoing requests, upon which Plaintiff may rely upon to support its claims or defenses in connection with this proceeding.

**RESPONSE:**

BLANK ROME LLP

By: _____

Thomas P. Preston
I.D. No. 2548
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone:  302-425-6400

OF COUNSEL:

Timothy D. Pecsenye
Emily J. Barnhart
One Logan Square
Philadelphia, PA 19103
(215) 569-5613

Attorneys for Defendant
Paradox Entertainment Inc.

Dated:  August 24, 2006

14

125338.00601/11566576v.1

# EXHIBIT L

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

*<u>DRAFT</u>*

| | |
|---|---|
| RED SONJA LLC, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 06-270 SLR |
| | ) |
| PARADOX ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>AMENDED SCHEDULING ORDER</u>**

The parties, by and through their undersigned counsel, move this Court to amend all remaining dates in the Schedule as most recently set forth in the September 19, 2006 Scheduling Order, as follows:

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**    The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects:    trademark infringement and unfair competition issues and damages.

(b)    All fact discovery shall be commenced in time to be completed by **January 29, 2007.**

(c)    Maximum of 25 interrogatories by each party to any other party.

(d)    Maximum of 50 requests for admission by each party to any other party.

(e)    Maximum of twelve (12) depositions by plaintiff and twelve (12) by defendant.    Depositions of witnesses within the parties' control shall be held in either Philadelphia, Pennsylvania or Wilmington, Delaware as the parties may agree.

(f)    Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the parties.

(g)    Expert discovery shall be commenced in time to be completed by **May 14, 2007.**

(h)    Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **March 19, 2007**.    Rebuttal expert reports due by **April 9, 2007.**

(i)    **Discovery Disputes.**    Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37.    During the course of discovery, each party is limited to **two (2)** Rule 37 motions.    The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.    **Joinder of Other Parties and Amendment of Pleadings.**    All motions to join other parties and amend the pleadings were filed on September 1, 2006.

4.    **Applications by Motion.**    Any application to the court shall be by written motion filed with the clerk.    Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers.    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

2

5.      **Motions in Limine.**  All motions in limine shall be filed on or before **May 7, 2007**.  All responses to said motions shall be filed on or before **May 14, 2007.**

6.      **Pretrial Conference.**  A pretrial conference will be held on **June 19, 2007** at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

7      **Trial.**  This matter is scheduled for a nine (9) day non-jury trial commencing on **July 16, 2007** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The parties agree to waive their right to trial by jury.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.


_____

United States District Judge