UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RED SONJA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., | ) | |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |
| | ) | |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

Richard K Herrmann, Esquire
MORRIS, JAMES, HITCHENS &
    WILLIAMS LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335
mberman@ganshore.com
tcurran@ganshore.com
imatetsky@ganshore.com

Original Dated:  November 15, 2006
Redacted Version:  November 21, 2006

*Attorneys for Plaintiff Red Sonja LLC*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................... 1

II.   FACTS ................................................................................. 1

III.  ARGUMENT ......................................................................... 2

      A.   The Documents Sought by Red Sonja Are Clearly
          Relevant to the Instant Dispute ............................................... 2

      B.   Paradox Should Be Required to Produce Documents In The
          Possession, Custody or Control of Its Wholly-Owned
          And Wholly-Controlled Subsidiary, CPI ................................... 7

      C.   Red Sonja's Motion To Compel Was Timely ............................. 10

IV    CONCLUSION......................................................................... 11

**TABLE OF AUTHORITIES**

**Cases**

Afros S.P.A. v. Krauss-Maffei Corp.,
    113 F.R.D 127 (D. Del. 1986) ................................................................. 8

Pennwalt Corp. v. Plough, Inc.,
    85 F.R.D. 257 (D. Del. 1979) ................................................................. 8

Plaintiff Red Sonja LLC ("Red Sonja" or "Plaintiff"), by its undersigned counsel, submits this Reply Brief in further support of Plaintiff's Motion to Compel the Production of Documents, pursuant to Rule 37 of the Federal Rules of Civil Procedure (the "Motion").

## I.   INTRODUCTION

The Defendant Paradox Entertainment, Inc. ("Paradox" or "Defendant"), opposes the Motion on three grounds, each of which is without legal merit: (i) even though the documents sought by Plaintiff are clearly germane to Paradox's counterclaims as well as to Plaintiff's affirmative case, the requested documents according to Paradox are supposedly irrelevant and the requests are not narrowly-tailored, which is completely untrue; (ii) Paradox is supposedly not in *"possession"* of the requested documents purportedly concerning its wholly-owned subsidiary (Paradox does not claim it does not have *"custody"* or *"control"* over such documents), and (iii) Plaintiff's motion has been belatedly filed, even though Defendant agreed to extend the discovery period, and which argument is being made even though Defendant has not served Plaintiff with its Interrogatories and even before Defendant has noticed Plaintiffs' deposition[1] and where Defendant is well aware of Plaintiff's principal's wife's illness and subsequent death, which was the cause of any delay in filing. As shown below, each of these arguments is without merit.

## II.   FACTS

The facts relevant to the Motion are fully set forth in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel the Production of Documents, dated

---

[1] Even as of today, Defendant has yet to serve its Interrogatories, which it indicated in its papers filed on September 18, 2006 in opposition to Plaintiff's Motion to Amend its Complaint (D.I. 34), at page two, that they had been served.

October 24, 2006, and the Plaintiff respectfully incorporates that Statement of Facts herein.

One fact, however, that needs to supplement Plaintiff's prior papers is that during the meet and confer teleconference, pursuant to Local Rule 7.1.1., that occurred on November 3, 2006 between Mark A. Berman and Hal N. Beerman, counsel for Plaintiff, and Timothy D. Pecsenye, counsel for Paradox, is that when Mr. Berman inquired of Mr. Pecsenye whether there was any limitation that Plaintiff could propose wherein Defendant would agree to produce Conan-related documents, counsel for Paradox said there was none.

## III. ARGUMENT

### A. THE DOCUMENTS SOUGHT BY RED SONJA ARE CLEARLY RELEVANT TO THE INSTANT DISPUTE

The Motion is predicated upon three document requests for which Paradox refuses to produce documents. In Plaintiff's First Request for Production of Documents, Plaintiff sought, in pertinent part:

> Doc Request No. 2: All documents concerning any communication between Paradox and Dark Horse Comics relating to *Conan the Barbarian* and cross-overs.

