UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| RED SONJA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF MARK A. BERMAN IN SUPPORT OF
## RED SONJA'S MOTION TO SUPPLEMENT THE RECORD

Richard K Herrmann, #405
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

Attorneys for Plaintiff
RED SONJA LLC

Original Dated:  January 17, 2007
Redacted Version:  January 26, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC,<br><br>        Plaintiff,<br><br>v.<br><br>PARADOX ENTERTAINMENT, INC.,<br><br>        Defendant. | Civil Action No.:<br>06-CV-00270 (SLR) |

I, MARK A. BERMAN, declare as follows:

1.    I am a partner in the firm of Ganfer & Shore, LLP, co-counsel to Plaintiff Red Sonja LLC and submit this declaration in order to supplement the record as it relates to Plaintiff's motion for leave to amend its Complaint to add as a new party Conan Properties International LLC ("CPI") and to compel the production of Conan-related documents, both of which motions are *sub judice*.

2.    Paradox, as set forth in its opposition papers, opposed both motions on the grounds that, among other things, Conan issues are irrelevant to this litigation, whether to its own counterclaims or Plaintiff's claims or proposed amended claims, that Defendant does not own any Conan intellectual property and because the motion for leave to amend to add CPI as a party should have been made earlier in the litigation, *to wit*, the motion, filed in September 2006, was filed too close to the purported end of the discovery, it should not be granted. Significantly, Paradox has objected to and has refused to produce any Conan-related materials to Plaintiff.

3.    Notwithstanding the objections propounded by Paradox to both motions, Defendant subpoenaed two non-parties for documents and deposition testimony, and in those subpoenas specifically identified deposition topics (deposition topic no. 6) and requested documents (document request no. 7) that went beyond merely Red Sonja and Red Sonya, and included all communications with Paradox, which would necessarily include Conan-related issues.[1]

4.    Confirming that Paradox specifically meant to go into Conan-related issues, we set forth below highly relevant questioning by Paradox's counsel to such non-parties and testimony regarding such issues, that only took place last week.

5.    Counsel for Paradox explicitly asked questions of the non-party witnesses relating to Conan as well as asked questions that aimed to elicit Conan-related testimony and, in other instances, received answers from the deponent that directly concerned Conan and CPI, which Paradox claims in their objections to both of Plaintiffs' motion not to be important to this litigation.

A.    <u>Paradox Sought The Production Of Conan-Related Documents</u>

6    Notwithstanding Paradox's objections, Counsel for Paradox had the temerity to seek Conan-related documents from the non-party witnesses as set forth below:

---

[1]    Relevant excerpts from the deposition transcript of Joseph Michael Gatta and Lonnie Ramati, taken on January 8, 2007, are annexed hereto as Exhibits "A" and "B," as well as a copy of the subpoena served on New Image Films by Paradox, which sought testimony and documents that would include Conan-related issues, which is annexed hereto as Exhibit "C." (references herein to the deposition transcripts that relate to Conan are bolded.) (Copies of the rough versions of each deposition transcript were received on January 11th[th] and 12th, and the final version of the deposition transcripts may not be received until next week and, thus, for that reason, we attached hereto and reference pages from the rough version of each transcript). The identical subpoena served by Paradox seeking the same testimony and documents was also served on non-party Emmett Furla Film Distributors LLC, a copy of which annexed hereto as Exhibit "D."

REDACTED

REDACTED

REDACTED

B.    Paradox's Counsel Asked Questions About
      <u>Conan And The Witnesses Testified About Conan</u>

7.    The following questions were asked by counsel for Paradox that referred

to Conan in her questioning and/or sought a Conan-related response:

REDACTED

REDACTED

REDACTED

REDACTED

I declare under the penalties of perjury that the foregoing is true and correct.

Executed this 15th day of January, 2007

MARK A. BERMAN

# EXHIBIT A
# REDACTED IN ITS ENTIRETY

# EXHIBIT B
# REDACTED IN ITS ENTIRETY

# EXHIBIT C

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Red Sonja LLC

v.

Paradox Entertainment, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-CV-270, D. Del.

