## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RED SONJA LLC, | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | |
| | : | |
| v. | : | Civil Action No.: |
| | : | 1:06-cv-00270 (SLR) |
| PARADOX ENTERTAINMENT INC. | : | |
| | : | |
| Defendant/Counter-Plaintiff. | : | |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

Thomas P. Preston, Esquire (Del. Bar #2548)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 302) 425-6464
Preston-t@blankrome.com

Earl M. Forte, Esquire
Timothy D. Pecsenye, Esquire
Emily J. Barnhart, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 832-5616
Forte@blankrome.com
Pecsenye@blankrome.com
Barnhart@blankrome.com

Attorneys for Defendant/Counter-Plaintiff
Paradox Entertainment Inc.

Dated: January 31, 2007

125338.00601/40166927v.1

## TABLE OF CONTENTS

Table of Contents ......................................................................................................... ii

Table of Authorities ..................................................................................................... iii

I.      INTRODUCTION ............................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDING ............................................ 1

III.    SUMMARY OF ARGUMENT .......................................................................... 2

IV.     CONCISE STATEMENT OF THE RELEVANT FACTS ................................. 3

V.      ARGUMENT ...................................................................................................... 3

        A.      Plaintiff's Counsel Has Failed to Make the Required Good Faith Effort to Resolve
                This Dispute with Paradox's Counsel ................................................................. 3

        B.      Red Sonja Has not Offered any Legal Basis to Support its Motion ....................... 4

        C.      Red Sonja Has Failed to Offer any Evidence in Support of its Motion.................. 5

        D.      Reservation of Right to Submit Substantive Argument.......................................... 6

VI.     CONCLUSION .................................................................................................... 7

125338.00601/40166927v.1

## TABLE OF AUTHORITIES

### Federal Cases

Foman v. Davis,
    371 U.S. 178 (1962) ................................................................................................ 5

Cornell and Co. v. Occupational Safety and Health Review Commission,
    573 F.2d 820, 823 (3d Cir. 1978) ....................................................................... 2

Cureton v. National Collegiate Athletic Association,
    252 F.3d 267 (3d Cir. 2001)................................................................................. 5

J.E. Mamiye & Sons, Inc. v. Fidelity Bank,
    813 F.2d 610 (3d Cir. 1987)................................................................................. 2

Barkauski v. Indian River School District,
    961 F. Supp. 519 (D. Del. 1996).......................................................................... 2

Koken v. GPC International, Inc.,
    2006 WL 2130703 (D. Del. July 31, 2006) (slip. op.)....................................... 5

### Federal Rules

Fed. R. Civ. P. Rule 15(a)................................................................................................ 2

125338.00601/40166927v.1

I.    **INTRODUCTION**

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by its undersigned

counsel, submits this Memorandum of Law in Opposition to Plaintiff's Motion to Supplement the

Record. Plaintiff's Motion must be denied because Plaintiff offers no legal basis for its Motion.

Even if Plaintiff were entitled to supplement the record, Plaintiff has failed to satisfy its

obligation under Local Rule 7.1.1 to make a reasonable effort to resolve this dispute with

Paradox.

Finally, Plaintiff's motion is just one more action in a long line of unfortunate attempts to

harass Paradox and attempt to obtain confidential and proprietary information from a competitor

to which it is not entitled. The pending motion is a fishing expedition into the affairs of

Plaintiff's competitor and an attempt to force the Court to take action on Plaintiff's pending

motions. Plaintiff's meritless motion must be denied.

II.   **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff filed its Complaint on April 25, 2006. Docket Entry ("D.E.") #1. The

Complaint alleges trademark infringement and dilution of the mark RED SONJA and unfair

competition. See generally D.E. #1. Defendant filed its Answer, Counterclaims and Affirmative

Defenses on May 30, 2006. D.E. #7. Defendant alleges counterclaims for fraud on the U.S.

Patent and Trademark Office related to Plaintiff's trademark filings and registrations for RED

SONJA, unfair competition as a result of Plaintiff's actions against Defendant, and for abuse of

process in filing and continuing to maintain a frivolous lawsuit against Defendant. See generally

D.E. #7.

On September 1, 2006, Plaintiff filed a Motion to Amend the Complaint to add Conan

Properties International LLC ("CPI") as a defendant. D.E. #30. On September 18, 2006,

Paradox filed its Opposition to Plaintiff's Motion to Amend. D.E. #34. On October 24, 2006,

Plaintiff filed a Motion to Compel Production of Documents. D.E. #44. On November 8, 2006, Paradox filed its Opposition to Plaintiff's Motion to Compel. D.E. #49. Plaintiff filed the instant Motion on January 17, 2007. D.E. #55. Fact discovery is scheduled to close on March 1, 2007.

