UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PARADOX ENTERTAINMENT, INC.,<br><br>　　　　　Defendant. | Civil Action No.:<br>06-CV-00270 (SLR) |

## PLAINTIFF'S NOTICE OF SUBPOENA
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 45

NOTICE IS HEREBY GIVEN that, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Red Sonja LLC has served non-parties Steve Gold and David Schwarcz with a Subpoena in a Civil Case for the production of documents. The above-referenced subpoenas are attached to this Notice as Exhibits A and B.

　　　　　　　　　　　　　　　　　　　　　　　_/s/ Richard K. Herrmann_
　　　　　　　　　　　　　　　　　　　　　　　Richard K. Herrmann, #405
　　　　　　　　　　　　　　　　　　　　　　　MORRIS JAMES LLP
　　　　　　　　　　　　　　　　　　　　　　　500 Delaware Avenue, 15th Floor
　　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (302) 888 6816
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 571 1750
　　　　　　　　　　　　　　　　　　　　　　　rherrmann@morrisjames.com

　　　　　　　　　　　　　　　　　　　　　　　Mark A. Berman, Esquire
　　　　　　　　　　　　　　　　　　　　　　　Thomas J. Curran, Esquire
　　　　　　　　　　　　　　　　　　　　　　　Ira Brad Matetsky, Esquire
　　　　　　　　　　　　　　　　　　　　　　　GANFER & SHORE, LLP
　　　　　　　　　　　　　　　　　　　　　　　360 Lexington Avenue
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 922-9250
　　　　　　　　　　　　　　　　　　　　　　　Facsimile (212) 922-9335

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff RED SONJA LLC

Dated: February 2, 2007

# EXHIBIT A

# Issued by the
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED SONJA LLC,<br><br>                          Plaintiff,<br><br>- against -<br><br>PARADOX ENTERTAINMENT, INC.,<br><br>                          Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No. 06-CV-270 (SLR), District of Delaware |

Steve Gold
President of Swordplay
18344 Oxnard Street, Suite 200
Tarzana, CA 91356

X   YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>6222 Wilshire Blvd, Suite 204<br>Los Angeles, California 90048<br>(323) 938-2461 | February 23, 2007<br>2:00 p.m. |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Rider 1 attached.

| PLACE:<br>Esquire Deposition Services<br>6222 Wilshire Blvd, Suite 204<br>Los Angeles, California 90048<br>(323) 938-2461 | DATE AND TIME<br>February 16, 2007<br>10:00 a.m. |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE<br>Mark A. Berman<br>Member, Ganfer & Shore, LLP | DATE<br>February 2, 2007 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
                   Mark A. Berman, Esq. (MAB 5202)
                   Ganfer & Shore, LLP
                   360 Lexington Avenue, 14th floor
                   New York, New York 10017
                   (212) 922-9250

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under Penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
       Date                            SIGNATURE OF SERVER

                                                                  ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trail.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure or privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other dential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **RIDER**

## **REQUESTED DOCUMENTS**

1.  All documents and communications relating to, whether resolved or not, any and all (i) claims or alleged claims, (ii) breaches or alleged breaches, and/or (iii) disputes, with Paradox, including documents evidencing the payment of any monies to Paradox and/or its officers, directors and/or employees.

### **DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS**

1.  Unless otherwise stated herein, the relevant time period encompassed by these Requests is from January 1, 2004 through to the date upon which response is made.

2.  "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, document, or any other transmittal of information in the form of facts, ideas, media, or otherwise.

3.  "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed including, but not limited to, correspondence, memoranda, emails, notes, messages, letters, telegraphs, teletype, telefax bulletins, interoffice and intraoffice telephone calls, diaries, chronological compilations, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CDs, prospectuses, financial statements, schedules, surveys, affidavits,

contracts, cancelled checks, transcripts, statistics, magazine or newspaper articles, releases, graphs, photographs, charts, microfiche, microfilm, videotape, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings). Any draft or non-identical copy of any document is a separate document within the meaning of this term.

4. "Paradox" means Paradox Entertainment, Inc. and any of its related companies, related entities, officers, directors, employees, agents, representatives, independent contractors, consultants, franchisees, licensees, subsidiaries, parent and any other individual or entity acting on its behalf or in collusion with it.

5. "Concerning" means relating to, describing, evidencing, or constituting.

6. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

7. "Refer" means to make reference to, to be about, to have to do with, to pertain to, and/or to relate to.

8. As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

9. The term "all documents" means every document or group of documents or communications as above defined known to you, and every such

document or communication which can be located or discovered by reasonably diligent efforts.

10. The use of any singular form of any word includes the plural and vice versa.

11. The terms "all" and "each" shall be construed as all and each.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

13. Each request refers to all documents that are either known by any party to exist or that can be located or discovered by reasonably diligent efforts by any party.

14. All documents covered in the Request shall be produced in any orderly manner, and with appropriate markings or other identification, so that the Plaintiff will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the document request to which it responds.

15. Each person answering these Requests is under a duty to supplement or amend a prior response if he or she obtains information upon the basis of which he or she knows that the response was incomplete or incorrect when made, or he or she knows that the response, although complete or correct when made, is now incomplete or incorrect.

