UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendant. ) | |

**DECLARATION OF MARK A. BERMAN IN FURTHER SUPPORT OF
RED SONJA'S MOTION TO SUPPLEMENT THE RECORD**

Richard K. Herrmann, #405
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

Attorneys for Plaintiff
RED SONJA LLC

Original Dated: February 7, 2007
Public Version: February 15, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, <br><br> Plaintiff, <br><br> v. <br><br> PARADOX ENTERTAINMENT, INC., <br><br> Defendant. | Civil Action No.: <br> 06-CV-00270 (SLR) |

I, MARK A. BERMAN, declare, in reply to Defendant's opposition to Plaintiff's Motion to Supplement the Record, as follows:

1. I am a partner in the firm of Ganfer & Shore, LLP, co-counsel to Plaintiff Red Sonja LLC and submit this declaration in further support of Plaintiff's application to supplement the record ("Request to Supplement") as it relates to Plaintiff's motion for leave to amend its Complaint to add as a new party Conan Properties International LLC ("CPI") and to compel the production of Conan-related documents, both of which motions are *sub judice*.

2. In opposition to the Request to Supplement, Defendant Paradox Entertainment, Inc. ("Paradox") asserts four meritless legal arguments: first, that Plaintiff allegedly failed to comply with Local Rule 7.1.1; second, that Paradox had not received the transcripts from the non-party depositions it took on January 8th and January 9th, 2007; third, that Plaintiff's *sub judice* motions are allegedly without merit; and fourth, that the proposed additional defendant, CPI, was not mentioned during the non-party

depositions. As demonstrated below, the record proves that none of these assertions has any merit.

    3.    First, in compliance with Local Rule 7.1.1., on January 16, 2007, I sent Defendant's counsel the following e-mail:

> Ms. Barnhart: We write to request your consent, in accordance with Local Rule 7.1.1., for Plaintiff to be permitted to supplement the record as it relates to Plaintiff's two sub judice motions seeking leave to amend its complaint and to compel the production of documents based on questions asked and answers given at the two depositions taken by you last week. Please advise today whether Paradox will consent to such supplementation. Mark

(A copy of this e-mail is annexed hereto as Exhibit E.)

    4.    Later that day, with respect to the depositions that Defendant noticed and took, I received the following e-mail back from Defendant's counsel:

> We have not received a copy of any deposition transcripts of Nu Image, Inc. or Emmett Furla Films from last week in the above-referenced action. We have no understanding of what "questions asked and answers given" you refer to below. Consequently, prior to making any contact with the Court, please present to us for review any specific deposition testimony that you refer to in your email below, along with an explanation regarding the basis why Plaintiff believes the record with respect to the two pending Motions merits supplementation. Upon receipt and review we will consider the same.
>
> In the interim, we do not consent to any communications with or supplementations to the Court. Based upon my general recollection of the depositions, I recall nothing that transpired during the third party depositions that lends any support whatsoever to Plaintiff's pending Motions, particularly to Plaintiff's Motion that Conan Properties International LLC should be added as a defendant in this action.
>
> **In light of the above, and pursuant to Plaintiff's Local Rule 7.1.1 obligations, should Plaintiff proceed to contact the Court prior to attempting to resolve this matter, Paradox will respond to and oppose any such submissions, and will further provide the Court with this communication.**

2

(Emphasis added.) (A copy of this e-mail is annexed hereto as Exhibit F.) Based on this e-mail, it is unequivocal that Plaintiff's obligations under Local Rule 7.1.1. were satisfied, but unfortunately the parties were unable to reach an accord.

5.  Next, Paradox asserts in its opposition to the Request to Supplement that it has not received the transcripts from the non-party depositions that it noticed and took on January 8 and 9, 2007. Initially, it is remarkable that Paradox, as the party who noticed these depositions, had failed to order them timely from their own court reporter. Nonetheless, Red Sonja extended the courtesy of electronically sending to Defendant's counsel the draft deposition transcripts on January 16, 2007. As stated in a January 16 e-mail to Paradox's counsel:

> I understand from Emily Barnhart that she did not order a copy of the drafts of the third party depositions taken last week. I am attaching those draft depositions. Please forward them to her. Thank you.

