UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

———————————————————————
)
RED SONJA LLC,                              )
)
        Plaintiff,                    )
)
v.                                          )          Civil Action No.:
)          06-CV-00270 (SLR)
PARADOX ENTERTAINMENT, INC.,                )          **PUBLIC VERSION**
)
        Defendant.                    )
)
———————————————————————)

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO COMPEL**

Richard K. Herrmann, #405
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

Attorneys for Plaintiff
RED SONJA LLC

Original Date:  February 27, 2007
Public Version:  March 6, 2007

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   FACTS ..................................................................................................................... 7

II.   PROCEDURAL POSTURE ..................................................................................... 8

IV.   ARGUMENT ......................................................................................................... 11

    A.  Paradox Should Be Compelled To Produce Malmberg
        For His Continued Deposition ....................................................................... 11

    B.  Paradox Should Be Compelled To Produce Witness(es) Pursuant
        To Red Sonja's Rule 30(b)(6) Notice of Deposition ...................................... 13

    C.  Paradox Should Be Compelled To Search For All Documents In Its
        Possession Concerning The Characters Red Sonja and Red Sonya ............... 11

    D   Red Sonja Is Entitled To Sanctions For Being
        Forced To Bring This Motion His Continued Deposition ............................... 11

# TABLE OF AUTHORITIES

**Cases**

Enzo Life Sciences, Inc. v. Digene Corp.,
   2003 WL 21402512, (D. Del. June 10, 2003) ............................................................ 14

Jurimex Kommerz Transit G.M.B.H. v. Case Corp.,
   No. Civ. A. 00-083, 2005 WL 440621, (D. Del. Feb. 18, 2005) ..................................... 14

Pritchard v. County of Eerie,
   2006 WL 2927852, (W.D.N.Y. 2006) ....................................................................... 11


**Other Authorities**

Fed. R. Civ.P. 30(d)(2) ................................................................................... 11, 12
Fed.R.Civ.P. 26(b)(2), 30(d)(2), ...................................................................... 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: |
| | )   06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., | ) |
| | )   **CONFIDENTIAL** |
| Defendant. | )   **FILED UNDER SEAL** |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Red Sonja LLC ("Red Sonja" or "Plaintiff"), by its undersigned counsel,

submits this Brief in support of Plaintiff's Motion to Compel, pursuant to Rule 37 of the

Federal Rules of Civil Procedure: (i) the continued deposition of Defendant Paradox

Entertainment, Inc. ("Paradox" or "Defendant"), by Frederik Malmberg), (ii) the

production of witness(es) pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure; and (iii) all documents concerning Plaintiff's "Red Sonja" character and

Defendant's "Red Sonya" character for the period 2001 to the present as requested in

Plaintiff's First Request for the Production of Documents.

**I.    INTRODUCTION**

Paradox continues its pattern of obstructing discovery in this litigation by refusing

to produce its now-President, Frederik Malmberg ("Malmberg"), formerly head of

licensing and creative affairs, for a continued one-half day deposition (Plaintiff had

previously only deposed Mr. Malmberg for half of a day prior to him becoming President

of Defendant), even though Plaintiff has clearly demonstrated to Paradox the need for this

continued deposition.

Defendant identified in its Initial Disclosures and in its Responses to Plaintiff's First and Second Set of Interrogatories only two employees with relevant knowledge of Plaintiff's claims and Defendant's counterclaims.[1] Defendant has now fired its former CEO and President, Peter Sederowsky ("Sederowsky"), also then a director of the company, for improper, and what we understand to be illegal, conduct and Plaintiff seeks not to go beyond its entitlement of seven hours to depose his replacement – Mr. Malmberg. Red Sonja seeks to continue Mr. Malmberg's deposition for half of one day to inquire about, among other things, relevant documents authored by or sent to him that were produced by a non-party subsequent to his prior deposition and other documents that Paradox has expressly promised, but is still waiting for Paradox to produce.

Paradox has been "called" on its duty to supplement its document production under Federal Rule of Civil Procedure 26(e),[2] and just approximately two weeks ago admitted to failing to produce additional relevant and requested documents.[3] Counsel for Defendant then left for vacation out of the country, and notwithstanding our attempts to

---

[1]    Defendant's Initial Disclosures and its Responses to Plaintiff's First and Second Set of Interrogatories are annexed hereto as Exhibits "A" and "B," respectively.

[2]    Plaintiff's Request the Production of Documents, dated June 30, 2006, further provides that:

> Each person answering these Requests is under a duty to supplement or amend a prior response if he or she obtains information upon the basis of which he or she knows that the response was incomplete or incorrect when made, or he or she knows that the response, although complete or correct when made, is now incomplete or incorrect.

(A copy of Plaintiff's Request for the Production of Documents is annexed hereto as Exhibit "C")

[3]    Copies of the relevant correspondence between counsel for the parties can be found collectively in Exhibit "D," and Paradox's counsel's e-mail of February 15, 2007, conceding that additional responsive documents have been found is contained on page 2 of such exhibit.

communicate with his partner on the case, we have been unable to secure such documents, or to address Plaintiff's other disputes, prior to the expiration of the fact discovery period.

In addition, to these newly identified and located documents, other documents produced by non-party Dark Horse, Inc. ("Dark Horse"), a licensee of Defendant, pursuant to a subpoena *duces tecum*, has revealed additional relevant documents that Paradox failed to produce previously in response to Plaintiff's Request for Documents. Accordingly, Plaintiff noticed a Paradox 30(b)(6) deposition in order to, among other things, to investigate this failure. Paradox did not move for a protective order but, instead, informed Plaintiff that it would not be producing such a witness, effectively claiming that it cannot because it does not have such a witness.

Now, with fact discovery closing, Plaintiff has been denied by Paradox admittedly relevant documents, a 30(b)(6) witness that can attest to why relevant and responsive documents were not produced, a 30(b)(6) witness that would speak to the reasons for Peter Sederowsky's termination, and the continued deposition of Mr. Malmberg, where Plaintiff would ask questions concerning among other things: (i) documents that Paradox's licensee produced, but Paradox did not, which in certain instances were authored by or sent to Mr. Malmberg and any additional documents yet to be produced by Paradox.[4]

As for Mr. Malmberg's deposition, rather than have him travel to Delaware, Plaintiff offered to depose him in California, where he works, or in New York if he intended to travel to New York on other matters, but that offer has been rejected.

---

[4] A copy of Plaintiff's Rule 30(b)(6) Notice of Deposition to which Paradox defaulted in producing any witness is annexed hereto as Exhibit "E."

3

For example, within a month after Messrs. Malmberg and Sederowsky's depositions, a September 27, 2006 e-mail[5] from Dark Horse to Mr. Malmberg was sent, attaching a September 19, 2006 e-mail from Leigh Stone, Paradox's licensing manager, to Dark Horse, reflecting a campaign to attack Plaintiff's "Red Sonja" character, a document which should have been produced.  The attached September 19, 2007 e-mail provides, *inter alia*, "[c]an you send [Paradox] a detailed list of all the instances that Dynamic Forces [Plaintiff's licensee] has, essentially, taken our ideas on Conan and used them for Red Sonja shortly thereafter.  Marketing ploys, creative teams … everything that you can recall."

In addition, other documents that are damaging to Paradox's position in this litigation were not produced by it (but produced by Dark Horse), even though they were authored by Mr. Malmberg *prior* to *August 2006*.  Plaintiff does not purport that these documents were intentionally withheld, nonetheless, Plaintiff should not be precluded from inquiring about these relevant documents and why they were not produced.

For example, in August of 2005, Mr. Malmberg wrote with respect to Red Sonja, in pertinent part:

> My more sinister self, whispers that **we should deliver a more serious blow – disarming them forever by launching the real RED SONYA of Rogatine,** as a start of the 'Commemorating 100 years of ROBERT E. HOWARD".  Great art (she can have red hair!!), a super story, and a really clever marketing campaign.  Maybe even launch that title into 'Heroines of REH' series alternating comics of Agnes the Swordswoman, Black Vulmea, Red Sonja, etc.[6]

(Emphasis added)  This same e-mail contains references to Plaintiff's "Red Sonja with a

---

[5]    A copy of this e-mail is annexed hereto as Exhibit "F."

[6]    A copy of this e-mail as well the others mentioned below are annexed hereto in chronological order as Exhibit "G."

"j" character.

  Similarly, Paradox failed to produce the following e-mails:

- From **Mr. Malmberg** to Dark Horse Comics, dated March 11, 2004, responding to an e-mail that addresses the introduction of a new character described by Dark Horse as, "a sort of wildwoman assassin/mercenary **not unlike Red Sonja**" is an idea that "sounds great" (Emphasis added);

- In response to this e-mail**, Mr. Malmberg** stated "if we treat her right, we can build her up in one-shots and in other product categories as well (we'll put her in the videogames and the toy lines);

- From **Mr. Malmberg** to Dark Horse Comics, dated November 22, 20004 and November 29, 2004, stating that Malmberg was looking into whether Paradox had the right to publish certain comics book that featured **Red Sonja and Conan**; and

- From **Mr. Malmberg** to Dark Horse Comics, dated February 24, 2005, stating that Malmberg was "still waiting for clearance" to ascertain whether Paradox could publish a Conan comic book featuring **Red Sonja**.

  Paradox cannot and has not proffered <u>**any**</u> valid reasons why these e-mails were not produced in response to Plaintiff's Document Request, particularly where Plaintiff's Request for Documents specifically requested, "[a]ll documents concerning any communications between Paradox and Dark Horse Comics related to Red Sonja and/or Red Sonya." <u>See</u> Plaintiff's Request No. 1. Apparently, albeit unclear, Defendant has chosen not to produce certain relevant documents based on a general objection as to lack of a time restriction contained in specific document requests propounded by Plaintiff. (Ex. G at p. 2)[7] The production of Paradox's documents, as they relate to either the "Red Sonja" character and/or the "Red Sonya" character, should not be so restricted and all such documents should be produced from 2001 to the present day. <u>See</u> Defendant's

---

[7] A copy of Defendant's Responses to Plaintiff's Request for the Production of Documents are annexed hereto as Exhibit "H."

General Objection, Letter B.

In fact, Plaintiff's Request No. 1 was only one of two requests to which Paradox did not assert any specific objection, stating "Defendant will produce responsive, non-privileged documents in its possession subject to entry to a suitable two-tiered protective order in this action." Paradox cannot claim that these e-mails were properly withheld from production. See Defendant's Response to Request No. 1.

Now with Paradox's former President dismissed, and where Mr. Sederowsky and Mr. Malmberg were the only individuals identified at Paradox "likely to have discoverable information which it may use to support its defense or counterclaim" this only provides further reasons why Mr. Malmberg, Paradox's now current President, should be continued where he is the only remaining Paradox representative that can testify to this action. (Ex. A. p. 1)

Additionally, as indicated above, Red Sonja served a Rule 30(b)(6) Notice of Deposition, dated February 1, 2007, on Paradox, seeking the deposition of Paradox by "one or more officer(s), director(s), managing agent(s) or other persons who are most competent to testify to the matters set forth in Attachment A." Attachment A seeks information related to the recent termination of Paradox's former president, Peter Sederowsky and Paradox's "[c]ustodian of records, Paradox's document retention policy and the production of documents in this action." (Ex. E, p. 3) Paradox has refused to provide such witness(es) and has not moved for a protective order, claiming that no such witness(es) exist. Whether Mr. Malmberg is the appropriate "30(b)(6)" witness, or someone else in Paradox's employ, one is required to be produced. That is Paradox's decision, but in any event, Paradox cannot simply be permitted to ignore Plaintiff's

Notice of Deposition.

Red Sonja has engaged in "meet-and-confer" teleconferences and e-mails with Paradox pursuant to Federal Rule of Civil Procedure Rule 37(2), but they have been unsuccessful in resolving these disputes. As the time for discovery is set to expire on March 1, 2007, this application could not wait until counsel for Defendant finally decides to address the instant matters which may well be after the close of fact discovery.

In sum, Paradox just continues to deny Red Sonja clearly relevant documents and testimony that go to Paradox's infringement of Plaintiff's Red Sonja mark and Paradox's counterclaims, just as it has done in the past by denying Plaintiff documents concerning the character "Conan the Barbarian." This dispute is the subject of three *sub judice* motions – one to compel the production of such documents, one to add Conan Properties International, Inc. ("CPI"), the putative owner of the Conan the Barbarian trademark and license, as a defendant in this action, and one for permission to supplement the record to provide the Court with certain deposition testimony of non-parties, where Defendant's counsel's made clear by her questioning and the deponents' answers that Conan is demonstrably part and parcel of the instant dispute between the parties.

