## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RED SONJA LLC,                          :
                                        :
     Plaintiff/Counter-Defendant,     :
                                        :
                                        :
v.                                      :        Civil Action No.:
                                        :        1:06-cv-00270 (SLR)
PARADOX ENTERTAINMENT INC.              :
                                        :
     Defendant/Counter-Plaintiff.     :
                                        :

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFF'S SECOND PENDING MOTION TO COMPEL

Thomas P. Preston, Esquire (Del. Bar #2548)
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 302) 425-6464
Preston-t@blankrome.com

Earl M. Forte, Esquire
Timothy D. Pecsenye, Esquire
Emily J. Barnhart, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 832-5616
Forte@blankrome.com
Pecsenye@blankrome.com
Barnhart@blankrome.com

Dated:  March 13, 2007

*Attorneys for Defendant/Counter-Plaintiff*
*Paradox Entertainment Inc.*

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDING...............................................1

III.    SUMMARY OF ARGUMENT .............................................................................2

IV.     CONCISE STATEMENT OF THE RELEVANT FACTS ................................2

V.      ARGUMENT ............................................................................................................5

        A.      Plaintiff Cannot Compel the Production of Documents That are Irrelevant to the
                Issues In the Lawsuit..................................................................................5
        B.      Plaintiff is not Entitled to Conduct a Second Deposition of Fredrik Malmberg .....6
        C.      Plaintiff's 30(b)(6) Notice not Directed to Relevant Subject Matter......................7
        D.      Plaintiff is not Entitled to Sanctions ..............................................................8

VI.     CONCLUSION........................................................................................................9

125338.00601/11640220v.1

## TABLE OF AUTHORITIES

### FEDERAL CASES

E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.,
    24 F.R.D. 416, 425 (D. Del. 1959) ...................................................................... 5

United States v. Fleetwood Enters., Inc.,
    702 F. Supp. 1082, 1096 (D. Del. 1988) ........................................................... 5

### FEDERAL RULES

Fed. R. Civ. P. 26 ............................................................................................. 5, 7

Fed. R. Civ. P. 30 ............................................................................................... 6

125338.00601/11640220v.1

## I.    **INTRODUCTION**

Defendant, Paradox Entertainment Inc. ("Defendant" or "Paradox"), by its undersigned counsel, submits this memorandum of law in opposition to Plaintiff's second pending Motion to Compel. In its motion, Plaintiff seeks: (i) to compel production of documents; (ii) to redepose one of Paradox's employees, Fred Malmberg; and (iii) to take a *second* 30(b)(6) deposition of Paradox, all based on the alleged deficiencies in Paradox's document production. Plaintiff's Motion is moot and was filed prematurely while Defendant was in the process of investigating and providing a response to Plaintiff's current dispute regarding Defendant's production. Paradox has produced all responsive documents in its possession, and Plaintiff had ample opportunity to question Mr. Malmberg and Paradox's two 30(b)(6) representatives on any issues.

Plaintiff's Motion is yet another example of Plaintiff's continuing pattern of harassing Paradox and using this litigation to seek out competitive information from Paradox, and must be denied. All three requests in Plaintiff's instant Motion rest on Plaintiff's baseless assertion that Paradox has failed to produce relevant, responsive documents. Paradox has conducted several diligent searches of its files for responsive documents, and produced all relevant, responsive documents it located. Moreover, Paradox has supplemented its production with additional responsive documents as required by the Federal Rules. Nonetheless, Plaintiff continues to demand that Paradox produce that which it does not possess, and is now seeking to have this Court intervene needlessly.

## II.    **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff filed its Complaint on April 25, 2006. D.E. #1. Plaintiff served document requests on Paradox on July 6, 2006. Paradox served objections and responses to Plaintiff's document requests on August 2, 2006, and produced documents on August 16, 2006 upon the parties' execution of a stipulated protective order. Paradox further supplemented its document

production to Plaintiff on August 22, 2006 and March 1, 2007. Discovery is now closed. D.E. #54. Despite an ongoing dialogue between the parties regarding the instant dispute, including Paradox's agreement to investigate Plaintiff's current dispute and to produce additional responsive documents, if located, Plaintiff failed to wait for Defendant's response, and instead filed the instant motion on February 27, 2007.

