UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

RED SONJA LLC,                              )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )        Civil Action No.:
                                            )        06-CV-00270 (SLR)
PARADOX ENTERTAINMENT, INC.,                )
                                            )        **PUBLIC VERSION**
                Defendant.                  )
_____)

**MOTION IN LIMINE OF PLAINTIFF
RED SONJA LLC, SEEKING TO PRECLUDE
DEFENDANT PARADOX ENTERTAINMENT, INC.
FROM INTRODUCING CERTAIN EVIDENCE AT TRIAL
<u>AND TO DEEM AUTHENTICATED CERTAIN OTHER DOCUMENTS</u>**

Richard K. Herrmann, #405
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com

Thomas J. Curran, Esquire
Mark A. Berman, Esquire
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335

Attorneys for Plaintiff RED SONJA LLC

Original Dated:  May 23, 2007
Redacted Version: June 1, 2007

# TABLE OF CONTENTS

**Background**...........................................................................................................1

**Procedural Posture** .............................................................................3

**Argument** ...................................................................................................6

**Point 1** – Defendant Should Be Precluded From Introducing Any Documents
Or Testimony Related to its Conan Character As Defendant Steadfastly Refused
To Produce Such Documents During Discovery.............................................7

**Point II** – Paradox Should Be Precluded From Introducing Any Evidence Related
To Its Purported Damages On Its Counterclaims As It Has Failed To Produce
Any Damages Evidence During Discovery ...................................................10

**Point III** – Paradox Should Be Precluded From Introducing Dark Horse's Documents
Or Its Testimony At Trial And the Dark Horse Documents To Be Utilized At Trial
By Plaintiff Should Be Deemed Authentic Business Records .........................................15

**Point IV** – The Court Should Sanction Paradox for its Failure to Produce
Documents And Witnesses By Precluding It from Using the Discovery It
Produced On Its Counterclaims At The Trial Of This Matter.........................................18

**Point V** – Paradox Should be Precluded From Testifying About Anything
That Its Witnesses Claimed They Could Not Remember At The Depositions.................19

**Conclusion**..................................................................................................22

## TABLE OF AUTHORITIES

**Cases**                                                                   **Page**

In re Lexington Healthcare Group, Inc.,
  335 B.R. 570 (D. Del. 2005) ....................................................................................... 16

Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,
  456 U.S. 694 S. Ct. 2099 (1982)................................................................................... 17

National Indoor Football League, LLC v. R.P.C. Employer Svcs., Inc.,
  2006 WL 1437261 (W.D. Pa. Mar. 16, 2006) .............................................................. 16

National Res. Dev. Corp. v. Great Lakes Carbon Corp.,
  410 F. Supp. 1108 (D. Del. 1975)................................................................................. 15

Philips Electronics N. Am. Corp. v. Contec Corp.,
  2004 WL 769371 (D. Del. Apr. 5, 2004)...................................................................... 18

Praxair, Inc. v. ATMI, Inc.,
  445 F. Supp. 2d 460 (D. Del. 2006).............................................................................. 18

Szusterman v. Amoco Oil Co.,
  112 Fed. Appx. 130, 2004 WL 2203975 (3rd Cir. Sept. 30, 2004) .............................. 14

Transportes Aereos De Angola v. Ronair, Inc.,
  104 F.R.D. 482 (D. Del. 1985) ....................................................................................... 9

Verma v. Polaris Software Ltd.,
  2007 WL 1218014 (3rd Cir. April 26, 2007)................................................................ 14

Ware v. Rodale Press, Inc.,
  322 F.3d 218 (3rd Cir. 2003) ................................................................................. 14, 18

Plaintiff Red Sonja LLC ("Red Sonja" or "Plaintiff") respectfully requests, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 802 of the Federal Rules of Evidence, that the Court: (1) preclude Defendant Paradox Entertainment, Inc. ("Paradox" or "Defendant") from introducing at trial evidence relating to: (a) Paradox's character, Conan the Barbarian, (i) communications Paradox had with its licensee, Dark Horse Comics ("Dark Horse"), which materials Paradox did not produce during discovery, and where Paradox interfered with the authentication of certain of such documents by non-party Dark Horse, the entity that produced them pursuant to subpoena, and (ii) the testimony of Dark Horse; (b) evidence of Defendant's alleged damages on their Counterclaims; and (c) subject areas that Defendant was unable or unwilling to testify about at its depositions; and (2) treat as authentic business records for the purposes of this action documents produced by Dark Horse that Plaintiff intends to use at trial, as a sanction for Defendant and Dark Horse's obstructionist conduct.

