IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-270-SLR |
| | ) |
| PARADOX ENTERTAINMENT, INC., | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

At Wilmington this 12th day of June, 2007, having considered various motions pending in the above referenced action;

IT IS ORDERED that:

1. Plaintiff's motion to amend the complaint (D.I. 30) is denied. The dispute between the parties is a narrow one, focused on their respective rights for commercial use of a literary character created by Robert E. Howard ("Red Sonya") and first commercialized by Roy Thomas as "Red Sonja." The historical facts are known and the parties at bar do not dispute that they are the appropriate parties to present the dispute to the court and to resolve the dispute through litigation or otherwise. The court concludes that the proposed new defendant adds nothing to the litigation and, therefore, declines to broaden the scope of this dispute by allowing the proposed amendment to the pleadings.

2. Plaintiff filed a first motion to compel (D.I. 44), grounded on plaintiff's

assertion that, because *Conan the Barbarian* and "Red Sonja" are in direct competition, broad discovery requests directed toward the value of the respective marks is appropriate. As noted above, the court sees the instant dispute as a narrow one, stemming from defendant's purchase, in February 2006, of the rights to all of the literary characters created by Howard,[1] including the right to use "Red Sonya," and the consequential confusion in the marketplace between "Red Sonya" and "Red Sonja." From the court's perspective, information related to *Conan the Barbarian* is relevant, if at all, in the context of determining damages; i.e., once it has been determined by the court which of the "Red Sonja"/"Red Sonya" literary characters are subject to commercial exploitation and by whom, only then does value become relevant. Therefore, the court will deny the motion to compel to the extent it seeks information in document requests 2, 10, and 25.

    a. However, on or before **June 18, 2007,** defendant shall produce all documents, generated in relation to the February 2006 transaction and thereafter, related to the "Red Sonja"/"Red Sonya" characters. If defendant asserts that it has produced all such documents, counsel for defendant shall file with the court, on or before **June 18, 2007**, a detailed affidavit averring as much, as well as describing the document search defendant undertook to gather such documents.[2]

    b. Given the court's perspective, it chooses, in the exercise of its

---

[1] Defendant already owned the *Conan* character through its wholly owned subsidiary CPI LLC, the business entity plaintiff tried to add through its motion to amend the complaint.

[2] The affidavit will take the place of a 30(b)(6) deposition.

2

discretion, to bifurcate the issue of damages (both as to plaintiff's claims and as to defendant's counterclaims) for purposes of trial.³

3. Plaintiff's second motion to compel (D.I. 67) is granted, to the following extent. On or before **June 22, 2007**, defendant shall produce for deposition: (a) a Fed. R. Civ. P. 30(b)(6) witness to testify about the termination of defendant's former president, Mr. Sederowsky; and (b) a continuation of the deposition of Fredrik Malmberg to allow follow-up questions about late-produced documents and defendant's counterclaims. Each deposition is limited to three (3) hours.

4. Plaintiff's motion to supplement the record (D.I. 55) is denied.

5. Plaintiff's motion in limine (D.I. 86) is granted to the following extent:

   a. **Points I, III and V.** Consistent with the court's practices, if a party has failed to cooperate in discovery, e.g., by failing to produce evidence during discovery that was legitimately requested during discovery, that party is precluded from affirmatively using that evidence at trial. For example, because the court has denied plaintiff's motion to compel responses to its document requests 2, 10 and 25, such information cannot be used affirmatively by defendant at trial.

   b. **Point II** is moot, given the court's decision to bifurcate.

   c. **Point IV** shall be discussed at the pretrial conference.

6. Defendant's motion to strike the report of Fred B. Tarter and to preclude plaintiff from offering any evidence of damages (D.I. 87) is denied as moot, given the court's decision to bifurcate. Defendant's motion for leave to file a reply (D.I. 94) is

---

³The court will review the need for damages discovery after its decision on liability.

3

denied as moot.

_____
United States District Judge