IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 06-270 (SLR) |
| | ) |
| PARADOX ENTERTAINMENT, INC., | ) **REDACTED – PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

**PARADOX'S MOTION FOR LEAVE TO FILE THE ATTACHED REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO STRIKE THE REPORT OF FRED B. TARTER AND TO PRECUDE PLAINTIFF FROM OFFERING ANY EVIDENCE OF DAMAGES**

Defendant Paradox Entertainment, Inc. ("Paradox") moves for leave to file the attached Reply (Ex. A) in support of its Motion to Strike the Report of Fred B. Tarter and to Preclude Plaintiff From Offering Any Evidence of Damages. (D.I. 87). Paradox requests leave to file a Reply so that it can address the new arguments and positions raised by plaintiff in its answering brief in opposition to Paradox's Motion to Strike. (D.I. 91).

In its answering brief, for instance, plaintiff does not dispute that Mr. Tarter's report is speculative and conclusory, but instead suggests that he should be allowed to supplement that report with further testimony. Nor does plaintiff dispute that, in its interrogatory responses and deposition testimony, it claimed that its damages contentions would be forthcoming in an expert report. Remarkably, however, plaintiff now asserts that it will establish damages through fact witnesses, and not its expert.

Finally, plaintiff has included with its opposition a declaration of its president, Arthur Lieberman, advancing new allegations of purported liability and damages that have never been raised in this case. (D.I. 92). That declaration, for instance, is the basis for plaintiff's new trademark dilution damages theory – though that theory has never been identified in response to

Paradox's interrogatory regarding damages, nor mentioned in plaintiff's expert report. (*See* D.I. 91 at 19-20 (citing D.I. 92 ¶¶ 4-7)). The declaration also includes a reference to unknown damages from certain licensing efforts by Paradox (D.I. 92 ¶ 8), but those allegations were not mentioned in the Complaint, or disclosed during discovery in this case.

For the foregoing reasons, Paradox respectfully moves for leave to file the Reply brief attached as Exhibit A.

Pursuant to D. Del. LR 7.1.1, counsel for Paradox certifies that the subject of this motion has been raised with counsel for plaintiff, and that the parties have been unable to reach an agreement.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer (#4828)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Richard _ Bauer (#4828)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
*Attorneys for Defendant*
  *Paradox Entertainment, Inc.*

*Of Counsel*:

Frederick U. Fierst
Fierst, Pucci & Kane LLP
64 Gothic Street
Northampton, MA 01060
(413) 584-8067

Originally Filed: June 6, 2007
Redacted Version Filed: June 13, 2007
828415

CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

        Richard K. Herrmann, Esquire
        Morris James LLP

I further certify that I caused to be served copies of the foregoing document on June 13, 2007 upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris James LLP<br>500 Delaware Avenue<br>15th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Mark A. Berman, Esquire<br>Thomas J. Curran, Esquire<br>Ira B. Matetsky, Esquire<br>Ganfer & Shore, LLP<br>360 Lexington Avenue<br>New York, NY 10017 | *VIA ELECTRONIC MAIL*<br>*and FIRST CLASS MAIL* |

        */s/ Richard J. Bauer*
        _____
        Richard J. Bauer (#4828)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RED SONJA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 06-270 (SLR) |
| | ) |
| PARADOX ENTERTAINMENT, INC., | ) **REDACTED – PUBLIC VERSION** |
| | ) |
| Defendant. | ) |

**DEFENDANT PARADOX ENTERTAINMENT INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE REPORT OF FRED B. TARTER AND TO PRECLUDE <u>PLAINTIFF FROM OFFERING ANY EVIDENCE OF DAMAGES</u>**

In its answering brief, plaintiff does not dispute that during fact discovery it repeatedly told Paradox that its damages contentions would be provided during expert discovery, and that would include "an expert report which delineates chapter and verse as to how those damages are calculated" and "the impact of confusion and how long it lasts, what its remedy impact is, and what the costs are." Nor does plaintiff dispute that the expert report provided by Mr. Tarter does none of those things. Indeed, plaintiff does not deny that Mr. Tarter's report provides no methodology for his damages calculations, and it is based on speculation and conclusory opinions.

