# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

July 6, 2007

**CONFIDENTIAL -- FILED UNDER SEAL**

The Honorable Sue L. Robinson                    *VIA ELECTRONIC FILING*
United States District Court
 For the District of Delaware
844 North King Street
Wilmington, DE  19801

    Re:    *Red Sonja LLC v. Paradox Entertainment, Inc.*
            C.A. No. 06-270 (SLR)

Dear Judge Robinson:

    I write in response to plaintiff's July 5, 2007 letter (D.I. 108), requesting reconsideration of the Court's July 3, 2007 Order (D.I. 107).

    As an initial matter, plaintiff's letter fails to comply with ¶ 4 of the Scheduling Order entered in this case (D.I. 54), as well as Local Rules 7.1.1 and 7.1.5, and should be denied. To the extent, however, that the Court considers plaintiff's request for reconsideration, defendant asks that the Court also consider the following response:

    1.    Plaintiff's assertion that the attorney/client privilege protecting portions of the Lasman report is waived because Mr. Sederowsky received a copy of that report "at a time when Mr. Sederowsky no longer held any position with Paradox" is incorrect. As Mr. Fierst testified in portions of his deposition not cited by plaintiff, ████████████████ ████████████████ (Fierst Dep. at 71:23-74:11, attached as Ex. A; *see also* ████ letter, attached as Ex. B.; Fierst Dep. at 89:22-25, attached to plaintiff's letter).[1]

---

[1] Defendant does not concede that the privilege would be waived by sending a document to a former employee in connection with events that occurred during his employment. Given that Mr. Sederowsky still held a position with the company as of the time of the Lasman report, however, that issue is largely moot.

The Honorable Sue L. Robinson
July 6, 2007
Page 2

      2.    As to relevance, plaintiff simply rehashes the same argument already presented to the Court during the pretrial conference (*see* Tr. at 14:21-16:5).[2] Such rehashing of arguments is not properly the subject of a request for reconsideration. *See Corning Inc. v. SRU Biosystems, LLC*, No. 03-633-JJF, 2004 WL 2348089, at *1 (D. Del. Oct. 13, 2004) (citation omitted).

For the foregoing reasons, defendant asks that plaintiff's request for reconsideration be denied.

Respectfully,

Maryellen Noreika (#3208)

MN/dlb
Enclosures

cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
        Richard K. Herrmann, Esquire (Via Electronic Mail and Hand Delivery; w/ encl.)
        Thomas Curran, Esquire (Via Electronic Mail; w/ encl.)

---

[2] [redacted]

# EXHIBIT A

## FULLY REDACTED

# EXHIBIT B

## FULLY REDACTED