> Doc Request No. 10: All documents concerning the word "famous," as that word is used in relation to intellectual property rights or purported rights including, but not limited to, how that concept applied, applies, or might apply to *Conan the Barbarian*.

> Doc. Request No. 25: All documents concerning the value of the marks *Conan the Barbarian*, Red Sonja, and/or Red Sonya as distinct characters.

(emphasis added.)[2] As demonstrated below, each document request is reasonably tailored and seeks documents that are highly relevant to the instant dispute, and the court should

---

[2] A copy of Plaintiff's First Request for Production of Documents is annexed to the Declaration of Richard K. Herrmann, dated October 24, 2006 ("Herrmann Dec.") at Exhibit "A."

reject outright Paradox's assertions that its reliance on Conan in its Counterclaims is merely an alleged "minor" "background reference." (Def. Res. Mem. p. 7)  Without Paradox's reliance on Conan, its counterclaims would be bereft of substance.[3]

Document Request No. 2

Defendant's objection to the Document Request No. 2 is perplexing, where, notwithstanding the clear allegations in the Complaint, it asserts that Plaintiff has not "articulated" the relevance of the requested documents. (Def. Res. Mem. p. 6)  Dark Horse Comics, as alleged in the Complaint, is a *Conan* licensee who, together with Paradox:

> ...inserted a fake Letter to the Editor in its **Conan comic book**, Issue #23, inquiring as to when the fans might see Red Sonya (with a "y") back with **Conan** in its comic books. (*See* Letter, attached [to the Complaint] as Exhibit X.)  Upon information and belief, the letter was planted in defendant's publication by the defendant and its licensees and there will be no record of defendant's receipt of such letter or its alleged sender.

(Complaint, ¶ 50) (emphasis added.)

> The next paragraph of the Complaint states:

> In response, Dark Horse advised its readers that they would soon see her (Red Sonya with a "y") with **Conan** in the comic book.  This response was blatantly misleading and intended to cause confusion inasmuch as Red Sonya (with a "y") was *never* a character in the **Conan** strip, living as she did in the 16th Century, many thousands of years after the **Hyborian Age of Conan** and RED SONJA.

(Complaint, ¶ 51) (emphasis added)

Paradox, nonetheless, objects that communications between it and its licensee, who it conspired with to intentionally confuse the marketplace and unfairly compete with Red

---

[3]  Paradox in responding to Plaintiff's second interrogatory requesting it, *inter alia*, to "identify all documents and evidence relevant to each counterclaim and known to the Defendant at the time of pleading," states that "Defendant refers Plaintiff to the documents to be produced in Defendant's document production."  Paradox cannot respond to an interrogatory by referring counsel to its document production, and then refuse to produce responsive documents. A copy of Defendant's Response to Plaintiff's First and Second Set of Interrogatories is annexed at Exhibit "J" to the Supplemental Declaration of Richard K. Herrmann, dated November 15, 2006. ("Supp. Herrmann Dec.").

Sonja, are not relevant to this action. Without belaboring a clear point, the most basic communication between Paradox and Dark Horse evidencing such communications seeking to usurp Red Sonja's market share would be relevant to hold Paradox liable for unfair competition. Accordingly, any communications between Paradox and Dark Horse are probative, and this request is quite narrowly-tailored in order to receive documents relating to this narrow inquiry. Accordingly, the Motion should be granted with respect to Document Request No. 2.

Document Request No. 10

Paradox argues that "[t]he character CONAN is quite plainly neither 'central' to Plaintiff's claims nor to Paradox's counterclaims." (Def. Res. Mem. p. 1) Paradox completely ignores, among other things, its Second Counterclaim for unfair competition. **The absolutely first allegation of that Counterclaim** sets forth that "[t]he character and trademark CONAN, which is owned by Defendant's wholly owned subsidiary Conan Properties International LLC, is a **famous and highly regarded character and mark** in many genres, including comic books, movies and related products." (Counterclaims, ¶ 157) (emphasis added) Obviously, this was a significant enough allegation for it to lead off its case and quite a broad one at that. The word "famous" is an intellectual property term-of-art. The second allegation of this Counterclaim then refers solely to the *Conan* character and Paragraph 171 highlights *Conan* and no other character. (Counterclaims, ¶¶ 158, 171) Accordingly, Plaintiff appropriately has requested all documents that demonstrate the "fame" of such character as used in relation to Defendant's purported intellectual property rights – directly relevant to the parties' unfair competition claims. It should not be lost on the Court that Paradox in its Response to Plaintiff's Request for the

Production of Document fails to assert any objection that this request seeks irrelevant materials.