TO: Nu Image Films, 6423 Wilshire Blvd.,
    Los Angeles, CA 90048

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Nu Image Films, 6423 Wilshire Blvd., Los Angeles, CA 90048. Deposition pursuant to Rule 30(b)(6), see Exhibit A | 1/8/07, 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed in Exhibit B

| PLACE | DATE AND TIME |
| --- | --- |
| Blank Rome LLP, One Logan Square, 18th and Cherry Streets, Philadelphia, PA 19103 | 12/31/06, 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| | 12-19-06 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

Timothy Pecsenye, Blank Rome LLP, One Logan Square, 18th and Cherry Streets, Philadelphia, PA 19103, 215-569-5500

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A
## Topics for Deposition Designee

1. Relationship, negotiations, contracts, and agreements with Red Sonja Corp.

2. Relationship, negotiations, contracts, and agreements with Red Sonja, LLC.

3. Use, right to use, and licensing of the Red Sonja character.

4. Use, right to use, and licensing of the RED SONJA trademark.

5. Creation, distribution, and circulation of works including the Red Sonja character or RED SONJA trademark.

6. Communications, relationships, negotiations, contracts, and agreements with Paradox Entertainment, Inc.

7. Communications, relationships, negotiations, contracts, and agreements with any entity relating to or regarding the Red Sonya character.

125338.00601/11579314v.1

# Exhibit B
## Document Production Requests

1. Communications, agreements, contracts, licenses, or any other written documents referring or relating to Red Sonja Corp.

2. Communications, agreements, contracts, licenses, or any other written documents referring or relating to Red Sonja, LLC.

3. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the Red Sonja character.

4. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the RED SONJA trademark.

5. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the distribution of products including the Red Sonja character.

6. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the distribution of products including the RED SONJA trademark.

7. Communications, agreements, contracts, licenses, or any other written documents referring or relating to Paradox Entertainment, Inc.

8. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the Red Sonya character.

# EXHIBIT D

AO 88 (Rev.11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

Red Sonja LLC

       v.

Paradox Entertainment, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-CV-270, D. Del.

TO: Emmett Furla Film Distributors LLC,
    8530 Wilshire Blvd.,Ste. 420, Beverly
    Hills, CA 90211

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 2940 Westwood Blvd., 2d Floor, Los Angeles, CA 90064. Deposition pursuant to Rule 30(b)(6), see Exhibit A | 1/9/07, 10:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    Documents listed in Exhibit B

| PLACE | DATE AND TIME |
|---|---|
| Blank Rome LLP, One Logan Square, 18th and Cherry Streets, Philadelphia, PA 19106 | 12/31/06, 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 12-19-06 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER

Timothy Pecsenye, Blank Rome LLP, One Logan Square, 18th and Cherry Streets, Philadelphia, PA 19103, 215-569-5500

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A
## Topics for Deposition Designee

1. Relationship, negotiations, contracts, and agreements with Red Sonja Corp.

2. Relationship, negotiations, contracts, and agreements with Red Sonja, LLC.

3. Use, right to use, and licensing of the Red Sonja character.

4. Use, right to use, and licensing of the RED SONJA trademark.

5. Creation, distribution, and circulation of works including the Red Sonja character or RED SONJA trademark.

6. Communications, relationships, negotiations, contracts, and agreements with Paradox Entertainment, Inc.

7. Communications, relationships, negotiations, contracts, and agreements with any entity relating to or regarding the Red Sonya character.

125338.00601/11579314v.1

# Exhibit B
## Document Production Requests

1. Communications, agreements, contracts, licenses, or any other written documents referring or relating to Red Sonja Corp.

2. Communications, agreements, contracts, licenses, or any other written documents referring or relating to Red Sonja, LLC.

3. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the Red Sonja character.

4. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the RED SONJA trademark.

5. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the distribution of products including the Red Sonja character.

6. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the distribution of products including the RED SONJA trademark.

7. Communications, agreements, contracts, licenses, or any other written documents referring or relating to Paradox Entertainment, Inc.

8. Communications, agreements, contracts, licenses, or any other written documents with any entity referring or relating to the Red Sonya character.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January 2007 I electronically filed the foregoing document, **PUBLIC VERSION OF DECLARATION OF MARK A. BERMAN IN SUPPORT OF RED SONJA'S MOTION TO SUPPLEMENT THE RECORD,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

Additionally, I hereby certify that on the 26th day of January, 2007, the foregoing document was served by electronic mail on the following:

| | |
|---|---|
| Thomas P. Preston, Esq. | Earl M. Forte, Esq. |
| Blank Rome LLP | Timothy D. Pecsenye, Esq. |
| 1201 Market Street, 8th Floor | Blank Rome LLP |
| Wilmington, DE 19801 | One Logan Square |
| preston-t@blankrome.com | Philadelphia, PA 19103 |
| | 215.569.5500 |
| | forte@blankrome.com |
| | pecsenye@blankrome.com |

_____ */s/ Richard K. Herrmann* _____
RICHARD K. HERRMANN (#405)
Morris James LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiff RED SONJA LLC