## III.    <u>SUMMARY OF ARGUMENT</u>

1.    Plaintiff has failed to comply with Local Rule 7.1.1, and made no good faith effort to resolve this issue before filing the instant motion. Plaintiff only first approached Paradox regarding "supplementing the record" the day before filing the Motion. <u>See</u> Exh. A to Pl.'s Motion. Paradox responded the same day with a willingness to engage in a dialogue, and requested more information from Plaintiff in order to work through the dispute. <u>Id.</u> Plaintiff ignored Paradox's request for information and communication, and instead proceeded to file the instant Motion the next day without further discourse with Paradox.

2.    Plaintiff's Motion to Supplement the Record must be denied because Plaintiff has not provided any legal basis to support its purported right to supplement the record. Plaintiff's request to proffer additional evidence does not change the fact that no evidence exists to raise any cause of action against the proposed new defendant, or to compel the requested documents. <u>See</u> Fed. R. Civ. P. Rule 15(a); <u>J.E. Mamiye & Sons, Inc. v. Fidelity Bank</u>, 813 F.2d 610, 614 (3d Cir. 1987); <u>Cornell and Co. v. Occupational Safety and Health Review Comm'n</u>, 573 F.2d 820, 823 (3d Cir. 1978); <u>Barkauski v. Indian River School Dist.</u>, 961 F. Supp. 519, 528 (D. Del. 1996).

3.    Plaintiff's Motion to Supplement the Record must also be denied because Plaintiff's proposed supplementation does not include any evidence that is relevant to Plaintiff's Motion to Amend or Motion to Compel, nor does Plaintiff offer any explanation regarding how the proffered evidence supports its position, relates to the proposed additional defendant, Conan

2

Properties International LLC, or makes documents related to CPI relevant and discoverable in this action.

## IV.    CONCISE STATEMENT OF THE RELEVANT FACTS

Paradox will avoid any unnecessarily duplicative recitation of the facts, as the facts were described in detail in Paradox's Memorandum of Law in Opposition to Plaintiff's Motion to Amend (D.E. #34) and Memorandum of Law in Opposition to Plaintiff's Motion to Compel Production of Documents (D.E. #49), which are incorporated herein by reference.

Subsequent to filing these papers, Paradox took the deposition of third party Nu Image, which is a company Plaintiff holds a contract with that Plaintiff alleges Paradox engaged in unfair competition by interfering with said contract. Plaintiff seeks to supplement the record of its two pending motions with portions of the deposition transcripts of the deposition of Nu Image. During the deposition of Nu Image, no reference to the proposed new defendant, Conan Properties International LLC was made.

## V.    ARGUMENT

Plaintiff's instant Motion lacks any merit. It is a further attempt by Plaintiff to seek judicial approval of its desired fishing expedition to search the files of a competitor for competitively advantageous information, and is entirely consistent with the meritless motions already pending. Plaintiff's lack of effort at resolution with opposing counsel, its lack of any meaningful evidence to support its position, and its lack of any legal basis for the instant motion demonstrates the weakness of this Motion.

### A.    Plaintiff Failed to Make the Required Good Faith Effort to Resolve This Dispute Before Filing the Motion

Despite Plaintiff's continuous assertions that it is acting in good faith, Plaintiff has completely ignored its obligation to this Court to attempt to resolve this dispute with Paradox

3

before filing the instant Motion. Tellingly, and as admitted by Plaintiff in its Motion, Plaintiff's counsel barely paid lip service to the requirement that the parties attempt to resolve any dispute before unnecessarily involving the Court. Plaintiff contacted Defendant for the first and only time regarding the subject matter of the Motion the day before filing the Motion (January 16, 2007 at 7:17 a.m.) to inquire whether Defendant would oppose Plaintiff's motion. See Exh. A to Pl.'s Motion. In the contact email, Plaintiff supplied no information regarding what evidence Plaintiff wished to supplement, yet demanded consent to such supplementation that same day. Id. In a response sent later the same day on January 16, 2006, Defendant indicated that there was insufficient information provided to determine if Paradox would oppose Red Sonja's motion, and requested additional information. Id. Specifically, Paradox requested that, "prior to making any contact with the Court, please present to us for review any specific deposition testimony that you refer to in your email below, along with an explanation regarding the basis why Plaintiff believes the record with respect to the two pending Motions merits supplementation. Upon receipt and review we will consider the same." Id.

Instead of responding to Paradox's reasonable request and trying to further an agreement between the parties, Plaintiff filed a motion the next day at 1:00 p.m., and asserted that it had made the required good faith effort. This Court must deny Red Sonja's Motion on this ground alone because Plaintiff failed and refused to carry out its obligation to attempt resolution with Paradox before filing this Motion.