16. If any document was but no longer is in your possession or subject

to your custody or control or in existence, state if: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding each disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, and the author's address, type (e.g. letter, memoranda, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s) and state if the document (or copies) are still in existence.

17. If any document is withheld on the basis of a claim of privilege, state with respect thereto the privilege relied upon, the holder of the privilege, the type of the document (e.g. letter, memoranda, etc.), the date, the author, the addressee or addressees, and the subject matter.

# EXHIBIT B

**Issued by the**
# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED SONJA LLC,<br><br>                      Plaintiff,<br><br>    - against -<br><br>PARADOX ENTERTAINMENT, INC.,<br><br>                      Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>Civil Action No. 06-CV-270 (SLR), District of Delaware |

David Schwarcz
499 N. Canon Drive 3rd Floor
Beverly Hills, CA 90212

X   YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above-captioned case

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Esquire Deposition Services<br>6222 Wilshire Blvd, Suite 204<br>Los Angeles, California 90048<br>(323) 938-2461 | February 23, 2007<br>10:00 a.m. |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Rider 1 attached.

| PLACE:<br>Esquire Deposition Services<br>6222 Wilshire Blvd, Suite 204<br>Los Angeles, California 90048<br>(323) 938-2461 | DATE AND TIME<br>February 16, 2007<br>10:00 a.m. |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE<br>Mark A. Berman<br>Member, Ganfer & Shore, LLP | DATE<br>February 2, 2007 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
          Mark A. Berman, Esq. (MAB 5202)
          Ganfer & Shore, LLP
          360 Lexington Avenue, 14th floor
          New York, New York 10017
          (212) 922-9250

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
|  |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under Penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on
        Date                         SIGNATURE OF SERVER

                                  ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents, or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trail.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) require a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure or privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other dential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.
  (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

## **RIDER**

## **REQUESTED DOCUMENTS**

1. All documents and communications relating to, whether resolved or not, any and all (i) claims or alleged claims, (ii) breaches or alleged breaches, and/or (iii) disputes, with Paradox, including documents evidencing the payment of any monies to Paradox and/or its officers, directors and/or employees.

### **DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS**

1. Unless otherwise stated herein, the relevant time period encompassed by these Requests is from January 1, 2004 through to the date upon which response is made.

2. "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, document, or any other transmittal of information in the form of facts, ideas, media, or otherwise.

3. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed including, but not limited to, correspondence, memoranda, emails, notes, messages, letters, telegraphs, teletype, telefax bulletins, interoffice and intraoffice telephone calls, diaries, chronological compilations, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CDs, prospectuses, financial statements, schedules, surveys, affidavits,

contracts, cancelled checks, transcripts, statistics, magazine or newspaper articles, releases, graphs, photographs, charts, microfiche, microfilm, videotape, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings). Any draft or non-identical copy of any document is a separate document within the meaning of this term.

4. "Paradox" means Paradox Entertainment, Inc. and any of its related companies, related entities, officers, directors, employees, agents, representatives, independent contractors, consultants, franchisees, licensees, subsidiaries, parent and any other individual or entity acting on its behalf or in collusion with it.

5. "Concerning" means relating to, describing, evidencing, or constituting.

6. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

7. "Refer" means to make reference to, to be about, to have to do with, to pertain to, and/or to relate to.

8. As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

9. The term "all documents" means every document or group of documents or communications as above defined known to you, and every such

document or communication which can be located or discovered by reasonably diligent efforts.

10. The use of any singular form of any word includes the plural and vice versa.

11. The terms "all" and "each" shall be construed as all and each.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

13. Each request refers to all documents that are either known by any party to exist or that can be located or discovered by reasonably diligent efforts by any party.

14. All documents covered in the Request shall be produced in any orderly manner, and with appropriate markings or other identification, so that the Plaintiff will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the document request to which it responds.

15. Each person answering these Requests is under a duty to supplement or amend a prior response if he or she obtains information upon the basis of which he or she knows that the response was incomplete or incorrect when made, or he or she knows that the response, although complete or correct when made, is now incomplete or incorrect.

16. If any document was but no longer is in your possession or subject

to your custody or control or in existence, state if: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding each disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, and the author's address, type (e.g. letter, memoranda, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s) and state if the document (or copies) are still in existence.

17. If any document is withheld on the basis of a claim of privilege, state with respect thereto the privilege relied upon, the holder of the privilege, the type of the document (e.g. letter, memoranda, etc.), the date, the author, the addressee or addressees, and the subject matter.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February 2007, I electronically filed the foregoing document, **PLAINTIFF'S NOTICE OF SUBPOENA UNDER FEDERAL RULE OF CIVIL PROCEDURE 45** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

Additionally, I hereby certify that on the 2nd day of February 2007, the foregoing document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

**VIA EMAIL**

Earl M. Forte, Esq.
Timothy D. Pecsenye, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
215.569.5500
forte@blankrome.com
pecsenye@blankrome.com

_____/s/ Richard K. Herrmann_____
Richard K. Herrmann (#405)
Morris James LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiff RED SONJA LLC