(A copy of this e-mail is annexed hereto as Exhibit G.) Counsel for Defendant provided no response to this e-mail prior to Plaintiff filing its Request to Supplement.

6.  Third, Defendant claims there is no merit to Plaintiff's motion seeking leave to amend its Complaint and to compel the production of Conan documents. Unlike Defendant, Plaintiff will not reargue either of its well-grounded motions and burden this Court with pages of such repetitive argument that documents concerning the character Conan are relevant and necessary for Plaintiff's prosecution and defense of this action. Plaintiff will also not respond to Defendant's diatribe, except to state that Defendant "doth protest too much" in opposing Plaintiff's Request to Supplement, which was expressly predicated on questions that Defendant's own counsel asked during Defendant's deposition of non-parties and the answers provided. Of course,

Defendant's repeated claim that Plaintiff's motions are motivated by it wanting to examine a competitor's files or to have "unfettered discovery in the character CONAN" is unavailing, where an appropriate confidentiality order was entered in this action, and Paradox has not been shy in invoking such extra-high confidential designation. Further, any order by the Court would be appropriately tailored to address the Conan documents sought by Plaintiff. (Def. Br. at 5-6)

7.  Finally and most importantly, CPI's only asset, the "Conan the Barbarian" character was mentioned approximately *fifty* times during the deposition. Paradox's assertion that Conan is irrelevant in light of its mention approximately fifty times during a non-party deposition is incredulous.[1] (Copies of the relevant excerpts from Mr. Gatta's deposition transcript are annexed hereto as Exhibit H, and for the Court's ease of reference, each mention of "Conan" has been highlighted in yellow.)

8.  Accordingly, it is respectfully requested that the Request to Supplement be granted in all respects.

I declare under the penalties of perjury that the foregoing is true and correct. Executed this 6th day of February, 2007

_____
MARK A. BERMAN

---

[1] Defendants assert that "nearly all of the deposition testimony 'citations' to "Conan" were added to the transcript in brackets." (Def. Br. at 6) We will not respond to such incorrect statement, are surprised by its inaccuracy and submit that the Court's review of the transcripts provided will indicate otherwise.

4

# EXHIBIT E

## Mark Berman

| | |
|---|---|
| **From:** | Mark Berman |
| **Sent:** | Tuesday, January 16, 2007 7:17 AM |
| **To:** | 'Barnhart, Emily J.' |
| **Cc:** | 'Herrmann, Richard K.' |
| **Subject:** | Red Sonja v. Paradox |

Ms. Barnhart: We write to request your consent, in accordance with Local Rule 7.1.1., for Plaintiff to be permitted to supplement the record as it relates to Plaintiff's two sub judice motions seeking leave to amend its complaint and to compel the production of documents based on questions asked and answers given at the two depositions taken by you last week. Please advise today whether Paradox will consent to such supplementation. Mark

Mark A. Berman, Esq.
Ganfer & Shore, LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017
Tel:   (212) 922-9250 ext. 266
Fax:  (212) 922-9335
Email: mberman@ganshore.com

The information contained in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender or Ganfer & Shore, LLP for any loss or damage arising in any way from its use.

# EXHIBIT F

## Mark Berman

**From:** Barnhart, Emily J. [BARNHART@blankrome.com]
**Sent:** Tuesday, January 16, 2007 5:24 PM
**To:** Mark Berman
**Subject:** RE: Red Sonja v. Paradox

We have not received a copy of any deposition transcripts of Nu Image, Inc. or Emmett Furla Films from last week in the above-referenced action. We have no understanding of what "questions asked and answers given" you refer to below. Consequently, prior to making any contact with the Court, please present to us for review any specific deposition testimony that you refer to in your email below, along with an explanation regarding the basis why Plaintiff believes the record with respect to the two pending Motions merits supplementation. Upon receipt and review we will consider the same.