## II.    FACTS

The Court is respectfully referred to the Complaint for a full recitation of the facts, however, we believe a brief recitation here is warranted. Plaintiff is the holder of the "Red Sonja" trademark based upon a sword-wielding female warrior character originally created by Robert E. Howard in his story Shadow of the Vulture in the 1930s and adapted by Marvel Comics in the 1970s as a love interest for the male warrior, Conan the Barbarian, of the Hyborian age. (Proposed Amended Complaint, ¶¶ 7-15) Defendant,

through its wholly-owned subsidiary CPI, is the owner of the "Conan" trademark. (Proposed Amended Complaint, ¶ 42).

On February 6, 2006, Defendant or one of its *alter ego* companies acquired the rights of the Robert E. Howard library, which contained the <u>Shadow of the Vulture</u> story. (Proposed Amended Complaint ¶ 41)    Specifically excluded from the sale was the character Red Sonja.    (Proposed Amended Complaint, ¶¶ 8 and 41)    Since the acquisition, Paradox had conversations with its Conan licensee to usurp the Red Sonja character by introducing Red Sonya into Conan.    Upon the acquisition, Paradox immediately issued press releases claiming that it owned Red Sonja and that it was ready to offer licenses for Red Sonya (which is both erroneous and confusing).    This suit followed that proclamation.    In response, Defendant counterclaimed that Red Sonja was unfairly competing with, *inter alia*, its Conan.    (Complaint, Ex. T)

### III.    Procedural Posture

Red Sonja filed a Motion to Amend the Complaint, dated September 1, 2006, seeking to add CPI, the putative owner of the Conan the Barbarian license and trademark, as a defendant in this action ("Motion to Compel").    In addition, Plaintiff filed a Motion to Compel the Production of Documents, dated October 24, 2006, to compel Paradox to produce documents related to Conan, as these documents are central to Paradox's counterclaims.    Both motions are currently *sub judice*.

On August 24 and 25, 2006, Red Sonja took the depositions of Messrs. Malmberg and Sederowsky, respectively. Subsequent to his deposition, Mr. Sederowsky has since been dismissed from the Company for what Plaintiff understands to be wrongful and illegal conduct and is no longer under Paradox's control – effectively, he is "off the

reservation." Plaintiff has requested that Paradox stipulate that if Mr. Sederowsky decides to appear at trial that Plaintiff would be given an opportunity to depose him then on the issue of his termination and any other issue for which he will be offered at trial. Paradox, in consistent form, has refused to respond to such a reasonable request. Plaintiff should not be relegated to relying upon the sworn testimony of Mr. Sederowsky, who was dismissed by Paradox in disgrace.

Paradox's document production in this action has been scant at best (56 documents, consisting of 396 pages were produced) while its licensee, Dark Horse, produced 2,009 pages of materials. Paradox's initial production of 247 pages documents occurred on August 16, 2006 and its first supplemental production (Paradox has stated a second supplement production will be forthcoming) of 149 additional pages took place two days before Paradox's depositions, on August 22, 2006.

Plaintiff took Paradox at it word, as set froth below, that it made a full production (absent Conan-related documents that are the subject of Plaintiff's *sub judice* motion), and proceeded with Paradox depositions, even though only 39 e-mail trails were produced by Paradox compared to hundreds and hundreds produced by its licensee.

REDACTED

REDACTED

Paradox has refused to produce Malmberg for his continued deposition, regarding Paradox documents, produced not by Paradox but by its licensee, despite Red Sonja offering to limit the inconvenience to Malmberg by continuing his deposition in his home state, California, warranting the instant motion to compel his continued deposition. The fact is that most of the 396 documents produced, as evidenced by what its licensee produced, Paradox has failed to produce.

Further, by e-mail, dated February 15, 2007, Paradox's counsel informed Red Sonja, that "[i]n the course of [Paradox's] recent review, we have also found"

- "[m]aterials which were sent or received by Fred [Malmberg] since Plaintiff's original request. We will supplement as necessary;" and

- "Some additional materials which an IT person was able to find mentioning Red Sonja which were not found before."

As of the date of this Motion, Red Sonja has still not received these materials. In addition to questioning Mr. Malmberg about documents that Dark Horse produced, Paradox expects that it will wish to ask Mr. Malmberg questions with respect to these documents produced in this forthcoming second supplemental production. Red Sonja cannot wait until these documents are produced to file the instant application, as fact discovery is scheduled to conclude on March 1, 2007.

Finally, Paradox has refused to produce a witness pursuant to a Notice of Deposition for a witness(es) pursuant to Federal Rules of Civil Procedure Rule 30(b)(6).

IV.    **ARGUMENT**

A.    **Paradox Should Be Compelled To
      Produce Malmberg For His Continued Deposition**

Federal Rule of Civil Procedure Rule 30(d)(2) provides:

> Unless otherwise authorized by the court or stipulated by the parties, a
> deposition is limited to one day of seven hours. The court must allow
> additional time consistent with Rule 26(b)(2) if needed for a fair
> examination of the deponent or if the deponent or another person, or other
> circumstance, impedes or delays the examination.

The 2000 Advisory Committee Notes to this Rule specifically states, "[i]f the
examination reveals that documents have been requested but not produced, that may
justify further examination once production has occurred." Fed. R. Civ. P. 30(d)(2),
Advisory Committee Notes (2000).

The proper method to proceed here was explained in Pritchard v. County of Eerie,
2006 WL 2927852, at *7 (W.D.N.Y. 2006), where it provides

> For example, the initial deposition takes four hours when a motion
> is filed. If a motion to compel is granted, plaintiffs now have only three
> hours to continue questioning…. The seven total hours of examination,
> with intervening motion practice, is all that will be allocated to examine
> this witness. A fair examination of this witness can occur within seven
> hours, *cf.*, Fed.R.Civ.P. 26(b)(2), 30(d)(2), and it is a sufficient amount of
> time to examine her on the limited issues surrounding the e-mails at issue.

Plaintiff has demonstrated herein that Paradox has failed to produce certain
important documents in its first two limited document productions that resulted in a
production of only 56 separate documents; on the other hand, its licensee, Dark Horse,
produced 2009 pages of materials and hundreds of pages concerning communications
with Paradox. This difference in magnitude is quite telling.

Merely, as an example, in August of 2005, Mr. Malmberg wrote with respect to
Red Sonja, in pertinent part:

My more sinister self, whispers that **we should deliver a more serious blow – disarming them forever by launching the real RED SONYA of Rogatine**, as a start of the 'Commemorating 100 years of ROBERT E. HOWARD". Great art (she can have red hair!!), a super story, and a really clever marketing campaign. Maybe even launch that title into 'Heroines of REH' series alternating comics of Agnes the Swordswoman, Black Vulmea, Red Sonja, etc.

(Emphasis added)    This same e-mail contains references to Plaintiff's "Red Sonja character. Similarly, Paradox failed to produce the following e-mail:

- From **Mr. Malmberg** to Dark Horse Comics, dated March 11, 2004, responding to an e-mail that addresses the introduction of a new character described by Dark Horse as, "a sort of wildwoman assassin/mercenary **not unlike Red Sonja**" is an idea that "sounds great" (Emphasis added)

- In response to this e-mail**, Mr. Malmberg** stated "if we treat her right, we can build her up in one-shots and in other product categories as well (we'll put her in the videogames and the toy lines). (Emphasis added)

Examples of other relevant e-mails that Paradox failed to produce are described at page 5 above.

Paradox has no justifiable excuse for failing to produce these documents and, in fact, the Advisory Committee to the Federal Rules of Civil Procedure expressly provided for a deposition to be continued when "documents have been requested but not produced, that may justify further examination once production has occurred. " Fed. R. Civ. Pro. 30(d)(2), Advisory Committee Notes (2000).

Mr. Malmberg's continued deposition, however, should not be taken until Red Sonja receives the supplemental production that Paradox's counsel stated was forthcoming in his February 15, 2007 e-mail, so that any further motion practice may be avoided. In addition, Mr. Malmberg's deposition should wait until Paradox provides an appropriate Rule 30(b)(6) witness(es) so Plaintiff may ascertain whether an appropriate

search took place to look for and identify relevant documents, who determined relevance, and to explain why certain documents which should have been produced were not in fact provided. Furthermore, Plaintiff will inquire as to whether Paradox's server and backup systems have been or can be reviewed to determine whether additional responsive documents exist. Obviously, the answers of Messrs. Malmberg and Sederowsky as they concerned Paradox's production were inaccurate or incomplete because they did not and cannot adequately explain the holes in Paradox's production (as definitively evidenced by Dark Horse's production), and whether those holes can now be filled.

Accordingly. for the reasons set forth above, Plaintiff would respectfully request that it be permitted to continue the deposition of Mr. Malmberg.

**B.    Paradox Should Be Compelled To Produce Witness(es)
Pursuant To Red Sonja's Rule 30(b)(6) Notice of Deposition**

Federal Rules of Civil Procedure Rule 30(b)(6) provides that:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matter on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. Thus subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Paradox has refused to produce a Rule 30(b)(6) witness to testify as to the circumstances of Mr. Sederosky's dismissal[8] and to custodial issues and the documents

---

[8]    Paradox's counsel asked whether Red Sonja, as an accommodation, would agree to propound interrogatories to it seeking information regarding Mr. Sederowsky's dismissal and that they would agree to provide responses within five days. Plaintiff took such request under advisement, and subsequently indicated that it would agree, on the conditions that if, Paradox's responses

produced in this action. Paradox ignored the date of such deposition and did not move for a protective order.

"The Federal Rules of Civil Procedure allow for a broad scope of discovery that is not limited to admissible evidence, but evidence that is reasonably calculated to lead to the discovery of admissible evidence." Jurimex Kommerz Transit G.M.B.H. v. Case Corp., No. Civ. A. 00-083, 2005 WL 440621, at *3 (D. Del. Feb. 18, 2005) In Jurimex, the corporate defendant refused to produce a witness in response to a Notice of Deposition pursuant to Rule 30(b)(6). The Court held that the defendant "must produce for deposition one or more corporate witnesses that satisfy the requirements of Federal Rule of Civil Procedure 30(b)(6) by being prepared to testify with knowledge of [the subject matter in the notice.] Id. at *3 (emphasis added) "[T]he deponent has a duty of being knowledgeable on the subject matter identified as the area of inquiry." Id. at *3 (citation omitted.) See Enzo Life Sciences, Inc. v. Digene Corp., 2003 WL 21402512, at *3 (D. Del. June 10, 2003) (motion for a protective order seeking to quash a Rule 30(b)(6) notice refused where it was not "unnecessarily duplicative and unduly burdensome.")

Here, Paradox cannot claim that information related to the employment of, and subsequent termination of, Mr. Sederowsky was previously asked at anyone's deposition as it had not occurred when Messrs. Malmberg and Sederowsky's depositions were taken in 2006.

As far as custodial and document issues goes, the answers previously provided by

---

were inadequate, Paradox would then provide a witness to testify to such subject areas and that it would produce the requested Rule 30(b)(6) witness(es) to address custodial and document issues. Paradox did not agree to the above, never responding to Plaintiff's condition that it be given the right to depose a live witness if Paradox's responses were inadequate and the further purporting to claim that it does not have a Rule 30(b)(6) witness to testify.

14

Messrs. Malmberg or Sederowsky at their depositions were inaccurate, incomplete or without basis because, predicated upon such testimony, all responsive documents were supposed to have been produced. Clearly, they were not.  Plaintiff took Paradox's representatives at their word that a diligent production had been made.  Their testimony would not have provided any basis to believe that critical and responsive documents once existed, but had not been produced by Paradox, which Plaintiff only learned existed by subpoenaing Paradox's licensee.  (See Sederowsky Dep., p. 172, l. 3 – p. 173, l. 3; Malmberg Dep., p. 137, l. 6 – p. 140, l. 4; p. 149, l. 17- p. 153, l. 22; p. 227, l. 11 – p. 230, l. 17)  Without a Rule 30(b)(6) deposition, it will not be possible to determine what other documents have not been produced.  Obviously, Paradox now has been "caught short" with respect to its responses to Plaintiff's Request for Documents and  Red Sonja is entitled to answers why all documents were not produced by Paradox.

Such 30(b)(6) witness can be prepared by Paradox's counsel, whether it be Mr. Malmberg himself or Paradox's Information Technology person who apparently, according to counsel, recently located undisclosed relevant materials that had not been produced and which unnamed person may be **REDACTED** as referenced by Mr. Malmberg in his deposition testimony or any other appropriate person for that matter. (Malmberg Dep., p. 139, l. 2-4)  The law does not permit Paradox to be able to claim that its employees who dealt with document issues, including conveniently Mr. Sederowksy, Paradox's former President, are no longer under its control, and therefore that it is exempt from providing such a witness.  (Ex. D at p. 2)  Such obstructionist behavior should not be condoned, and this Court should require the production of an appropriate Rule 30(b)(6) witness.