## III.    SUMMARY OF ARGUMENT

1.    Plaintiff's Motion as it relates to Defendant's document production should be denied because Plaintiff's requests for production of documents are overbroad and unduly burdensome inasmuch as Plaintiff did not provide a reasonable temporal limitation on its requests and is seeking documents that are wholly irrelevant to the claims and defenses of the parties.

2.    Plaintiff's Motion as it relates to the deposition of Mr. Malmberg should be denied because Plaintiff has already had ample opportunity to question Mr. Malmberg on any issues.

3.    Plaintiff's Motion as it relates to the 30(b)(6) deposition of Paradox should be denied because Plaintiff has failed to show the relevance of the topics listed in its 30(b)(6) notice.

## IV.    CONCISE STATEMENT OF THE RELEVANT FACTS

Plaintiff served its First Request For Production of Documents on Paradox on July 6, 2006, attached to Plaintiff's Brief as Exhibit C. Despite the fact that all the allegations in Plaintiff's Complaint relate to alleged actions by Paradox after its February 2006 acquisition of the rights to the RED SONYA character, Plaintiff's requests arbitrarily seek responses from as far back as January 1, 2001. On August 7, 2006, Paradox served its Response to Plaintiff's First Request For Production of Documents, attached to Plaintiff's Brief as Exhibit H. In its

2

125338.00601/11640220v.1

Response, Paradox objected to each of Plaintiff's requests "to the extent that it does not contain either a limitation on time or scope or a reasonable limitation on time or scope." Id. at 2. Subject to this objection, which was incorporated into each of Paradox's responses, Paradox produced responsive documents on August 16, 2006, including documents from 2003 to the present. However, because Paradox did not acquire the rights to RED SONYA until early 2006, Paradox objects to providing irrelevant documents from years prior, particularly when such documents make no mention of RED SONYA, are communications to which Plaintiff was a party, and have no relevance to the allegations of the Complaint. Despite these objections, Paradox supplemented its document production on August 22, 2006 and March 1, 2007.

Only a few days after serving its Request for Production, on July 17, 2006, Plaintiff noticed the deposition of two of Paradox's principals, Fredrik Malmberg and Peter Sederowsky, for August 24 and 25, 2006, respectively. D.E. #22 & 23. Paradox's counsel cautioned Plaintiff's counsel that Plaintiff's decision to take these depositions so early in the discovery period was ill-advised, that the deponents were traveling from the west coast to the east coast and would only be produced once, and that the deponents would not be produced again later in the discovery period should Plaintiff choose to go forward with the depositions. Nonetheless, Plaintiff stated it wanted to proceed, and the depositions took place as scheduled.

On October 17, 2006, Plaintiff served a subpoena on Dark Horse Comics, Inc. D.E. #42. Dark Horse produced documents in response to the subpoena, many of which are not relevant to the claims or defenses of the parties, are not responsive to the topics listed in the subpoena, and which fall outside the time period relevant to the instant action. After receiving Dark Horse's documents, some of which included communications between Dark Horse and Paradox, Plaintiff contacted Paradox's counsel and accused Paradox of failing to comply with its document

3

production obligations. A copy of the email correspondence is attached to Plaintiff's Brief as Exhibit D.

Notwithstanding the production of these documents by a third party, Paradox's counsel confirmed that Paradox had conducted a diligent search for relevant, responsive documents in its possession and produced the same. Paradox's counsel reiterated that Paradox's production was limited to relevant, responsive documents. Specifically, Paradox's counsel informed Plaintiff's counsel that the discrepancy between Paradox's production and Dark Horse's production was attributable to production by Dark Horse of: (1) documents that are not relevant because they do not relate to RED SONJA or RED SONYA; (2) documents that are not relevant because they are outside the relevant time period, i.e. from before Paradox owned the rights to RED SONYA; (3) documents that were created after Paradox's initial production; or (4) documents that may have been deleted or discarded by Paradox prior to the filing of Plaintiff's action. See Exhibit D to Plaintiff's Brief. Despite the above explanation, Paradox responded that it was going to look into the matter further, would get back to Plaintiff, and would produce additional documents if they were located during the investigation. Paradox provided Plaintiff with a second supplemental production on March 1, 2007.