Paradox cannot have it both ways: deny Plaintiff discovery and, at the same time, prosecute its Counterclaims based on information it refuses to produce and which information is relevant to Plaintiff's affirmative case. Preclusion is mandated.

**Background**

Plaintiff is the holder of the "Red Sonja" trademark based upon a sword-wielding female warrior character originally created by Robert E. Howard in his story <u>Shadow of the Vulture</u> in the 1930s and adapted by Marvel Comics in the 1970s as a love interest for a male warrior, Conan the Barbarian ("Conan"), of the Hyborian age. Defendant, through its wholly-owned subsidiary CPI, is the owner of the "Conan" trademark.

On February 6, 2006, Defendant or one of its *alter ego* companies purchased the rights to the Robert E. Howard library.  Specifically excluded from the sale to Paradox was the character Red Sonja, which was already owned by Plaintiff's predecessor in interest.  The Howard library did contain the <u>Shadow of the Vulture</u> story, which included a Red Sonya character; however, that "**y**" character had been in obscurity with only that single appearance over 70 years ago from the <u>Shadow of the Vulture</u> story. Since the acquisition by Defendant, Paradox sought to usurp Plaintiff's Red Sonja character by, among other things, introducing the character Red Sonya into the Hyborian world of Conan, a world that has no relation to Defendant's Red Sonya character, but which is the well-known world of Plaintiff's Red Sonja.

Upon the acquisition by Defendant, Paradox immediately publicly declared that it owned Red Sonja and that it was ready to offer licenses for Red Sonya (which is both erroneous and confusing).  This suit followed that proclamation.

In response to the commencement of this action, Defendant ultimately took the position that it is not making any use of the Red Sonya character and that it has no intention of doing so in the future.

This post-wrongdoing remedial admission fails to redress the damage resulting from Paradox's prior intentional wrongful conduct.  In any event, notwithstanding the above concession of liability, Paradox is still pursuing its Counterclaims that, among other things, Plaintiff's Red Sonja character has allegedly unfairly competed with*, inter alia*, Defendant's Conan character.

**Procedural Posture**

In response to Plaintiff's Complaint, Paradox asserted Counterclaims alleging: (1) fraud on the Patent Office; (2) unfair competition; and (3) abuse of process. Plaintiff thereafter moved to amend its Complaint to add as a defendant CPI, the putative owner of the Conan character, which motion is currently *sub judice*.

Also before the Court is Plaintiff's motion to compel Defendant to produce Conan-related documents and Plaintiff's motion to supplement the record to include deposition testimony obtained by Defendant from non-parties it subpoenaed that concerned Conan. Defendant solicited this testimony from non-party witnesses despite its assertions to the Court in opposition to Plaintiff's motion that Conan has no bearing on Plaintiff's Claims or Defendant's Counterclaims.

Plaintiff served a subpoena on Dark Horse, Paradox's licensee and the publisher of the Conan comics, seeking, among other things: (i) documents related to this action, and (ii) the testimony of a custodian of records to authenticate such documents. Dark Horse produced thousands of pages of documents, including hundreds of documents that were sent to or from Paradox, but which Paradox did not produce to Plaintiff in response to Plaintiff's document demand.[1] Apparently, according to its testimony, Dark Horse

# REDACTED

so Plaintiff applied Bates numbers to the documents for ease of reference in furtherance of Dark Horse's deposition.

Plaintiff's counsel engaged in lengthy e-mail correspondence with Dark Horse's

---

[1]    Plaintiff sought the deposition of Dark Horse's custodian of records to authenticate its documents, since Dark Horse is located in Oregon and is not within this Court's subpoena power for trial.

general counsel, Kenneth Lizza, in connection with Plaintiffs' request to take the deposition in Oregon of Dark Horse's custodian of records. During the course of at least 20 e-mail exchanges over several weeks prior to the deposition with Mr. Lizza, copies of which e-mails were undoubtedly forwarded to Paradox's counsel by its licensee's general counsel, Plaintiff indicated specifically that it was seeking to take Dark Horse's deposition for the purpose of authenticating the documents Dark Horse had produced, copies of which had been previously provided to Defendant's counsel.[2]  Plaintiff's counsel advised Dark Horse that it had Bates numbered the documents Dark Horse produced for ease of reference during the deposition. At no time during their extensive correspondence did Dark Horse ever indicate to Plaintiff that it would not, or could not, authenticate the documents it had produced or that it had not retained copies of such documents.