Instead, plaintiff focuses on Mr. Tarter's credentials and suggests that he will supplement his opinions with information undisclosed in his report at a later date. Additionally, in contrast to its prior position, plaintiff now argues that its "entitlement to damages" can be proved at trial with "testimonial and documentary evidence," and not Mr. Tarter's opinions. Plaintiff's arguments that it can argue at trial positions not set forth in discovery are contrary to the well-established law of this Court. Mr. Tarter's

report should be stricken and plaintiff should be precluded from offering evidence relating to damages at trial.

I. THE TARTER REPORT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 26 AND LACKS RELIABILITY.

Plaintiff's opposition wholly ignores the premise of Paradox's motion to strike – that the opinions disclosed in Mr. Tarter's report are speculative and conclusory and not based on any reliable information or methodology. Having nothing to say about the unreliability of those "opinions," plaintiff argues instead that if Mr. Tarter "is qualified, his testimony is sufficiently reliable" (D.I. 91 at 23), and that Mr. Tarter should "have the opportunity to further explain his qualifications, methodology, and conclusions." (*Id.* at 12). According to plaintiff, Mr. Tarter's "testimony would flesh out" that his opinions are "based upon his review of relevant [**undisclosed**] testimony and documents" and "his years of experience in relevant fields." (*Id.* at 27-28).[1] That, however, is not enough.

Federal Rule of Evidence 702 requires that expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002) (noting that, even in a bench trial, "the *Daubert* standards of relevance and reliability . . . must nevertheless be met"). Under Federal Rule of Civil Procedure 26(a)(2)(B), all proposed expert testimony must be accompanied

---

[1] Plaintiff states that "defendant has failed to demonstrate that Mr. Tarter's testimony should be excluded." (*Id.* at 13). Plaintiff, however, "has the burden of proving admissibility," not Paradox. *Pell v. E.I. DuPont De Nemours & Co.*, 231 F.R.D. 186, 192 (D. Del. 2005) (citing *Daubert*, 509 U.S. at 592 n. 10).

by a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor" as well as "the data or other information considered."

Although plaintiff concedes that Mr. Tarter's report does not identify all information that he considered, nor provides the complete basis for his opinions, it argues Mr. Tarter's "testimony would flesh out" this out. (D.I. 91 at 27). In doing so, it simply ignores that Mr. Tarter's Report fails to comply with Rule 26(a)(2)(B). Having opted not to provide sufficient information in Mr. Tarter's report, plaintiff cannot now save Mr. Tarter's opinions with further testimony. *AstraZeneca LP v. Tap Pharm. Prods.*, No. 04-1332-KAJ, 2006 U.S. Dist. LEXIS 40620, at *19 n.7 (D. Del. May 18, 2006) (holding plaintiff's damages expert, who testified to additional grounds undisclosed in his report, failed to comply with Rule 26(a)(2)(B) by not providing those grounds in his report "and, for that additional reason alone, it [wa]s subject to exclusion"); *Pell*, 231 F.R.D. at 193-94 (striking plaintiff's expert report because it "fail[ed] to meet the requirements of both Rule 26(a)(2)(B) and *Daubert*").

Moreover, and contrary to plaintiff's assertions, a court "may not abdicate its gatekeeping role merely because an expert relies on general experience or principles." *Meyers v. Gwin Dredging & Dock, Inc.*, No. 03-5538, 2005 U.S. Dist. Lexis 35554 at *3 (D.N.J. 2005); *see also In re Paoli R.R. Yard Litig.*, 35 F.3d 717, 761 n.32 (3d Cir. 1995) ("Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible"). Mr. Tarter's opinions are admittedly based solely on his purported personal knowledge and experience rather than any methodology, analysis, or factual support. "Under *Daubert*, such evidence is not reliable." *Callaway Golf Co. v. Dunlop Slazenger Grp. Am. Inc.*, No. 01-669-KAJ, 2003 U.S. Dist. LEXIS 25625, at *13-

14 (D. Del. May 21, 2003) ("A court cannot permit experts to offer credentials rather than analysis.") (citations omitted).