Paradox cannot allege such a significant allegation in its Counterclaims and then refuse to produce documents that support or disprove that allegation, which is exactly the litigation tactic that they pursue here. Furthermore given such allegation, to suggest that requesting documents relating to the use of the word "famous" is overbroad is without legal basis. Such documents would be highly relevant and were put in issue by Paradox's Counterclaims. Additionally, in Paradox's First Set of Requests for the Production of Documents, Paradox requested "[a]ll documents evidencing fame of Plaintiff's Red Sonja Mark." (Def. Document Request, Request #31)[4] Paradox cannot assert that Plaintiff's request is overbroad, when it made the identical type request upon Plaintiff. Accordingly, Paradox should be compelled to produce documents responsive to Document Request No. 10.

Document Request No. 25

Plaintiff seeks documents relating to the value of *Conan*, Red Sonja and Red Sonya as distinct characters. It is undisputed that Plaintiff's Red Sonja character and Defendant's Conan character are in direct competition with each other (as both parties allege) – *the question before this Court is whether either of the parties engaged in unfair* competition. See Deposition Transcript of Paradox's head of licensing and creative affairs, Frederick Malmberg ("Malmberg"), taken on August 24, 2006 ("Malmberg Tr.") pp. 231-2

REDACTED

---

[4] A copy of Defendant's First Request for Production of Documents is annexed at Exhibit "K" to the Supp. Herrmann Dec.

REDACTED                                                    [5] The

documents sought relate directly to the competitiveness of each mark in Paradox's eyes

and are probative of the unfair competition claims asserted by both parties herein.

Not only are the documents responsive to the disputed request highly relevant, but

Paradox has already supplied some documents relating to *Conan* in its previous, albeit

extremely limited, production.[6] For example, in its supplemental production, received on

the eve of Defendant's depositions, Paradox produced

REDACTED

Conan Properties, Inc. ("CPI"). Apparently, Paradox found this Conan-related document

relevant enough to produce, but continues to withhold other responsive and relevant

documents related to *Conan's* value. Paradox's attempts to "pick-and-choose" what they

would like to produce should be rejected by the Court.

Furthermore, the documents relating to the value of the marks that are central to

this litigation are highly probative (and effectively none had been produced by Defendant

even as they relate to its Red Sonya mark) and Plaintiff's request is narrowly-tailored to

ascertain the value of these three marks, out of hundreds owned by Paradox. Accordingly,

Paradox should be compelled to produce documents responsive to Document Request No.

25.

---

[5] A copy of the relevant excerpts from the "highly confidential" deposition of Defendant's representative, Frederik Malmberg, is annexed to the Herrmann Dec. as Exhibit "D."

[6] Paradox's attempts cloud the issues are further evidenced by the magnitude of the parties' document productions to date. Paradox has produced only 248 pages in its original production, which was supplemented by another 149 pages on the eve of its representatives' depositions, and according to Defendant, it took two reviews of "*its*" documents to come up with this token amount of material. (Def. Res. Mem. p. 8) On the other hand, Plaintiff has produced 5,786 pages of materials. Curiously, Defendant in their responsive papers leaves out the fact that Plaintiff has produced documents, let alone the magnitude of its production.