## B.    Red Sonja Has not Offered any Legal Basis to Support its Motion

Red Sonja's Motion must also be denied because it is wholly unsupported by law. Conspicuously absent from Red Sonja's instant Motion is any legal basis for the Motion. Red Sonja merely asserts some undefined and unexplained right to supplement the record, with irrelevant evidence, months after the filing of its original motions. As discussed below, and in

4

detail in Paradox's Oppositions to both Plaintiff's Motion to Amend and Motion to Compel, the proffered evidence, like all the other evidence offered in support of Plaintiff's prior motions, does not demonstrate that CONAN, its owner CPI, or documents related to CPI bear any relevance whatsoever to any claim or defense of any party to this proceeding. This Motion, much like Plaintiff's earlier pending motions is simply an obvious attempt to examine a competitor's files.

Further, the instant Motion is a transparent attempt to bring the Court's attention to Plaintiff's earlier filed pending motions. Lacking any legal basis or conformance with the requirements of the Local Rules, this Motion must be denied. See Foman v. Davis, 371 U.S. 178, 182 (1962); Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001); Koken v. GPC Int'l, Inc., Civ. 05-223, -- F. Supp.2d --, 2006 WL 2130703, *2 (D. Del. July 31, 2006) (slip. opin.).

### C.    Red Sonja Has Failed to Offer any Evidence in Support of its Motion

As was the case with Red Sonja's earlier Motion to Amend and Motion to Compel, Red Sonja fails to offer any evidence that supports its position.

First, it is significant that the third party deposition transcript citations included in the Declaration of Mark Berman submitted in support of Plaintiff's Motion to Supplement the Record make absolutely no reference whatsoever to the proposed new defendant Conan Properties International LLC. See Decl. of Berman, at pp. 3-8 (D.E. #46). When quoting third party deposition testimony, Plaintiff makes a point to quote in bold font a few deponent answers referencing a "Conan *Properties, Inc.*" Id. at p. 6. Conan Properties, Inc. - which was affiliated with Plaintiff's principal, Arthur Lieberman—and the proposed new defendant, Conan Properties International LLC, are not the same entity. The passing reference in deponent's testimony to a company formerly affiliated with Plaintiff's Mr. Lieberman does not provide support for

5

Plaintiff's Motion to Amend its Complaint to add Conan Properties International LLC as a defendant in this action.

Additionally, closer examination of the remainder of the Berman Declaration reveals that nearly all of the deposition testimony "citations" to "Conan" were added to the transcript in brackets because they did not appear in the original text. The mere fact that a third party deponent mentions "Conan" is not a sufficient basis to drag an unrelated, uninvolved third party into costly litigation. Nor does it provide a basis for Plaintiff to be granted unfettered discovery into the character CONAN, which has no bearing on the claims in the Complaint. Red Sonja's moving papers merely cite references to CPI, but do not offer any allegations or facts to support its assertion that CPI is an appropriate party in this action or that documents relating to Conan are relevant and discoverable.

Paradox is the marketing and licensing agent for CPI. Red Sonja's Complaint relates to alleged trademark infringement and unfair trade practices. To the extent any of the allegations of the Complaint are supportable, it could only be Paradox, acting in its capacity as marketing and licensing agent, that committed such wrongful acts. Red Sonja is using this litigation as an excuse to reach improperly into CPI's confidential files to search out information that Red Sonja can use to gain a business advantage against a competitor. This Court cannot allow Red Sonja to use this proceeding for such improper motives. Because none of the proffered additional evidence is relevant to or supports Plaintiff's pending Motion to Amend or Motion to Compel, this Motion must be denied.

### D.   Reservation of Right to Submit Substantive Argument

In the unlikely event that the Court determines that Plaintiff has met its burdens in filing the instant Motion, and that the submitted deposition testimony will be considered in determining Plaintiff's Motion to Amend its Complaint and Plaintiff's Motion to Compel, Defendant

6

125338.00601/40166927v.1

respectfully reserves the right to provide argument regarding the substance of such evidence and its lack of relevance and import to the two pending Motions.

## VI.     <u>CONCLUSION</u>

Defendant respectfully requests, for all the reasons set forth herein, that Plaintiff's Motion to Supplement the Record be denied.

BLANK ROME LLP

By: _____
Thomas P. Preston, Esquire
(Del. Bar #2548)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile: (302) 425-6464
preston-t@blankrome.com

*Attorneys for Defendant/Counter-Plaintiff
Paradox Entertainment Inc.*

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

January 31, 2007

7

## CERTIFICATE OF SERVICE

I, Thomas P. Preston, hereby certify that on this 31st day of January, 2007, I caused a copy of **DEFENDANT PARADOX ENTERTAINMENT INC.'S OPPOSITION TO PLAINTIFF'S MOTION SUPPLEMENT THE RECORD** to be served by electronic service and e-mail upon the following counsel of record:

Richard K. Hermann, Esquire
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue
Wilmington, DE 19801-1621

Thomas J. Curran, Esquire
Ira Brad Matetski, Esquire
Gafner & Shore, LLP
360 Lexington Avenue
New York, NY 10017

Thomas P. Preston
I.D. No. 2548

125338.00601/40166927v.1