In the interim, we do not consent to any communications with or supplementations to the Court. Based upon my general recollection of the depositions, I recall nothing that transpired during the third party depositions that lends any support whatsoever to Plaintiff's pending Motions, particularly to Plaintiff's Motion that Conan Properties International LLC should be added as a defendant in this action.

In light of the above, and pursuant to Plaintiff's Local Rule 7.1.1 obligations, should Plaintiff proceed to contact the Court prior to attempting to resolve this matter, Paradox will respond to and oppose any such submissions, and will further provide the Court with this communication.

**Emily J. Barnhart | Blank Rome LLP**
One Logan Sq, 130 N 18th St | Philadelphia, PA 19103
Phone: (215)569-5494 | Fax: (215)832-5494 | Email: barnhart@blankrome.com

---

**From:** Mark Berman [mailto:mberman@ganshore.com]
**Sent:** Tuesday, January 16, 2007 7:17 AM
**To:** Barnhart, Emily J.
**Cc:** Herrmann, Richard
**Subject:** Red Sonja v. Paradox

Ms. Barnhart: We write to request your consent, in accordance with Local Rule 7.1.1., for Plaintiff to be permitted to supplement the record as it relates to Plaintiff's two sub judice motions seeking leave to amend its complaint and to compel the production of documents based on questions asked and answers given at the two depositions taken by you last week. Please advise today whether Paradox will consent to such supplementation. Mark

Mark A. Berman, Esq.
Ganfer & Shore, LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017
Tel:   (212) 922-9250 ext. 266
Fax:   (212) 922-9335

02/06/2007

Email: mberman@ganshore.com

The information contained in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender or Ganfer & Shore, LLP for any loss or damage arising in any way from its use.

02/06/2007

# EXHIBIT G

**Mark Berman**

---

| | |
|---|---|
| **From:** | Pullan, Theresa [TPullan@morrisjames.com] on behalf of Herrmann, Richard K. [RHerrmann@morrisjames.com] |
| **Sent:** | Tuesday, January 16, 2007 6:32 PM |
| **To:** | preston-t@blankrome.com |
| **Cc:** | Mark Berman |
| **Subject:** | Red Sonja v. Paradox / Depositions |
| **Attachments:** | Furla Deposition (MB4300).TXT; Lamati Deposition (MB4298).TXT; Gatta Deposition (MB4299).TXT; Furla Deposition (MB4300).TXT |

I understand from Emily Barnhart that she did not order a copy of the drafts of the third party depositions taken last week. I am attaching those draft depositions. Please forward them to her. Thank you.

---

**Morris James** LLP

**Theresa Pullan**
Paralegal
tpullan@morrisjames.com

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494
Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306
T 302.888.6997    F 302.571.1750

www.morrisjames.com

---

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT H

# ENTIRE EXHIBIT UNDER SEAL

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2007, I electronically filed the foregoing document, **REDACTED VERSION OF DECLARATION OF MARK A. BERMAN IN FURTHER SUPPORT OF RED SONJA'S MOTION TO SUPPLEMENT THE RECORD**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE  19801
preston-t@blankrome.com


Additionally, I hereby certify that on the 15th day of February 2007, the foregoing document was served as indicated on the following:

| **VIA EMAIL** | **VIA EMAIL** |
|---|---|
| Thomas P. Preston, Esq. | Earl M. Forte, Esq. |
| Blank Rome LLP | Timothy D. Pecsenye, Esq. |
| 1201 Market Street, 8th Floor | Blank Rome LLP |
| Wilmington, DE 19801 | One Logan Square |
| preston-t@blankrome.com | Philadelphia, PA  19103 |
|  | 215.569.5500 |
|  | forte@blankrome.com |
|  | pecsenye@blankrome.com |

              /s/ Richard K. Herrmann
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Attorneys for Plaintiff RED SONJA LLC