C.     **Paradox Should Be Compelled To Search For All Documents In Its Possession Concerning The Characters Red Sonja And Red Sonya**

Paradox admits that it possesses additional responsive documents, the substance of which Plaintiff has no idea, because they have yet to be produced. Why has Paradox waited until the close of discovery to produce such documents, which even now have yet to be provided? In addition to Instruction No. 20 contained in Plaintiff's First Request for the Production of Documents informing Defendant of its obligation to supplement its document production, how is it that Paradox forgot about its affirmative duty to supplement under F.R.C.P. 26(e). Paradox's excuse that certain e-mails from August and September 2006 were just "so recent" that Plaintiff should not have expected them to have been previously provided them should not be accepted. Paradox cannot credibly claim that such relevant e-mails and "so recent" that they should not have been produced by December 1, 2006, when the Initial Scheduling Order called for the completion of all fact discovery.[9]

Paradox admits that it has a "mail server, a big server. That's backed up. So everything, and that containing everything." (Malmberg Dep. at 139) Has this been reviewed? Are there backup tapes? Have they been restored? These issues are ones that Paradox's Rule 30(b)(6) deponent would have to answer. Plaintiff does not have knowledge concerning the above because Paradox's counsel has not provided it with such information.

---

9

REDACTED

Further, responsive documents for the period 2001 to the present should be produced in accordance with Plaintiff's First Request for the Production of Documents. Finally, promises by Paradox's counsel to provide Paradox's document retention policy and deletion policy to Red Sonja have gone unkept. For the foregoing reasons, Paradox should be compelled to search for and produce all documents concerning "Red Sonja" and "Red Sonya" in its possession, custody or control.

**D.    Red Sonja Is Entitled To Sanctions**
**For Being Forced To Bring This Motion**

Red Sonja never should have been forced to bring this motion to compel. Paradox's refusal to produce Mr. Malmberg for his continued deposition and to produce *any* Rule 30(b)(6) witness to testify to well-defined and limited matters cannot be countenanced. Federal Rule of Civil Procedure Rule 37(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

As set forth in detail above, Paradox's meritless position and repeated refusal to produce witnesses is sanctionable. Paradox has now caused Plaintiff to expend both of its two motions permitted under this Court's Scheduling Order due to its obstructionist behavior. Accordingly, as a sanction against Paradox, Plaintiff would respectfully submit that it should have re-instated its right to make a second motion to compel as well as Paradox being ordered to pay Red Sonja's reasonable attorneys' fees and costs incurred

in making the instant motion.

Plaintiff also requests that the March 1, 2007 fact discovery cutoff be extended as to Plaintiff, to permit Plaintiff to continue its outstanding discovery, including the discovery which Plaintiff has been forced to engage with Paradox's licensee's and their principals, as a result of the failures of Paradox to produce responsive documents.

## V.    CONCLUSION

Paradox's failure to produce relevant documents, even after many of those documents have been produced by Paradox's licensee is inexcusable. Furthermore, Paradox's failure to produce its President for a continued deposition and a Rule 30(b)(6) witness(es) is also without justification. Accordingly, respectfully request it motion should be granted in its entirety.

Dated:  February 27, 2007

Richard K Herrmann #405
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RED SONJA LLC,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        C.A. No. 06-270 SLR
                                        )
PARADOX ENTERTAINMENT, INC.,            )
                                        )
            Defendant.                  )
                                        )

INITIAL DISCLOSURES OF DEFENDANT/COUNTERCLAIM
PLAINTIFF PARADOX ENTERTAINMENT, INC.
PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant/Counterclaim Plaintiff Paradox

Entertainment, Inc. ("Paradox"), by its undersigned counsel, hereby submits its initial

disclosures and requests same from Plaintiff/Counterclaim Defendant Red Sonja LLC ("Red

Sonja").

A.    Individuals Likely to Have Discoverable Information

      Paradox hereby identifies those individuals likely to have discoverable information

which it may use to support its defenses or counterclaim. Paradox reserves the right to

supplement or amend this list of individuals, as appropriate.

| PERSON | SUBJECT OF INFORMATION |
| --- | --- |
| 1.  Fredrik Malmberg<br>Paradox Entertainment<br>8484 Wilshire Blvd. Suite 870<br>Beverly Hills, CA 90211 | Paradox's intellectual property |
| Peter Sederowsky<br>Paradox Entertainment<br>8484 Wilshire Blvd. Suite 870<br>Beverly Hills, CA 90211 | |
| Jack and Barbara Baum<br>126 Hurst Creek Road<br>Austin, TX 78734<br>(512)--282-5680 | |

125338.00601/11564229v.1

2.     Fredrik Malmberg                    Paradox's characters, including RED SONYA,
      Paradox Entertainment            CONAN and THULSA DOOM, and products
      8484 Wilshire Blvd. Suite 870     and services offered in connection therewith
      Beverly Hills, CA 90211

      Peter Sederowsky
      Paradox Entertainment
      8484 Wilshire Blvd. Suite 870
      Beverly Hills, CA 90211

      Joe Gatta
      Millennium Films
      6423 Wilshire Blvd.
      Los Angeles, CA 90046


3.     Fredrik Malmberg                    Paradox's Marketing
      Paradox Entertainment
      8484 Wilshire Blvd. Suite 870
      Beverly Hills, CA 90211

      Peter Sederowsky
      Paradox Entertainment
      8484 Wilshire Blvd. Suite 870
      Beverly Hills, CA 90211

      Mike Richardson
      Dark Horse Comics
      10956 SE Main Street,
      Milwaukie, OR 97222
      (503) 652 8815


4.     Fredrik Malmberg                    The business relationship between Paradox and
      Paradox Entertainment            Red Sonja, including its owner Arthur
      8484 Wilshire Blvd. Suite 870     Lieberman
      Beverly Hills, CA 90211

      Peter Sederowsky
      Paradox Entertainment
      8484 Wilshire Blvd. Suite 870
      Beverly Hills, CA 90211

      Arthur Lieberman, Esquire
      Ganfer & Shore LLP
      360 Lexington Avenue-14th Floor
      New York, NY 10017

125338.00601/11564229v.1

07/10/00

07/10/2006 16:16 FAX

Lonnie Ramati
Millennium Films
6423 Wilshire Blvd.
Los Angeles, CA 90048

Nick Barucci
Dynamic Forces, Inc.
155 Ninth Ave. Suite E
Runnemede, NJ 08078
856-312-1040

Luke Lieberman
Dynamic Forces, Inc.
155 Ninth Ave. Suite E
Runnemede, NJ 08078
856-312-1040

5.  Fredrik Malmberg                      History of RED SONYA and other Robert E.
    Paradox Entertainment                 Howard characters
    8484 Wilshire Blvd. Suite 870
    Beverly Hills, CA 90211

    Peter Sederowsky  \
    Paradox Entertainment
    8484 Wilshire Blvd. Suite 870
    Beverly Hills, CA 90211

    Jack and Barbara Baum
    126 Hurst Creek Road
    Austin, TX 78734
    (512) 282-5680

    Paul Herman
    Halliburton Energy Services, Inc.
    2601 Beltline Road
    Carrollton, TX 75006
    (972) 418-3571

    Mike Richardson
    Dark Horse Comics
    10956 SE Main Street,
    Milwaukie, OR 97222
    (503) 652 8815

    Russell E. Burke
    Johnson O'Connor Research Foundation, Inc.
    1120 Connecticut Ave NW, Suite 1060
    Washington, D.C. 20036
    (202) 828-8378

3

Roy Thomas
32 Bluebird Trail
St. Matthews, SC 29135

6.    Fredrik Malmberg           Red Sonja's intellectual property and use of
Paradox Entertainment        RED SONJA mark
8484 Wilshire Blvd. Suite 870
Beverly Hills, CA 90211

Peter Sederowsky
Paradox Entertainment
8484 Wilshire Blvd. Suite 870
Beverly Hills, CA 90211

Jack and Barbara Baum
126 Hurst Creek Road
Austin, TX 78734
(512) -282-5680

Mike Richardson
Dark Horse Comics
10956 SE Main Street,
Milwaukie, OR 97222
(503) 652 8815

**B.**    <u>**Documents, Data, Compilations and Tangible Things**</u>

Paradox hereby describes all documents, data, compilations and tangible things that

are in its possession, custody or control which it may use to support its claims or defenses.

Paradox reserves the right to supplement or amend its responses as appropriate.

1.    Certain Paradox marketing materials related to its characters. Copies of these

materials will be available for inspection and copying at Blank Rome LLP, One Logan

Square, Philadelphia, PA 19103.

2.    Certain website, press release, and marketing materials of Red Sonja and its

licensees related to Red Sonja's characters. Copies of these materials and reports will be

available for inspection and copying at Blank Rome LLP, One Logan Square, Philadelphia,

PA 19103.

4

3.     Certain documents related to RED SONJA trademark registrations and applications. Copies of these materials will be available for inspection and copying at Blank Rome LLP, One Logan Square, Philadelphia, PA 19103.

4.     Certain documents related to business transactions between Paradox and Red Sonja, including its owner Arthur Lieberman. Copies of these materials will be available for inspection and copying at Blank Rome LLP, One Logan Square, Philadelphia, PA 19103.

5.     Certain documents related to communications between Arthur Lieberman and individuals at Paradox. Copies of these materials will be available for inspection and copying at Blank Rome LLP, One Logan Square, Philadelphia, PA 19103.

6.     All documents attached as an exhibit to any pleading filed by Paradox or Red Sonja. All documents provided by Red Sonja as part of their initial disclosures or in response to discovery.

C.     **Computation of Damages**

In its counterclaims, Paradox seeks cancellation of Red Sonja's trademark registration, declaratory relief, attorneys' fees, costs, and monetary and punitive damages stemming from Paradox's abuse of process and unfair competition counterclaims. Paradox also seeks compensation for loss of reputation. It is premature to discuss computation of Paradox's monetary damages, and Paradox reserves the right to supplement or amend this disclosure.

D.     **Insurance Agreements**

        None.

Dated: July 10, 2006                            BLANK ROME LLP


                                        By: /Thomas P. Preston/_____
                                            Thomas P. Preston, Esquire (Del. Bar #2548)
                                            1201 Market Street, Suite 800
                                            Wilmington, DE 19801
                                            Telephone: (302) 425-6400
                                            Facsimile: (302) 425-6464
                                            preston-t@blankrome.com

                                            *Attorneys for Defendant/Counter-Plaintiff*
                                            *Paradox Entertainment Inc.*

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

                                    6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RED SONJA LLC,                        )
                                      )
            Plaintiff,                )
                                      )
v.                                    )          C.A. No. 06-270 SLR
                                      )
PARADOX ENTERTAINMENT, INC.,          )
                                      )
            Defendant.                )

## CERTIFICATE OF SERVICE

I, Emily J. Barnhart, do hereby certify that I have on this 10th day of July, 2006, mailed

by first class United States Mail, postage prepaid, and faxed the foregoing PARADOX

ENTERTAINMENT INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P.

26(A)(1) to the following:

> Richard K. Herrmann, Esquire
> MORRIS, JAMES, HITCHENS & WILLIAMS LLP
> 222 Delaware Avenue
> Wilmington, DE 19801-1621
> Facsimile: (302) 571-1750
>
> Attorneys for Plaintiff/Counterclaim Defendant
>   Red Sonja LLC

Emily J. Barnhart

7

# EXHIBIT B

RECEIVED

JUL 3 1 2006

RICHARD K. HERRMANN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

RED SONJA LLC,                          :
                                        :
            Plaintiff,                  :        C.A. No. 1:06-CV-00270 (SLR)
                                        :
    v.                                  :
                                        :
PARADOX ENTERTAINMENT INC.,             :
                                        :
            Defendant.                  :
                                        :
-------------------------------------------------------X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## FIRST AND SECOND SET OF INTERROGATORIES

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by and through its

attorneys, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby responds

to Plaintiff Red Sonja LLC's ("Plaintiff" or "RS") first and second set of interrogatories as

follows:

## GENERAL OBJECTIONS

Defendant makes its objections to specific Requests by, among other things,

incorporating by reference the following objections.

A.        These responses represent Defendant's reasonable effort to provide information in

response to the requests based upon information in its possession, custody or control, and based

upon current knowledge. Defendant has not concluded its investigation into the facts relating to

this action, its formal discovery, or its preparation for trial. Defendant, therefore, expressly

reserves the right to produce additional documents and things regarding subsequently discovered

facts, to alter or amend its responses as set forth herein, and otherwise to assert factual and legal contentions as additional facts are asserted, analyses are made and legal research completed.