Despite Paradox's counsel's explanation regarding possible discrepancies between Dark Horse's and Paradox's production, and despite Paradox's agreement to conduct a further search to assure it had produced all relevant, responsive documents in its possession, Plaintiff did not wait for Defendant's response and instead went ahead and filed the instant Motion seeking an order from the Court that Paradox do what it has already done – search for and produce relevant, responsive documents.

4

## V.    ARGUMENT

### A.    Plaintiff Cannot Compel the Production of Documents That are Irrelevant to the Issues In the Lawsuit

Plaintiff seeks to compel Paradox to "search for and produce all documents concerning 'Red Sonja' and 'Red Sonya' in its possession, custody or control." Plaintiff's Brief at 17. The sole basis that Plaintiff relies upon in support of this request is Plaintiff's request for these documents in its First Request for Production of Documents. Id. What Plaintiff fails to recognize it that its right to documents is not absolute, but is limited by Federal Rule of Civil Procedure 26(b)(1), which states "Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party," the requested discovery must indeed be relevant. Fed. R. Civ. P. 26(b)(1) (emphasis added).

Requests seeking irrelevant information and documents regarding matters not at issue in the litigation need not be produced by a party. See, e.g., United States v. Fleetwood Enters., Inc., 702 F. Supp. 1082, 1096 (D. Del. 1988) (denying motion to compel production of documents responsive to document requests relating to matters "not at issue" in the case); E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 24 F.R.D. 416, 425 (D. Del. 1959) (denying request for documents relating to defendant's patent because defendant's patent was not in issue and "there is no reason to think that all the records relating to the prosecution of the patent application will contain information needed by plaintiff to prove its case"). Even where documents might remotely be relevant, if they are not of "great importance" in the lawsuit, the request may be denied. See, e.g., E.I. DuPont, 24 F.R.D. at 424-25 (denying request for remotely relevant documents where plaintiff could show no "good cause" for their production).

Plaintiff has failed to explain to the Court why documents going back to January 1, 2001 – a time long before Paradox owned any of the rights that are the subject of Plaintiff's claims –

5

125338.00601/11640220v.1

are relevant to any claim or defense being presented in this action.  Nor has Plaintiff explained

why Paradox's objection to Plaintiff's document request is not proper.  The mere fact that a third

party chose to produce documents without any reservation to relevancy or temporal restrictions

does not make those documents relevant to this action.  Regardless, subject to its well-founded

objection, Paradox did indeed produce all RED SONJA and RED SONYA documents in its

possession.  Plaintiff cannot overcome this objection merely by citing to its original,

inappropriate, request.  Because Plaintiff cannot demonstrate the relevance of those documents

subject to Paradox's objection, Plaintiff is asking the Court to order Paradox to do what it has

already done – produce relevant, responsive documents in its possession and, therefore,

Plaintiff's Motion should be denied.

B.    **Plaintiff is not Entitled to Conduct a**
      **<u>Second Deposition of Fredrik Malmberg</u>**

Plaintiff's only basis for its request to re-depose Mr. Malmberg is the production of

irrelevant documents by a third party.  This is not a sufficient reason to subject Mr. Malmberg to

a second deposition.  The Federal Rules of Civil Procedure limit each deposition to "**one day** of

seven hours." Fed. R. Civ. P. 30(d)(2).  Plaintiff had its day with Mr. Malmberg, and cannot

show a sufficient reason to take another day.  Plaintiff's counsel deposed Mr. Malmberg on

August 24, 2006, a date that Plaintiff selected.  Plaintiff's counsel voluntary concluded the

deposition after finishing his questioning of Mr. Malmberg.  Plaintiff was clearly aware of Dark

Horse prior to the Malmberg deposition, as evidenced by Plaintiff's inclusion of document

requests related to Dark Horse in its First Request for Production of Documents.

If Plaintiff thought documents produced by Dark Horse might be relevant to Mr.

Malmberg's deposition, the deposition should have been scheduled later in the discovery period,

as suggested by Paradox's counsel.  Further, Arthur Lieberman, Plaintiff's principal, was aware

125338.00601/11640220v.1

of Paradox's dealings with Dark Horse because he approved plans for crossover comics containing Paradox's characters and Plaintiff's RED SONJA character. Mr. Lieberman certainly could have informed his counsel of any dealings between Dark Horse, Paradox, and Plaintiff about which Plaintiff had the ability to question Mr. Malmberg during his deposition.