Notwithstanding the extensive correspondence with Dark Horse's counsel clearly articulating the purpose of the deposition, Dark Horse's witness disingenuously refused

## REDACTED

---

[2]      Our February 19, 2007 e-mail to Dark Horse's general counsel, for instance, provided:

Ken: Copies of all the documents sent to us by you would be sent back to you with bates numbers. We would, for example, go through the process of how the documents were accumulated and where they had been stored.  Why they were kept -- as part of Dark Force's (sic) business.  Identifying the positions of the sender and recipients.  We would not be asking people what documents mean. Any document retention policy Dark Forces (sic) has?  Very uncontroversial type of questioning.  Mark

4

REDACTED

[3]  Dark Horse should have had no reason to obstruct its deposition, particularly since the sole purpose of the deposition was simply the authentication of the documents that it produced unless it was in cahoots with its licensor Paradox in seeking to thwart the deposition.  Paradox's wrongful conduct in discovery is palpable throughout this litigation and it warrants preclusive sanctions.

Plaintiff had sought to obtain the highly relevant Dark Horse documents from Paradox in response to Plaintiff's document demand to Paradox, since Paradox had either generated or received many of them.  However, Paradox failed to produce these documents.

In addition, Paradox refused to produce a custodian of records, whom Plaintiff sought to depose in order to determine Paradox's document retention policy and why

---

[3]    Dark Horse's Director of Information Technology was deposed and testified as follows:

REDACTED

Paradox did not produce responsive documents, including, but not limited to, the documents that Dark Horse had produced and which, no doubt, had been in Paradox's possession at one time.    Paradox also refused to produce its current President, Frederik Malmberg, for the continuation of his deposition.  Plaintiff sought to question Mr. Malmberg regarding, among other things, the post-deposition termination of Paradox's former president, Peter Sederowsky, to determine if his termination from Paradox was related in any way to the matters at issue in this action.

Obtaining no adequate response to its multiple requests for the production of documents and corporate witnesses, Plaintiff moved to compel (i) the continued deposition of Defendant, by Frederik Malmberg, (ii) the production of Paradox witness(es) pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) all documents concerning Plaintiff's "Red Sonja" character and Defendant's "Red Sonya" character for the period 2001 to the present as requested in Plaintiff's First Request for the Production of Documents, including all Dark Horse documents.

## ARGUMENT

Rule 37(c) of the Federal Rules of Civil Procedure provides in pertinent part, that:

> (1)    A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

As demonstrated below, Defendant has, without substantial justification, failed to produce relevant documents which mandate that this Court preclude Defendant from introducing certain evidence on its Counterclaims (Point I-V) as well as in its defense of Plaintiff's case-in-chief. (Points I, III-V)  Paradox should be precluded from utilizing

6

documents at trial which it, together with its licensee, prevented Plaintiff from authenticating and which Paradox never produced, and the Court should preclude such licensee's trial testimony and deem such licensee's documents authentic "business records" solely for Plaintiff's use at trial. (Points III-IV)  In addition, Paradox should be precluded from introducing testimony at trial on matters that its witnesses could not remember during their depositions.  (Point V)

**POINT I**

**DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING
ANY DOCUMENTS OR TESTIMONY RELATED
TO ITS CONAN CHARACTER AS DEFENDANT STEADFASTLY
REFUSED TO PRODUCE SUCH DOCUMENTS DURING DISCOVERY**

We submit that Defendant should be precluded from prosecuting its Counterclaims alleging Red Sonja's alleged unfair competition with Paradox's Conan character and abuse of process due to its refusal to produce discovery to Plaintiff related to that character.  We further submit that Defendant should be precluded from testifying to anything Conan-related on its defense to Plaintiff's case-in-chief due to such failure.