II. PLAINTIFF'S OPPOSITION CHANGES ITS DAMAGES POSITION AND RAISES NEW THEORIES FOR RECOVERY NEVER PREVIOUSLY DISCLOSED.

Unable to rebut the unreliability of Mr. Tarter's opinions, plaintiff claims that its "entitlement to damages" will be proved at trial with "testimonial and documentary evidence," and not with Mr. Tarter's opinions. (D.I. 91 at 13-14). Until now, however, plaintiff has unequivocally said that its expert would establish damages.

As discussed in Paradox's opening brief, during discovery Paradox asked plaintiff for the basis of its damages contention. The consistent response was "that to answer such question now is premature as it *needs to await expert discovery*." (D.I. 88 at Ex. 6). Indeed, Paradox was told that it would ████████████████ which would ████████████████████████████████ ████████████████ and would ████████████████ ████████████████████████ (D.I. 88 at 10 and Ex. 2 (348, 351, 351)).

Notwithstanding those representations, plaintiff now seeks to reverse course and assert damages through fact witnesses. Remarkably, it says that "there is no need for Mr. Tarter to demonstrate a causal link between the harm incurred by Red Sonja and the amount of damages" or to provide the methodology for his calculation. And that instead, plaintiff "can prove the elements of its claims for entitlement to trademark, dilution, and unfair competition *damages*, including causation, through *testimonial and*

*documentary evidence*" – most of which was neither disclosed during discovery nor reviewed by Mr. Tarter. (D.I. 91 at 14).

For example, plaintiff – through the declaration of Arthur Lieberman submitted in connection with its opposition (D.I. 92) – now asserts that it is seeking damages for dilution (D.I. 91 at 19-20), but it has never done so until now. Plaintiff's interrogatory responses and Mr. Tarter's report are silent as to dilution damages. Plaintiff has never mentioned dilution throughout these proceedings aside from pleading it, but has repeatedly said that "[t]his is an action for damages against Defendant Paradox . . . resulting in *the infringement* upon the Red Sonya mark," and "[t]he damage has been done through Paradox's unfair and *infringing* conduct" (*see* D.I. 38 at 1), and "[t]he predicate for [its] damages is the amount of money it is believed it will take to unwind the *public's confusion* caused by Defendants" (D.I. 88 at Ex. 6 (#19)). With discovery now closed, however, there is not shred of evidence disclosed in discovery to support plaintiff's newfound damages theory, which is based solely upon the "Declaration of Arthur Lieberman" (*See* D.I. 91 at 19-20 (citing D.I. 92)).[2]

---

[2] For instance, although the Federal Trademark Dilution Act was recently in 2006, damages for dilution claims brought before October 2006 still require, among others, proof of actual dilution. *See Malletier v. Dooney & Bourke, Inc.*, No. 04 Civ. 2990, 2007 WL 1222589, at *3-4 (S.D.N.Y. Apr. 24, 2007) (explaining § 1125(c)(5) "contains an unambiguous date restriction that authorizes the application of the 'likelihood of dilution' standard as a basis for recovering damages to civil actions where the diluting mark or trade name was first introduced in commerce after October 6, 2006 .... Congress did not intend that the relaxed evidentiary standard would apply retroactively"). Actual dilution can be proven with consumer surveys or any direct evidence of actual dilution. *Moseley v. V. Secret Catalogue, Inc.*, 537 U.S. 418, 434 (2003) (recognizing that proving actual dilution may be difficult, but that difficulty is not "an acceptable reason for dispensing of proof of an essential element of a statutory violation"). No such evidence has been disclosed during discovery in this case.