**B.    PARADOX SHOULD BE REQUIRED TO PRODUCE
DOCUMENTS IN THE POSSESSION, CUSTODY
OR CONTROL OF ITS WHOLLY-OWNED
AND WHOLLY-CONTROLLED SUBSIDIARY, CPI**

Paradox argues that "Plaintiff's Motion should be denied because it seeks documents related to the character and mark CONAN . . . which are not in Paradox's possession. CONAN is intellectual property owned by a third party, [CPI]," which entity is clearly not a stranger to this action, as falsely asserted by Defendant. (Def. Res. Mem. pp. 1, 3, 5)[7]

As an initial matter, nowhere in Defendant's General Objections in its Response to Plaintiff's First Request for Production of Documents does Paradox assert that it is refusing to produce documents because they are in the possession, custody or control of its wholly-owned and wholly-controlled subsidiaries, for who Paradox is allegedly merely a licensing and managing agent.[8]  Indeed, if Paradox is not in the possession of *Conan*-related documents because they are allegedly in the possession of a different entity, how is it that Paradox was able to produce Red Sonya documents?  Under Defendant's logic, it should have been impossible for Paradox to do so, as such documents should also not be in Paradox's possession.  Yet, they did produce documents.  Moreover, it is more than curious that nowhere in its Memorandum of Law does Paradox assert that it does not have "*custody* or *control*" over the documents Plaintiff is seeking, which is the well-known standard to determine whether documents are subject to production.

---

[7] Defendant repeatedly asserts in its opposition papers that Plaintiff should have sought documents for each of Paradox's characters mentioned in its Counterclaims from each of its admittedly wholly-owned entities.  However, Red Sonja is simply requesting documents with respect to the <u>one character</u> other than Red Sonya that is mentioned most frequently in Paradox's Counterclaims. (Def. Res. Mem. pp. 2, 4)

[8] A copy of Defendant's Response to Plaintiff's First Request for Production of Documents is annexed to Herrmann Dec. at Exhibit "B."

In any event, Paradox not unsurprisingly fails to address in any way that it is well settled under Delaware law that a party cannot refuse to produce documents that are in the possession, custody *or* control of its admittedly wholly-owned subsidiary. (Counterclaims, ¶ 157; Def. Res. Mem. p. 2)  See Afros S.P.A. v. Krauss-Maffei Corp., 113 F.R.D 127, 132 (D. Del. 1986) (parent required to produce documents of a wholly-owned subsidiary where employees of parent have substantial oversight over subsidiary); see also Pennwalt Corp. v. Plough, Inc., 85 F.R.D. 257, 263 (D. Del. 1979) ("[p]roduction by a corporate litigant may be compelled where requested documents are in the possession and control of a separate corporate entity.  This occurs most often when a parent corporation is requested to produce documents of a wholly-owned subsidiary") (citations omitted).

As set forth in Red Sonja's moving papers, at the deposition of Paradox's representatives, it became evident that:

REDACTED

Further, Sederowsky repeatedly testified that CPI's documents are in the possession, custody or control of Paradox.  For example:

---

[9] A copy of the relevant excerpts from the "highly confidential" deposition of Defendant's representative, Sederowsky, is annexed to the Herrmann Dec. at Exhibit "I."

REDACTED

(emphasis added.)

Paradox simply does not and cannot challenge the proposition that CPI is a wholly-owned and wholly-controlled subsidiary of Paradox. Accordingly, under applicable Delaware law, Paradox should be compelled to produce responsive documents in its "possession, custody or control," including the CPI documents responsive to the document requests at bar.[10]

Lastly, furthermore, as discussed *infra.* at p. 7, Paradox has already produced *Conan*-related documents. To argue that it does not possess Conan-related documents, even though it has already produced some them, is disingenuous.

---

[10] Upon the Court's granting the instant Motion to Compel, Paradox should also be required to supplement its document production with any other documents in CPI's possession that are responsive to Plaintiff's other document requests. Additionally, Paradox should be compelled to produce any other documents in the possession of its other wholly-owned and wholly-controlled subsidiaries, if such documents are responsive to Plaintiff's Document Requests. Paradox's attempt to use its subsidiaries as a means to shield against discovery probably explains why Paradox has only produced a few hundred documents to date, while Red Sonja has produced several thousand.