B.     Defendant objects to each and every request to the extent that it does not contain either a limitation on time or scope or a reasonable limitation on time or scope.

C.     Defendant objects to the requests to the extent that the requested documents and things are subject to any privilege or exemption, including, but not limited to, the attorney-client privilege, work product doctrine, and any other applicable privilege or exemption afforded under state or federal law.

D.     Defendant objects to Plaintiff's introduction, definitions, instructions and requests to the extent that they seek to impose a duty on Defendant that exceeds or alters the permissible scope of discovery under Rule 26 of the Federal Rules of Civil Procedure or by the scheduling order entered in this proceeding.

E.     Defendant objects to the requests to the extent they seek information or documents involving or relating to trade secrets or other confidential and highly sensitive research, development, proprietary or commercial information, and will not produce the same without the protection of a two-tiered protective order adequate to protect Defendant's highly sensitive information.

F.     To the extent that Defendant responds to any request, it does not concede that the document and things requests are relevant to this action. Defendant has responded to the requests without waiving or intending to waive any objection to competency, relevancy or admissibility as evidence of any matter of any of the documents and things and to the introduction into evidence of any related information. Furthermore, a partial response to any

2

request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

      G.    Defendant objects to the requests to the extent they seek information other than that which may be obtained through a reasonably diligent search of its records.

      Subject to and without waiving the foregoing general objections, Defendant responds to the requests as follows:

<u>RESPONSES</u>

## <u>INTERROGATORY NO. 1</u>

      Identify all person(s) with knowledge of each of the facts relating to any of the Defendant's Affirmative Defenses, and indicate which person(s) has knowledge of which affirmative defense and summarize and identify all documents and evidence relevant to each Affirmative Defense and known to the Defendant to the time of pleading.

## <u>ANSWER</u>

      Subject to the general objections, Defendant objects to this interrogatory as it is overbroad, unduly burdensome, and as it encompasses more than one interrogatory. Defendant objects to this interrogatory as it seeks information related to legal conclusions to which no response is required. Defendant further objects to this interrogatory as it is premature, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and as it seeks information already provided to Plaintiff in Defendant's Initial disclosures. Notwithstanding these objections and the general objections, Defendant refers Plaintiff to the individuals referenced in its Initial Disclosures as those likely to possess information relevant to Defendant's Affirmative Defenses. By way of further answer, Defendant refers Plaintiff to the documents to be produced in Defendant's document production, which will be produced in accordance with the Federal Rules of Civil Procedure and pursuant to entry of a suitable

3

125338.00601/11570319v.1

protective order.

## INTERROGATORY NO. 2

Identify all person(s) with knowledge of each of the facts relating to any of Defendant's Counterclaims and summarize and identify all documents and evidence relevant to each counterclaim and known to the Defendant at the time of pleading.

## ANSWER

Defendant incorporates herein its Response to Interrogatory No. 1.

## INTERROGATORY NO. 3

Identify all consultants (employed, independent, or unpaid) of Defendant who in any way rendered advice or upon whose advice Defendant relied regarding motion pictures, merchandise, fantasy and Red Sonja and/or Red Sonya.

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is overbroad, vague, ambiguous and unduly burdensome. Defendant further objects to this interrogatory as seeking information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections and the general objections, Defendant responds that it has utilized no consultants regarding "Red Sonja," as "Red Sonja" relates to a character and mark allegedly owned by Plaintiff. By way of further answer, Defendant responds that it has not utilized any consultants related to the topics identified in this interrogatory.

## INTERROGATORY NO. 4

Is the word "famous," as used in Defendant's Answer, Counterclaims, and Affirmative Defenses, intended to embrace the special meaning of the word in the trademark statutes? If so, identify all documents and other evidence which supports the statement set for in Defendant's Answer, Counterclaims, and Affirmative Defenses that the trademark "Conan" is "famous."

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is

4

overbroad, vague, ambiguous, unduly burdensome, and as it encompasses more than one

interrogatory. Defendant objects to this interrogatory as it seeks information related to legal

conclusions to which no response is required. Defendant objects that this interrogatory is not

reasonably calculated to lead to the discovery of relevant and admissible information. Defendant

further objects to this interrogatory as it implies that the use of the word famous in Defendant's

Answer, Counterclaims, and Affirmative Defenses has been made only in connection with

Defendant's famous CONAN character and mark. Notwithstanding these objections and the

general objections, Defendant made further use of the word famous in connection with refuting

that the RED SONJA mark allegedly owned by Plaintiff is a famous mark as alleged in the

Complaint. In such instance, Defendant intended the use of the word "famous" "to embrace the

special meaning of the word in the trademark statutes." By way of further answer, Defendant's

"CONAN" mark is famous.

## INTERROGATORY NO. 5

Identify all persons and/or entities with whom and/or which the Defendant had any
communication relating to Red Sonja or Red Sonya, the date of such communication, the
participants, and the entities represented by such participants, and identify and summarize in
detail all documents and evidence relevant or pertaining to any such communication.

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is

overbroad, vague, unduly burdensome, and as it encompasses more than one interrogatory.

Notwithstanding these objections and the general objections, Defendant refers Plaintiff to the

documents to be produced in Defendant's document production related to Red Sonja and Red

Sonya, which will be produced in accordance with the Federal Rules of Civil Procedure and

pursuant to entry of a suitable protective order.

125338.00601/11570319v.1

## INTERROGATORY NO. 6

Identify each communication relating to Red Sonja and/or Red Sonya which has been deleted or destroyed through any means and, as to each such communication, identify the person(s) with knowledge of the circumstances of the deletion and/or destruction.

## ANSWER

Subject to the general objections, Defendant is aware of no responsive information to this

interrogatory.

## INTERROGATORY NO. 7

List all payments, communications related to any payments, and/or agreements relating to current or future payments (collectively, "Payments") to Paradox officers Peter Sederowsky, Frederik Malmberg, and/or any individuals or entities related to them, from any present or prospective licensees of any Robert E. Howard characters owned and/or controlled -- or purportedly owned an/or controlled -- by Paradox including, without limitation, Conan the Barbarian, Kull of Atlantis, Solomon Kane, Mutant Chronicles, Bran Mak Morn, Dark Agnes, and Red Sonya and/or Red Sonja and the purported consideration for such Payments, including the date the Payment was made and/or to be made and the amount paid and/or to be paid.

## ANSWER

Subject to the general objections, Defendant objects to this interrogatory as it is overly

broad, unduly burdensome, vague, ambiguous, and as it encompasses more than one

interrogatory. Defendant objects to this interrogatory as it is incomprehensible, and, therefore,

unanswerable. Defendant objects to the reference to "Mutant Chronicles" in this interrogatory as

Mutant Chronicles is not a Robert E. Howard-created character. Defendant further objects to this

interrogatory as seeking information not reasonably calculated to lead to the discovery of

relevant and admissible evidence, particularly given its reference to numerous characters and

marks wholly unrelated this the instant litigation. Notwithstanding these objections and the

general objections Defendant is aware of no responsive information regarding payments to Peter

Sederowsky and Frederik Malmberg regarding "Red Sonja" licenses, as "Red Sonja" is a

6

character purportedly owned by Plaintiff. By way of further answer, Defendant is aware of no responsive information and of no payments to Peter Sederowsky and Frederik Malmberg regarding RED SONYA licenses.

## INTERROGATORY NO. 8

Provide the date that Paradox and/or its corporate parent was informed of any such Payment and identify all documents reflecting any such Payment and any communication relating thereto.

## ANSWER

Defendant incorporates herein its Response to Interrogatory No. 7.

BLANK ROME LLP

Dated: July 28, 2006                    By: _____

Timothy D. Pecsenye, Esquire
Emily J. Barnhart, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, Pennsylvania 19103
(215) 569-5619

7

## CERTIFICATE OF SERVICE

I, Emily J. Barnhart, hereby certify that on this 28th day of July, 2006, a true and correct

copy of Defendant's Response to Plaintiff's First and Second Set of Interrogatories was served

upon attorneys for Plaintiff via U.S. First Class Mail, postage prepaid, as follows:

> Richard K. Hermann, Esquire
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue
> Wilmington, DE 19801-1621

Emily J. Barnhart



**paradox**
entertainment

<u>**VERIFICATION**</u>

Peter Sederowsky states that he is the President and Chief Executive Officer of Paradox Entertainment, Inc. and further declares:

I have participated in the production of information contained in the foregoing Defendant's Response to Plaintiff's First and Second Set of Interrogatories. Some of the information included I know of my own personal knowledge; some I am informed and believe that the facts stated are true; and some I have been provided by counsel, and on those grounds allege that the claims contained in the Response are the position of Paradox Entertainment, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 27, 2006.

_____
Peter Sederowsky

8484 WILSHIRE BLVD
SUITE 870
BEVERLY HILLS, CA 90211
PHONE (323) 655 1700
FAX (323) 655 1720
www.paradox-entertainment.com

125338.00601/11570319v.1

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-270 SLR |
| | ) |
| PARADOX ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Red Sonja LLC ("Plaintiff" or "Red Sonja") requests that Defendant Paradox Entertainment, Inc. ("Defendant" or "Paradox") respond to Plaintiff's First Request for the Production of Documents (the "Request") within thirty days of service.

## DEFINITIONS AND INSTRUCTIONS APPLICABLE TO ALL REQUESTS

1.      Unless otherwise stated herein, the relevant time period encompassed by these Requests is from January 1, 2001 through to the date upon which response is made.

2.      Local Rules of the Civil Practice and Procedure of the United States District Court for the District of Delaware ("D. Del. LR.") 5.4 and 26.1 are incorporated herein.

3.      "Communication" means any oral or written statement, dialogue, colloquy, discussion, conversation, agreement, document, or any other transmittal of information in the form of facts, ideas, media, or otherwise.

4.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any

written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed including, but not limited to, correspondence, memoranda, emails, notes, messages, letters, telegraphs, teletype, telefax bulletins, interoffice and intraoffice telephone calls, diaries, chronological compilations, minutes, books, reports, charts, ledgers, invoices, work sheets, receipts, returns, computer printouts, electronically stored data, diskettes, backup tapes, CDs, prospectuses, financial statements, schedules, surveys, affidavits, contracts, cancelled checks, transcripts, statistics, magazine or newspaper articles, releases, graphs, photographs, charts, microfiche, microfilm, videotape, motion pictures, and electronic, mechanical, or electric recordings or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings). Any draft or non-identical copy of any document is a separate document within the meaning of this term.

5.    The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party means the party and, where applicable, its officers, directors, employees, consultants, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6.    "Concerning" means relating to, describing, evidencing, or constituting.

7.    "Paradox" means Defendant Paradox Entertainment, Inc. and any of its related companies, related entities, officers, directors, employees, agents, representatives, independent contractors, consultants, franchisees, licensees, and any other individual or entity acting on its behalf or in collusion with it.

8.    "Person" means any natural person, individual, proprietorship, partnership, corporation, association, joint venture, firm, other business enterprise, governmental body, group

2

of natural persons, or other entity.

9.    "Refer" means to make reference to, to be about, to have to do with, to pertain to, and/or to relate to.

10.    As used herein, the singular and masculine form of noun and pronoun shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

11.    The term "all documents" means every document or group of documents or communications as above defined known to you, and every such document or communication which can be located or discovered by reasonably diligent efforts.

12.    The use of any singular form of any word includes the plural and vice versa.

13.    The terms "all" and "each" shall be construed as all and each.

14.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

15.    Each request refers to all documents that are either known by any party to exist or that can be located or discovered by reasonably diligent efforts by any party.

16.    All documents covered in the Request shall be produced in any orderly manner, and with appropriate markings or other identification, so that the Plaintiff will be able to identify the source of the document, the file in which it was maintained, the person to whom such file belonged, and the number of the document request to which it responds.

17.    Each person answering these Requests is under a duty to supplement or amend a prior response if he or she obtains information upon the basis of which he or she knows that the response was incomplete or incorrect when made, or he or she knows that the response, although

3

complete or correct when made, is now incomplete or incorrect.

18.    If any document was but no longer is in your possession or subject to your custody or control or in existence, state if: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred, voluntarily or involuntarily, to others; or (d) it has been disposed of otherwise. In each instance, explain the circumstances surrounding each disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, and the author's address, type (e.g. letter, memoranda, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s) and state if the document (or copies) are still in existence.