Plaintiff relies on an Advisory Committee Note to Rule 30(d)(2) that says the failure to produce documents may be grounds for additional depositions for its argument that it should be entitled to re-depose Mr. Malmberg. Like all the Federal Rules related to discovery, however, Rule 30 is subject to the limitations in Rule 26 that discovery can only be had as to **relevant** matter. As discussed in detail above, Plaintiff has failed to show that any of the documents produced by Dark Horse are actually relevant to the claims and defenses in this proceeding. In fact, all the exemplary emails cited to by Plaintiff occurred almost two years before Paradox's acquisition of the RED SONYA character. The fact is, Plaintiff had a full and fair opportunity to depose Mr. Malmberg when he traveled from the west coast to the east coast for his deposition. Nothing that has happened since Mr. Malmberg's first deposition provides any basis to allow Plaintiff more than the one day provided for by the Federal Rules.

C.    **Plaintiff's 30(b)(6) Notice not Directed to Relevant Subject Matter**

The categories listed in Plaintiff's 30(b)(6) deposition notice are not relevant to any of the parties' claims or defenses. Plaintiff's 30(b)(6) notice seeks testimony regarding the circumstances surrounding Mr. Sederowsky's departure from Paradox and also testimony regarding Paradox's document retention. Plaintiff has failed to show the relevance or necessity of any of this testimony.

Plaintiff has not offered any explanation whatsoever as to the relevance of testimony regarding Mr. Sederowsky's departure from Defendant to the instant matter. In fact, Plaintiff's awareness of Mr. Sederowsky's departure only comes from Plaintiff's impermissible questioning

7

125338.00601/11640220v.1

of a third party witness, Nu Image, regarding this matter. Nu Image was subpoenaed by Defendant. During Nu Image's deposition, Plaintiff cross-examined the witness, over Paradox's objections, regarding Mr. Sederowsky. Such questioning was clearly improper as it was outside the scope of Paradox's direct questioning. Additionally, the third party testimony regarding Mr. Sederowsky consists entirely of inadmissible hearsay. Because Mr. Sederowsky's departure from Paradox is not relevant to the claims or defenses at issue in this matter, the Court should deny Plaintiff's Motion.

With regard to the testimony sought regarding Defendant's document production, as discussed above Paradox has complied with its document production requirements and there is no reason to allow a deposition with respect to Defendant's production process. Paradox deponents, Mr. Sederowky and Mr. Malmberg, were already questioned at length on this topic. Paradox's counsel explained to Plaintiff's counsel that no one from Paradox besides Mr. Malmberg remains to testify regarding Paradox's document production, and Mr. Malmberg previously provided testimony on this issue. See Exhibit D to Plaintiff's Brief.

Further, during the parties' discussions regarding this issue, Defendant offered that it would respond, within three days, to interrogatories propounded by Plaintiff regarding the topic of Mr. Sederowsky's departure from Defendant, as well as the custodial issues. Plaintiff refused this offer by Defendant. Plaintiff filed the instant Motion prematurely and without regard to ongoing dialogue and Paradox's attempts to reach informal resolution of this dispute. As a result of Plaintiff's failure to compromise and reach a resolution, Plaintiff's Motion also should be denied.

## D.    Plaintiff is not Entitled to Sanctions

The entirety of Plaintiff's instant Motion seeks irrelevant discovery. Paradox has produced all the relevant, responsive documents in its possession and also has provided

8

125338.00601/11640220v.1

witnesses as required by the Federal Rules.  The fact that Plaintiff chose to file a Motion to

Compel seeking discovery that is not entitled to under the Federal Rules is no basis for sanctions.

## VI.    **CONCLUSION**

Defendant respectfully requests, for all the reasons set forth herein, that Plaintiff's

Motion to Compel be denied.

BLANK ROME LLP

*/s/ Thomas P. Preston*

By:_____
Thomas P. Preston, Esquire (Del. Bar #2548)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile: (302) 425-6464
preston-t@blankrome.com

*Attorneys for Defendant/Counter-Plaintiff*
*Paradox Entertainment Inc.*

Of Counsel:

Earl M. Forte [forte@blankrome.com]
Timothy D. Pecsenye [pecsenye@blankrome.com]
Emily J. Barnhart [barnhart@blankrome.com]
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

March 13, 2007

9