Paradox has claimed that Plaintiff's requests related to the Conan character are irrelevant, objecting on the grounds that they seek documents not reasonably calculated to lead to the discovery of admissible evidence related to any claim or defense in this action.  Paradox asserted this objection, and failed to produce responsive documents, despite the fact that Conan is cited by name over 50 times in the Complaint and also serves as a predicate for Defendant's counterclaims against Plaintiff for unfair competition and abuse of process.

Above and beyond Plaintiff's entitlement to such documents in furtherance of the prosecution of its affirmative case and any defense Paradox may assert at trial as it relates

7

to Conan, Defendant's own Counterclaims include Conan allegations, such as:

- The character and trademark CONAN, which is owned by Defendant's wholly owned subsidiary [CPII], is a famous and highly regarded character and mark in many genres, including comic books, movies, and related products. (Counterclaims, ¶ 157);

- Robert E. Howard created the CONAN character, and Robert E. Howard is highly regarded as a legend in the comic book and fantasy genres. (Counterclaims, ¶ 158);

- . . . Plaintiff and its affiliates are aware of the ownership of the CONAN character and Robert E. Howard's other characters. (Counterclaims, ¶ 171);

- Plaintiff . . . has acknowledged that legitimate competition exists between Plaintiff and Defendant, particularly with respect to the characters owned by the parties. (Counterclaims, ¶ 172);

- In order to facilitate their own financial gain, Plaintiff and its affiliates are engaging in unfair competition. (Counterclaims, ¶ 175);

- Plaintiff and its affiliates purposely and systematically set out to exploit the reputation and good will associated with the famous marks and characters owned by Defendant for their own financial gain. (Counterclaims, ¶ 176); and

- Plaintiff "improperly drew off the substantial good will and name recognition of Paradox, Robert E. Howard [who created the Red Sonja character and the Conan character], and the famous marks and characters owed by Defendant," which include the Conan character. (Counterclaims, ¶ 206).

As Paradox has based its Counterclaims in part on its ownership of the Conan character and the competition between Red Sonja and Paradox, Plaintiff properly and appropriately requested documentation related to Conan. In Plaintiff's First Request for the Production of Documents, dated July 6, 2006, Red Sonja called for the production of the following Conan-related documents, none of which were produced:

Request No. 2: All documents concerning any communication between Paradox and Dark Horse Comics relating to Conan the Barbarian and cross-overs.

8

Request No. 10: All documents concerning the word "famous," as that
word is used in relation to intellectual property rights or purported rights
including, but not limited to, how that concept applied, applies or might
apply to Conan the Barbarian.

Request No. 25: All documents concerning the value of the marks Conan
the Barbarian, Red Sonja, and/or Red Sonya as distinct characters.

In fact, Paradox itself sought discovery regarding the Conan character as it is
undisputed that Paradox specifically questioned non-parties about REDACTED during their
depositions and deposed Plaintiff's two principals about Conan, asking them numerous
questions concerning the character.

It is further undisputed that Plaintiff's Red Sonja character and Defendant's
Conan character are in direct competition with each other (as both parties allege) – the
question before this Court is whether either of the parties engaged in unfair competition.
In order for Plaintiff to, among other things, appropriately defend against Defendant's
Counterclaims as well as prosecute its affirmative case, Plaintiff is entitled to Conan
documents and Paradox's failure to produce them is improper and unjustified.

In Transportes Aereos De Angola v. Ronair, Inc., 104 F.R.D. 482 (D. Del. 1985),
the court stated that if the defendants failed to produce relevant, requested documents and
deposition testimony it would sanction the defendants, "under Rule 37(b)(2)(A) through
(D), including, but not limited to, an order precluding the evidence not produced in
response to discovery procedures." Id. at 495.

Here, the same result is required. Paradox's willful and steadfast failure to
produce relevant documents will directly inhibit Plaintiff's ability to defend against
Defendant's Counterclaims and prosecute its own case. Paradox cannot have it both
ways: deny the production of documents relating to Conan and then, simultaneously, use

the character as a basis to prosecute its Counterclaims.

Equity demands the sanction of preclusion. Accordingly, this Court should preclude Paradox from offering at trial in connection with its defense to Plaintiff's claims or on its Counterclaims any evidence relating to its Conan character.