Additionally, plaintiff now apparently seeks damages for Paradox's alleged licensing of Robert E. Howard's fictional "Age of Hyboria," claiming that was an attempt "to limit the extent to which Red Sonya could be used" with Hyboria. (*Id.* at 17). There is no mention, however, in plaintiff's complaint or during discovery of such licensing attempts. Indeed, the first mention of such purported licensing in this litigation appeared in the declaration of Arthur Lieberman submitted in opposition to Paradox's Motion to Strike. (D.I. 92).[3]

As this Court has recognized, plaintiff cannot now offer evidence on damages (or liability theories) never before raised and not properly disclosed in discovery. *See, e.g., Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. 05-132 JJF, 2007 WL 521894, at *4-5 (D. Del. Feb. 15, 2007) (precluding defendant from asserting prior art disclosed after discovery, finding that any prejudice to defendant was caused by its own actions); *Matsushita Elec. Indus. Co., Ltd. v. Cinram Intern., Inc.*, 299 F.Supp.2d 348, 366 (D. Del. 2004) (excluding evidence of new non-infringement theory, not disclosed in discovery, because "it would be entirely unfair . . . to allow th[e] late introduction of a new non-infringement argument when trial is slated to begin in [one month]"); *Georgia-Pacific Corp. v. United States Gypsum Co.*, No. 94-489-RRM, 1996 U.S. Dist. LEXIS 22616, at *34-35 (D. Del. Dec. 27, 1996) (precluding party that failed

---

[3] Plaintiff also alleges that Paradox "had been for years trying to acquire" plaintiff's Red Sonja character, and "on the eve Paradox's acquisition of" the Robert E. Howard Library, Paradox's former CEO, Peter Sederowsky, dismissed Mr. Lieberman's advice by saying "'we will see.'" (D.I. 91 at 4). Plaintiff offers no support for this assertion, however, other than Arthur Lieberman's own say so. (*Id.* at 4). That is not surprising given that the evidence shows that it was Mr. Lieberman who tried – without success – to sell Paradox his Red Sonja character so that "the competition aspects of it would disappear." (*See* D.I. 93 at Exs. 5 and 7).

to disclose its defenses during discovery from asserting them at trial); *see also United States v. 68.94 Acres of Land*, 918 F.2d 389, 390-91 (3d Cir. 1990) (affirming preclusion of expert testimony for party's "failure to abide by [its] pre-trial representations"). Plaintiff should not be permitted to reverse course this late in the proceedings simply because it now realizes its litigation strategy may be unsuccessful. Allowing plaintiff to shift its position, one month before trial, would severely prejudice Paradox by preventing it from preparing its defense to plaintiff's new litigation strategy.

## CONCLUSION

For the foregoing reasons, Paradox respectfully submits that the Tarter Report should be stricken, and that the Plaintiff Red Sonja should be precluded from offering any evidence of damages at trial.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Richard J. Bauer (#4828)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendant*
 *Paradox Entertainment, Inc.*

*Of Counsel*:

Frederick U. Fierst
Fierst, Pucci & Kane LLP
64 Gothic Street
Northampton, MA 01060
(413) 584-8067

June 6, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

        Richard K. Herrmann, Esquire
        Morris James LLP

I further certify that I caused to be served copies of the foregoing document on June 6, 2007 upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Morris James LLP<br>500 Delaware Avenue<br>15th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Mark A. Berman, Esquire<br>Thomas J. Curran, Esquire<br>Ira B. Matetsky, Esquire<br>Ganfer & Shore, LLP<br>360 Lexington Avenue<br>New York, NY 10017 | *VIA ELECTRONIC MAIL*<br>*and FIRST CLASS MAIL* |

        */s/ Richard J. Bauer (#4828)*
        Richard J. Bauer (#4828)