9

### C.    RED SONJA'S MOTION TO COMPEL WAS TIMELY

Paradox wrongfully claims that the Motion has been belatedly filed, even though the parties stipulated to extend the parties' time to complete discovery.[11]

Moreover, Paradox's untenable position that it is not required to produce relevant documents in the possession, custody *or* control of its admittedly wholly-owned and wholly-controlled subsidiary did not become evident until Paradox's letter of August 21. (Hermann Dec., Ex. G)

Then, Paradox is well aware that Arthur Lieberman, Red Sonja's principal, was unavailable during the end of August, September and into October due to his wife's illness, who had been battling cancer, and that she passed away in the middle of September.  To suggest that the Motion, dated October 24th, was untimely under these circumstances and in light of the parties' agreement to extend the discovery period to specifically accommodate Mr. Lieberman's family issues, should be summarily disregarded.  On top of this, Paradox, which is apparently claiming prejudice, must admit that it has done essentially nothing to defend against Plaintiff's case or prosecute its counterclaim, other than to respond to Plaintiff's Motion to Amend in September and this motion since September.  It has never served Plaintiff with its long awaited Interrogatories, failed to cooperate in scheduling the non-party depositions it has noticed, despite repeated requests, and still has not noticed Plaintiff's depositions.  Accordingly, the Motion was timely made under the circumstances and granting the Motion will not be prejudicial to Paradox.

---

[11]  A copy of the proposed amended scheduling Order is annexed to the Hermann Supp. Dec. as Exhibit "L" and is being reviewed by the parties.

## IV.    **CONCLUSION**

Paradox's argument that it should not be compelled to produce highly-relevant documents is without merit.  Furthermore, Delaware law unequivocally provides that Paradox is required to produce documents of its admittedly wholly-owned and wholly-controlled subsidiary, CPI.

Moreover, for Paradox to claim that it should not be compelled to produce the requested documents by arguing that the instant Motion is untimely, in light of the parties' agreement to extend the discovery period and Mr. Lieberman's wife's passing, is improper.

Accordingly, Plaintiff's Motion should be granted in its entirety and Defendant's request for this motion to be stayed pending the determination of Plaintiff's Motion to Amend its Complaint should be denied.


Dated:  November 15, 2006                        ___*/s/ Richard K. Herrmann*_____-
                                                                    Richard K Herrmann, #405
                                                                    MORRIS, JAMES, HITCHENS &
                                                                        WILLIAMS LLP
                                                                    222 Delaware Avenue, 10th Floor
                                                                    P.O. Box 2306
                                                                    Wilmington, DE  19899-2306
                                                                    Telephone: (302) 888 6816
                                                                    Facsimile: (302) 571 1750
                                                                    rherrmann@morrisjames.com

                                                                    Mark A. Berman, Esquire
                                                                    Thomas J. Curran, Esquire
                                                                    Ira Brad Matetsky, Esquire
                                                                    GANFER & SHORE, LLP
                                                                    360 Lexington Avenue
                                                                    New York, New York 10017
                                                                    Telephone: (212) 922-9250
                                                                    Facsimile (212) 922-9335

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, I electronically filed the foregoing

document, **PUBLIC VERSION OF REPLY MEMORANDUM OF LAW IN FURTHER**

**SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF**

**DOCUMENTS** with the Clerk of the Court using CM/ECF which will send notification of such

filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

Additionally, I hereby certify that on the 21st day of November, 2006, the foregoing

document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**      **VIA EMAIL**

Thomas P. Preston, Esq.                      Earl M. Forte, Esq.
Blank Rome LLP                               Timothy D. Pecsenye, Esq.
1201 Market Street, 8th Floor           Blank Rome LLP
Wilmington, DE  19801                        One Logan Square
preston-t@blankrome.com                      Philadelphia, PA  19103
                                             215.569.5500
                                             forte@blankrome.com
                                             pecsenye@blankrome.com


        _/s/ Richard K. Herrmann_____
        RICHARD K. HERRMANN (#405)
        Morris, James, Hitchens & Williams LLP
        222 Delaware Avenue, 10th Floor
        Wilmington, DE  19801
        (302) 888-6800
        rherrmann@morrisjames.com

        Attorneys for Plaintiff RED SONJA LLC