19.    If any document is withheld on the basis of a claim of privilege, state with respect thereto the privilege relied upon, the holder of the privilege, the type of the document (e.g. letter, memoranda, etc.), the date, the author, the addressee or addressees, and the subject matter.

## REQUESTED DOCUMENTS

1.      All documents concerning any communication between Paradox and Dark Horse Comics relating to Red Sonja and/or Red Sonya.

2.      All documents concerning any communication between Paradox and Dark Horse Comics relating to Conan the Barbarian and cross-overs.

3.      All documents concerning the use by Paradox of the trademark designation "®" in any manner including, but not limited to, the use of the symbol "®" prior to a grant of an appropriate United States registration.

4.      All documents concerning all trademark amendments filed by Paradox where any such amendments purport to be corrective or supplemental to any filing deficiency or to otherwise comply with directives, requests, instructions, or solicitations of or by the United States Patent and Trademark Office.

5.      All documents concerning the characters Red Sonja or Red Sonya, the development of same, the acquisition of same, the registration of same as property, the use of same, and any purported differences between them.

6.      All documents concerning licensing of any Red Sonya intellectual property including, but not limited to, specific Red Sonya licensing and/or Robert E. Howard property generically.

7.      All documents relating to any communication concerning any negotiation with any entity or person relating to any motion picture and any fees (including producer fees) paid or to be paid to any person or entity related to Paradox from January 1, 2005 to the present.

8.      All contracts or agreements between Paradox and Dark Horse Comics.

9.      All documents concerning any consultant (employed, independent, or

5

otherwise) of Paradox including, but not limited to, any person who provided services of any kind in relation to motion pictures concepts, projects, or merchandising concerning Red Sonja and/or Red Sonya.

10.    All documents concerning the word "famous, " as that word is used in relation to intellectual property rights or purported rights including, but not limited to, how that concept applied, applies, or might apply to Conan the Barbarian.

11.    All documents concerning any communication by or with Paradox and any person or entity concerning Red Sonya.

12.    All documents concerning Newsarama.com.

13.    All documents concerning the Hollywood Reporter.

14.    All documents concerning Paradox' website.

15.    All documents concerning Red Sonya and the Hyborian Age.

16.    All documents concerning any communication relating to the effort by Paradox to register the mark Hyboria in any country.

17.    All documents concerning any communication between Paradox and Nu Image.

18.    All documents concerning any communication between Paradox and Warner Brothers in 2006.

19.    All documents concerning the continuous uses of the Red Sonja and/or Red Sonya marks.

20.    All documents concerning any reference to Red Sonja and/or Red Sonya on Paradox' website.

21.    All documents concerning any communication between Paradox and any of its licensees concerning Red Sonja and/or Red Sonya.

6

22.    All documents concerning potential or actual confusion, dilution, and/or blurring that might arise out of the use of Red Sonja and/or Red Sonya in commerce.

23.    All documents concerning the actual or potential promotion, marketing, sales, and revenues to be had through the use of Red Sonya in commerce.

24.    All documents concerning the use in commerce of Red Sonya as a distinct character created by Robert E. Howard.

25.    All documents concerning the value of the marks Conan the Barbarian, Red Sonja, and/or Red Sonya as distinct characters.

26.    All documents concerning the affirmative defenses asserted by Paradox.

27.    All documents supporting the "successful brand" of Red Sonya as described on Paradox' website.

28.    All documents supporting Paradox' use or intent to use "Hyboria" or derivative concepts in commerce in the categories set forth in the trademark filings before the United States Patent and Trademark Office.

29.    All documents concerning press or publicity releases by Paradox from January 1, 2003 to the present.

30.    All documents concerning any media coverage referring or relating to Paradox.

31.    All documents concerning any communication involving Roy Thomas.

32.    All documents concerning any communication with licensees of any Robert E. Howard characters concerning Red Sonja and/or Red Sonya including, but not limited to, any contracts or agreements concerning same.

33.    All documents concerning the statement in the application to register the trademark Hyboria to the effect that no other person has the right to use Hyboria in interstate

7

commerce.

34.    All documents identifying the preparer of the application for trademark registration of Hyboria.

35.    All documents furnished to the preparer of the application for trademark registration of Hyboria.

36.    All documents concerning any communication between Paradox and the preparer of the application for trademark registration of Hyboria.

Dated: July 6, 2006

Richard K. Herrmann #405
MORRIS JAMES HITCHENS & WILLIAMS, LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

-- And --

Thomas J. Curran
Ira B. Matetsky
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York  10017
(212) 922-9250

Attorneys for Plaintiff RED SONJA LLC

8

# EXHIBIT D

## Hal N. Beerman

**From:** Mark Berman
**Sent:** Thursday, February 22, 2007 2:34 PM
**To:** Hal N. Beerman
**Subject:** FW: Red Sonja >

 

DOC106.PDF (106    DOC107.PDF (42
KB)                KB)

-----Original Message-----
From: Herrmann, Richard K. [mailto:RHerrmann@morrisjames.com]
Sent: Monday, February 19, 2007 5:15 PM
To: Preston-T@blankrome.com
Cc: Mark Berman
Subject: Fw: Red Sonja >

Tom

It was good talking with you today. I called Mark Berman after our discussion and learned
we have a problem.

As you will see from the email string below, we were in the midst of a meet and confer
last week with fact discovery over on March 1st. When on Friday when we responded to Tim's
Thursday email, a auto reponse was sent that he is out of the office until the end of the
month.

Please let me know who, with authority, will be concluding the meet and confer. We are
under a tight deadline with depositions noticed.

Thanks.




Richard K Herrmann, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306
(For courier deliveries, the zip code is 19801) rherrmann@morrisjames.com
302 888 6816 Direct Dial
302 571 1750 Fax
www.morrisjames.com

_____

This communication may be subject to the attorney-client privilege or the attorney work
product privilege or may be otherwise confidential.  Any dissemination, copying or use of
this communication by or to anyone other than the designated and intended recipient(s) is
unauthorized.  If you are not the intended recipient, please delete or destroy this
communication immediately.

_____

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform
you that any U.S. federal tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of
(1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

-----Original Message-----

From: Mark Berman <mberman@ganshore.com>
To: Pecsenye, Timothy <Pecsenye@BlankRome.com>
CC: Herrmann, Richard K.
Sent: Fri Feb 16 15:26:57 2007
Subject: RE: Red Sonja

   <<DOC106.PDF>>  <<DOC107.PDF>>
   Tim:  We are in receipt of your e-mail.  Notwithstanding the below, you know a client is
required to produce a 30(b)(6) witness if requested, even if counsel needs to prepare such
person for his/her testimony, and we expect that you will do so next week.    Are you
saying that you have no control over Ms. Gottesman or Mr. Kramps?  By the way, what is
their current addresses, and, if you do not know, please advise as to their last known
addresses.  I am not going to respond to each of your document issues, but clearly you are
well aware of your independent duty to supplement.  Just, by way of example, we enclose
the following two e-mails.  Please explain why these two emails are not relevant and why
we should be precluded from questioning Mr. Malmberg about them.    Are you willing to
extend the discovery period to address your client's deficiencies in their production?
We await your client's supplemental production of additional documents.    So I ask again,
are you willing to produce Mr. Malmberg for a one-half day deposition in California and
30(b)(6) witness?  Mark

---

From: Pecsenye, Timothy [mailto:Pecsenye@BlankRome.com]
Sent: Thursday, February 15, 2007 5:04 PM
To: Mark Berman
Cc: Herrmann, Richard
Subject: RE: Red Sonja


Mark:

It should be noted that the Legal Department at Paradox in the summer of 2006 was Peter
Sederowsky, paralegal Gail Gottesman, and German attorney/US intern Nina Kramps.  As you
know from prior testimony, it was the legal department that undertook the search for
responsive documents.  All three of them are no longer with the company, so it is
difficult for me to ask them the questions necessary to precisely respond to a few of your
questions.

The e-mails generated to or from Fred Malmberg fall into several categories [as well as
into the categories set out in my earlier email]:

1.  materials after 8/4 when the sweep was undertaken;

2.  materials which were not produced because they were not responsive to a request;

3.  materials which were so de minimis that they were deleted from the computer at the
time sent or received.

In the course of our recent review, we have also found:

4.  Materials which were sent or received by Fred since Plaintiff's original request.  We
will supplement as necessary;

5.  Some additional materials which an IT person was able to find mentioning Red Sonja
which were not found before;

Paradox is sending me a box with these documents, although I am told it is not that many
documents.  Once we receive them, we can discuss and further supplement the production.
Until that time, it does not make sense to schedule any depositions.  -Tim

---

From: Mark Berman [mailto:mberman@ganshore.com]
Sent: Thursday, February 15, 2007 4:15 PM
To: Pecsenye, Timothy

Cc: Herrmann, Richard
Subject: RE: Red Sonja

Tim: We await your additional response to the other items we had raised. Obviously, based on your e-mail no one is showing up tomorrow in Delaware. When next week will you be making someone available for our 30(b)(6) deposition. Mark

Mark:

The day is not over. I do not have a complete answer to all the questions, but here are a few points. Insofar as you have not specifically identified which emails you are referring to, it is difficult for me to specifically say one way or another regarding our position with respect to production. If you are able to identify which emails, I can specifically address each one. Otherwise, here are some general observations regarding the emails produced by Dark Horse.

Emails between the people at Paradox and Dark Horse related to non-RED SONJA/YA matters, such as CONAN, were not responsive to the document request. As you know, we did not produce or search for any "CONAN" emails or documents because we objected to production of CONAN-related materials.

Some of the emails related to "RED SONJA" with Dark Horse were from 2004 and related to a CONAN-RED SONJA comic book. There must have been an agreement between Red Sonja (Corp./Inc.) and a Conan company at that time because the email chain also includes permissions from A. Lieberman to use RED SONJA in those instances. This was prior to Paradox's purchase of RED SONYA and are irrelevant to this law suit.

Additionally, if Red Sonja wanted to question Fred Malmberg at the time of his deposition regarding the relationship between the parties relating to co-marketing and licenses regarding CONAN-RED SONJA comics prior to 2006, Arthur Lieberman surely had knowledge on this subject. As you know, Mr. Lieberman "ran" the Conan company and was involved and communicating with Dark Horse at the same time about such arrangements.

Further, we objected to the time period referenced in the Red Sonja document requests. The instructions for the document requests sought all documents from 2001 forward, unless otherwise indicated. In Paradox's general objections to the document requests, we included an objection: "Defendant objects to each and every request to the extent that it does not contain either a limitation on time or scope or a reasonable limitation on time or scope." Further, we stated "Subject to and without waiving the foregoing general objections, Defendant responds to the requests as follows:" With respect to Red Sonja's First document request seeking, "All documents concerning any communication between Paradox and Dark Horse Comics relating to Red Sonja and/or Red Sonya," we responded "Defendant will produce responsive, non-privileged documents in its possession, subject to entry to a suitable two-tiered protective order in this action." We did not specifically reference any objection to the time period in the response because we had a standing general objection to the reasonableness of the time period.

Not withstanding that objection--instructions to Paradox in looking for responsive documents, was not time limited.

Some of the emails were not produced because they did not exist at the time of production. Many of the emails are so recent (in later half of 2006) that they were written after Paradox's document production. These emails include reams of discussions between Dark Horse and Paradox in which Paradox is asking Dark Horse to compile all the examples of Dynamic Forces' copying of CONAN comic layouts, ideas, and other bad behavior in RED SONJA comics. The emails are so recent, that they were created after Paradox's initial production.

We are attempting to confirm the electronic document retention/deletion policy. We will be in contact shortly once we have the definitive answer.
As for the deposition you noticed, we made clear at Mr. Lieberman's deposition that it would not go forward as noticed/scheduled. Please send the interrogatories relating to Peter Sederowsky to us and we will respond.

I will be in touch tomorrow to discuss the other issues not addressed by this email. As

we discussed, I will be in New York tomorrow.  -Tim

Timothy D. Pecsenye | Partner | Blank Rome LLP
One Logan Sq, 130 N 18th St | Philadelphia, PA 19103-6998
Phone: (215)569-5619 | Fax: (215)832-5619 | Email: Pecsenye@BlankRome.com

_____

From: Mark Berman [mailto:mberman@ganshore.com]
Sent: Wednesday, February 14, 2007 5:18 PM
To: Pecsenye, Timothy
Cc: Herrmann, Richard
Subject: Red Sonja

Tim:  We write in furtherance of our meet and confer conversation of yesterday with
Richard and me.  We have not heard from you today as you had promised.

In any event, yesterday, you had committed to advise us today regarding the reasons why
your client may contend that certain documents produced by non-parties received or
authored by representatives of your client were allegedly properly not contained in
Paradox's document production.  You indicated that you addressed this situation with your
client last Friday after Arthur's deposition, and that you were waiting for an explanation
from your client.