**POINT II**

**PARADOX SHOULD BE PRECLUDED FROM INTRODUCING
ANY EVIDENCE RELATED TO ITS PURPORTED DAMAGES
ON ITS COUNTERCLAIMS AS IT HAS FAILED TO
PRODUCE ANY DAMAGES EVIDENCE DURING DISCOVERY**

Defendant has failed to include in any of its 437 pages[4] of materials produced during the course of discovery documents supporting its alleged claim for damages nor has it served any affirmative expert report in support thereof. Accordingly, Defendant should be precluded from introducing any evidence that it was damaged as asserted in its Counterclaims.

Rule 26 of the Federal Rules of Civil Procedure provides in pertinent part, that:

(a)     **Required Disclosures; Methods to Discover Additional Matter.**

(1)     **Initial Disclosures**. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

* * *

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Simply stated, Paradox has not produced to Plaintiff a computation of damages; nor has it produced a single document evidencing any damages it has purportedly

---

[4]     Plaintiff has produced approximately 5800 pages of documents to Paradox.

suffered. Rather, Paradox's only evidence in discovery regarding its damages was its statement in its Initial Disclosures that it is "premature to discuss computation of Paradox's monetary damages, and Paradox reserves the right to supplement or amend this disclosure." For this reason alone, Paradox should be precluded from offering any evidence at trial related to its purported monetary damages.

Furthermore, when Paradox's officers were questioned at their depositions regarding Paradox's purported damages, they could not even testify as to the substance of Paradox's Counterclaims, let alone the basis and extent of any claimed damages.

For example, Frederik Malmberg, Paradox's current president, testified as follows:

**REDACTED**

11

\* \* \*

REDACTED

REDACTED

Paradox could not even put up a witness that was capable of testifying as to the substance of the Counterclaims alleged, let alone the alleged damages supposedly incurred by Paradox.

The failure to produce damage evidence in discovery will result in preclusion of such evidence at trial.  In <u>Verma v. Polaris Software Ltd.</u>, 2007 WL 1218014 (3rd Cir.

April 26, 2007) (remanded on other grounds), the trial court granted a motion *in limine* seeking to preclude damages evidence, stating:

> [The plaintiff] in discovery and in his deposition under oath, cannot and has failed to set forth with any factual basis that would be admissible as evidence any damages claimed above and beyond the liquidated damages clause provision in the memorandum, I would preclude any damages claim, any evidence of any damages because there simply isn't any evidentiary support for one.

Id. at *2. In Szusterman v. Amoco Oil Co., 112 Fed. Appx. 130, 2004 WL 2203975 (3rd Cir. Sept. 30, 2004), the Third Circuit affirmed the District Court's preclusion of damages evidence where a plaintiff failed to produce a computation of damages, pursuant to Rule 26(a)(1)(C), and when asked at deposition how plaintiff's request for damages was calculated, the plaintiff responded "I don't know." Id. at 131-32. See Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3rd Cir. 2003) (Third Circuit affirmed trial court's order precluding the introduction of damage evidence where the plaintiff failed to produce a damage calculation and related materials during discovery).

Here Paradox has willfully produced *no* documents relating to damages or a damage calculation and the trial date is less than two months away. Paradox's conduct evidences its bad-faith litigation tactics taken to gain an advantage at trial. Paradox's pattern of obstructionist tactics is already well known to this Court. A simple review of the discovery motions that are currently *sub judice* evidences such tactics.

Preclusion of any evidence in support of Paradox's claim of alleged damages is the appropriate sanction for Paradox's failure to produce such materials.

## POINT III

### PARADOX SHOULD BE PRECLUDED FROM INTRODUCING DARK HORSE'S DOCUMENTS OR ITS TESTIMONY AT TRIAL AND THE DARK HORSE DOCUMENTS TO BE UTILIZED AT TRIAL BY PLAINTIFF SHOULD BE DEEMED AUTHENTIC BUSINESS RECORDS

Federal Rule of Evidence 802 provides:

Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

Business records may be admissible pursuant to an exception to the hearsay rule

that provides that documents:

made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Federal Rule of Evidence 803(6).