It is due to this lack of an appropriate production by Paradox that we included in our
client's 30(b)(6) notice a person who is the custodian of Paradox's records, has knowledge
of Paradox's record retention policy and the documents produced in this action.  That
deposition remains scheduled for this Friday.

As for the other subject areas which we noticed in the 30(b)(6) deposition, as we
discussed yesterday, those referred to Peter's leaving Paradox.  You had asked Arthur and
me last Thursday whether we would agree, in lieu of a providing a deponent to testify
concerning Peter leaving the company, to accept interrogatory answers to questions posed
by us and that your client would respond within five days.  We explained that we would
take that offer under advisement.  Yesterday, you stated that your offer from the prior
Thursday also encompassed the 30(b)(6) document witness.  Perhaps you thought that such
offer had been extended by you (it had not), and, in any event, that offer is not
acceptable to us.  Such 30(b)(6) deposition relating to Peter similarly is scheduled for
this Friday.

We would be willing to agree to accept interrogatory answers relating to Peter, but only
if we have the right to depose a Paradox 30(b)(6) witness during the expert discovery
period concerning same if we are not satisfied with your client's responses and your
agreeing not to object that such deposition would be taken beyond the fact discovery
cutoff, and your providing us with a live 30(b)(6) witness who is Paradox' custodian of
records, has knowledge of Paradox's record retention policy and the documents produced in
this action.

Where do we stand regarding this Friday's deposition?  We would be willing to move to next
week some time to accommodate you and your witness.

We also await your position as to whether you would agree to make Mr. Malmberg available
for his continued deposition for one half day to be asked questions concerning, inter
alia, the subject matter of the e-mails that Paradox failed to produce and the issues
raised in our letter of 2/2/07 for which we continue to seek a response from you.  As we
indicated yesterday, we would be willing to take Mr. Malmberg's one-half day deposition in
California.

As for Luke Lieberman, the dates he remains available for his deposition are 3/8, 3/12 or
3/13, and we would not object to you taking his deposition outside the fact discovery
period.  As I had explained to Joel last Friday and to you yesterday, I am unavailable and
will be in Chicago on 3/1/7, which is the day you noticed him for and which is  the last

day of fact discovery

Please let us know first thing tomorrow concerning the above.  Thank you

Mark


Mark A. Berman, Esq.
Ganfer & Shore, LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017
Tel:    (212) 922-9250 ext. 266
Fax:    (212) 922-9335
Email:  mberman@ganshore.com

The information contained in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use  or disseminate the information.  Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender or Ganfer & Shore, LLP for any loss or damage arising in any way from its use.


*****************************************************************************************
****************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message.  If you are not the intended recipient, please notify the sender by return email, and delete or destroy this and all copies of this message and all attachments.  Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*****************************************************************************************
****************************************

Any Federal tax advice contained herein is not intended or written to be used, and cannot be used by you or any other person, for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Code. This disclosure is made in accordance with the rules of Treasury Department Circular 230 governing standards of practice before the Internal Revenue Service. Any written statement contained herein relating to any Federal tax transaction or matter may not be used by any person without the express prior written permission in each instance of a partner of this firm to support the promotion or marketing of or to recommend any Federal tax transaction(s) or matter(s) addressed herein.

***********************************************************************************

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) 06-CV-00270 (SLR) |
| PARADOX ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RED SONJA LLC'S NOTICE OF DEPOSITION OF PARADOX
ENTERTAINMENT, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

**To:**

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

Earl M. Forte, Esq.
Timothy D. Pecsenye, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, PA 19103
215.569.5500
forte@blankrome.com
pecsenye@blankrome.com

**PLEASE TAKE NOTICE** that Plaintiff Red Sonja LLC ("Red Sonja") will take the deposition of Plaintiff Paradox Entertainment, Inc. ("Paradox"), commencing at 9:00 a.m. on February 16, 2007, at the offices of MORRIS JAMES LLP in Wilmington, Delaware (or at another time and location that is mutually agreeable between the parties), and continuing day-to-day thereafter until completed, before a Notary Public or other officer duly authorized to administer oaths, to be recorded by stenographic and videographic means.

Pursuant to Fed. R. Civ. P. 30(b)(6), Paradox is required to designate one or more officer(s), director(s), managing agent(s) or other person(s) who are most competent to testify concerning the matters set forth in Attachment A.

*/s/ Richard K. Herrmann*
Richard K Herrmann, #405
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
P.O. Box 2306
Wilmington, DE 19801
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Mark A. Berman, Esquire
Thomas J. Curran, Esquire
Ira Brad Matetsky, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

Attorneys for Plaintiff RED SONJA LLC

Dated: February 1, 2007

2

## ATTACHMENT A

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Paradox shall identify, designate, and produce for deposition one or more officers, directors, managing agents or other knowledgeable persons to testify on its behalf regarding the subject matter of the following categories:

1.    The reason(s) why Peter Sederowsky left, was terminated or was fired from Paradox.

2.    The reason(s) why Peter Sederowsky's role at Paradox changed in late 2006.

3.    Peter Sederowsky's current role at Paradox.

4.    Custodian of records, Paradox's document retention policy and the production of documents in this action.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February 2007, I electronically filed the foregoing document, **RED SONJA LLC'S NOTICE OF DEPOSITION OF PARADOX ENTERTAINMENT, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Thomas P. Preston, Esq.
Blank Rome LLP
1201 Market Street, 8th Floor
Wilmington, DE 19801
preston-t@blankrome.com

Additionally, I hereby certify that on the 1st day of February 2007, the foregoing document was served as indicated on the following:

**VIA EMAIL AND HAND DELIVERY**          **VIA EMAIL**

Thomas P. Preston, Esq.                            Earl M. Forte, Esq.
Blank Rome LLP                                         Timothy D. Pecsenye, Esq.
1201 Market Street, 8th Floor                       Blank Rome LLP
Wilmington, DE 19801                               One Logan Square
preston-t@blankrome.com                         Philadelphia, PA 19103
                                                                  215.569.5500
                                                                  forte@blankrome.com
                                                                  pecsenye@blankrome.com

                        _____/s/ Richard K. Herrmann_____
                        Richard K. Herrmann (#405)
                        Morris James LLP
                        500 Delaware Avenue, 15th Floor
                        Wilmington, DE 19801
                        (302) 888-6800
                        rherrmann@morrisjames.com

                        Attorneys for Plaintiff RED SONJA LLC

# EXHIBIT F

From: Anita Nelson <anitan@darkhorse.com>
Subject: Re: Dynamic copycatting
Date: September 27, 2006 4:44:07 PM PDT
To: Fredrik Malmberg <fredrik.malmberg@paradox-entertainment.com>
Cc: Leigh Stone <leigh.stone@paradox-entertainment.com>, Matt Dryer <mattd@darkhorse.com>, Fred Fierst <fred@ent-atty.com>, Scott Allie <scotta@darkhorse.com>, Ken Lizzi <kenl@darkhorse.com>, Mike Richardson <miker@darkhorse.com>, Neil Hankerson <neilh@darkhorse.com>

Hey Fredrik -

Hope you are doing well.

Just so you know...

Nick also called me when Red Sonja came out and asked if we would do a cross-over.
I said no.....
And that I didn't see us working together on any projects.
He was bummed......

He called me twice before SDCC to meet and talk but I never did.

He knows that we don't want to work with Dynamic Forces.

Just FYI....

Nita

On Sep 27, 2006, at 3:37 PM, Matt Dryer wrote:

Here are all the instances I can find, Fred. I've fleshed this out as much as I think I can. Let me know if you have any questions.

————————————

Immediately upon announcing Red Sonja, Nick Barucci contacted Scott to do a crossover. He declined outright and did not discuss it with anyone else.

Their initial launch of the Red Sonja ongoing series started with a 25-cent zero issue, duplicating our launch devise which was a 25 cent issue number zero.

The design of their credits page of their issues (located on the inside front cover) mimics ours with all of the same elements. It contains a piece of art on the left-hand side with a bar running vertically along the right side listing creator credits and indicia. At the top of the art they show the logo. Underneath they quote the Nemedian Chronicles (same as ours). Our quote from the Nemedian Chronicles always begins "Know, O Prince...." referencing "The Phoenix on the Sword" by Robert E. Howard and gives a brief explanation to set up the events of the issue. The quote in the Red Sonja text on their IFC always begins "Know also, O Prince, that in the self same days that the CIMMERIAN did stalk the HYBORIAN KINGDOMS..." At the bottom underneath the art in our design we run a credit that either states "Based on the stories, characters, concepts, and vision of Robert E. Howard" (or some variation that always credits Howard). At the bottom under their art they run a credit that reads "Based on the character created by Robert E. Howard".

They tried to hire our writer (Kurt Busiek), colorist (Dave Stewart), and letterer (Richard Starkings & Comicraft) for their series. The letterer agreed to work with them. They had the letterer (Richard) copy some of the unique stylistic details of his work on Conan, and they had their own writers imitate certain things about Kurt's scripts.

They've attempted to duplicate our digital painted-color-over-pencils art style for the interior art (to terrible results).

We engaged in a long artist search, and our second choice was an artist named Will Conrad. Will was one of the first artists that they hired for Red Sonja. Since then they've approached other artists who've worked on Conan, people they'd never had prior contact with like Paul Lee. They also used Joseph Michael Linsner as a variant cover artist for their first issue. He was our first cover artist. They have hired our regular cover artist, Tony Harris, to do covers for other titles they've done, and used his work on Conan as a selling point stating "Covers by Tony "CONAN" Harris".

They designed their reprint volumes of Marvel's Red Sonja to duplicate our Conan Marvel reprints. We saw this in solicitation and asked them to make the designs different from ours; they made slight changes, but their volumes still look like ours. The ultimate effect is still to create confusion in the market place and lead readers to believe the books are connected. They also put Conan's name on the cover of their book in a banner which states "Featuring Conan!"

When we announced a mini-series in which Conan goes to Khital, with the word Khital in the title, they rushed out a one-shot entitled RED SONJA GOES EAST in which she visits the land of Khital.

Their mini-series Red Sonja: Queen of the Frozen Wastes by Doug Murray and Frank Cho was a pitch that Doug and Frank initially made to Dark Horse as a Conan series, but Cho was ultimately unable to commit to due to his exclusive at Marvel.

Most recently, they released an exclusive "nude variant cover," which we did for Conan #24, and they made reference to Conan #24 in the ads for their comic.

---

The most important thing to note about all of these things is that we DEFINITELY did them first. Our series launch and zero issue came before Dynamite's. Our designs were done long before theirs. Our mini series and marketing plans came first. They've copied tons of the stuff we've done. There may be more. I've researched pretty thoroughly, though.

-Matt

On Sep 19, 2006, at 4:32 PM, Leigh Stone wrote:

Hi Guys,

I know you're terribly busy, but can you please take care of something for me, please?

Can you send me a detailed list of all the instances that Dynamic Forces has, essentially, taken our ideas on Conan and used them for Red Sonja shortly thereafter.

Marketing ploys, creative teams....everything that you can recall.

If you can have this to me within a few weeks, that would be great.

Please "reply all" and cc Ken on your reply as well.

Thanks!

Leigh

<image001.gif>             **Ms. Leigh Stone**               <image002.gif>
                            Licensing Manager

Paradox Entertainment Inc.
8484 Wilshire Boulevard, Suite 870
Beverly Hills, CA 90211
phone: (323) 655-1714, cell: (310) 990-6696, fax: (323) 655-1720

Home of Conan the Barbarian and Mutant Chronicles www.paradox-entertainment.com / www.conan.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Dark Horse Comics
Anita Nelson
Vice President Sales & Marketing
10956 SE Main Street
Milwaukie, OR 97222
USA

E-Mail Address: anitan@darkhorse.com
Phone: 503-652-8815 FAX: 503-654-9440

\

# EXHIBIT G

From: "Fredrik Malmberg" <fredrik.malmberg@conan.com>
Subject: RE: product category sync
Date: March 11, 2004 12:44:01 AM PST
To: "Scott Allie" <scotta@darkhorse.com>
Cc: "David Scroggy \(E-mail\)" <davids@darkhorse.com>

It sounds great. Thoth-Amon has a large enough built-in audience on his own, but my concern was to get the look like the new look. As for the new character, it would probably only be good to do that either with Yag-Kosha, in order to build the awareness of her. But it's a great idea - if we treat her right, we can build her up in one-shots and in other product categories as well (we'll put her int he videogames and the toy lines)

God in the Bowl PVC sounds great, as does Tower of the Elephant.