In this case, Dark Horse's custodian refused to testify that the documents *it produced* were its documents or are authentic, let alone that they meet the other requirements for admissibility under the business records exception to the hearsay rule. See, e.g., National Res. Dev. Corp. v. Great Lakes Carbon Corp., 410 F. Supp. 1108, 1113 n. 20 (D. Del. 1975). Accordingly, Paradox should not be permitted to call Dark Horse at trial to authenticate documents that Paradox wants to use, after Dark Horse, Paradox's licensee, clearly conjoined with Paradox, refused to do so when Plaintiff took its deposition.

Moreover, Dark Horse has not provided written certification pursuant to Rule

902(11) of the Federal Rules of Evidence certifying that the documents it produced are authentic and that they satisfy the requirements of the business records exception to the hearsay rule. See In re Lexington Healthcare Group, Inc., 335 B.R. 570, 574 (D. Del. 2005) (unauthenticated records constitute inadmissible hearsay).

As set forth on pages 4-6 and footnotes two and three, *infra*, given Paradox and Dark Horse's outrageous and improper conduct in intentionally obstructing Plaintiff's deposition of Dark Horse, which simply sought to authenticate Dark Horse's documents for purposes of trial, Paradox, among other things, should be precluded from noticing its intention to offer Dark Horse's records into evidence in compliance with FRE 902(11). Compare, e.g., National Indoor Football League, LLC v. R.P.C. Employer Svcs., Inc., 2006 WL 1437261, at *3 (W.D. Pa. Mar. 16, 2006) (where party has provided written notice required by Federal Rule of Evidence 902(11), court will permit introduction of documents into evidence pending assessment for admissibility including trustworthiness).

Paradox also should not be permitted to introduce any Dark Horse communications at trial through its own witnesses, since it did not produce such documents during the course of discovery and also due to its obstructionist conduct that caused Plaintiff to be unable to authenticate Dark Horse's documents. Plaintiff had made multiple requests to obtain discovery from Paradox that called for documents reflecting the matters contained in the Dark Horse documents and Paradox failed to produce them. Accordingly, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Paradox should be precluded from offering any Dark Horse documents into evidence at the trial of this action as well as any testimony from Dark Horse.

Rule 37(c) also provides that as a sanction for a party's failure to disclose

16

documents or information, the court may impose any sanction available under Rule 37(b) including "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." F.R.C.P. 37(b)(2)(A). See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707-09, 102 S. Ct. 2099, 2106-07 (1982) (where defendants failed to provide discovery addressing the issue of personal jurisdiction the court sanctioned them by finding that the court had personal jurisdiction over them).

In this case, for Paradox's failure to produce Dark Horse documents and its interference with Plaintiff's deposition of Dark Horse, this Court should impose the additional sanction of deeming documents produced by Dark Horse that Plaintiff seeks to use at trial as authentic business records. Paradox's blatant failure to produce relevant documents cannot be more clearly demonstrated than by the fact that its licensee produced thousands of documents that Paradox did not produce in discovery, even though many of those documents were sent to or from Paradox and thus were in Paradox's possession at one time. In addition to its failure to produce these documents, Paradox has failed and refused to produce witness(es) noticed by Plaintiff to testify as to how Paradox maintains its documents, in an effort to understand why it did not produce documents which it authored or sent, and what efforts it undertook to comply with Plaintiff's discovery demand.

Accordingly, for the reasons set forth above, the Court should order that: (a) Paradox is precluded from the utilizing Dark Horse communications and offering any testimony of Dark Horse at trial, and (b) the documents produced by Dark Horse that

17

Plaintiff intends on utilizing at trial should be deemed authentic business records.

## POINT IV

### THE COURT SHOULD SANCTION PARADOX FOR ITS FAILURE TO PRODUCE DOCUMENTS AND WITNESSES BY PRECLUDING IT FROM USING THE DISCOVERY IT PRODUCED ON ITS COUNTERCLAIMS AT THE TRIAL OF THIS MATTER

Under Rule 37(c), the Court "may impose other appropriate sanctions" for a party's failure to provide discovery. Rule 37(c)(1) "was added to the Rules to serve as an 'automatic sanction' intended to provide 'a strong inducement for disclosure. . . '." Philips Electronics N. Am. Corp. v. Contec Corp., 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004) (quoting Advisory Committee Note to 1993 Amendments to Fed. R. Civ. P. 37) (precluding the introduction of evidence produced after the close of discovery).