Fred

-----Original Message-----
From: Scott Allie [mailto:scotta@darkhorse.com]
Sent: den 10 mars 2004 23:55
To: Fredrik Malmberg
Cc: Theodore Bergquist (E-mail); David Scroggy (E-mail); mattd@darkhorse.com
Subject: Re: product category sync

    We WILL be introducing Thoth Amon in The God in the Bowl, although Conan may not meet him face to face. A Thoth bust would be fantastic. We could coordinate this pretty swiftly. I'll have to get back to you on just when we could get the character into an issue.
    We're also working on introducing a new key female character, a sort of wildwoman assassin/mercenary not unlike Red Sonja. While she doesn't derive from Howard, she could be a good bust. But we intend to introduce her and keep her around for a while, so maybe we do Thoth now, and maybe save her for later. God in the Bowl will probably have enough characters to do a PVC set, actually, between Conan, this assassin woman, a witch woman, and Thoth.
    Scott

                                                                            \

At 3:58 PM +0100 3/10/04, Fredrik Malmberg wrote:
    Hello Scott,

    David and I are currently planning the roll-out of other Dark Horse product in the categories of your license. With the success of the monthly, it would be ideal to sync some of these upcoming product releases with timing of the storylines, and Cary's character looks.

    This is true especially for the bust line, where we have an excellent chance of customizing the look and feel. We have the two Conan's and Valeria coming up this summer, and David and I have been talking about a Bust of Yag-Kosha based on the beautiful cover by Ladronn. I understand that the Tower of the Elephant story arc is not until around January of next year, which means we would ideally like something before that for the christmas season. I believe you will have an issue on the God in the Bowl, which refers to the sign of Thoth-Amon and has a passage about this character.

    For old collectors, and new alike this will be a character to dwell upon. I believe it would be great seller and perfect in time for the christmas market. It would, however require that we feature him prominently on a page, to associate with the bust design. Can you get that in for us, and for which month? If not, we have alternatives but need to plan now.

    Best Regards

    Fred

    **Conan Properties International LLC**
    **Fredrik Malmberg**
    *Executive Director, Head of Licensing*
    fredrik.m@conan.com
    Hitechbuilding
    SE-101 52 Stockholm
    Sweden
    tel: +46 (0) 8 5661 4800
    mobile: +46 70 4442732
    *Powered by Plaxo ... Want a signature like this?*

--
I will be out of the office from March 5, returning March 15. Please contact my assistant Matt Dryer (503/652-8815 ext. 343 or mattd@darkhorse.com) while I'm gone. I will be intermittently reachable by email. I'll be on dialup, so please only send attachments that I need to see for current work.
Any work-related attachments sent to me should also be sent to Matt Dryer.

From:    "Fredrik Malmberg" <fredrik.malmberg@paradox-entertainment.com>
Subject:  RE: In the name of all that is holy ...
Date:    August 20, 2005 6:50:49 PM PDT
To:     "Scott Allie" <scotta@darkhorse.com>, "Matt Dryer" <mattd@darkhorse.com>, "Mike Richardson"
        <miker@darkhorse.com>, "Thommy Wojciechowski" <thommy.w@conan.com>

Scott,

this is annoying, but maybe we can seek some comfort in the fact that the people they are getting are your rejects? People less than adequate?

I will need to look into Khitai. I think they got that wrong as well - I do not think Khitai is a city but a land.

My more sinister self, whispers that we should deliver a more serious blow - disarming them forever by launching the real RED SONYA of Rogantine, as a start of the "Commemorating 100 years of ROBERT E HOWARD". Great art ( she can have red hair!), a super story, and a really clever marketing campaign. Maybe even launch that title into a "Heroines of REH" series alternating comics of Agnes the Swordswoman, Black Vulmea, Red Sonya, etc.

Thommy and I are planning to come up to Portland in early september. Unless you will be in LA before that let us plan to discuss this issue then.

Fred

        -----Original Message-----
        From: Scott Allie [mailto:scotta@darkhorse.com]
        Sent: den 19 augusti 2005 21:44
        To: Matt Dryer; 'Fredrik Malmberg'; Mike Richardson; Thommy Wojciechowski
        Subject: In the name of all that is holy ...

        ... please sue someone.
        Their cover artists are former members of the studio that I got to do covers for our Khitai series.
        Oh, and Alvin Lee was supposed to draw our Khitai series at one point, but I decided he wasn't good enough.
        So then they tried to give us Joe Ng, who I also deemed less than adequate.
        At least sue them over the use of the word Khitai, you can do that, can't you?
        Theirs comes out a month after ours.
        Scott

**SONJA GOES EAST COVER PEEK**

Giving the flame-haired heroine a decidedly Eastern look, Dynamite Entertainment has provided Newsarama with a peek at the covers of November's Red Sonja One-Shot: Sonja Goes East.

The solicitation for the issue reads:

RED SONJA ONE-SHOT: SONJA GOES EAST
Cover Price: $4.99; 40 pages

Ron Marz (writer) Joe Ng of UDON Studios (art); UDON (Color art), Alvin Lee of UDON Studios (50%), Joe Ng of UDON Studios (50%) (Cover art).

Dynamite! Udon! Marz! Sonja! Put them all together and you have the next BIG one-shot featuring the She-Devil With a Sword!

The Red Sonja: Sonja Goes East one shot is written by fan favorite writer Ron (Green Lantern, Witchblade) Marz and features the blistering art of UDON Studios Joe Ng.

In this self-contained one-shot, Sonja heads East to the fabled city of Khitai on a mission of mercy. Along the way she joins a harem and becomes embroiled in palace intrigue! But, to what end? Find out in this all-new story featuring two regular covers and a special UDON Power Foil Edition!

From: "Fredrik Malmberg" <fredrik.malmberg@conan.com>
Subject: RE: Chronicles of Conan vol. 8-9
Date: November 22, 2004 11:23:52 PM PST
To: "Jeremy Barlow" <jeremyb@darkhorse.com>
Reply-To: <fredrik.malmberg@conan.com>

Jeremy,

sorry for not having responded. I am looking into this and will get back to
you early next week. I see no problems with this.

Best

Fred

-----Original Message-----
From: Jeremy Barlow [mailto:jeremyb@darkhorse.com]
Sent: den 18 november 2004 02:17
To: Fredrik Malmberg; Anita Nelson
Cc: Mike Richardson; Scott Allie
Subject: Chronicles of Conan vol. 8-9


Hi, Fredrik --

As our plans for future Conan reprints solidify, I'd like to outline
with you in detail what exactly we'll be covering in our collections.
At the moment, I'm locked into Star Wars Episode III tunnel-vision, but
that should be subsiding here just after the New Year, and once that
out of the way we can map-out a compelling publishing program.

In the meantime, I need to keep Chronicles of Conan running for the
immediate future, and to do I'll need to get contractual permission
from Conan Properties to publish the following:

Chronicles of Conan vol. 8 — Collecting Conan the Barbarian #52-59

Chronicles of Conan vol. 9 — Collecting Conan the Barbarian #60-63 (#64
is a reprint), #65-68, and Marvel Feature #6-7 (Red Sonja crossover)

The Red Sonja factor might make those last two issues difficult to
secure. If that's the case, let me know and I'll rearrange the above
collections. Other than that, these make for a couple of solid books.
We'll get these done and then it's on to King Conan!

Let me know if you have any questions or need anything.

Best,

-Jeremy


--
No virus found in this incoming message.
Checked by AVG Anti-Virus.
Version: 7.0.289 / Virus Database: 265.4.1 - Release Date: 2004-11-19

From: "Fredrik Malmberg" <fredrik.malmberg@conan.com>
Subject: RE: Chronicles of Conan vol. 8-9
Date: November 29, 2004 10:35:32 AM PST
To: "Jeremy Barlow" <jeremyb@darkhorse.com>
Reply-To: <fredrik.malmberg@conan.com>

yes, clear on all, but I need to see copies of the Red Sonja sections. I
think there will be no problem, but need to look at it.

best

Fredrik

-----Original Message-----
From: Jeremy Barlow [mailto:jeremyb@darkhorse.com]
Sent: den 29 november 2004 19:30
To: fredrik.malmberg@conan.com
Cc: Anita Nelson
Subject: Re: Chronicles of Conan vol. 8-9


Hi, Fredrik --

| can you get more specific what the Red Sonja crossover is? Is it
| original
| material with Conan inside?

As far as I can tell, it's a two-issue story that ran in a Marvel
series called "Marvel Feature," which was an anthology that showcased
Red Sonja at one point.  I'm not sure if that makes it a Red Sonja
story with Conan in it, or not, but if it presents a problem, I can opt
out of running that particular story and instead juggle the remaining
material (CtB #52-65) between Chronicles vols. 8-9.  Please let me know
either way.

I'd like to order the volume 8 material as soon as possible.  Are we
cleared for CtB issues #52-59?

Thanks for everything, Fred.  Talk to you soon,

-Jeremy


-----Original Message-----
From: Jeremy Barlow [mailto:jeremyb@darkhorse.com]
Sent: den 18 november 2004 02:17
To: Fredrik Malmberg; Anita Nelson
Cc: Mike Richardson; Scott Allie
Subject: Chronicles of Conan vol. 8-9


Hi, Fredrik --

As our plans for future Conan reprints solidify, I'd like to outline

From: "Fredrik Malmberg" <fredrik.malmberg@conan.com>
Subject: RE: Red Sonja?
Date: February 24, 2005 5:12:31 PM PST
To: "Jeremy Barlow" <jeremyb@darkhorse.com>
Reply-To: <fredrik.malmberg@conan.com>

I am still waiting for clearance. I should know by monday, maybe you can
give me a buzz then?

Fred

-----Original Message-----
From: Jeremy Barlow [mailto:jeremyb@darkhorse.com]
Sent: den 24 februari 2005 12:04
To: Fredrik Malmberg
Subject: Red Sonja?


Hi, Fred --

Just following up on that conversation we had last week regarding the
rights for those Marvel Feature (Red Sonja) issues we want to run in
Chronicles of Conan vol. 9.  (Whew, that's a mouthful.)

Any news?

-Jeremy
--
No virus found in this incoming message.
Checked by AVG Anti-Virus.
Version: 7.0.300 / Virus Database: 266.4.0 - Release Date: 2005-02-22


--
No virus found in this outgoing message.
Checked by AVG Anti-Virus.
Version:

# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RECEIVED

AUG 1 0 2006

Morris, James, H t:hens & Williams LLP

RED SONJA LLC,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          C.A. No. 06-270 SLR
                                  )
PARADOX ENTERTAINMENT, INC.,      )
                                  )
          Defendant.              )

## DEFENDANT PARADOX ENTERTAINMENT, INC.'S RESPONSE TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Paradox Entertainment, Inc. ("Defendant" or "Paradox"), by and through its

attorneys, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby responds

to Plaintiff, Red Sonja LLC's ("Plaintiff" or "Red Sonja") first request for production of

documents as follows:

## GENERAL OBJECTIONS

Defendant makes its objections to specific Requests by, among other things,

incorporating by reference the following objections.

A.    These responses represent Defendant's reasonable effort to provide information in

response to the requests based upon information in its possession, custody or control, and based

upon current knowledge.  Defendant has not concluded its investigation into the facts relating to

this action, its formal discovery, or its preparation for trial.  Defendant, therefore, expressly

reserves the right to produce additional documents and things regarding subsequently discovered

facts, to alter or amend its responses as set forth herein, and otherwise to assert factual and legal

contentions as additional facts are asserted, analyses are made and legal research completed.

125338.00601/11573005v.1

B.     Defendant objects to each and every request to the extent that it does not contain either a limitation on time or scope or a reasonable limitation on time or scope.

C.     Defendant objects to the requests to the extent that the requested documents and things are subject to any privilege or exemption, including, but not limited to, the attorney-client privilege, work product doctrine, and any other applicable privilege or exemption afforded under state or federal law.

D.     Defendant objects to Plaintiff's introduction, definitions and requests to the extent that they seek to impose a duty on Defendant which exceeds or alters the permissible scope of discovery under Rule 26 of the Federal Rules of Civil Procedure.

E.     Defendant objects to the requests to the extent they seek information involving or relating to trade secrets or other confidential and highly sensitive research, development, proprietary or commercial information, and will not produce the same without the protection of a two-tiered protective order adequate to protect Defendant's highly sensitive information.

F.     To the extent that Defendant responds to any request, it does not concede that the document and things requests are relevant to this action. Defendant has responded to the requests without waiving or intending to waive any objection to competency, relevancy or admissibility as evidence of any matter of any of the documents and things and to the introduction into evidence of any related information. Furthermore, a partial response to any request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

G.     Defendant objects to the requests to the extent they seek information other than that which may be obtained through a reasonably diligent search of its records.