Under Rule 37(c)(1), "a sanction for a discovery abuse, including the preclusion of evidence, is warranted except when a party's conduct is either substantially justified or harmless." Praxair, Inc. v. ATMI, Inc., 445 F. Supp. 2d 460, 469 (D. Del. 2006) (precluding introduction of prior art evidence produced at the end of discovery).

Among other things, the court may impose a sanction "prohibiting that party from introducing designated matters in evidence." F.R.C.P. 37(b)(2)(B). "[C]ourts are authorized to impose sanctions for discovery violations, including barring the admission of certain evidence." Ware Communications, Inc. v. Rodale Press, Inc., 2002 WL 89604, at * 2 (E.D. Pa. Jan. 23, 2002), aff'd, 322 F.3d 1168 (3rd Cir. 2003) (citing In re TMI Litig., 193 F.3d 613, 721 (3rd Cir. 1999)) (precluding evidence of breach of contract damages for failure to produce discovery).

Paradox intentionally failed to comply with Plaintiff's discovery. In addition to the failures identified above, when, for instance, a simple Rule 30(b)(6) deposition was

sought by Plaintiff concerning its document retention policy, Paradox did not move to quash, but affirmatively refused to produce such a witness and put Plaintiff to the task of moving to compel.

Even Paradox's purported supplemental document production after the close of discovery, which was prompted by demands made by Plaintiff and not through any voluntary compliance by Defendant, provided less than 200 pages of documents; Defendant's total production even then was nowhere near the more than 2100 pages of relevant documents produced by Dark Horse and the approximately 5800 documents produced by Plaintiff.

For the reasons set forth above, this Court should preclude Paradox from introducing into evidence any documents or testimony it has provided in this action on its Counterclaims, as well as any contemplated testimony by Dark Horse in connection with its defenses to Plaintiff's action and on its Counterclaims, for Paradox's failure to comply with its discovery obligations or to produce documents and testimony in response to Plaintiff's demands.

## POINT V

### PARADOX SHOULD BE PRECLUDED FROM TESTIFYING ABOUT ANYTHING THAT ITS WITNESSES CLAIMED THEY COULD NOT REMEMBER AT THE DEPOSITIONS

Paradox's two witnesses, Peter Sederowsky, the former president of Paradox and Frederik Malmberg, the now-President of Paradox -- **the only two representatives of Paradox that it identified in its Initial Disclosures as having any knowledge of the Counterclaims in this action** -- both provided depositions in this action.

*They both responded to a multitude of questions by saying*          **REDACTED**

REDACTED

Whether it was Paradox's tactic not to prepare its only two witnesses for their depositions as a further attempt to obstruct Plaintiff's ability to obtain relevant evidence or whether these two individuals are incapable of remembering relevant facts, Paradox should be precluded from testifying substantively at trial concerning issues that its representatives could not answer during its depositions. Merely, as an example, Mr. Malmberg testified as follows:

REDACTED

## REDACTED

(Id., at 92)

      The above are simply a sample of questions that were answered in this manner by Malmberg, and Sederowsky answered similarly.  In total, during the two approximately one-half day depositions of each of Defendant's representatives, they testified that they

### REDACTED            *over 200 times.*

      Accordingly, it would be unfairly prejudicial to Plaintiff if Paradox were permitted to present testimony at trial concerning the subject areas Malmberg or Sederowsky testified that they "don't recall," "don't know," or "don't remember."  Nor should Paradox be permitted to produce other current or former Paradox witness to testify on these subject areas – since Paradox has not identified any other Paradox witness with knowledge in its Initial Disclosures.  Accordingly, Paradox should be precluded from offering testimony on subjects that its witnesses testified they "don't recall," "don't know," or "don't remember" at their depositions.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that Plaintiff Red Sonja, LLC's motions *in limine* should be granted in all respects.

Dated: May 23, 2007

Richard K. Herrmann, #405
MORRIS JAMES LLP
500 Delaware Avenue, 15th Floor
P.O. Box 2306
Wilmington, DE  19899-2306
Telephone: (302) 888 6816
Facsimile: (302) 571 1750
rherrmann@morrisjames.com


Thomas J. Curran, Esq.
Mark A. Berman, Esq
GANFER & SHORE, LLP
360 Lexington Avenue
New York, New York 10017
Telephone: (212) 922-9250
Facsimile (212) 922-9335