2

H.    The documents and things to be produced in response to the requests will be produced in accordance with a confidentiality agreement between the parties.

Subject to and without waiving the foregoing general objections, Defendant responds to the requests as follows:

## RESPONSES TO REQUESTS

**REQUEST NO. 1**

All documents concerning any communication between Paradox and Dark Horse Comics relating to Red Sonja and/or Red Sonya.

**RESPONSE**

Defendant will produce responsive, non-privileged documents in its possession, subject to entry to a suitable two-tiered protective order in this action.

**REQUEST NO. 2**

All documents concerning any communication between Paradox and Dark Horse Comics relating to Conan the Barbarian and cross-overs.

**RESPONSE**

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action.

**REQUEST NO. 3**

All documents concerning the use by Paradox of the trademark designation "®" in any manner including, but not limited to, the use of the symbol "®" prior to a grant of an appropriate United States registration.

**RESPONSE**

Defendant objects to this request as over broad, unduly burdensome, vague, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not

3

reasonably calculated to lead to the discovery of admissible evidence related to any claim or

defense in this action. Notwithstanding these objections and the general objections, and without

waiving the same, after reasonable investigation, Defendant is aware of no responsive documents

in its possession.

## REQUEST NO. 4

All documents concerning all trademark amendments filed by Paradox where any such amendments purport to be corrective or supplemental to any filing deficiency or to otherwise comply with directives, requests, instructions, or solicitations of or by the United States Patent and Trademark Office.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, vague, and not

reasonably limited in scope. Defendant further objects to this request as it seeks documents not

reasonably calculated to lead to the discovery of admissible evidence related to any claim or

defense in this action. Notwithstanding these objections and the general objections, and without

waiving the same, Defendant has not filed any trademark applications for the marks RED

SONYA or RED SONJA, therefore, Defendant possesses no responsive documents in its

possession.

## REQUEST NO. 5

All documents concerning the characters Red Sonja or Red Sonya, the development of same, the acquisition of same, the registration of same as property, the use of same, and any purported differences between them.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, vague with respect

to the meaning of the phrase, "registration of the same as property," and not reasonably limited in

scope. Notwithstanding these objections and the general objections, and without waiving the

4

same, Defendant will produce responsive, non-privileged documents in its possession, subject to entry to a suitable two-tiered protective order in this action.

## REQUEST NO. 6

All documents concerning licensing of any Red Sonya intellectual property including, but not limited to, specific Red Sonya licensing and/or Robert E. Howard property generically.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant has not licensed its RED SONYA character and possesses no responsive documents related to its RED SONYA character.

## REQUEST NO. 7

All documents relating to any communication concerning any negotiation with any entity or person relating to any motion picture and any fees (including producer fees) paid or to be paid to any person or entity related to Paradox from January 1, 2005 to the present.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action.

## REQUEST NO. 8

All contracts or agreements between Paradox and Dark Horse Comics.

5

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant will produce responsive, non-privileged documents related to contracts/agreements between Paradox and Dark Horse Comics regarding RED SONYA in its possession, subject to entry to a suitable two-tiered protective order in this action.

## REQUEST NO. 9

All documents concerning any consultant (employed, independent, or otherwise) of Paradox including, but not limited to, any person who provided services of any kind in relation to motion pictures concepts, projects, or merchandising concerning Red Sonja and/or Red Sonya.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, vague, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonable calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant possesses no responsive documents.

## REQUEST NO. 10

All documents concerning the word "famous," as that word is used in relation to intellectual property rights or purported rights including, but not limited to, how that concept applied, applies, or might apply to Conan the Barbarian.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, vague, and not reasonably limited in scope.

6

**REQUEST NO. 11**

      All documents concerning any communication by or with Paradox and any person or entity concerning Red Sonya.

**RESPONSE**

      Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Notwithstanding these objections and the general objections, and without waiving the same, Defendant will produce responsive, non-privileged documents in its possession, subject to entry to a suitable two-tiered protective order in this action.

**REQUEST NO. 12**

      All documents concerning Newsarama.com.

**RESPONSE**

      Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant will produce responsive, non-privileged documents in its possession that also concern RED SONJA or RED SONYA, subject to entry of a suitable two-tiered protective order in this action.

**REQUEST NO. 13**

      All documents concerning the Hollywood Reporter.

**RESPONSE**

      Defendant incorporates herein its Response to Request No. 12.

**REQUEST NO. 14**

      All documents concerning Paradox's website.

7

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Defendant further objects to this request as it seeks documents that are publicly available on Defendant's website and as easily accessible to Plaintiff as to Defendant.

## REQUEST NO. 15

All documents concerning Red Sonya and the Hyborian Age.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Defendant further objects to this request as it is vague in that the term "Hyborian Age" is undefined. Notwithstanding these objections and the general objections, Defendant will produce responsive, non-privileged documents in its possession concerning RED SONJA, subject to entry of a suitable two-tiered protective order in this action.

## REQUEST NO. 16

All documents concerning any communication relating to the effort by Paradox to register the mark Hyboria in any country.

## RESPONSE

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this

8

action, particularly given that Plaintiff has not alleged any trademark rights in HYBORIA or

asserted a claim of trademark infringement of the mark HYBORIA.

**REQUEST NO. 17**

All documents concerning any communication between Paradox and Nu Image.

**RESPONSE**

Defendant will produce responsive, non-privileged documents in its possession, subject

to entry to a suitable two-tiered protective order in this action.

**REQUEST NO. 18**

All documents concerning any communication between Paradox and Warner Brothers in

2006.

**RESPONSE**

Defendant objects to this request as over broad and unduly burdensome. Defendant

further objects to this request as it seeks documents not reasonably calculated to lead to the

discovery of admissible evidence related to any claim or defense in this action.

**REQUEST NO. 19**

All documents concerning the continuous uses of the Red Sonja and/or Red Sonya marks.

**RESPONSE**

Defendant possesses no responsive documents.

**REQUEST NO. 20**

All documents concerning any reference to Red Sonja and/or Red Sonya on Paradox's

website.

**RESPONSE**

Defendant objects to this request as over broad, unduly burdensome, and not reasonably

limited in scope. Defendant further objects to this request as it seeks documents that are publicly

available on Defendant's website and as easily accessible to Plaintiff as to Defendant.

9

**REQUEST NO. 21**

    All documents concerning any communication between Paradox and any of its licensees concerning Red Sonja and/or Red Sonya.

**RESPONSE**

    Defendant will produce responsive, non-privileged documents in its possession, subject

to entry to a suitable two-tiered protective order in this action.

**REQUEST NO. 22**

    All documents concerning potential or actual confusion, dilution, and/or blurring that might arise out of the use of Red Sonja and/or Red Sonya in commerce.

**RESPONSE**

    Defendant objects to this request in that the terms "dilution" and "blurring" are associated

with famous marks and RED SONJA is not a famous mark. Notwithstanding this objection and

the general objections, and without waiving the same, Defendant possesses no documents

responsive to this request.

**REQUEST NO. 23**

    All documents concerning the actual or potential promotion, marketing, sales, and revenues to be had through the use of Red Sonya in commerce.

**RESPONSE**

    Defendant objects to this request as vague in that the phrase "to be had" is confusing and

undefined. Notwithstanding this objection and the general objections, and without waiving the

same, Defendant possesses no responsive documents related to actual sales and revenues related

to RED SONYA, as no sales have been made. By way of further answer, Defendant will

produce responsive, non-privileged documents responsive to the remainder of this request, if

any, subject to entry of a suitable two-tiered protective order in this action.

**REQUEST NO. 24**

All documents concerning the use in commerce of Red Sonya as a distinct character created by Robert E. Howard.

**RESPONSE**

Defendant objects to this request as vague and confusing in that the phrase "use in commerce" is associated with a trademark or service mark use, yet the requests seeks documents related to use of RED SONYA as a character. Notwithstanding this objection and the general objections, and without waiving the same, Defendant will produce responsive, non-privileged documents in its possession, if any, subject to entry of a suitable two-tiered protective order in this action.

**REQUEST NO. 25**

All documents concerning the value of the marks Conan the Barbarian, Red Sonja, and/or Red Sonya as distinct characters.

**RESPONSE**

Defendant objects to this request as over broad, vague, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant possesses no documents related to the value of Red Sonja.

**REQUEST NO. 26**

All documents concerning the affirmative defenses asserted by Paradox.

**RESPONSE**

Responsive, non-privileged documents, if any, will be produced upon entry of a suitable two-tiered protective order.

11

125338.00601/11573005v.1

**REQUEST NO. 27**

All documents supporting the "successful brand" of Red Sonya as described on Paradox's website.

**RESPONSE**

Defendant objects to this request as over broad, vague, unduly burdensome, and not reasonably limited in scope. . Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant will produce responsive documents in its possession, if any, subject to entry of a suitable two-tiered protective order.

**REQUEST NO. 28**

All documents supporting Paradox's use or intent to use "Hyboria" or derivative concepts in commerce in the categories set forth in the trademark filings before the United States Patent and Trademark Office.

**RESPONSE**

Defendant objects to this request as over broad, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action, particularly given that Plaintiff has not alleged any trademark rights in HYBORIA or asserted a claim of trademark infringement of the mark HYBORIA. Defendant further objects to this request as vague and confusing and contains undefined terms and phrases, such as "derivative concepts."

**REQUEST NO. 29**

All documents concerning press or publicity releases by Paradox from January 1, 2003 to the present.

12

RESPONSE

Defendant objects to this request as over broad, unduly burdensome, and as seeking documents no reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant will produce press releases still in its possession referencing RED SONYA since the date of Defendant's acquisition of RED SONYA.

REQUEST NO. 30

All documents concerning any media coverage referring or relating to Paradox.

RESPONSE

Defendant objects to this request as over broad, vague, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action.

REQUEST NO. 31

All documents concerning any communication involving Roy Thomas.

RESPONSE

Defendant objects to this request as over broad, vague, unduly burdensome, and not reasonably limited in scope. Defendant further objects to this request as it seeks documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action. Notwithstanding these objections and the general objections, and without waiving the same, Defendant will product responsive, non-privileged documents in its possession relating to Roy Thomas that also relate to RED SONYA and Red Sonja, if any, subject to entry to a suitable two-tiered protective order in this action.

13

**REQUEST NO. 32**

All documents concerning any communication with licensees of any Robert E. Howard characters concerning Red Sonja and/or Red Sonya including, but not limited to, any contracts or agreements concerning same.

**RESPONSE**

Defendant objects to this request as over broad, unduly burdensome, and not reasonably

limited in scope. Defendant further objects to this request as it seeks documents not reasonably

calculated to lead to the discovery of admissible evidence related to any claim or defense in this

action. Notwithstanding these objections and the general objections, and without waiving the

same, Defendant has not licensed its RED SONYA character and possesses no contracts or

agreements concerning the same. By way of further answer, Defendant will produce responsive,

non-privileged documents in its possession, if any, subject to entry of a suitable two-tiered

protective order in this action.

**REQUEST NO. 33**

All documents concerning the statement in the application to register the trademark Hyboria to the effect that no other person has the right to use Hyboria in interstate commerce.

**RESPONSE**

Defendant incorporates herein its Response to Request No. 16.

**REQUEST NO. 34**

All documents identifying the preparer of the application for trademark registration of Hyboria.

**RESPONSE**

Defendant incorporates herein its Response to Request No. 16.

**REQUEST NO. 35**

All documents furnished to the preparer of the application for trademark registration of Hyboria.

14

**RESPONSE**

Defendant incorporates herein its Response to Request No. 16.

**REQUEST NO. 36**

All documents concerning any communication between Paradox and the preparer of the application for trademark registration of Hyboria.

**RESPONSE**

Defendant incorporates herein its Response to Request No. 16.

Dated: August 7, 2006

By: _____
Timothy D. Pecsenye
Emily J. Barnhart
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5619
Facsimile: (215) 832-5619

15

## CERTIFICATE OF SERVICE

I, Emily J. Barnhart, hereby certify that on this 7th day of August, 2006, a true and

correct copy of Defendant Paradox Entertainment, Inc.'s Response to Plaintiff Red Sonja LLC's

First Request for Production of Documents was served upon attorneys for Plaintiff via U.S. First

Class Mail, postage pre-paid as follows:

> Richard K. Hermann, Esquire
> Morris, James, Hitchens & Williams LLP
> 222 Delaware Avenue, 10th Floor
> Wilmington, DE 19801

Emily J. Barnhart

# EXHIBIT I

# ENTIRE EXHIBIT UNDER SEAL

# EXHIBIT J

# ENTIRE EXHIBIT UNDER SEAL